Plaintiff, initiated or caused the initiation and continuation of false and unfounded criminal charges against Plaintiff while lacking probable cause to do so, abused judicial process in order to gain unlawful custody of and to coerce witnesses to make false statements against Plaintiff and commit perjury, and repeatedly and continually lied to and defrauded every court. Plaintiff suffered severe emotional distress as a result of, and that was proximately caused by, the Defendants' aforementioned actions. By virtue of the foregoing, Plaintiff suffered the actual damages identified in Defendant City of New York is liable under the principle of respondent superior.

156. FOURTH CAUSE OF ACTION

    a. (Actual and Constructive Fraud Under Federal Law; Defendants
    b. Simmons, and City of New York)
    c. Plaintiff repeats and realleges each and every allegation contained in ¶1 through ¶155 of this Complaint. Defendants made representations of material "fact" which were false, and known to be false by Defendants, for the purpose of inducing other parties, including Plaintiff, to rely upon such false representations, and the other parties did so rely, in ignorance of the falsity of such representations, thereby causing Plaintiffs injuries alleged in paragraphs 1-000. Specifically, Defendants made, caused to be made, acted in concert or conspired to make, and/or aided or abetted one another to make, representations as to material facts which were false, and known to be false by Defendants, to wit, the representations by WELLS in his sworn Criminal Court complaint set forth in~ 00-00 supra, the false affirmations and affidavits of Wells submitted to the court, see paragraphs 00-00 above The aforementioned statements, made by the Defendants personally and/or at their direction, were known by them to be false or misleading or were made with deliberate indifference to their truth or falsity or to their misleading nature. The statements were made by Defendants (or at their direction) for the purpose of inducing other parties, including various courts, Defendants' supervisors, and/or Plaintiff, to rely
    d. upon such false representations, and such parties rightfully did so rely, in ignorance of the falsity of such representations, and to Plaintiffs detriment. The Defendants employed by the MDAO had a fiduciary, confidential, and special relationship with and duty to Plaintiff, arising out of their

49

special status under the law as officers of the court, the absolute deference and trust that courts give to their factual representations concerning the possession or control by the MDAO of Brady material, their strict legal duty under the Constitution and the laws of the United States and the State of New York to fully and

e.  accurately disclose such material, and Plaintiffs entitlement to rely upon the accuracy and the completeness of such disclosures, to make accurate and complete disclosures so that Plaintiff would not be misled as to the existence or non-existence of such materials and whether to file legal actions for redress of violations of her constitutional rights. Plaintiff was entitled to rely, and foreseeably did rely, upon defendants to faithfully carry out their aforementioned duties and on defendants' factual representations. Defendants' aforementioned conduct caused or perpetuated the Plaintiffs injuries and damages as alleged in~ 00, supra, by knowingly, willfully, intentionally, recklessly, and/or

f.  negligently depriving her, or delaying her acquisition, of information to which she was legally entitled and by causing her to believe that such information did not or might not exist, and, as a result, by denying her unlawfully her rights to FOIA materials. Defendant City of New York is liable under the principle of respondent superior.

FIFTH CAUSE OF ACTION

157. (Negligent Misrepresentation Under Federal Law; Defendants , and City of New York) Plaintiff repeats and realleges each and every allegation contained in contained in ¶1 through ¶155 of this Complaint. Defendants had a duty, as a result of their special relationship with Plaintiff, to give Plaintiff and others correct information. Defendants made false representations to the court and others that Defendants should have known were incorrect, including, but not limited to, the false representations that the Plaintiff's claims of abuse were not credible. Defendants' false representations were made for the purpose of inducing other parties, including Family Court and NY Supreme Court Judges, other prosecutors, and various State and Federal courts, to rely upon such false representations. Defendants knew that the information supplied in their representations was desired by Plaintiff, and others, for a serious purpose, specifically, to resolve the question of whether or not Plaintiff had

suffered abuse at the hands of Mr. Powell. Plaintiff and others, including other prosecutors, and various State and Federal courts, intended to rely and act upon Defendants' representations, and did in fact reasonably rely on those representations, in ignorance of the falsity of such representations. Defendants' aforementioned conduct caused or perpetuated Plaintiffs injuries as alleged in paragraphs 1-000, supra, by causing the wrongful continuation of her criminal trial. conviction, her imprisonment, and her related damages, by causing her to incur substantial legal fees, by depriving her of the employment income she would have been able to earn had she not been prosecuted and imprisoned, and by depriving her, or delaying his acquisition, of information favorable to her defense to which she was entitled under the Constitutions and the laws of the State of New York and of the United States and which was necessary for her to successfully prove that she had been a victim of domestic violence at the hands of Powell.

158. SIXTH CAUSE OF ACTION (42 U.S.C. §1983; Denial Of Due Process Under the Fifth, Sixth and Fourteenth Amendments; Malicious Prosecution and Deprivation of Liberty Under the Fourth and Fourteenth Amendments; (Defendants: ) Plaintiff repeats and realleges each and every allegation contained contained in ¶1 through ¶155 of this complaint as if fully set forth herein. Defendants Simmons knowingly and willfully manufactured, or caused the manufacturing of, a false written statement, which they prepared and improperly compelled or induced Plaintiff o sign under "oath," accusing Plaintiff of fabricating her own injuries. They knew that the statement would, and caused the statement to, be relied upon by the MDAO and the court as a basis to arrest Plaintiff, to formally initiate her prosecution, to hold her for trial, and to compel Powell to submit affidavits, and to give testimony consistent with her statement. Wells thereafter knowingly swore to a false Criminal Court complaint initiating the criminal prosecution of Plaintiff, and causing Plaintiff to be held in Rikers Island and in the tombs at 100 Centre Street. Malicious Prosecution: Defendants filed hundreds of counts of aggravated harassment against Plaintiff against the allotments stipulated by the statute for aggravated harassment. Additionally, prior to trial, Simmons manufactured false "threat" evidence by filing a false police complaint alleging that Plaintiff was responsible for numerous threats against Raheem Powell: in fact Plaintiff's assertions that she would turn Powell into the NYPD for his physical attacks on her were themselves seen through some perverted law-enforcement spectrum as

2  threats by Plaintiff to Powell by the NYPD and the MDAO: they were used in the actual false filing as
3  such which caused injuries to Plaintiff, as set forth above. See~~ 000 and 000  By virtue of the
4  foregoing, Simmons and Strohbehn and Wells, with actual malice, initiated and continued, or caused
5  the initiation and continuation of, criminal proceedings against Plaintiff for which they knew, or should
6  have known, there was no probable cause, and for which
7     a. In fact there was no probable cause, and thereby caused Plaintiff to be deprived of her liberty.
8        Such proceedings ultimately were terminated in Plaintiffs favor. Additionally, Simmons and
9        Strohbehn knew, but withheld from the MDAO, either permanently or for a substantial period of
10       time, and therefore from the court and the defense, exculpatory or impeachment evidence that
11       tended to negate Plaintiffs guilt and which they knew or should have known the law required them
12       to timely disclose (such as Plaintiff's Batterers PREVIOUS FELONY CONVICTION FOR
13       DOMESTIC VIOLENCE by the MDAO). This evidence included, but was not limited to,
14       Hospital Emergency Room reports, statements from Plaintiff's neighbors and ER doctors;
15       Photographs of Plaintiff's injuries incurred at the hands of Powell; the fact that Powell was a drug
16       dealer who had acted in concert with the NYPD on more than one previous occasion; and their
17       unreasonable failure to investigate the information provided to them by Plaintiff and Plaintiff's
18       attorney and advocates from various Domestic violence advocacy groups. The aforesaid conduct,
19       which Defendants committed in concert with and in aid of each other, and/or in concert or
20       conspiracy with others named and unnamed, operated to deprive Plaintiff of her rights under the
21       Constitution and the Laws of the United States:
22           i. Not to be arrested, indicted, prosecuted, detained, convicted, or imprisoned based upon
23              false, fabricated, manufactured, misleading, or inherently unreliable "evidence,"
24              including the statements and testimony of witnesses who have been improperly
25              influenced, coerced, or manipulated to provide such statements and testimony, in
26              violation of the Due Process and Fair Trial Clauses of the Fifth, Sixth and Fourteenth
27              Amendments to the United States Constitution;
28           1. (b) Not to be deprived of her liberty absent probable cause to believe she has
29              committed a crime, in violation of her rights under the Fourth and Fourteenth

|   |   |   |
|---|---|---|
| 2 |   | Amendments to the United States Constitution; and |
| 3 |   | 2. (c) To timely disclosure of all material evidence favorable to the defense |
| 4 |   | pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, |
| 5 |   | 405 U.S. 150 (1972), and their progeny, and the Due Process and Fair Trial |
| 6 |   | Clauses of the Fifth, Sixth, and Fourteenth Amendments to the United States |
| 7 |   | Constitution. |
| 8 | 159. | The foregoing violations of Plaintiffs federal constitutional rights by the Defendants and their co- |
| 9 |   | conspirators and accomplices, known and unknown, directly, substantially, proximately, and |
| 10 |   | foreseeably caused the initiation and continuation of Plaintiffs criminal prosecution, her loss of liberty |
| 11 |   | and detention, her wrongful conviction for disorderly conduct, her subsequent imprisonment, her |
| 12 |   | restriction of movement and freedoms as specified in the order of protection the court ordered against |
| 13 |   | her in the name of her batterer, Raheem Powell, her to be placed on a NYPD 'no services' list and her |
| 14 |   | other injuries and damages. The foregoing violations of Plaintiffs rights amounted to Constitutional |
| 15 |   | torts and were affected by actions taken under color of State law, and within the scope of the |
| 16 |   | Defendants' employment and authority. Defendants committed the foregoing violations of Plaintiffs |
| 17 |   | rights knowingly, intentionally, willfully, recklessly, and/or with deliberate indifference to Plaintiffs |
| 18 |   | constitutional rights or to the effect of such misconduct upon Plaintiff's constitutional rights. 413. By |
| 19 |   | reason of the foregoing, the Defendants are liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for |
| 20 |   | compensatory and for punitive damages. |
| 21 | 160. | SEVENTH CAUSE OF ACTION (42 U.S.C. §1983; Denial Of Due Process Under the Fifth, Sixth |
| 22 |   | and Fourteenth Amendments; Malicious Prosecution, Abuse of Process, and Deprivation of Liberty |
| 23 |   | Under the Fourth, Fifth, Sixth, and Fourteenth Amendments; Defendants: Plaintiff repeats and |
| 24 |   | realleges each and every allegation contained in contained in ¶1 through ¶155 of this complaint as if |
| 25 |   | fully set forth herein Knowing that any colorable cause to continue the prosecution had evaporated, |
| 26 |   | Wells, in the capacity of an investigator or "witness," acted in concert and conspired with Strohbehn, |
| 27 |   | Wells, Moore, and others, named and unnamed, to use any means, no matter how unlawful or coercive, |
| 28 |   | to intimidate them into falsely accusing Plaintiff of the charged crimes. These illegal and |
| 29 |   | unconstitutional means included, but were not limited to, |

     i. Abusing judicial process by misusing the court's subpoena power to compel witnesses to appear at Court and the Das office;

     ii. Abusing judicial process by deceiving the court into issuing "orders of protection" restricting Plaintiff's liberties and freedom by: Personally attesting to "facts" which they knew were untrue in order to deceive the court into issue orders authorizing them to take custody of such plaintiff;

161. These lawless actions foreseeably caused the aforementioned witnesses to manufacture false evidence which Strohbehn and Simmons then used to continue Plaintiffs malicious prosecution, without probable cause, and for Wells to bring about her false conviction at trial. The foregoing violations of Plaintiffs federal constitutional rights by the Defendants, together with their co-conspirators and accomplices, known and unknown, directly, substantially, proximately, and foreseeably caused the continuation of Plaintiffs malicious prosecution without probable cause, her wrongful imprisonment, and her other injuries and damages. The foregoing violations of Plaintiffs rights amounted to Constitutional torts and were affected by actions taken under color of State law, and within the scope of the Defendants' employment and authority. Defendants committed the foregoing violations of Plaintiffs rights knowingly, intentionally, willfully, recklessly, negligently, and/or with deliberate indifference to Plaintiffs constitutional rights or to the effect of such misconduct upon Plaintiffs constitutional rights. By reason of the foregoing, the Defendants are liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for compensatory and for punitive damages.

162. EIGHTH CAUSE OF ACTION (Monell/42 U.S.C. § 1983: Claim Against Defendant City of New York For The Actions Of The NYPD) Plaintiff repeats and re-alleges each and every allegation contained in contained in ¶1 through ¶155 as if fully set forth herein. The foregoing violations of Plaintiffs federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to Defendant City, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities. Prior to Plaintiffs arrest, policymaking officials at the NYPD, with deliberate indifference to the constitutional rights of individuals suspected or accused of criminal activity, to the risk of arresting, prosecuting and convicting innocent people, and to the right of all

criminal suspects and defendants to due process and a fair trial, implemented plainly inadequate policies, procedures, regulations, practices, customs, training, supervision, and discipline concerning:

    i. The use of excessive promises of rewards with witnesses, including drug dealers and and/or individuals fearing prosecution and imprisonment for their own criminal behavior;

    ii. The determination of probable cause to make an arrest; and

    iii. The continuing duty of police investigators to preserve and to make timely disclosure to the District Attorney, during criminal investigations and prosecutions, of all material evidence or information ("Brady material") favorable to a person suspected, accused or convicted of criminal conduct, including, but not limited to, evidence of innocence, evidence that an identifying or prosecution witness is unreliable or lacks general credibility, evidence that a prosecution witness has made inconsistent statements about material facts, and evidence that a prosecution witnesses has a motive, bias or interest affecting his credibility or has been pressured or coerced, so that the District Attorney could comply with his constitutional obligation to disclose such information to the defense under Brady.

163. With respect to "a" and "c" in the preceding paragraph, prior to Plaintiffs arrest and the initiation of her prosecution the NYPD or the MDAO provided no training at all in regards to how a DV or trafficking complainant should be evaluated or the efficacy of their complaints as victims should they be suspected of fabricating their injuries. What further review other than the cursory nods by individuals who had not investigated the facts is needed to brandish such a title on a crime victim/complainant? What review exists to ensure an investigation is in fact undertaken? What checks and balances are in place to ensure innocent victims are not falsely branded "fabricators" enabling their abusers to use the criminal justice system against them to control their lives and alter the freedoms and liberties most citizens enjoy? To imprison them and cause them public shame, emotional distress, loss of income and loss of private and professional standing? The aforesaid deliberate or de facto policies, procedures, regulations, practices and/or customs (including the failure to properly instruct, train, supervise and/or discipline employees with regard thereto) were implemented or tolerated by policymaking officials for the Defendant City of New York, including but not limited to, the New York City Police

Commissioner, who knew (or should have known):

    a. to a moral certainty that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases;

    b. that such issues either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations as well as the incentives that police employees have to make the wrong choice; and

    c. that the wrong choice by such employees concerning such issues will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

    d. The aforementioned policymaking officials had the knowledge and the notice alleged in the preceding paragraph based upon, among other circumstances: Plaintiff has obtained amicus briefs and affidavit testimony from present and former Domestic Violence advocacy groups, establishing, prior to and during the time period of Plaintiffs arrest and prosecution, the NYPD and MDAO provided no training concerning appropriate interrogation of Domestic Violence complainants suspected of being fabricators. formal reports of the N.Y.C. Comptroller's Office and the Bar Association of the City of New York criticizing the NYPD and the N.Y.C. Law Department for failing to follow up substantial civil settlements for police misconduct with disciplinary or other remedial action; and the inherent obviousness of the need to train, supervise and discipline police officers in such obligations to counteract the pressure on officers and the powerful incentives they have to close cases and to obtain arrests and

|     |      |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                       |
|-----|------|--------------------------------------------------------------------------------------------------------------------------|
| 2   |      | convictions. Under the principles of municipal liability for federal civil |
| 3   |      | rights violations, the City's Police Commissioner (or his authorized |
| 4   |      | delegates), has final responsibility for training, instructing, supervising, |
| 5   |      | and disciplining police personnel with respect to the investigation and |
| 6   |      | prosecution of criminal matters, including constitutional requirements |
| 7   |      | governing the interrogation of witnesses, the initiation of criminal |
| 8   |      | prosecutions, and the disclosure of Brady material. The Police |
| 9   |      | Commissioner, personally and/or through his authorized delegates, at |
| 10  |      | all relevant times had final authority, and constitutes a City |
| 11  |      | policymaker for whom the City is liable, with respect to compliance by |
| 12  |      | NYPD employees with the above-mentioned constitutional |
| 13  |      | requirements. |
| 15  | 164. | During all times material to this Complaint, the Police Commissioner owed a duty to the public at large and to Plaintiff, which he knowingly and intentionally breached, or to which he was deliberately indifferent, to implement policies, procedures, customs, practices, training and discipline sufficient to prevent or deter conduct by his subordinates violating the aforementioned constitutional rights of criminal suspects or defendants and of other members of the public. The aforesaid policies, procedures, regulations, practices and/or customs of Defendant City and the NYPD were collectively and individually a substantial factor in bringing about the aforesaid violations by the Individual Police Defendants of Plaintiffs rights under the Constitution and laws of the United States. By virtue of the foregoing, Defendant City of New York is liable for having substantially caused the foregoing violations of Plaintiffs constitutional rights and her constitutional injuries. |
| 25  | 165. | NINTH CAUSE OF ACTION (Monell/42 U.S.C. § 1983 Claim Against Defendant City Of New York For Actions Of The MDAO) Plaintiff repeats and realleges each and every allegation contained in contained in ¶1 through ¶155 of this complaint as if fully set forth herein. At the time of Plaintiffs original prosecution, and continuing, District Attorney Cyrus Vance Jr, as the manager and chief administrator of the MDAO, a City agency, maintained a policy, custom and/or practice of deliberate |

57

2 indifference to violations by his employees of the constitutional rights of individuals who made
3 complaints as victims of domestic violence whose batterers held information critical to other
4 investigations and criminally prosecuted in New York County, including, but not limited to, abuse of
5 process, manufacturing of false evidence and testimony through improper coercion of witnesses, Brady
6 violations, reliance on false or misleading evidence and argument at trial ("the policy"), and covering
7 up the same. The policy permits, encourages, or acquiesces in the commission of, constitutional
8 violations of the rights of suspects and defendants by prosecutors, detective-investigators, and NYPD
9 detectives working with the D.A.'s Office, particularly in high profile or serious cases where arrest and
10 conviction is most desired by the Office. The policy led directly to the violations of Plaintiffs
11 constitutional rights, and the subsequent cover-up of police and prosecutors' wrongdoing, which
12 greatly prolonged Plaintiffs wrongful imprisonment, seizure and other damages. Vance had no
13 employee handbook, manual, or other document setting forth any process for evaluating "fabricators".
14 Defendant CITY is liable for having substantially caused the foregoing violations of Plaintiffs
15 constitutional rights and his resultant injuries.

16  166.  TENTH CAUSE OF ACTION (Negligent Hiring, Training and Supervision Under State Law;
17 Defendant City of New York) Plaintiff repeats and realleges each and every allegation contained
18 contained in ¶1 through ¶155 of this Complaint. By virtue of the foregoing, defendant City of New
19 York is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or
20 negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or
21 employees employed by the MDAO and or the NYPD with regard to their aforementioned duties.

22  167.  11th Cause of Action: 42 U.S.C. §1983; Denial Of Due Process Under the Fifth, Sixth and Fourteenth
23 Amendments; Abuse of Process, and Deprivation of
24     a.  Liberty Under the Fourth, Fifth, Sixth, and Fourteenth Amendments; Defendants: the NYPD and
25        the MDAO, as a matter of policy, stripped Miss Plaintiff of her First Amendment Rights to to
26        petition the Government for redress of grievances:

27  168.  12th Cause of Action: 42 U.S.C. §1983; Unreasonable Search & Seizure Under the XXX and X
28 Amendments; *Abuse of Process, and Deprivation of Liberty Under the Fourth, Fifth, Sixth, and
29 Fourteenth Amendments*; Defendants: knowingly kept her under unreasonable seizure for an

58

   2     elongated period of time during her false arrest and drawn-out prosecution lasting approximately two
   3     years (during which the seizure continued) denying her of her Fourth Amendment right against
   4     unreasonable searches and seizures.
   5   169.  13th Cause of Action: 42 U.S.C. §1983; Excessive & Unusual Punishment Under the Eighth
   6         Amendment; *Abuse of Process, and Deprivation of Liberty Under the XXX and XX Amendments*;
   7         Defendants: eschewed Plaintiff her Eighth Amendment rights by denying her police services asserting
   8         excessive and unusual punishment.
   9   170.  14th Cause of Action: 42 U.S.C. §1983; Right to a Speedy Trial Under the XXX Amendment; *Abuse
  10         of Process, and Deprivation of Liberty Under the XXX and XX Amendments*; Defendants: deprived
  11         Plaintiff her Sixth Amendment rights to enjoy the right to a speedy trial,
  12   171.  15th Cause of Action: 42 U.S.C. §1983; Deprivations of life, liberty or property without due process of
  13         the law; Under the 14th Amendment *Abuse of Process, and Deprivation of Liberty Under the XXX
  14         and XX Amendments*; Defendants: Denied Plaintiff her Fourteenth Amendment rights to not be
  15         deprived of life, liberty or property without due process of the law:
  16   172.  16th Cause of Action: 42 U.S.C. §1983; Right to Equal Protection Under the Law Under the 16th
  17         Amendment; *Abuse of Process, and Deprivation of Liberty Under the XXX and XX Amendments*;
  18         Defendants: as well as her Sixteenth Amendment right to equal protection under the law.
  19   173.  17th Cause of Action: 42 U.S.C. §1983; Right to Not be Wrongfully Confined Under the XXth
  20         Amendment; *Abuse of Process, and Deprivation of Liberty Under the XXX and XX Amendments*;
  21         Defendants: Wrongful Confinement: Plaintiff was held for between eight to ten days at Rikers Island
  22         and in the tombs at 100 Centre street.
  23   174.  18th Cause of Action: Abuse of Process: Defendants used the court system to further Plaintiff's misery
  24         in an attempt to force her to take a plea to cover-up their wrong-doing and to win a bogus conviction
  25         on a disorderly conduct charge brought falsely, ill-investigated, maliciously, and with intent to shield
  26         evidence from the court.
  27   175.  19th Cause of Action. Defamation/Injurious Falsehood: Defendants continued to make false statements
  28         about Plaintiff on the court record and off as well as concerning other court matters and when speaking
  29         with Domestic Violence advocates representing Plaintiff.

176. TWENTIETH CAUSE OF ACTION
    a. (Abuse of Process Under Federal Law; Defendants: and City of New York)
    b. Plaintiff repeats and realleges each and every allegation contained in contained in ¶1 through ¶155 of this Complaint. Defendants, individually, in concert with, conspiring with, and/or aiding and abetting one another and other persons for whose acts they are liable, employed regularly issued the Orders of Protection obtained by Mr. Powell in Judge Sattler's Family Court Part were obtained through the use of false representations of fact at the urging of the NYPD and the MDAO that set the criminal proceedings in motion against Plaintiff. Defendants used such process in a perverted manner to obtain a collateral objective outside the legitimate ends of the process used, namely, to gain unlawful, coercive custody of Plaintiff in order to intimidate her into dropping her complaints against Mr. Powell and also to provoke Mr. Powell into giving false statements which the Defendants knew, believed, and intended would later be used in court against Plaintiff at her criminal trial, and which were so used to continue the criminal proceedings. Defendants did so with an intent to do harm to Plaintiff, with actual malice, and
    c. without excuse or justification. By virtue of the foregoing, Plaintiff was caused the actual and special damages identified paragraphs 1-000 Defendant City of New York is liable under the principle of respondent superior.

177. TWENTY-FIRST CAUSE OF ACTION (Negligent Hiring, Training and Supervision Under State AND FEDERAL Law; Defendant MANHATTAN DISTRICT ATTORNEY CYRUS VANCE) Plaintiff repeats and realleges each and every allegation contained contained in ¶1 through ¶155 of this Complaint. By virtue of the foregoing, defendant City of New York is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the MDAO and or the NYPD with regard to their aforementioned duties.

178. TWENTY SECOND CAUSE OF ACTION (Negligent Hiring, Training and Supervision Under State Law; Defendant City of New York) Plaintiff repeats and realleges each and every allegation contained contained in ¶1 through ¶155 of this Complaint. By virtue of the foregoing, defendants SUSAN ROQUE AND PATRICIA BAILEY, SURPERVISORS OF ADA CHRISTINA MALONEY ARE

2  liable to plaintiff because of THEIR intentional, deliberately indifferent, careless, reckless, and/or
3  negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or
4  employees employed by the MDAO and or the NYPD with regard to their aforementioned duties.
5  179. TWENTY THIRD CAUSE OF ACTION (Negligent Hiring, Training and Supervision Under State
6  Law; Defendant City of New York) Plaintiff repeats and realleges each and every allegation contained
7  contained in ¶1 through ¶155 of this Complaint. By virtue of the foregoing, AUDREY MOORE,
8  SUPERVISORY DISTRCT ATTORNEY OF THE SPECIAL VICTIMS UNIT is liable to plaintiff
9  because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to
10 adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the
11 MDAO and or the NYPD with regard to their aforementioned duties.
12 180. TWENTY FOURTH CAUSE OF ACTION (DENIAL OF FIRST AMENDMENT RIGHT TO
13 REDRESS THE GOVERNMENT FOR GRIEVANCES) Plaintiff repeats and realleges each and every
14 allegation contained contained in ¶1 through ¶155 of this Complaint. By virtue of the foregoing,
15 defendants POLICE INSPECTOR OBE AND COMMISSIONER OF DOMESTIC VIOLENCE ROSE
16 PIERRE-LOUIS ARE liable to plaintiff because of THEIR intentional, deliberately indifferent,
17 careless, reckless, and/or NEGLIGENT blocking of Plaintiff Kelly Price's twitter account, effectively
18 blockig Plaintiff Price's ability to redress her govrnment for grievances.  Both twitter accounts
19 (@NYCagainstViolence and @NYPD28PCT) are operated under the guise and moniker of public
20 officials broadcasting knowledge and facts and accepting information praise, complaints and
21 information from their constituents the people of the City of New York of which Plaintiff Price is a
22 member.
23 181. TWENTY FIFTH CAUSE OF ACTION DENIAL OF DUE PROCESS, ABUSE OF PROCESS:
24 Plaintiff repeats and realleges each and every allegation contained contained in ¶1 through ¶155 of this
25 Complaint. By virtue of the foregoing, defendant ADA CHRISTINA IS liable to plaintiff because of
26 HER intentional, deliberately indifferent, careless, reckless, and/or NEGLIGENT UNLAWFUL AND
27 ILLEGAL DENIAL OF HER FOIA REQUESTS AT THE SAME TIME SHE WAS ACTING AS
28 REPRESENTATIVE OF INDIVIDUALS WHO HAPPEN TO WORK FOR THE MDAO IN THEIR
29 DEFENSE OF PLAINTIFF'S PRICE PRIOR STATE COURT CLAIMS.  DEFENDANT

|    |      |                                                                                                       |
|----|------|-------------------------------------------------------------------------------------------------------|
| 2  |      | MALONEY, KNOWINGLY DENIED PLAINTIFF'S FOIA REQUEST FOR HER FILES AT THE |
| 3  |      | MDAO UNLAWFULLY AND WITH FULL KNOWLEDGE THAT HER ASSERTIONS WERE |
| 4  |      | PATENTLY INCORRECT, ILLEGALLY ASSERTED AND A BREACH OF HER ETHICAL AND |
| 5  |      | MORAL DUTIES AS FOIA OFFICER of Plaintiff Kelly Price's twitter account, effectively blockig |
| 6  |      | Plaintiff Price's ability to redress her govrnment for grievances.  Both twitter accounts |
| 7  |      | (@NYCagainstViolence and @NYPD28PCT) are operated under the guise and moniker of public |
| 8  |      | officials broadcasting knowledge and facts and accepting information praise, complaints and |
| 9  |      | information from their constituents the people of the City of New York of which Plaintiff Price is a |
| 10 |      | member. |
| 11 | 182. | TWENTY FIFTH CAUSE OF ACTION (DENIAL OF FOURTEENTH AMENDMENT RIGHT TO |
| 12 |      | DUE PROCESS DENIAL OF FIFTH AMENTMENT RIGHT TO EQUAL PROTECTION UNDER |
| 13 |      | THE LAW: DENIAL OF EIGHTH AMENDMENT RIGHT NOT TO BE ILLEGALLY AND |
| 14 |      | UNLAWFULLY PUNISHED) Plaintiff repeats and realleges each and every allegation contained |
| 15 |      | contained in ¶1 through ¶155 of this Complaint. By virtue of the foregoing, COMMISSIONER OF |
| 16 |      | DOMESTIC VIOLENCE ROSE PIERRE-LOUIS is liable to plaintiff because of her intentional, |
| 17 |      | deliberately indifferent, careless, reckless, and/or NEGLIGENT denial of Plaintiff Kelly Price's intake |
| 18 |      | and following servicing, care, and protections of the NYC Manhattan Family Justice Center despite |
| 19 |      | repeated appeals, pleads and reminders that such actions are unconstitutional and unlawful.  Recently |
| 20 |      | the Commissioner has stated that the NYC Family Justice Centers in all five boroughts will be |
| 21 |      | receiving the lion's share of the 73 Million USD that Mayor Bill de Blasio has earmarked for Mental |
| 22 |      | Health Care and Services.  Denial of such services to victims in this most needy class of victims who |
| 23 |      | have been abused not only by their primary batterer but by the system they turn to for help is anathama |
| 24 |      | at best, and a vision into a sort of Hobsian future of New York City that Plaintiff Price begs the court |
| 25 |      | to address. |
| 26 | 183. | TWENTY-SIXTH CAUSE OF ACTION CLAIMS ON BEHALF OF NAMED PLAINTIFF |
| 27 |      | (PLAINTIFF PRICE'S DUE PROCESS CLAIM AGAINST STROHBEHN ) |
| 28 |      | PLAINTIFF PRICE repeats and realleges each of the allegations contained in paragraphs 1 through |
| 29 |      | 155 with the same force and effect as if fully set forth herein. At all relevant times, Strohbehn was acting in |

2   her capacity as an assistant district attorney employed by the City. At all relevant times, Strohbehn was
3   acting under color of state law. Strohbehn denied Plaintiff Price her rights as a victim of trafficking and
4   domestic violence as detailed herein. As a result of the abuse, Plaintiff Price suffered severe physical harm
5   and suffered and continues to suffer psychological and emotional distress. By virtue of her malicious and
6   intentional denial of Price's rights to make crime complaints, to redress her government for grievances, and
7   by falsely charging price with counts of and illegal and unconstitutional statute Strohbehn deprived
8   Plaintiff Price of her due process rights under the Fourteenth Amendment to the United States Constitution.
9   184.   TWENTY-SEVENTH CAUSE OF ACTION CLAIMS ON BEHALF OF NAMED PLAINTIFF
10          (PLAINTIFF PRICE'S DUE PROCESS CLAIM AGAINST WELLS )
11   PLAINTIFF PRICE repeats and realleges each of the allegations contained in paragraphs 1 through
12   155 with the same force and effect as if fully set forth herein. At all relevant times, WELLS was acting in
13   HIS capacity as an assistant district attorney employed by the City. At all relevant times,WELLS was
14   acting under color of state law. WELLS denied Plaintiff Price her rights as a victim of trafficking and
15   domestic violence as detailed herein. As a result of the abuse, Plaintiff Price suffered severe physical harm
16   and suffered and continues to suffer psychological and emotional distress. By virtue of hIS malicious and
17   intentional denial of Price's rights to make crime complaints, to redress her government for grievances, and
18   by falsely charging price with counts of and illegal and unconstitutional statute WELLS deprived Plaintiff
19   Price of her due process rights under the Fourteenth Amendment to the United States Constitution.
20   185.   COUNT TWENTY-EIGHT
21          (PLAINTIFF PRICE'S CLAIM AGAINST STROHBEHN FOR RETALIATION)
22   PLAINTIFF PRICE repeats and realleges each of the allegations contained in paragraphs 1 through 155
23   with the same force and effect as if fully set forth herein. STOHBEHN retaliated against PLAINTIFF
24   PRICE for reporting her unjust and unconstitutional treatment to various authorities including but not
25   limited to the NYC Mayor's Office, the Department of Investigation, Senator Gillabrand, City Council
26   Leader Christine Quinn, and Federal Prosecutors in the SDNY. As a result of the retaliation, Plaintiff Price
27   suffered severe physical, psychological, and emotional distress, including PTSD. She continues to
28   experience depression and anxiety, has difficulty sleeping, and has had flashbacks of the imprisonment,
29   battery, court battles and sexual abuse. By virtue of his retaliation against Plaintiff Price for her reports of

       her unconstitutional and improper and illegal handling of Plaintiff Price's Allegations of trafficking and Abuse, Strohbehn deprived her of her right to the freedom of speech in violation of her rights under the First and Fourteenth Amendments to the United States Constitution.

186. COUNT TWENTY-NINE

       (PLAINTIFF PRICE'S INDIVIDUAL DUE PROCESS CLAIM AGAINST THE CITY)

       PLAINTIFF PRICE repeats and realleges each of the allegations contained in paragraphs 1 through 155 with the same force and effect as if fully set forth herein. By its policies, practices, acts, and omissions, the City has caused PLAINTIFF PRICE to be subjected to secondary victimization, continued abuse, continued trafficking and other sexual abuse, in violation of her due process rights under the Fourteenth Amendment to the United States Constitution.

DAMAGES

187. WHEREFORE, Plaintiff seeks compensatory damages in the amount of $30,000,000 (THIRTY MILLION USD) together with attorney fees and court costs for defamation, loss of work, emotional pain and suffering. Plaintiff also seeks POLICY CHANGE for the way that Domestic Violence Survivors are treated within the criminal justice system when they come forward for help in extracting themselves from life-threatening intimate partner situations. A methodology and better training needs to be implemented for identifying true victims that is not subject to the whimsy of one lone prosecutor's bias(es). When a victim is thought to be a 'fabricator' a review of his/her case need to be examined by Domestic Violence advocates, therapists, social workers, and psychiatrists before they are denied protections, police services, social welfare services, a normal quality of life free from harm, and their ability to petition the government for redress of grievances. Recently, the Manhattan District Attorney Cyrus Vance has stated that his office reviews 5,000 case of Domestic Violence a year. How many of these cases are labeled 'fabrications' by prosecutors with other motives or who are too burdened by their case-loads and lack the acumen or incentive to make the right call? Plaintiff seeks transparency and public dialogue in order to ensure other victims don't slip through the cracks allowing their batterers to be emboldened to harm others and the victim to slip into emotional, psychological, social, physical and economic dire straights.

    a. Plaintiff used to operate at very high-level as one of the most respected young photojournalism