editors running war correspondents in and out of conflict zones (Exhibit #16). She is a graduate of Mount Holyoke College and attended the University of Colorado where she worked on her Master's degree: she won many academic awards and scholarships and endeavored to have a bright future ahead of her. Plaintiff ran the world's top photojournalists in and out of war zones and covered top stories on all fronts for over the past decade. (Exhibit # 16 list of some of Price's journalistic accomplishments.) She had achieved a high level of respect and admiration based on trust and love and solid, steady, cool-headed work. Now her life is literally in tatters. Credibility is key to the journalistic community and the pallor of criminality still follows her as a result of the malicious arrests and prosecutions. The emotional pain and suffering from these events has debilitating effects on Plaintiff who has literally lost everything she worked for: her personal identity, her career, her familial and social support networks, her unborn child, her apartment, her belongings, had her car repossessed, lost a pet because she did not have funds for vet bills, been ostracized from every thing and everyone that meant anything to her. She was at one time trusted and loved until her world fell apart because of these prosecutions by the people she turned to for help at her darkest, most helpless hour. Plaintiff more than anything wants her name back and wishes to continue to do the good work she was producing. She struggled to build a beautiful life for herself. Now she is trying to put the pieces of her life together but her troubles seem to compound as time slips by.

125. Plaintiff has been diagnosed with Complex Post-Traumatic-Stress-Disorder by Psychiatrists and therapists at the St. Luke's Roosevelt Hospital's Crime Victims Center where she has been in intensive Domestic Violence therapies and programs since 2011 and by the Psychiatric staff at Bellevue Hospital's 9/11 Survivors' Health Care Program. She suffers severe depression, bouts of racing thoughts, nausea, temperature swings, disassociation, mood-swings, sleeplessness, despair, weight fluctuations, digestive disorders and headaches. She is currently in therapy at Sanctuary for Families, New York for the same disorders.

126. DAMAGES DEMAND WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a. For POLICY CHANGE for the way victims of trafficking and battery abused by Confidential

Informants and/or witnesses/complainants on major cases are handled by the Police and District Attorneys when they come forward for help and to report the abuse.

b. For compensatory damages of not less than $30 million;

c. For punitive damages against the individual Defendants of$10 million;

d. For reasonable attorneys' fees, together with costs and disbursements,

e. pursuant to 42 U.S.C. §1988 and to the inherent powers of this Court;

f. For pre-judgment interest as allowed by law; and For such other and further relief as this Court may deem just and proper.

127. The Manhattan District Attorney, Mr. Cyrus Vance, Jr., quoted Berger v S, 295 U.S. 78, 88 (1935) in his Recommendation for Dismissal of charges against DSK: "Along with the substantial power conferred upon prosecutors come unique responsibilities. Rather than serving only as a zealous advocate on behalf of a client, prosecutors have a broader set of obligations to the community, the victim, and the defendant:

a. "The [prosecutor] is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is a complaint as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer."

128. How much longer must Ms. Price suffer?

Kelly Price

Sworn to me 13th day of August, 2015

August 13, 2015

JOSEPH R DANIELS
Notary Public, State of New York
No. 02DA6213766
Qualified in Kings County
Commission Expires January 04, 2018


-3.jpg
-4.jpg
-6.jpg
-7.jpg
IMG_0128.jpg
get-attachment-1.jpg
IMG_1831.jpg
IMG_1830.jpg

# Exhibit 2 page 5



Fri, 22 Apr 11 1450

Chart Review Print

Metropolitan Hospital Center

| Location | Patient Name | Patient Number | Visit Number | Age | Sex |
|---|---|---|---|---|---|
| OIS-Hd6 | Price,Cathleen | 1674607 | 1674607-4 | 40Y | F |

Attending Physician
Meletiche,Carlos M, MD

---

ED Chest Pai:
Diagnosis :

Resulted by : Mccoy,Nakita, RN (ESOF)
Ordering MD : (ESOF)

Exhibit 2 page 6



Chart Review Print

Metropolitan Hospital Center

| ocation | Patient Name | Patient Number | Visit Number | Age | Sex |
|---|---|---|---|---|---|
| IS-Hd6 | Price, Cathleen | 1674607 | 1674607-4 | 40Y | F |

Attending Physician
Meletiche, Carlos M, MD

---

MDDispNote DellaFavaA
vent Time: Thu, 11 Nov 10 0652

Status: complete

hu, 11 Nov 10 0700 Documented by Albert David Della Fava, MD

| | |
|---|---|
| | : 97.8 F (36.6 C) |
| | : 76 bpm |
| P | : 127/77 |
| | : 17 |
| ain | : 4 |
| isit Provider | : Albert David Della Fava, MD |
| ttending | : Carlos M Meletiche, MD |
| isposition | : treated & released |
| ommunication | : Direct Communication in Patients's Primary Requested Language |
| inal Primary Dx | : Assault by other specified means |
| linic Referral | : Surgery - 780 |
| eturn to Clinic | : 10 days for suture removal |
| ote | : 39 yo with no PMHx presents after being assaulted. She states she was thrown through a large fish tank in her apartment where she was held down and choked. She complaints of laceration to her buttocks. No other complaints. No sob, no chest pain, no difficulty breathing or swallowing, no drooling. VS are WNL, patient is crying at first but is comfortable by the end of exam. She has a left infraorbital abrasion and bruising, no boney tenderness, eomi, her throat has some erythema laterally on both left and right, no wheezing noted, no drooling, no muffled or change in voice, there is a 5 cm superficial laceration to the left buttock and 3 1.5cm deeper, irregular edged lacerations to the right hip which necessitated sutures. No neurovascular compromise. Patient was given T#3 for pain, keflex for wound infection prophylaxis, and a general surg consult. She was advised to see surg or return to ER for suture removal in 10 days. She was advised to return to ER sooner |

Exhibit 2
page 8

CAD #

74776827

**Narrative History: Key Words - (Onset, Provokes, Quality, Radiates, Severity, Position, Changes En Route, Medications)**

PMH: ☐ Asthma ☐ Chronic Renal Failure ☐ Cardiac ☐ Diabetes ☐ Frail / Debilitated ☐ Hypertension ☐ IV Drug Use ☐ Seizure Disorder ☐ Tracheostomy
☐ Anxiety ☐ Cancer ☐ COPD ☐ CVA / Stroke ☐ Dialysis ☐ HIV / AIDS ☐ Incontinent ☐ Psychiatric Hx ☐ Substance Abuse ☐ Tuberculosis

Special Conditions: ☐ Bed Confined ☐ Non-Ambulatory ☐ Required Stretcher ☐ Valid DNR

Obvious Death: ☐ Decomposition ☐ Dependent Lividity ☐ Rigor Mortis ☐ Mortal Injury

Allergies: ☒ No known allergies

Medications: ☐ Unknown Denies

**Cardiac Arrest Information**

Witnessed By: ☐ PD ☐ CFR / EMS ☐ Other — ROSC: ☐ PD ☐ CFR / EMS ☐ Other

**Prior to this Units Patient Contact**

CPR was started by: ☐ Bystander ☐ Family ☐ PD ☐ CFR ☐ EMS ☐ Medical — Minutes Since Arrest — CPR Started — CPR Stopped — AED was used by: ☐ PD ☐ CFR ☐ EMS ☐ Other — Minutes Since 1st AED Shock

NARRATIVE HISTORY & COMMENTS:

Pt Ambulatory, Alert, Appears to have small abrasions on left face PERL @LOC. Some Abrasions to her face [illegible] 4 ABD [illegible] SW/ND side of upper leg (R) proximal to buttocks on Lateral side [illegible] (small multiple) PMS x 4 [illegible] Pt was assaulted earlier by unknown person She was [illegible] and wrestled [illegible] person [illegible] crashed into a [illegible] Pt [illegible] Base

167 46 07
[illegible] 5
PRICE, CATHLEEN
F [illegible] 11/11/10
[illegible] WEST 12[illegible] STR
NEW YORK NY 1002[illegible]

Have the patient's symptoms appeared ☒ Yes or gotten worse in the last 72 hours? ☐ No

Chief Complaint: I [illegible]

Presumptive Diagnosis: [illegible] Assault

Continuation Form ☐

**OLMC**

Time of Contact | OLMC Physician | Reason For Contact: ☐ RMA ☐ Consult ☐ Orders ☐ Transport Decision ☐ Obscene Triage | OLMC Terminate Time | ED Chart Number

Crew # | O.S. Administered By - Signature | Witness Signature / Title | Amount Wasted | # Vials Used | OLMC Physician | URN | SO ☐ | SO ☐

**PAYER INFO**

Insurance Company Name

Policy Number — Group Number

Insurance Related Information: ☐ Auto Insurance ☒ Self Pay ☐ Private Insurance — Medicare # — Medicaid # — Work related? ☐

**(1) PATIENT INFORMATION DISCLOSURE AND ASSIGNMENT OF CLAIM:** I acknowledge that I have been given the Notice of Privacy Practices and Patient Information Release/Assignment of Claim, set forth on the Patient Copy of this Prehospital Care Report and have read or been informed of their contents, including the purposes for which my protected health care information will be shared, and my responsibility for any charges for services not covered by my insurance or found to be medically unnecessary. I hereby authorize, for myself or my dependent(s), the release of medical and other information for the purposes specified, including treatment and billing. I further authorize and assign payment of Medicare and any other authorized benefits to the NYC Fire Department.

☐ Patient Unable to Sign (Reason Documented) ☐ Patient Refused to Sign — (1) Information Release Patient / Auth. Rep. Signature

**(2) OUT OF AREA TRANSPORT / DIVERSION:** I request to be transported to a hospital that is more than 10 minutes from the closest appropriate hospital, or that is on diversion status. I have been advised and I understand that I may experience delays in my care that may imperil my health or result in death.

☐ Patient Unable to Sign ☐ Patient Refused to Sign — Hospital Requested — (2) Out of Area Transport Patient Signature

**(3) RELEASE/REFUSAL OF MEDICAL ASSISTANCE (RMA):** I have been advised and I understand that I require medical assistance, and will be transported to a hospital of my choice, and that my refusal to accept such medical assistance may imperil my health or result in death, but I nonetheless refuse to accept the medical assistance. I agree to assume all risks, consequences and costs of my decision not to accept such care, and I release the provider of ambulance service, and its employees, agents and independent contractors, from any liability arising from my decision.

☐ Pre-hospital care refused: ☐ Transportation to hospital refused ☐ Patient Unable to Sign ☐ Patient Refused to Sign — RMA Patient Signature (3) — RMA Witness Name / Signature

List care refused:

**SAFETY**

Lights / Siren: ☐ To Scene (63) ☐ To Destination (82)

Conditions Causing Delay: Traffic, Weather, Crowd, Scene Unsafe, Bad Address, Difficult Location, Extrication, Elevator, Building Access, Door Barrier, Distance To Pt., Awaiting Escort, Vehicle Mech. — To Scene / To Patient / To Hospital

Seat Belt Use: ☐ Lap Belt ☐ Shoulder Belt — Car Seat: ☐ Front Facing ☐ Side Facing ☐ Rear Facing

Airbags Deployed: ☐ Steering Wheel ☐ Passenger Dash ☐ Driver Door ☐ Passenger Door ☐ Other

Patient Safety Equip.: ☐ Eye Protection ☐ Helmet ☐ Personal Flotation ☐ Protective Clothing ☐ Protective Gear

**DISPOSITION**

Removed to Vehicle By: ☐ Chair ☐ Walked ☐ Carried ☐ Scoop Stretcher ☐ Flat ☐ Stretcher ☒ Met at Ambulance

Transport From: ☒ Residence (Home) ☐ Scene of Accident or Acute Event ☐ Residential, Custodial Facility ☐ Skilled Nursing Facility (SNF) — Transport From Code: ☐ Interfacility

Transport Position: ☐ Supine ☒ Sitting ☐ Shock ☐ Semi / Full Fowlers ☐ Left Lateral Recumbent ☐ Restrained

Pt Transported in Vehicle: # of Patients Transported: 1 — Transport Miles: 2 — Hospital Destination: 1 2

Hospital Selection: ☐ Nearest Facility ☒ Patient / Family Choice ☐ Specialty Referral ☐ Hospital Diversion — Diverted From code

Pt Not Transported in This Vehicle: ☐ Assisted in Transport With Unit # ☐ RMA ☐ Pronounced, NOT Transported ☐ Obscene Triage ☐ Transferred Care To Unit # ☐ Other

Hospital Receiving Agent Signature | FDNY Code | Qty | Supply Code | Qty | Supply Code | Technician Signature

SH0001 (2 of 2), Rev 3G, 0510 — © 2010 Sansio — (Page 2)

#3 p1

10/08/2013

Adam Gargani

To Whom It May Concern:

This reviews a phone conversation I had with the New York City's District Attorney's Office.

On February 2 of 2011 I received a voicemail message from Maria Strohbhen stating she was from the District Attorney's Office and was calling as part of a matter she was handling with one of my tenants, and requested a return call, which I did.

The matter involved Kelly Price who was my tenant at that time at 237 West 120th Street, #1 New York, NY 10027 from July of 2007 to August of 2013.

Miss Strohbhen had several questions to ask me concerning events that had taken place at the building. Specifically these involved incidents where the police had been called and other events that involved altercations between Ms. Price and a man.

Miss Strohbhen asked me about my knowledge of these events. In both the structure of the questions and the inflection with which these were asked, it was apparent that the purpose was to question whether these events happened, and as it was directly communicated, to question whether Ms. Price had been telling the truth, which she posed was not the case.

I informed Miss Strohbhen that I was aware of issues taking place by reports from my other tenants as well as conversations with Ms. Price. I told Miss Strohbhen that although I did not have any direct knowledge of what took place since I did not live at the building, and was not present when they occurred, I also had no reason to question the veracity of either the reports from my other tenants or Ms. Price.

I would characterize the reaction of Miss Strohbhen to my responses as frustrated or annoyed.

She indicated that she was dealing with Ms. Price and was looking to assemble information that refuted claims that Ms. Price had made. She suggested that Ms. Price had been making false statements. I told Miss Strohbhen that I although I

#3 p2

could not comment on any specific event on the basis of other than what I had been told, that in my dealings with Ms. Price as a tenant in general I had no reason to presume that her claims, or the reports of my other tenants, were less than the truth.

The names of other tenants or neighbors were not requested.

Miss Strohbhen gave me the impression she was less than satisfied with the outcome of her call and ended it abruptly.

Sincerely,

Adam Gargani
Landlord and Owner of 237 West 120th Street, NY NY 10027

EVergreen 9- Corporation
267 Carleton Avenue
Suite 202
Central Islip, NY 11722

347 237 0100

8 October 2013

Exhibit 4 Page 1

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK



| THE PEOPLE OF THE STATE OF NEW YORK -against- 1. Kelly Price (F 40) ECAB # 1208401 Defendant. | FAMILY OFFENSE<br>DEFENDANT/VICTIM RELATIONSHIP: INTIMATE/ACCESS<br><br>MISDEMEANOR<br>ADA WELLS<br>212-335-4032 |
|---|---|

Raheem Powell, of an address known to the District Attorney's Office, states as follows:

At the times and places described below in the County and State of New York, the defendant committed the offenses of:

1. PL240.30(2) Aggravated Harassment in the Second Degree (109 counts)
2. PL240.30(1)(a) Aggravated Harassment in the Second Degree (109 counts)
3. PL240.30(1)(b) Aggravated Harassment in the Second Degree (109 counts)
4. PL240.26(3) Harassment in the Second Degree (1 count)

the defendant, with intent to harass, annoy, threaten and alarm another person, made a telephone call with no purpose of legitimate communication; the defendant, with intent to harass, annoy, threaten and alarm another person, communicated with a person, anonymously and otherwise, by telephone, by telegraph, and by mail, and by transmitting and delivering any other form of written communication, in a manner likely to cause annoyance and alarm; the defendant, with intent to harass, annoy, threaten and alarm another person, caused a communication to be initiated by mechanical and electronic means and otherwise with a person, anonymously and otherwise, by telephone, by telegraph, and by mail, and by transmitting and delivering any other form of written communication, in a manner likely to cause annoyance and alarm; and the defendant, with intent to harass, annoy and alarm another, engaged in a course of conduct which alarmed and seriously annoyed another person and which served no legitimate purpose.

The offenses were committed under the following circumstances:

Exhibit 4 page 2

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK



| THE PEOPLE OF THE STATE OF NEW YORK<br>-against-<br><br>1. Kelly Price (F 40) ECAB # 1208401<br><br>Defendant. | FAMILY OFFENSE<br>DEFENDANT/VICTIM<br>RELATIONSHIP:<br>INTIMATE/ACCESS<br><br>MISDEMEANOR<br>ADA WELLS<br>212-335-4032 |
|---|---|

Deponent states that on January 27, 2011, from about 23:36 hours until about 23:54 hours, at 315 West 116 Street, deponent received three (3) text messages from defendant, and deponent recognized the phone number of said text messages to be the defendant's phone number.

Deponent further states that on January 28, 2011, at about 00:49 hours, at 315 West 116 Street, deponent received a text message from defendant which stated in substance: I JUST TOOK ALL THE VICADIN AND IBUPROFIN PILLS WANDA GAVE ME AT ONCE. I HOPE I NEVER WAKE UP FROM THIS NIGHTMARE, and deponent recognized the phone number which the text message came from to be the defendant's phone number.

Deponent further states that on January 28, 2011, at about 2:39 hours, at 315 West 116 Street, deponent received a text message from defendant which stated in substance: I AM GOING TO ENACT A REVENGE ON YOU LIKE HELL HAS YET TO EVER SEE. YOU WILL TREMBLE AT MY FURY YOU WORTHLESS MAN-CUNT, and deponent recognized the phone number which the text message came from to be the defendant's phone number.

Deponent further states that on January 28, 2011 at about 10:44, at 315 West 116 Street, deponent received a text message from defendant which stated in substance: SADIE JUST SEALED YOUR FATE. WHAT YOU DONT KNOW IS MY NEW MAN IS VERY POWERFUL RAHEEM. GOT COPS ON A STRING. YOU WILL BE VERY SORRY FOR THIS, and deponent recognized the phone number which the text message came from to be the defendant's phone number.

Exhibit 4 Page 4

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK



| THE PEOPLE OF THE STATE OF NEW YORK -against- | | FAMILY OFFENSE DEFENDANT/VICTIM RELATIONSHIP: INTIMATE/ACCESS |
|---|---|---|
| I. Kelly Price (F 40) | ECAB # 1208401 | MISDEMEANOR ADA WELLS 212-335-4032 |
| | Defendant. | |

Deponent further states that on from about 7:30 hours until about 21:30 hours on February 21, 2011, at 315 West 116 Street, deponent received forty-one (41) phone calls from the defendant, and some of said calls were within one minute apart from one another, and deponent answered some of said phone calls and deponent heard and recognized defendant's voice when deponent answered said phone calls, and when deponent answered said phone calls deponent stated in substance to defendant, STOP CALLING MY PHONE.

Deponent further states that on from about 8:32 hours until about 15:02 hours on February 22, 2011, at 315 West 116 Street, deponent received twenty-one (21) phone calls from the defendant, and some of said calls were within one minute apart from one another, and deponent answered some of said phone calls and deponent heard and recognized defendant's voice when deponent answered said phone calls, and when deponent answered said phone calls deponent stated in substance to defendant, STOP CALLING MY PHONE.

Deponent is further states that defendant's above-described actions caused informant to become alarmed and annoyed and feel harassed and afraid for deponent's well-being.

**False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.**

[signature]
Deponent

3/25/11 5:21 PM
Date and Time

ACT 5 Version 4.3.5 Created on 03/25/11 5:18 PM

CRIMINAL COURT OF THE CITY OF NEW YORK Exhibit 4 page 3
COUNTY OF NEW YORK



| THE PEOPLE OF THE STATE OF NEW YORK -against- 1. Kelly Price (F 40) ECAB # 1208401 Defendant. | FAMILY OFFENSE DEFENDANT/VICTIM RELATIONSHIP: INTIMATE/ACCESS MISDEMEANOR ADA WELLS 212-335-4032 |
|---|---|

Deponent further states that on January 28, 2011, from about 00:14 hours until about 11:55 hours, at 315 West 116 Street, deponent received five (5) additional text messages from defendant, and deponent recognized the phone number of said text messages to be the defendant's phone number.

Deponent states that on February 20, 2011, from about 8:57 hours until about 16:05 hours, at 315 West 116 Street, deponent received twenty-two (22) phone calls from the defendant, and some of said calls were within one minute apart from one another, and deponent answered some of said phone calls and deponent heard and recognized defendant's voice, and when deponent answered said phone calls deponent stated in substance to defendant, STOP CALLING MY PHONE and one of the times when deponent answered the phone deponent heard defendant state in substance: I HAVE YOUR LIFE IN MY HANDS AND I WILL GET YOU ARRESTED.

Deponent further states that on February 20, 2011, from about 17:22 hours until about 17:44 hours, at 2271 Frederick Douglas Boulevard, deponent received seven (7) phone calls from the defendant, and all of said phone calls were made within the time span of twenty-two (22) minutes.

Deponent further states that on February 20, 2011, from about 19:10 hours until about 21:56 hours, at 315 West 116 Street, deponent received seven (7) phone calls from the defendant, and some of said calls were within one minute apart from one another, and deponent answered some of said phone calls and deponent heard and recognized defendant's voice when deponent answered said phone calls, and when deponent answered said phone calls deponent stated in substance to defendant, STOP CALLING MY PHONE.

Exhibit 5 page 16

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK



| THE PEOPLE OF THE STATE OF NEW YORK<br>-against-<br><br>1. Kelly Price (F 40)    ECAB # 1222673<br><br>Defendant. | FAMILY OFFENSE<br>DEFENDANT/VICTIM RELATIONSHIP:<br>INTIMATE/ACCESS<br><br>MISDEMEANOR<br>ADA MARQUEZ<br>212-335-9522 |
|---|---|

Detective Samuel Fontanez, shield 00311 of the 028 Detective Squad, states as follows:

On April 30, 2011, at about 00:01 hours inside of 315 West 116th Street in the County and State of New York, the Defendant committed the offenses of:

1. PL215.50(3) Criminal Contempt in the Second Degree (1 count)

the defendant engaged in intentional disobedience to the lawful mandate of a court in other than a labor dispute.

The offenses were committed under the following circumstances:

Deponent states that deponent is informed by Raheem Powell, of an address known to the District Attorney's Office, that defendant called informant on the telephone and stated in substance: ARE YOU RECORDING ME? I WANT TO TALK TO YOU SO WE CAN WORK THINGS OUT. Deponent is further informed that informant has known defendant for more than two years and informant recognized defendant's voice.

Deponent states (i) that the above actions by defendant are in violation of an order of protection issued on March 24, 2011 by Judge Amaker, docket number 2011NY021627, and which remains in effect until May 10, 2011, (ii) that the order of protection directs the defendant to refrain from communication or any other contact by mail, telephone, e-mail, voicemail or other electronic means with Raheem Powell, and (iii) that defendant is aware of the order of protection in that defendant was present in court when the court order was issued and the order of protection is signed by the defendant.

**False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.**

Det [signature] #311 — Deponent

5/6/11 — Date and Time

ACT 5 Version 4.3.5 Created on 05/06/11 5:10 PM

Exhibit 5 page 2

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART D

THE PEOPLE OF THE STATE OF NEW YORK

-against-

KELLY PRICE,

Defendant.

SUPPORTING DEPOSITION
C.P.L. § 100.20

Docket No. 2011NY032918

I, Raheem Powell, of an address known to the District Attorney's Office, County of New York County , State of New York, being duly sworn, depose and say:

that I have read the Accusatory Instrument filed in the above-entitled action and attached hereto and that the facts therein stated to be on information furnished by me are true upon my personal knowledge.

*False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.*

[signature]

Signature (Deponent) Date

She called me around 11:45 pm and she said let's meet up

Exhibit 7 Page 1

SUPREME COURT OF THE STATE OF NEW YORK NO FEE
NEW YORK COUNTY
100 CENTRE STREET
NEW YORK, NY 10013

CERTIFICATE OF DISPOSITION DISMISSAL

DATE: 08/08/2012

CERTIFICATE OF DISPOSITION NUMBER: 29363

PEOPLE OF THE STATE OF NEW YORK
VS.

PRICE, KELLY

DEFENDANT

CASE NUMBER: 20075-2011
LOWER COURT NUMBER(S): 2011NY021627
DATE OF ARREST: 03/24/2011
ARREST #: M11625738
DATE OF BIRTH: 11/27/1970

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS ON FILE IN THIS OFFICE THAT ON 07/24/2012 THE ABOVE ACTION WAS DISMISSED AND ALL PENDING CRIMINAL CHARGES RELATED TO THIS ACTION WERE ALSO DISMISSED BY THE HONORABLE DAWSON, T THEN A JUDGE OF THIS COURT.

THE DEFENDANT WAS DISCHARGED FROM THE JURISDICTION OF THE COURT.

THE ABOVE MENTIONED DISMISSAL IS A TERMINATION OF THE CRIMINAL ACTION IN FAVOR OF THE ACCUSED AND PURSUANT TO SECTION 160.60 OF THE CRIMINAL PROCEDURE LAW "THE ARREST AND PROSECUTION SHALL BE DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST AND PROSECUTION".

PURSUANT TO SECTION 160.50(1C) OF THE CRIMINAL PROCEDURE LAW, ALL OFFICIAL RECORDS AND PAPERS RELATING TO THIS CASE ARE SEALED.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL ON THIS DATE 08/08/2012.

[signature]

COURT CLERK

Exhibit 7 page 2

SUPREME COURT OF THE STATE OF NEW YORK NO FEE
NEW YORK COUNTY
100 CENTRE STREET
NEW YORK, NY 10013

CERTIFICATE OF DISPOSITION DISMISSAL

DATE: 08/08/2012

CERTIFICATE OF DISPOSITION NUMBER: 29364

PEOPLE OF THE STATE OF NEW YORK
VS.

CASE NUMBER: 20111-2011
LOWER COURT NUMBER(S): 2011NY032918
DATE OF ARREST: 05/06/2011
ARREST #: M11639652
DATE OF BIRTH: 11/27/1970

PRICE,KELLY C

DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS ON FILE IN THIS OFFICE THAT ON 07/24/2012 THE ABOVE ACTION WAS DISMISSED AND ALL PENDING CRIMINAL CHARGES RELATED TO THIS ACTION WERE ALSO DISMISSED BY THE HONORABLE DAWSON,T THEN A JUDGE OF THIS COURT.

THE DEFENDANT WAS DISCHARGED FROM THE JURISDICTION OF THE COURT.

THE ABOVE MENTIONED DISMISSAL IS A TERMINATION OF THE CRIMINAL ACTION IN FAVOR OF THE ACCUSED AND PURSUANT TO SECTION 160.60 OF THE CRIMINAL PROCEDURE LAW "THE ARREST AND PROSECUTION SHALL BE DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST AND PROSECUTION".

PURSUANT TO SECTION 160.50(1C) OF THE CRIMINAL PROCEDURE LAW, ALL OFFICIAL RECORDS AND PAPERS RELATING TO THIS CASE ARE SEALED.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL ON THIS DATE 08/08/2012.

[signature]

COURT CLERK