**GRACE** <graciegracie212@gmail.com>  Mar 31 (9 days ago)
to amartinez

-------- Original Message --------
Subject: Re: DENIAL OF FJC SERVICES TO DV SURVIVOR
From: GRACE <graciegracie212@gmail.com>
To: "Pennington, Hannah (FJC)" <HannahP@fjcnyc.org>
CC: Dahlia Sharps <ocdv_correspondence@cityhall.NYC.gov>, schlangerj@dany.nyc.gov

Ms. PENNINGTON:

As per our telephone conversation last week on 3/23/15 I am writing you to document my anger and frustration at the continuing denial of services to me by the FJC. For the past two years you have denied me entrance/intake into the FJC and referred me via telephone to other possible programs you believed could match resources denied to me such as counseling, empowerment, job placement, HRA case-management, referrals to back to work wardrobe replenishers, financial empowerment, alternative healing workshops and fitness classes, social events, or been able to participate with the community of other survivors attending activities at the FJC.

As I have kept you informed of, to date none of the three referrals you have offered have panned out. Last year you referred me DOVE (DOMESTIC CIOLENCE AND OTHER EMERGENCIES) as they had a DV group counselling event opening up but when I tried to enroll I was denied bc it was for women 25 & under only!!!! Likewise a center in East Harlem was full and could not accommodate my needs for psychiatric counselling. Likewise I have been informed again by Grace at DOVE that again they cannot offer me any services.

Earlier this year in response to my repeated pleas for services you connected me with a member of your staff via telephone who could assist me with dealing with the complicated HRA system which has erroneously closed my public welfare case over 11 times since November of 2013. Your staff member, Linda, is very helpful. This is when we can connect on the phone which is almost impossible to do...She is only in your office on Thursdays and whenever I call she tells me: "I'm sorry I have a client here in my office that Im helping.." Why can't I be one of these people sitting in front of her being helped?????

Your referral to FEGS for employment services tailored to DV survivors was a complete waste of time as well. Please note the review I posted on YELP.com after I was literally GROPED AND MANHANDLED by the President of the company I was sent to interview with. When I reported that I was groped on the interview to my job coordinator @ FEGS she literally had no response. Here is the review:

"As a domestic violence survivor trying to get her life back on track I was sent to an Open House here by my lovely NYC Family Justice Center job placement specialist. I adore her and trusted her from the jump so I was hopeful, and happy, to attend.

What a nightmare.

It become clear that my strategy of turning up at 5:00 pm for an event scheduled from 9:30 a.m. to 5:30 p.m. was an huge mistake as they seemed to be converting the lobby of the office suite into a lounge with bar-service for an event about to start. I mingled with the folks milling about and asked to see Heather, my contact. No one knew where she was so I stepped back and took in the scene.

A woman dressed as if she were an hostess at a Midtown stripclub in leggings, a form-fitting minidress, and hip boots walked into the lobby from a back room somewhere. She made a beeline for the conference room. Problem was I was standing directly in her path. INSTEAD of just stepping around me (I was standing four feet from anyone) she grabbed me by the shoulders and physically pushed me aside while making a giggelling "Happy" sound like Japanese schoolgirl. Apparently there is some unwritten hierarchy in this office that requires one to surrender their space like an Air Force cadet standing-down as upperclassman pass her on the quad.

I wouldn't have noticed this strangely Orwellian class order that pervades this place until the following happened next:

PRESIDENT of the damn company walked up to me, took hold of one of my arms with one of his hands while caressing my other arm w his other hand and said: "what section are you in?" (His assumption was that I was already his employee/chattel to be groped.) I didn't know he was the President; I just saw a man acting inappropriately. I SAID TO STRANGE MAN FONDLING ME: "Please don't touch me." HE LOOKED ASTONISHED. He said "I'm the PRESIDENT of the company!" (Offering this info as if that was his license to pet strange women.) I said: "I came here for a job but no thank you." He repeated his milquetoast mantra: "I'm the PRESIDENT OF THE COMPANY!" I RAN TO ELEVATOR BANK.

Yeah no thanks. Any staffing company whose Sr. Management doesn't respect basic workplace principles of decency and respect has its work cut out for itself. They need a Mrs. Doubtfire in HR to clean up this messy and unprofessional management team. I am hopeful there is security footage of incident that can be reviewed so that my story can be verified and these folks can adjust their behavior."

The week after this interview I was informed by Ms. Robles that she could no longer assist me as FEGS had a 200million budget shortfall and would be closing. She did not offer to continue trying to help me during the days she works out of the FJC offices and not FEGS.


I am not getting any kind of service provided to other DV survivors which is directly in conflict with my Fourteenth Amendment rights to equal protection under the law and naturally am angered.

Its an embarrassment to the city of NY that there is an waitlist of over 100 people waiting for counselling at the FJC while the MDAO hands out $ to cities across the country to help end the backlog of rape kits!!! Please dont insult me again by telling me I am not getting counselling bc of this waitlist. Why was I not placed in that list TWO years ago when I initially engaged with you about FJC services???

I have discussed the matter of why I have been blacklisted from utilizing the Family Justice Center's services with MDAO Chief of Staff, Jeffrey Schlanger. He agrees with me that there is NARY a valid excuse to ban me and that whomever made this decision is in error. Call him yourself:

x9220.

I have also taken up the matter with your boss, Ms. Louis-Pierre. I met her last week at a panel discussion sponsored by the Federation of Protestant Welfare agencies. She invited EVERYONE attending to "a tour of the Manhattan Family Justice Center to see how NYC does DV." I let her know IN FRONT of Angela Hamm, the Editor in Chief of Essence Magazine (who is close with my friend Brett Wright, owner of Uptown Magazine where she worked as EIC bf moving to Essance) that I was ready for my tour. I briefed her and informed her that I am ready for the ridiculously erroneous and unlawful ban on me to be lifted. She promised me that she would address the matter with you and acted shocked to hear of my treatment by the DAs office and the FJC. I have presented her with a brief for review that outlines this entire dirty stinking mess. Rachel Noerdlinger was standing nearby at the event and upon hearing my conversation with Commissioner Pierre-Louis she handed me her card and asked me to reach out to her; which I have.

I have also briefed Public Advocate Letitia James on this matter. She has assigned one of her investigators to my case and is deeply concerned that YEARS AFTER the dismissal of the erroneous 325 counts filed against me were dismissed and sealed that members of the MDAO are still acting with animus towards me. Her constituent advocate rightly understands that if this has happened to me its happening to others who are not able to be vocal about it.

All eyes are on you now Hannah. Time to do the right thing. Whomever gave you your marching orders to blacklist me needs to stop hiding behind you and using you as a mouthpiece for their illegal acts. The persons blacklisting me need to either offer valid and lawful reasons for doing so or apologize and retract their position. You are the one doing the denying and this situation does not bode well for someone allegedly at the helm of a public services organization funded by tax dollars and housed inside a public office.

I've broached this topic with my friends Colin Moynihan, NYT Metro Reporter, and Gary Buiso, NY Post reporter as they both have been following my progress closely and working on their own stories about how I was and continue to be tyrannized by the MDAO.

You know what they say?: "Everything eventually comes out in the wash!"

Lets get these persons hiding behind you out in the open and lets start a genuine and honest conversation about moving forward.

After what I have been through I am fearless about certain matters and my disgust only grows sharper day-by-day as I am denied status and services given to other DV survivors.
I am not afraid to revise my complaint vs. The City of new York and to add the names of everyone involved in this denial of services individually and in their official capacities --as well as the FJC as an organization itself-- to my lawsuit.



The City of New York
Department of Investigation

MARK G. PETERS
COMMISSIONER

PHILIP K. EURE, INSPECTOR GENERAL
OFFICE OF THE INSPECTOR
GENERAL FOR THE NYPD
80 MAIDEN LANE, 14TH FLOOR
NEW YORK, NY 10038
+1 212 806 5200 TEL
+1 212 806 5310 FAX

January 22, 2015

Ms. Kelly Cathleen Price
534 West 187th Street, Apt. 7
New York, NY 10033

Re: OIG-NYPD C14-0146

Dear Ms. Kelly Cathleen Price,

This is in response to your complaint dated December 26, 2014. The Office of the Inspector General for the New York City Police Department (OIG-NYPD) is authorized to investigate, review, study, audit and make recommendations relating to the operations, policies, programs and practices of the New York City Police Department (NYPD), with the goal of enhancing the effectiveness of the NYPD, increasing public safety, protecting civil liberties and civil rights, and increasing the public's confidence in the police force.

We have reviewed your complaint and will keep a record of it for information as it relates to the operation, policies, programs and practices of the NYPD.

While our office has determined not to specifically investigate your complaint at this time, the matter you have brought to our attention will help inform the work of the OIG-NYPD going forward.

We will additionally forward a copy of your December 26, 2014, complaint to the Internal Affairs Bureau (IAB) so that they may review the matter further. The IAB generally investigates complaints alleging serious police misconduct or criminal conduct against individual police officers. Please contact the NYPD IAB or consult their website for information on the status of your case.

New York City Police Department Internal Affairs Bureau:
315 Hudson Street
New York, NY 10013
Hotline: 1-800-PRIDE PD
Phone: 212-741-8401 or 311
Email: IAB@NYPD.ORG

In the event that you wish to pursue the matter beyond the NYPD IAB, you may want to retain an attorney to discuss other options that may be available to you.

Sincerely,

Thomas Mahoney
Director of Investigations
OIG-NYPD



# NEW YORK VICTIMS' RIGHTS LAWS[1]

## Constitution

*New York does not have a victims' rights amendment to its constitution.*

**McKinney's Executive Law; Article 23, Fair Treatment Standards for Crime Victims**

### § 640 – Fair Treatment Standards for Crime Victims

1. The commissioner of the division of criminal justice services, in consultation with the director of the office of victim services and other appropriate officials, shall promulgate standards for the treatment of the innocent victims of crime by the agencies which comprise the criminal justice system of the state.

2. For the purposes of this article the term "criminal justice" shall include juvenile justice and the objectives and criteria set forth in sections six hundred forty-one and six hundred forty-two of this article shall apply to presentment agencies as defined in subdivision twelve of section 301.2 of the family court act.

### § 641 – Objectives of Fair Treatment Standards

The object of such fair treatment standards shall be to:

1. Ensure that crime victims routinely receive emergency social and medical services as soon as possible and are given information pursuant to section six hundred twenty-five-a of this chapter on the following:

    (a) availability of crime victim compensation;

    (b) availability of appropriate public or private programs that provide counseling, treatment or support for crime victims, including but not limited to the following: rape crisis centers, victim/witness assistance programs, elderly victim services, victim assistance hotlines and domestic violence shelters;

    (c) the role of the victims in the criminal justice process, including what they can expect from the system as well as what the system expects from them; and

    (d) stages in the criminal justice process of significance to a crime victim, and the manner in which information about such stages can be obtained.

---

[1] Not intended to be exhaustive.

2. Ensure routine notification of a victim or witness as to steps that law enforcement officers or district attorneys can take to protect victims and witnesses from intimidation.

3. Ensure notification of victims, witnesses, relatives of those victims and witnesses who are minors, and relatives of homicide victims, if such persons provide the appropriate official with a current address and telephone number, either by phone or by mail, if possible, of judicial proceedings relating to their case, including:

   (a) the arrest of an accused;

   (b) the initial appearance of an accused before a judicial officer;

   (c) the release of an accused pending judicial proceedings; and

   (d) proceedings in the prosecution of the accused including entry of a plea of guilty, trial, sentencing, but prior to sentencing specific information shall be provided regarding the right to seek restitution and reparation, and where a term of imprisonment is imposed, specific information shall be provided regarding maximum and minimum terms of such imprisonment.

## § 642 – Criteria for Fair Treatment Standards

Such fair treatment standards shall provide that:

1. The victim of a violent felony offense, a felony involving physical injury to the victim, a felony involving property loss or damage in excess of two hundred fifty dollars, a felony involving attempted or threatened physical injury or property loss or damage in excess of two hundred fifty dollars or a felony involving larceny against the person shall, unless he or she refuses or is unable to cooperate or his or her whereabouts are unknown, be consulted by the district attorney in order to obtain the views of the victim regarding disposition of the criminal case by dismissal, plea of guilty or trial. In such a case in which the victim is a minor child, or in the case of a homicide, the district attorney shall, unless the family refuses or is unable to cooperate or his, her or their whereabouts are unknown, consult for such purpose with the family of the victim. In addition, the district attorney shall, unless he or she (or, in the case in which the victim is a minor child or a victim of homicide, his or her family) refuses or is unable to cooperate or his, her or their whereabouts are unknown, consult and obtain the views of the victim or family of the victim, as appropriate, concerning the release of the defendant in the victim's case pending judicial proceedings upon an indictment, and concerning the availability of sentencing alternatives such as community supervision and restitution from the defendant. The failure of the district attorney to so obtain the views of the victim or family of the victim shall not be cause for delaying the proceedings against the defendant nor shall it affect the validity of a conviction, judgment or order.

2. The victims and other prosecution witnesses shall, where possible, be provided, when awaiting court appearances, a secure waiting area that is separate from all other witnesses.

2-a. (a) All police departments, as that term is defined in subdivision a of section eight

hundred thirty-seven-c of this chapter, district attorneys' offices and presentment agencies, as that term is defined in subdivision twelve of section 301.2 of the family court act, shall provide a private setting for interviewing victims of a crime defined in article one hundred thirty or section 255.25, 255.26, or 255.27 of the penal law. For purposes of this subdivision, "private setting" shall mean an enclosed room from which the occupants are not visible or otherwise identifiable, and whose conversations cannot be heard, from outside such room. Only (i) those persons directly and immediately related to the interviewing of a particular victim, (ii) the victim, (iii) a social worker, rape crisis counselor, psychologist or other professional providing emotional support to the victim, unless the victim objects to the presence of such person and requests the exclusion of such person from the interview, and (iv) where appropriate, the parent or parents of the victim, if requested by the victim, shall be present during the interview of the victim.

(b) All police departments, as that term is defined in subdivision a of section eight hundred thirty-seven-c of this chapter, shall provide victims of a crime defined in article one hundred thirty of the penal law with the name, address, and telephone of the nearest rape crisis center in writing.

3. Law enforcement agencies and district attorneys shall promptly return property held for evidentiary purposes unless there is a compelling reason for retaining it relating to proof at trial.

4. The victim or witness who so requests shall be assisted by law enforcement agencies and district attorneys in informing employers that the need for victim and witness cooperation in the prosecution of the case may necessitate absence of that victim or witness from work. In addition, a victim or witness who, as a direct result of a crime or of cooperation with law enforcement agencies or the district attorney in the investigation or prosecution of a crime is unable to meet obligations to a creditor, creditors or others should be assisted by such agencies or the district attorney in providing to such creditor, creditors or others accurate information about the circumstances of the crime, including the nature of any loss or injury suffered by the victim, or about the victim's or witness' cooperation, where appropriate.

5. Victim assistance education and training, with special consideration to be given to victims of domestic violence, sex offense victims, elderly victims, child victims, and the families of homicide victims, shall be given to persons taking courses at state law enforcement training facilities and by district attorneys so that victims may be promptly, properly and completely assisted.

### § 642a – Fair Treatment of Child Victims as Witnesses

To the extent permitted by law, criminal justice agencies, crime victim-related agencies, social services agencies and the courts shall comply with the following guidelines in their treatment of child victims:

1. To minimize the number of times a child victim is called upon to recite the events of the case and to foster a feeling of trust and confidence in the child victim, whenever practicable and where one exists, a multi-disciplinary team as established pursuant to

Nothing in this article shall be construed as creating a cause of action for damages or injunctive relief against the state or any of its political subdivisions or officers or any agency thereof.

**McKinney's Social Services Law § 483-aa**

**§ 483-aa. Definitions**

The following definitions shall apply to this article:

> (a) "Human trafficking victim" means a person who is a victim of sex trafficking as defined in section 230.34 of the penal law or a victim of labor trafficking as defined in section 135.35 of the penal law.
>
> (b) "Pre-certified victim of human trafficking" is a person who has a pending application for federal certification as a victim of a severe form of trafficking in persons as defined in section 7105 of title 22 of the United States Code (Trafficking Victims Protection) but has not yet obtained such certification, or a person who has reported a crime to law enforcement and it reasonably appears to law enforcement that the person is such a victim.

**§ 483-bb. Services for victims of human trafficking**

> (a) The office of temporary and disability assistance may coordinate with and assist law enforcement agencies and district attorney's offices to access appropriate services for human trafficking victims.
>
> (b) In providing such assistance, the office of temporary and disability assistance may enter into contracts with non-government organizations for providing services to pre-certified victims of human trafficking as defined in subdivision (b) of section four hundred eighty-three-aa of this article, insofar as funds are available for that purpose. Such services may include, but are not limited to, case management, emergency temporary housing, health care, mental health counseling, drug addiction screening and treatment, language interpretation and translation services, English language instruction, job training and placement assistance, post-employment services for job retention, and services to assist the individual and any of his or her family members to establish a permanent residence in New York state or the United States. Nothing in this section shall preclude the office of temporary and disability assistance, or any local social services district, from providing human trafficking victims who are United States citizens or human trafficking victims who meet the criteria pursuant to section one hundred twenty-two of this chapter with any benefits or services for which they otherwise may be eligible.

**§ 483-cc. Confirmation as a victim of human trafficking**

> (a) As soon as practicable after a first encounter with a person who reasonably appears to a law enforcement agency or a district attorney's office to be a human trafficking victim, that agency or office shall notify the office of temporary and disability assistance and

       the division of criminal justice services that such person may be eligible for services under this article.

(b) Upon receipt of such a notification, the division of criminal justice services, in consultation with the office of temporary and disability assistance and the referring agency or office, shall make a preliminary assessment of whether such victim or possible victim appears to meet the criteria for certification as a victim of a severe form of trafficking in persons as defined in section 7105 of title 22 of the United States Code (Trafficking Victims Protection) or appears to be otherwise eligible for any federal, state or local benefits and services. If it is determined that the victim appears to meet such criteria, the office of temporary and disability assistance shall report the finding to the victim, and to the referring law enforcement agency or district attorney's office, and may assist that agency or office in having such victim receive services from a case management provider who may be under contract with the office of temporary and disability assistance, or from any other available source. If the victim or possible victim is under the age of eighteen, the office of temporary and disability assistance also shall notify the local department of social services in the county where the child was found.

## Statutes
**McKinney's Executive Law Ch. EIGHTEEN, Art. 23, Refs & Annos**

CROSS REFERENCES

Action against offender's estate; victim as creditor, see Civil Rights Law § 79-d.

Action by victim of criminal offense, time limits, see CPLR 213-b.

Compensation for crime victims, see Executive Law § 620 et seq.

Deaf victim, appointment of interpreter, see Judiciary Law § 390.

Dispositions of offenders, restitution and reparation, see Penal Law § 60.27.

Dispute resolution, notice and opportunity for victim to be heard prior to referral, see CPL 215.10; CPL 215.20.

Employer unlawfully penalizing victim witness, misdemeanor, see Penal Law § 215.14.

Forfeiture of proceeds of crime, see CPLR 1310 et seq.

Intimidation of victim, felony, see Penal Law § 215.15 et seq.

Judicial administration, chief administrator, see Judiciary Law § 212.

Mentally incapacitated defendant, notice to potential victim of release, see CPL 730.60.

Notice to crime victim of case disposition, see CPL 440.50.

Orders of protection for crime victims while action pending, see CPL 530.12; CPL 530.13.

Parole board, consideration of crime victim's statement, see Executive Law § 259-i.

Proceeds of crime, recovery by victim, see Executive Law § 632-a.

Released inmates; notification to victims and family members, see Correction Law § 149-a.

Restitution and reparation to crime victim, see Penal Law § 60.27.



# NEW YORK VICTIMS' RIGHTS LAWS[1]

## Constitution

*New York does not have a victims' rights amendment to its constitution.*

**McKinney's Executive Law; Article 23, Fair Treatment Standards for Crime Victims**

### § 640 – Fair Treatment Standards for Crime Victims

1. The commissioner of the division of criminal justice services, in consultation with the director of the office of victim services and other appropriate officials, shall promulgate standards for the treatment of the innocent victims of crime by the agencies which comprise the criminal justice system of the state.

2. For the purposes of this article the term "criminal justice" shall include juvenile justice and the objectives and criteria set forth in sections six hundred forty-one and six hundred forty-two of this article shall apply to presentment agencies as defined in subdivision twelve of section 301.2 of the family court act.

### § 641 – Objectives of Fair Treatment Standards

The object of such fair treatment standards shall be to:

1. Ensure that crime victims routinely receive emergency social and medical services as soon as possible and are given information pursuant to section six hundred twenty-five-a of this chapter on the following:

    (a) availability of crime victim compensation;

    (b) availability of appropriate public or private programs that provide counseling, treatment or support for crime victims, including but not limited to the following: rape crisis centers, victim/witness assistance programs, elderly victim services, victim assistance hotlines and domestic violence shelters;

    (c) the role of the victims in the criminal justice process, including what they can expect from the system as well as what the system expects from them; and

    (d) stages in the criminal justice process of significance to a crime victim, and the manner in which information about such stages can be obtained.

---

[1] Not intended to be exhaustive.

2. Ensure routine notification of a victim or witness as to steps that law enforcement officers or district attorneys can take to protect victims and witnesses from intimidation.

3. Ensure notification of victims, witnesses, relatives of those victims and witnesses who are minors, and relatives of homicide victims, if such persons provide the appropriate official with a current address and telephone number, either by phone or by mail, if possible, of judicial proceedings relating to their case, including:

    (a) the arrest of an accused;

    (b) the initial appearance of an accused before a judicial officer;

    (c) the release of an accused pending judicial proceedings; and

    (d) proceedings in the prosecution of the accused including entry of a plea of guilty, trial, sentencing, but prior to sentencing specific information shall be provided regarding the right to seek restitution and reparation, and where a term of imprisonment is imposed, specific information shall be provided regarding maximum and minimum terms of such imprisonment.

## § 642 – Criteria for Fair Treatment Standards

Such fair treatment standards shall provide that:

1. The victim of a violent felony offense, a felony involving physical injury to the victim, a felony involving property loss or damage in excess of two hundred fifty dollars, a felony involving attempted or threatened physical injury or property loss or damage in excess of two hundred fifty dollars or a felony involving larceny against the person shall, unless he or she refuses or is unable to cooperate or his or her whereabouts are unknown, be consulted by the district attorney in order to obtain the views of the victim regarding disposition of the criminal case by dismissal, plea of guilty or trial. In such a case in which the victim is a minor child, or in the case of a homicide, the district attorney shall, unless the family refuses or is unable to cooperate or his, her or their whereabouts are unknown, consult for such purpose with the family of the victim. In addition, the district attorney shall, unless he or she (or, in the case in which the victim is a minor child or a victim of homicide, his or her family) refuses or is unable to cooperate or his, her or their whereabouts are unknown, consult and obtain the views of the victim or family of the victim, as appropriate, concerning the release of the defendant in the victim's case pending judicial proceedings upon an indictment, and concerning the availability of sentencing alternatives such as community supervision and restitution from the defendant. The failure of the district attorney to so obtain the views of the victim or family of the victim shall not be cause for delaying the proceedings against the defendant nor shall it affect the validity of a conviction, judgment or order.

2. The victims and other prosecution witnesses shall, where possible, be provided, when awaiting court appearances, a secure waiting area that is separate from all other witnesses.

2-a. (a) All police departments, as that term is defined in subdivision a of section eight

hundred thirty-seven-c of this chapter, district attorneys' offices and presentment agencies, as that term is defined in subdivision twelve of section 301.2 of the family court act, shall provide a private setting for interviewing victims of a crime defined in article one hundred thirty or section 255.25, 255.26, or 255.27 of the penal law. For purposes of this subdivision, "private setting" shall mean an enclosed room from which the occupants are not visible or otherwise identifiable, and whose conversations cannot be heard, from outside such room. Only (i) those persons directly and immediately related to the interviewing of a particular victim, (ii) the victim, (iii) a social worker, rape crisis counselor, psychologist or other professional providing emotional support to the victim, unless the victim objects to the presence of such person and requests the exclusion of such person from the interview, and (iv) where appropriate, the parent or parents of the victim, if requested by the victim, shall be present during the interview of the victim.

(b) All police departments, as that term is defined in subdivision a of section eight hundred thirty-seven-c of this chapter, shall provide victims of a crime defined in article one hundred thirty of the penal law with the name, address, and telephone of the nearest rape crisis center in writing.

3. Law enforcement agencies and district attorneys shall promptly return property held for evidentiary purposes unless there is a compelling reason for retaining it relating to proof at trial.

4. The victim or witness who so requests shall be assisted by law enforcement agencies and district attorneys in informing employers that the need for victim and witness cooperation in the prosecution of the case may necessitate absence of that victim or witness from work. In addition, a victim or witness who, as a direct result of a crime or of cooperation with law enforcement agencies or the district attorney in the investigation or prosecution of a crime is unable to meet obligations to a creditor, creditors or others should be assisted by such agencies or the district attorney in providing to such creditor, creditors or others accurate information about the circumstances of the crime, including the nature of any loss or injury suffered by the victim, or about the victim's or witness' cooperation, where appropriate.

5. Victim assistance education and training, with special consideration to be given to victims of domestic violence, sex offense victims, elderly victims, child victims, and the families of homicide victims, shall be given to persons taking courses at state law enforcement training facilities and by district attorneys so that victims may be promptly, properly and completely assisted.

## § 642a – Fair Treatment of Child Victims as Witnesses

To the extent permitted by law, criminal justice agencies, crime victim-related agencies, social services agencies and the courts shall comply with the following guidelines in their treatment of child victims:

1. To minimize the number of times a child victim is called upon to recite the events of the case and to foster a feeling of trust and confidence in the child victim, whenever practicable and where one exists, a multi-disciplinary team as established pursuant to

   subdivision six of section four hundred twenty-three of the social services law and/or a child advocacy center shall be used for the investigation and prosecution of child abuse cases involving abuse of a child, as described in paragraph (i), (ii) or (iii) of subdivision (e) of section one thousand twelve of the family court act, sexual abuse of a child or the death of a child.

2. Whenever practicable, the same prosecutor should handle all aspects of a case involving an alleged child victim.

3. To minimize the time during which a child victim must endure the stress of his involvement in the proceedings, the court should take appropriate action to ensure a speedy trial in all proceedings involving an alleged child victim. In ruling on any motion or request for a delay or continuance of a proceeding involving an alleged child victim, the court should consider and give weight to any potential adverse impact the delay or continuance may have on the well-being of the child.

4. The judge presiding should be sensitive to the psychological and emotional stress a child witness may undergo when testifying.

5. In accordance with the provisions of article sixty-five of the criminal procedure law, when appropriate, a child witness as defined in subdivision one of section 65.00 of such law should be permitted to testify via live, two-way closed-circuit television.

6. In accordance with the provisions of section 190.32 of the criminal procedure law, a person supportive of the "child witness" or "special witness" as defined in such section should be permitted to be present and accessible to a child witness at all times during his testimony, although the person supportive of the child witness should not be permitted to influence the child's testimony.

7. A child witness should be permitted in the discretion of the court to use anatomically correct dolls and drawings during his testimony.

## § 643 – Fair Treatment Standards for Crime Victims; Agencies Generally

1. As used in this section, "crime victim-related agency" means any agency of state government which provides services to or deals directly with crime victims, including (a) the office of children and family services, the office for the aging, the division of veterans affairs, and correctional alternatives the division of parole, office of victim services the department of motor vehicles, the office of vocational rehabilitation, the workers' compensation board, the department of health, the division of criminal justice services, the office of mental health, every transportation authority and the division of state police, and (b) any other agency so designated by the governor within ninety days of the effective date of this section.

2. Each crime victim-related agency shall review its practices, procedures, services, regulations and laws to determine the adequacy and appropriateness of its services with respect to crime victims, including victims with special needs, particularly the elderly, disabled or victims of child abuse, domestic violence or sex-related offenses. Such review

shall include reasonable opportunity for public comment and consultation with crime victims or their representatives, and may include public hearings.

3. After the review, and not later than one hundred eighty days after the effective date of this section, each crime victim-related agency shall submit a report to the governor and the legislature, setting forth the findings of the review including a description of the services provided by the agency and recommendations for changes in its practices, procedures, services, regulations and laws to improve its services to crime victims and to establish and implement fair treatment standards for crime victims.

4. Subject to the direction of the governor, and to the extent practicable, each crime victim-related agency shall expeditiously implement the recommendations of its report.

## § 644 – Implementation

The commissioner of the division of criminal justice services and the director of the office of victim services shall assist criminal justice agencies in implementing the guidelines promulgated by the commissioner.

## § 645 – Fair Treatment Standards for Crime Victims in the Courts

The chief administrator of the courts, in consultation with the commissioner of the division of criminal justice services, the director of the office of victim services and other appropriate officials, shall promulgate standards for the treatment of the innocent victims of crime by the unified court system. These standards shall conform to and be consistent with the regulations promulgated pursuant to section six hundred forty of this article.

## § 646 – Police Reports

1. A victim of crime shall be entitled, regardless of physical injury, without charge to a copy of a police report of the crime.

2. An individual whose identity was assumed or whose personal identifying information, as defined in section 190.77 of the penal law, was used in violation of section 190.78, 190.79 or 190.80 of the penal law, or any person who has suffered a financial loss as a direct result of the acts of a defendant in violation of section 190.78, 190.79, 190.80, 190.82 or 190.83 of the penal law, who has learned or reasonably suspects that his or her personal identifying information has been unlawfully used by another, may make a complaint to the local law enforcement agency of the county in which any part of the offense took place regardless of whether the defendant was actually present in such county, or in the county in which the person who suffered financial loss resided at the time of the commission of the offense, or in the county where the person whose personal identification information was used in the commission of the offense resided at the time of the commission of the offense as provided in paragraph (l) of subdivision four of section 20.40 of the criminal procedure law. Said local law enforcement agency shall take a police report of the matter and provide the complainant with a copy of such report free of charge.

**§ 646 – Objectives**

The object of these fair treatment standards shall be to:

1. Ensure that crime victims are given information on the following:

    (a) the role of the victims in the criminal justice process, including what they can expect from the system as well as what the system expects from them;

    (b) stages in the criminal justice process of significance to a crime victim, and the manner in which information about such stages can be obtained; and

    (c) how the court can address the needs of the victims at sentencing.

2. Ensure routine notification of a victim or witness as to steps that the court can take to protect victims and witnesses from intimidation, including the issuance of orders of protection and temporary orders of protection.

3. Ensure notification of victims, witnesses, relatives of those victims and witnesses who are minors, and relatives of homicide victims, if such persons provide the appropriate court official with a current address and telephone number, either by phone or by mail, if possible, of judicial proceedings relating to their case, including:

    (a) the initial appearance of an accused before a judicial officer;

    (b) the release of an accused pending judicial proceedings;

    (c) proceedings in the prosecution of the accused, including entry of a plea of guilty, trial, sentencing, and where a term of imprisonment is imposed, specific information shall be provided regarding maximum and minimum terms of such imprisonment; and

    (d) the reversal or modification of the judgment by an appellate court.

**§ 646-a – Information Relative to the Fair Treatment Standards; Pamphlet**

1. The district attorney shall provide the victim, at the earliest time possible, with an informational pamphlet detailing the rights of crime victims which shall be prepared by the division of criminal justice services in consultation with the director of the office of victim services and distributed to each district attorney's office.

2. The pamphlet shall summarize provisions of this article. It shall also include specific information with appropriate statutory references on the following:

    (a) the rights of crime victims to compensation and services;

    (b) the rights of crime victims to routine notification of judicial proceedings relating to their case as provided in section six hundred forty-one of this article, in section 330.20, and section 440.50 of the criminal procedure law and section one hundred forty-nine-a of the correction law;