UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY PRICE,

                Plaintiff,

       -against-

DETECTIVE LINDA SIMMONS; ADA
MARIA STROHBEHN; ADA KENYA
WELLS; DEPUTY DA AUDREY MOORE;
ADA LARRY NEWMAN; ADA LAURA
HIGGINS NEE RICHENDORGER; ADA
CHRISTINA MALONEY; CYRUS
VANCE,JR.; INSPECTOR OBE; ROSE
PIERRE-LOUIS; ADA PATRICIA BAILEY;
ADA SUSAN ROQUE,

                Defendants.

15-CV-5871 (LAP)

ORDER TO AMEND

LORETTA A. PRESKA, Chief United States District Judge:

       Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983.  By order dated

September 22, 2015, the Court granted Plaintiff's request to proceed without prepayment of fees,

that is, *in forma pauperis*.  For the reasons set forth below, the Court directs Plaintiff to file an

amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

       The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  While the law

mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In this complaint, Plaintiff Kelly Price alleges that her boyfriend Raheem Powell was a drug dealer and police informant.  She alleges that in 2009, he began to physically abuse her, and she repeatedly called the police.  Plaintiff and Powell eventually each sought restraining orders against the other.  Police officers from the 28th precinct in the Harlem neighborhood of New York, New York, ultimately refused to accept police reports from Plaintiff, allegedly on the theory that she was falsifying her injuries to frame Powell.

On March 24, 2011, police detective Simmons testified before Judge Sattler in Family Court that she had investigated Plaintiff's allegations of abuse and had found them to be unfounded. Plaintiff alleges that Simmons's testimony was false.  After the court proceedings, four police detectives from the 28th precinct arrested Plaintiff outside the Family Court.

In May 2011, Detective Fontanez arrested Plaintiff on contempt charges, and she was taken to the Rose M. Singer Center on Rikers Island. During a proffer session on June 24, 2011, Plaintiff provided police with cell phones containing messages from Powell; the cell phones have not been returned to Plaintiff despite her repeated requests.

In May or June 2011, residents of a women's shelter on 120th Street in Manhattan allegedly assaulted Plaintiff, but police "refuse[d] to help" Plaintiff.  (Compl. 4-8 at 12.) Plaintiff made police reports on August 2, 11, and 16, 2011, regarding "taunting & harassment by neighbors with allegiances to Raheem."  (*Id.* at 13.)

On September 24, 2011, Plaintiff was allegedly assaulted in a bar in the Midtown neighborhood of Manhattan.  She called police and was charged with disorderly conduct based

on false statements that she had screamed at officers.  On October 17, 2012, she was convicted of disorderly conduct arising from this incident.

On October 25, 2011, Plaintiff attempted to file a report that Powell violated an order of protection.  On January 20, 2012, Plaintiff attempted to make a report that a woman named Ina attacked her, but Detective Fontanez declined to make an arrest based on the information that Plaintiff had provided.

Plaintiff was allegedly attacked again on April 17, 2012, and July 14, 2012, but police officers did not investigate her complaints.

On July 24, 2012, the state court dismissed the criminal contempt charges Plaintiff.

On July 28, 2012, Plaintiff alleges that a man attacked her.  Police officers from the 20th precinct allegedly failed to investigate adequately Plaintiff's complaint, and Plaintiff's assailant eventually assaulted other women.  On October 18, 2012, a heroin dealer named Willy allegedly assaulted Plaintiff as she walked past a stoop at 125th Street and St. Nicholas Avenue in the Harlem neighborhood of New York.  Police officers allegedly told Plaintiff that they had been instructed not to take her reports.

On June 2, 2013, a cab driver refused to let Plaintiff out of the cab and instead locked the doors and sped up.  The cab stopped at a red light.  Plaintiff called out to police officers, but one officer allegedly told his partner that "Plaintiff was not to be given police services."  Plaintiff called 911, but no one followed up.

In July 2013, unidentified police officers gave Plaintiff a jaywalking ticket even though she allegedly was not jaywalking.

In March 2014, Hannah Pennington, Director of the Family Justice Center, denied Plaintiff access to services for domestic violence victims.

3

In June 2014, Assistant District Attorney (ADA) Maloney addressed Plaintiff's Freedom of Information Law (FOIL) request.  Plaintiff alleges that ADA Maloney has a conflict of interest because she was also representing individuals "in a lawsuit."[1]

Plaintiff alleges that on July 2, 2015, she was again assaulted.  The New York Police Department's Midtown North police precinct rejected Plaintiff's attempt to file a complaint, and she was taken to the psychiatric ward of Bellevue Hospital in Manhattan for evaluation.  Plaintiff already had ongoing treatment with Bellevue's 9/11 survivor's clinic, and she was released promptly from the psychiatric ward.

Plaintiff brings this action  District Attorney Cyrus Vance, and eight Assistant District Attorneys (Maria Strohbehn; Kenya Wells; Larry Newman; Susan Roque; Patricia Bailey; Christina Maloney; Laura Higgins, and Audrey Moore).  She also sues Police Detective Linda Simmons for allegedly giving false testimony in court; Inspector Obe; and Rose Pierre Louis.

## DISCUSSION

### A.    Class Action

Plaintiff seeks to bring suit on behalf of a class of "all women who are victims of trafficking who turn to the authorities for help in extracting themselves from sexual enslavement at the hands of a confidential informant or group of confidential informants, or complainant in a major case/s pending in the criminal court system."

The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [her]self."  *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d

---

[1] According to public records, Plaintiff filed suit in state court against the City of New York, Police Detective Linda Simmons, and Assistant District Attorneys Audrey Moore, Maria Strohbehn, and Kenya Wells – that is, she filed suit against many of the same Defendants named in this action. *See Price v. City of N.Y.*, No. 101414/2013.

Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)).

Thus, a nonlawyer cannot bring suit on behalf of others. *Rodriguez v. Eastman Kodak Co.*, 88 F.

App'x 470, 470 (2d Cir. 2004) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

Moreover, class certification depends, in part, on the adequacy of counsel, and an unrepresented

litigant cannot adequately represent a class. *See Phillips v. Tobin*, 548 F.2d 408, 413 (2d Cir.

1976).   Because Plaintiff is proceeding *pro se*, she can only seek relief on her own behalf.

**B.      Statute of Limitations**

It appears that many of Plaintiff's § 1983 claims are time-barred.  The statute of

limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for

personal injury actions," *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting

*Owens v. Okure*, 488 U.S. 235, 249-50 (1989)).  In New York, that period is three years.  *See*

N.Y. C.P.L.R. § 214(5).  Section 1983 claims generally accrue when a plaintiff knows or has

reason to know of the injury that is the basis of the claim.  *Hogan v. Fischer*, 738 F.3d 509, 518

(2d Cir. 2013).

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to]

make narrow exceptions to the statute of limitations in order 'to prevent inequity.'"  *In re U.S.*

*Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted).  The statute of limitations may be

equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact

that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego

a lawsuit until the statute of limitations has expired.  *See Pearl*, 296 F.3d at 82-83.

New York also provides by statute for other circumstances in which a limitations period

may be tolled.  *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been

stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is

ultimately determined to be non-arbitrable), *id*. at § 207(3) (defendant is outside New York at the

time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity),[2] *id.* at § 210 (death of plaintiff or defendant).

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

Plaintiff filed this complaint on August 13, 2015. It therefore appears that Plaintiff's § 1983 claims that accrued before August 13, 2012, are time-barred. Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case. The Court therefore addresses below only Plaintiff's claims that do not appear to be time-barred.[3]

---

[2] *See Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society").

[3] Plaintiff's allegations that do not appear to be time-barred include her claim that: (1) in March 2014, Hannah Pennington, Executive Director of the Family Justice Center, which is a program of the City of New York, denied Plaintiff access to services for domestic violence victims; (2) in June 2014, ADA Maloney addressed Plaintiff's FOIL request despite Maloney's

Because it is not clear that granting leave to amend would be futile, the Court grants

Plaintiff leave to amend her complaint.  In her amended complaint, Plaintiff must either include:

(1) only those claims that are not time-barred; or (2) allegations demonstrating that the statute of

limitations should be tolled for any time-barred claim included in the amended complaint.

The Court notes, however, that many of Plaintiff's apparently time-barred claims also

appear to suffer from other defects.  For example, if Plaintiff previously had a full adjudication

of the same claims in *Price v. City of N.Y.*, No. 101414/2013, then principles of preclusion may

bar this action.  Additionally, many of the Defendants may be immune from suit for the conduct

alleged.  *See, e.g., Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009) (holding that prosecutors

are absolutely immune from suit for acts that may be administrative obligations but are "directly

connected with the conduct of a trial"); *Daloia v. Rose*, 849 F.2d 74, 75 (2d Cir. 1988) ("[W]e

hold that police officers who testify at adversarial pretrial proceedings are entitled to absolute

immunity from liability based on that testimony.").   Plaintiff must therefore make a good faith

inquiry into the law in determining which claims to include in her amended complaint.  *See* Fed.

R. Civ. P. 11.

## C.     Duty to Provide Services

Plaintiff alleges that the Executive Director of the Family Justice Center (FJC), which

provides co-located, multi-disciplinary services for victims of family violence and their children,

deemed her ineligible for services.  As an initial matter, it is unclear whether the FJC is a private

entity or an agency of the City of New York.  *West*, 487 U.S. at 48–49 (holding that claims under

§ 1983 must be brought against government actors or entities rather than private ones).  Plaintiff

---

alleged conflict of interest, in light of the fact that Maloney was also representing individuals in
an unspecified lawsuit; and (3) on July 2, 2015, the Midtown North police precinct rejected
Plaintiff's attempt to report that she had been assaulted, and officers took her to Bellevue
psychiatric ward, where she was evaluated and released.

has named the City of New York as a Defendant in this action.  Even assuming that the FJC is an

agency of the City of New York, Plaintiff's allegations fail to state a claim on which relief can be

granted.

The Due Process Clause "confer[s] no affirmative right to governmental aid, even where

such aid may be necessary to secure life, liberty, or property interests."  *DeShaney v. Winnebago*

*Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989).  Plaintiff's allegations that the FJC denied

her services in reliance on erroneous information from the New York County District Attorney's

Office that she was not a domestic violence victim thus do not state a federal constitutional

claim.  Plaintiff did not have a constitutional right to such services or to an error-free

determination regarding her eligibility for services.

Thus, absent further allegations that Plaintiff was denied services based on a

constitutionally impermissible motive, Plaintiff's allegation that she was denied FJC services

fails to state a claim on which relief can be granted.

**D.     FOIL Claims**

Plaintiff's claims that her FOIL requests were mishandled because of bias must be

dismissed.  Under New York law, if a government official fails to comply with the provisions of

FOIL, the person submitting the FOIL request must pursue a specific "procedural path." *Tinker*

*St. Cinema v. State Dep't of Transp.*, 678 N.Y.S.2d 124, 125 (N.Y. App. Div. 1998). First, "a

person denied access to requested information under [FOIL] must appeal the denial in writing to

the head of the appropriate [state entity] within 30 days" of the denial. *Id.* at 125; N.Y. Pub. Off.

Law § 89(4)(a). Next, if such an appeal is unsuccessful, the individual must institute an Article

78 proceeding in New York State court prior to challenging the denial of a FOIL request in a

judicial forum. N.Y. Pub. Off. Law § 89(4)(b); *see Schuloff v. Fields*, 950 F. Supp. 66, 67-68

(E.D.N.Y. 1997) ("The appropriate vehicle for challenging denials of access guaranteed by the

New York Freedom of Information law is a state court proceeding pursuant to N .Y.C.P.L.R. Article 78 upon exhaustion of administrative remedies.") (citing *Greenberg v. Bd. of Educ. of the City of N.Y.*, 125 F.R.D. 361, 362 (E.D.N.Y.1989)). Plaintiff thus has a state process available in which she can raise any irregularity with the handling of her FOIL request.

Moreover, Plaintiff also cannot state a claim that any Defendant violated her federal due process rights in connection with the handling of her FOIL request. "[D]ue process claims require the establishment of a property interest, and because [plaintiff] could not, as a matter of law, have a property interest in the mere expectation of receiving FOIL documents, [defendants'] failure to provide [plaintiff] with all of the documents . . . requested does not amount to a constitutional violation." *Simpson v. Town of Southampton*, No. 06-CV-6743, 2007 WL 1755749, at *4 (E.D.N.Y. June 15, 2007). Because Plaintiff does not have a property interest in receiving FOIL documents, these allegations involving Defendant Maloney fail to state a federal § 1983 claim for the denial of procedural due process.

## E.     Duty to Investigate

The Court turns next to Plaintiff's allegations that on July 2, 2015, officers from the Midtown North police precinct rejected her attempt to report that she had been assaulted and took her to Bellevue psychiatric ward. As an initial matter, the Court notes that Plaintiff has not named any individuals who were personally involved in this incident as Defendants in this action.

Moreover, the government generally has no affirmative duty under the Fourteenth Amendment to protect an individual against harm from other private citizens. *See DeShaney*, 489 U.S. at 195-96. The Second Circuit has recognized two exceptions to the general rule that the State has no duty to investigate or protect individuals: First, "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a

corresponding duty to assume some responsibility for his safety and general well-being." *Id.* at 200.  Second, the government may assume some obligation when it affirmatively creates or increases the danger.  *See Dwares v. City of New York*, 985 Fed. 2d 94, 98-99 (2d Cir. 1993). Plaintiff's allegations that in July 2015, police officers declined to take her report, without more, thus fails to state a claim on which relief can be granted.

It is unclear what claim, if any, that Plaintiff may be asserting in connection with being referred to Bellevue psychiatric ward for evaluation.  The Court therefore grants Plaintiff leave to amend to clarify her claims and to name as Defendants those who were personally involved in any violation of her rights.

## F.     Leave to Amend

Plaintiff is granted leave to amend her complaint to detail her claims.  First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights.  If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4]  The naming of Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending her complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.  Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation(s) occurred; where such violation(s) occurred; and why Plaintiff is entitled to relief. Plaintiff's amended complaint will completely replace, not supplement, the original complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is directed to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 15-CV-5871 (LAP). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show

good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 19, 2015
         New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No

(check one)

___ Civ. _____ ( )

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's      Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1      Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

*Rev. 01/2010*

1

Defendant  No. 2        Name _____ Shield #_____

                        Where Currently Employed _____

                        Address _____

                        _____


Defendant  No. 3        Name _____ Shield #_____

                        Where Currently Employed _____

                        Address _____

                        _____

| Who did what? |

Defendant  No. 4        Name _____ Shield #_____

                        Where Currently Employed _____

                        Address _____

                        _____


Defendant  No. 5        Name _____ Shield #_____

                        Where Currently Employed _____

                        Address _____

                        _____


## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.     In what institution did the events giving rise to your claim(s) occur?

       _____
       _____


B.     Where in the institution did the events giving rise to your claim(s) occur?

       _____


C.     What date and approximate time did the events giving rise to your claim(s) occur?

       _____
       _____
       _____


D.     Facts:_____

| What happened to you? |

       _____
       _____
       _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

> **Was anyone else involved?**

> **Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____      No _____      Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____      No _____      Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____      No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____      No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
                _____

                _____

        2.      What was the result, if any?
                _____

                _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
                _____
                _____
                _____
                _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

    2.       If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*

_____

_____

_____

**VI.    Previous lawsuits:**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

> Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

> Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

*On these claims*

*On other claims*

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.


|                       |                                           |
|-----------------------|-------------------------------------------|
| Signature of Plaintiff | _____ |
| Inmate Number          | _____ |
| Institution Address    | _____ |
|                        | _____ |
|                        | _____ |
|                        | _____ |


<u>Note</u>:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


Signature of Plaintiff:  _____