UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KELLY PRICE

                                        PLAINTIFF

   -against-

DETECTIVE LINDA SIMMONS Individually,
and as an employee of the New York City Police
Department, ADA MARIA STROHBEHN and
ADA KENYA WELLS Individually,
and as employees of the New York County
District Attorney's Office, THE CITY OF NEW YORK,
Deputy DA Audrey Moore, ADA Larry Newman, ADA
Laura Higgins nee Richendorfer, ADA Christina
Maloney, ADA Patricia Bailey, ADA Susan Roque and
DA Cyrus Vance Jr., as employees of the New York
County District Attorney's Office, Inspector Obe of
the New York City Police Department, in her capacity
as an employee of the New York City Police Department,
Rose Pierre-Louis in her capacity as the Commissioner
of Domestic Violence of the City of New York,

                                    DEFENDANTS,

------------------------------------------------------------------------x

Index No.: __15-CV-05871__
JURY TRIAL DEMANDED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/28/15

**Request for More Time to Amend Complaint
as Ordered by Hon. Loretta A. Preska**

December 23, 2015

Dear Hon. Preska:

      By order Posted to me on October, 23, 2015 (Exhibit #3) you requested that I amend my complaint for the above-noted docket. In your order you instructed me to only include causes of action that fall after August 13, 2012 as this was the date that I filed an Amended Complaint with the Pro Se office, SDNY at 500 Pearl Street. I filed my original Federal complaint on July 24, 2015 (Exhibit #1). I filed a revised complaint as I found issues with my exhibits and I wanted to refile a better-organized

document with the court and also to include two parties which were omitted in error as defendants in my original complaint. You will note the Time Stamps attached as exhibits to this request reflecting the filing of the original Federal Complaint on 7/24/2015 (Exhibit #1) and the amended one on 8/13/2015 (Exhibit #2).

I am a Pro Se litigant and learning as I go so please forgive my mis-step. I understand the FRCP "Relation back Amendment" ALLOWS FOr an amendment to a pleading to relate back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment.

I would have served my complaint on the defendants had I not requested POOR PERSON status from the court. If I was not entitled to file an amended pleading on August 13, 2015 then please consider my initial filing on August 24, 2015.

With this information as background I would like to respectfully and humbly request from the court feedback on the portions of my complaint not commented on in your "Order to Amend" as my original filing was within the three-year statute of limitations. I am actively pursuing representation for my case and was planning on requesting Pro Bono Counsel from the court to assist me in articulating this very complicated and layered constitutional matter to your Honor.

On December 18, 2015 I received an affidavit from a Retired NYPD Lieutenant (Exhibit #4) asserting that the procedures and methods employed in taking and reviewing complaints of abuse, sexual

conscription and trafficking that I made were handled differently than those of any other survivor because of the status my abuser enjoyed as a Confidential Informant/major case complaintant for the MDAO/NYPD. With this bombshell evidence in-hand I have been actively in discussions with a number of skilled and knowledgeable Civil Rights lawyers here in NYC whom are seriously considering taking my case (Exhibit #5) and the accompanying class action on.

    I would like to request a furtherance of deadline for turning in an amended complaint. Ideally I would appreciate 90 days but even 30 days would suffice if your Honor's patience has already been tested. If you decide that I am not to be allowed more time to re-write I am happy to turn-in the revised complaint that I have drafted myself without legal assistance. I took into consideration your stewardship onpassed to me in your kind "Order to Amend" but feel that even if you accept this that it is HIGHLY likely that I will find representation in the coming weeks and that any new legal representative on my case will request permission to Amend the complaint to make sure that my pleadings are correct. I'm trying to avoid un-necessary and redundant work incurred by you and your clerk/court part staff. Please accept my MEA CULPAS for any inconvenience, hassle, or disturbance this request causes you or your court staff. Thank you so much for taking the time to allow me to re-write my complaint.

Yours,

Kelly Price

*[signature]*

Date: December 23, 2015

Sworn to before me on this 23rd day of December, 2015

*[signature]* Jonathan D. Cohen
Notary Public

JONATHAN D. COHEN
NOTARY PUBLIC, State of New York
No. 02CO6012493
Qualified in Kings County
Commission Expires ~~August 31, 2006~~
November 26, 2018

Exhibit #1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KELLY PRICE

                                           Index No.: _____

                     PLAINTIFF

     -against-

DETECTIVE LINDA SIMMONS Individually,
and as an employee of the New York City Police
Department, MARIA STROHBEHN and
KENYA WELLS Individually,
and as an employee of the New York County
District Attorney's Office, THE CITY OF NEW YORK,
Audrey Moore, Larry Newman, Laura Higgens
nee Richendorfer, Christina Maloney, Cyrus Vance Jr.,
Audrey Moore as employees of the New York County
District Attorney's Office, Inspector Obe of the New
York City Police Department, in her capacity as an
employee of the New York City Police Department,
Rose Pierre-Louis in her capacity as the Commissioner
of Domestic Violence of the City of New York,

                    DEFENDANTS,

----------------------------------------------------------------x


**COMPLAINT**

RECEIVED
JUL 24 2015
PRO SE OFFICE

Kelly Price
Pro Se
534 w 187th st. apt #7
New York, NY 10033

1

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KELLY PRICE

Index No. CV-15-05871
JURY TRIAL DEMANDED

                  PLAINTIFF

-against-

DETECTIVE LINDA SIMMONS Individually,
and as an employee of the New York City Police
Department, ADA MARIA STROHBEHN and
ADA KENYA WELLS Individually,
and as employees of the New York County
District Attorney's Office, THE CITY OF NEW YORK,
Deputy DA Audrey Moore, ADA Larry Newman, ADA
Laura Higgins nee Richendorfer, ADA Christina
Maloney, ADA Patricia Bailey, ADA Susan Roque and
DA Cyrus Vance Jr., as employees of the New York
County District Attorney's Office, Inspector Obe of
the New York City Police Department, in her capacity
as an employee of the New York City Police Department,
Rose Pierre-Louis in her capacity as the Commissioner
of Domestic Violence of the City of New York,

                  DEFENDANTS,

-------------------------------------------------------------x



RECEIVED
AUG 13 2015
PRO SE OFFICE

**AMENDED COMPLAINT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/13/15

Kelly Price
Pro Se
534 w 187th st. apt #7
New York, NY 10033

1

Exhibit #3

CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
THE DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET - NEW YORK, NY 10007-1312

OFFICIAL BUSINESS

DOCKET SERVICES


neopost
10/23/2015
US POSTAGE

Kelly Price
534 W. 187th Street
Apt. # 7
New York, NY 10033

Exhibit #4

December 18, 2015

My name is Mark Christopher LaRocca. I worked as a Lieutenant in the New York City Police Department from 1997 to 2013 assigned to the 028 Precinct in Manhattan. Circa 2010 and 2011, I had several conversations with Ms. Kelly Price in which she claimed to be a crime victim, specifically a victim of domestic violence.

During my interviews of Ms. Price, I found her allegations of abuse, to be credible and with merit. I felt there was sufficient evidence to prepare Complaint Reports to document these allegations which would then be further investigated by the Precinct Domestic Violence Officer and/or the Precinct Detective Squad.

After speaking with the Detectives regarding Ms. Price's allegations, I was informed that prior to a report being further investigated, a phone call to someone in the Manhattan District Attorney's Office who was familiar with Ms. Price's history of reporting crimes needed to be consulted.

Ms. Price informed me that she felt this hindered her ability to receive fair treatment regarding the investigation of her complaints. I informed her that as a victim, she should speak with the supervisor of the person at the Manhattan District Attorney's Office handling her complaints if she felt her complaints were being stonewalled and not acted upon in a fair manner.

MARK C. LaROCCA

Mark C. LaRocca

**From:** Jane Byrialsen [mailto:jane@fblaw.org]
**Sent:** Wednesday, December 23, 2015 10:54 AM
**To:** Grace Price [gprice@urbanjustice.org]
**Subject:** Re: Kelly Grace Price v Cyrus Vance Jr., the City of NY, et al referred by Susan Kellerman

Grace,

Thank you for getting all this to us. Due to the holidays no one is available to review this before your filing deadline. There will be attorneys who can review it in January. Until someone has review these documents we cannot make a determination in regards to representation, so if you want to request more time you should do that and expect to hear back from us in the New Year. Otherwise you can file the amended complaint and we can still consider taking the case after that, however, it is preferable to us in regards to our decision on whether or not to assist you if you do not file as that would allow us an opportunity to make sure the complaint is properly plead, as you will most likely have a hard time getting permission to further amend it once it is filed.

Best,

Jane

--

Jane Fisher-Byrialsen, Esq.

**Fisher & Byrialsen, PLLC**

99 Park Avenue, PH Floor

New York, New York 10016

T: (212) 962-0848

C: (202) 256-5664

**PLEASE NOTE MY NEW EMAIL ADDRESS**

This message and its attachments are sent by a law office and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding, or saving this email and any attachments. Please notify the sender immediately if you believe that you are not the intended recipient.