UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY PRICE,

                Plaintiff,

-against-

DETECTIVE LINDA SIMMONS ET AL.,

                Defendants.

15-CV-5871 (LAP)

ORDER

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiff filed this action *pro se*. On October 19, 2015, the Court held that Plaintiff's amended complaint failed to state a claim on which relief could be granted but granted Plaintiff leave to amend her complaint. Plaintiff did not file an amended complaint, and the deadline for doing so expired. On December 23, 2015, the Court therefore dismissed this action.

    Shortly thereafter, on December 28, 2015, Plaintiff filed motions (ECF Nos. 8-9) seeking reconsideration of the order of dismissal and an extension of time to amend her complaint. The Court construes Plaintiff's motion for reconsideration as arising under Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3. For the reasons set forth below, Plaintiff's motion for reconsideration is granted.

## DISCUSSION

    On January 22, 2016, before the Court ruled on Plaintiff's motion for reconsideration, Plaintiff filed a notice of appeal. Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir. 1962) (holding that the docketing of a notice of appeal "ousts the district court of

jurisdiction except insofar as it is reserved to it explicitly by statute or rule."). By statute, however, "[i]f a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of [a Rule 59(e) motion] – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i).

Here, Plaintiff's appeal was docketed after entry of judgment but before the Court disposed of Plaintiff's December 28, 2015 motion under Rule 59(e). Under Fed. R. App. P. 4(a)(4)(B)(i), the Court thus has jurisdiction to resolve the Rule 59(e) motion because the notice of appeal is not yet effective. *See, e.g., Stewart Park & Reserve Coal. Inc. (SPARC) v. Slater*, 374 F. Supp. 2d 243, 252 (N.D.N.Y. 2005) (reasoning that "application of Appellate Rule 4 effectively renders the appeal to the Court of Appeals in abeyance pending the district court's determination of the post-judgment motion.").

Reconsideration of a court's judgment under Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *USA Certified Merchants, LLC v. Koebel*, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003) (citations omitted). "A court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *Slater*, 374 F. Supp. 2d at 253 (citing *Atl. States Legal Found., Inc. v. Karg Bros., Inc.*, 841 F. Supp. 51, 53 (N.D.N.Y. 1993)).

The Court dismissed this action on the ground that Plaintiff failed to file an amended complaint as directed. In her application, Plaintiff indicates that despite her failure to file an amended complaint, she has been taking various steps to seek relief, including seeking counsel

and additional evidence.  It therefore appears that Plaintiff did not intend to fail to prosecute this action.  Accordingly, the Court grants Plaintiff's motion to reconsider the order of dismissal.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.  Plaintiff's motion for reconsideration (ECF No. 8) is granted, and the Clerk of Court is directed to vacate the order of dismissal (ECF No. 6) and reopen this action.  Plaintiff's motion for an extension of time to file an amended complaint (ECF No. 9) is granted, and the Court directs Plaintiff to file an amended complaint, as set forth in the October 19, 2015 order to amend, within 30 days of this order.[1]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 26, 2016
       New York, New York

_____
LORETTA A. PRESKA
Chief United States District Judge

---

[1] As Plaintiff points out, her initial complaint was filed on July 24, 2015, and thus the order to amend should have indicated that her claims under 42 U.S.C. § 1983 arising more than three years prior to July 24, 2015, appeared to be time barred – not claims arising more than three years prior to the filing of her amended complaint on August 13, 2015.

3