members of the public. *See Munafo*, at 331-332; *see also People v. Castro*, 29 Misc. 3d 1217(A) (Sup. Ct. Bronx Co. 2010)(no probable cause supporting disorderly conduct arrest; defendant's conduct - yelling and cursing at officers writing traffic ticket and puffing out his chest - was directed at police and defendant made no attempt to involve spectators); *cf. People v. Gonzalez*, 112 A.D.3d 440 (1st Dept. 2013)(finding probable cause for disorderly conduct arrest where defendant loudly and angrily cursed police officers, violently waved his arms, screamed complaints about the police to people in the vicinity, and forced subway riders out of his way, conduct which "escalated defendant's initially individual interaction with the police officer so as to create a 'potential or immediate public problem'")(quoting *People v. Weaver*, 16 N.Y.3d at 128)); *In re Jonathan McL.*, 303 A.D.2d 169 (1st Dept. 2003)(probable cause for disorderly conduct arrest where defendant flailed his arms and yelled obscenities in presence of gathering crowd and police, who had been summoned by livery cab driver to help resolve dispute with appellant).[15]


*Conduct of bystanders*

Nor did the other evidence support the finding that appellant's private grievance with the police was at risk of becoming public issue. *See Munafo*, 50 N.Y.2d at 331. In assessing whether a defendant's conduct constitutes "a potential or immediate public

---

[15] The *Baker* Court noted that the presence of another officer in the area effectively "diluted the risk that others in the vicinity would join forces with [the] defendant and gang up on [the first officer]." *Baker*, at 363. Unlike in *Baker*, here there were three other officers at the scene, not just one.

problem," relevant factors include: "the number of other people in the vicinity; whether

they are drawn to the disturbance and, if so, the nature and number of those attracted; and

any other relevant circumstances." *People v. Pritchard*, 27 N.Y.2d at 248–249.

While there were a few pedestrians and bystanders in the vicinity, and one officer

testified that a crowd of five gathered across the street,[16] as in *Baker*, there is "no

evidence that the bystanders expressed any inclination, verbally or otherwise, to involve

themselves in the dispute between defendant and [the officer]." *People v. Baker*, 20

N.Y.3d at 363; *see People v. Munafo*, 50 N.Y.2d at 331-332 (no public harm to support

disorderly conduct conviction where, *inter alia*, confrontation "confined to [the] two

disputants"). Thus, as in *Baker*, there is "no basis to infer that these spectators were

motivated by anything other than curiosity or a desire for entertainment." *Baker*, at 361

(citing *Pritchard*, at 248-249).

*No evidence that the public was annoyed, alarmed, or inconvenienced*

Moreover, although the police were obviously upset over appellant's remark, there

is no evidence that members of the public were actually annoyed, alarmed or

inconvenienced by appellant's actions, as required under P.L. §240.20. *See People v.*

*Jones*, 9 N.Y.3d 259, 262 (2007)(dismissing information charging P.L.

§240.20(5)(obstructing vehicular or pedestrian traffic) for failure to allege sufficient facts

"supporting or tending to support" *mens rea* element; Although as a result of defendant's

---

[16] According to the police, the number of bystanders and onlookers who gathered to watch the encounter ranged from five to twenty.

conduct, numerous pedestrians had to walk around defendant, "[s]omething more than a mere inconvenience of pedestrians is required to support the charge"); *People v. Munafo*, 50 N.Y.2d at 332 (no evidence defendant's conduct caused "any obstruction of passage, vehicular or pedestrian, of the public at large"); *People v. Richardson*, 30 Misc. 3d 1204(A) (Crim. Ct. N.Y. Co. 2010)(P.L. §240.20(3))(information alleging defendant yelled obscenities at a New York City location, causing a crowd to gather, insufficient to support disorderly conduct, absent allegation that anyone was annoyed or inconvenienced by defendant's actions); *see also U.S. v. Olavarria*, 2011 WL 1529190 (S.D.N.Y.)(where entire incident lasted no more than five minutes, obstruction of pedestrian traffic unlikely); *People v. Snyder*, 36 Misc. 3d 137(A) (9th &10th Jud. Dists. 2012)(evidence legally insufficient to establish P.L. §240.20(2); intent to create public disturbance not supported by facts where, *inter alia*, defendant shouted in protest of what he reasonably believed to be his wrongful treatment by police outside his home and prosecution did not present evidence regarding effect on public); *cf. People v. Malone*, 28 Misc. 3d 1227(A) (Crim. Ct. New York Co. 2010)(disorderly conduct charge sufficiently pled where defendant's conduct caused people to leave and avoid Times Square area).[17]

*This case is readily distinguishable from People v. Weaver and People v. Tichenor*

At trial, the prosecutor, relying on *People v. Weaver*, argued that appellant's *mens rea* to commit disorderly conduct was inferable from the circumstances. Given the

---

[17] The requisite intent to breach peace cannot be found solely upon the prohibited act itself. *See People v. Pearl*, 321 N.Y.S.2d 986, 987 (1st Dept. App. Term 1971)(obstructing sidewalk).

striking factual dissimilarities between this case and *Weaver*, however, the prosecutor's reliance on *Weaver* was wholly misplaced.[18]

In *Baker*, the Court cited *Weaver* as an example of a case in which the requisite *mens rea* was "readily inferred" from the circumstances, which included:

1. Context: The incident in *Weaver* occurred A) at a public location – a parking lot by an open gas station; B) in a sleepy little upstate town; C) in the middle of the night.

2. Defendant's conduct: A) Weaver was waving his arms and yelling obscenities at his bride (who was sitting on the curb crying) in a "loud, aggressive, and threatening tone" and, B) when the police tried to intervene on his wife's behalf, the defendant threatened the officer not to put her hands on him; and C) only after failing to comply with repeated warnings to stop his disruptive behavior, was defendant was arrested for disorderly conduct.

Given Weaver's aggressive response to the officer's effort to intervene on his bride's behalf, the *Baker* Court noted, the "protracted, increasingly aggressive nature of defendant's vocalizations," the officer's repeated warnings to calm down and go elsewhere, which Weaver ignored, and the place and time of the encounter, readily supported the inference that Weaver's intent was to create a risk of public harm.

Notably, unlike *Weaver*, the encounter here occurred shortly before 10 p.m. on a Saturday night in midtown Manhattan, an area where the public is bombarded with loud noises around the clock – including clanging banging sanitation trucks, horns, shrill

---

[18] The court, in denying the motion to dismiss and convicting appellant on both counts, presumably credited the prosecutor's argument.

23

police and ambulance sirens, street traffic – chronic noises that are louder and far more noxious and offensive than one brief vocal outburst.

Moreover, unlike in *Weaver*, appellant's conduct was not "increasingly aggressive," and the dispute was a private matter between appellant and officer Winters and did not involve an innocent third party. Notably, unlike in *Weaver*, where the defendant was arrested only after he ignored repeated police warnings and whose disruptive conduct showed no sign of abating, here the police did not issue a single warning, let alone multiple warnings prior to the arrest.[19] Moreover, unlike the defendant in *Weaver*, appellant was arrested after she started to walk away, when the encounter was winding down. *See People v. Richardson*, 30 Misc. 3d 1204(a) (in determining whether defendant had culpable mental state to create public disturbance court should consider, *inter alia*, whether defendant persisted in the conduct after the police issued warnings).

Finally, unlike the protracted encounter in *Weaver*, here the conduct consisted of a single derogatory statement. Even if the conduct preceding the remark could somehow be characterized as disruptive – which it was not – the entire encounter was over in five minutes or less.

The facts in this case also bear little resemblance to those in *People v. Tichenor*, 89 N.Y.2d 76, where the defendant's intent was also readily inferable from the circumstances. *Baker*, 20 N.Y.3d at 361.

---

[19] When Winters asked appellant to lower her voice, appellant complied. Her tone again became elevated in reaction to Winters' comment that appellant should contact the BBB about the assault.

In *Tichenor*, the defendant, who was standing by the entranceway of a bar in Saratoga Springs late at night, spit and yelled obscenities at an officer as the officer walked by and then shoved the officer, who was alone on foot patrol. When the officer tried to arrest the defendant for disorderly conduct, a crowd of patrons gathered and yelled for the officer to leave the defendant alone. The defendant retreated inside the bar and, when the officer followed him inside, a scuffle erupted between the defendant, the officer, and a number of bar patrons. *Id.*

The defendant instigated the confrontation, the *Baker* Court noted, and the circumstances of the encounter -- a single officer, a crowd of reactive bar patrons who voiced their support for the defendant, and the defendant's retreat inside the bar -- created "a risk of public harm." That the harm actually materialized was "a predictable result given the context of [defendant's] obstreperous statements and conduct." *Baker*, at 361.

The only commonality between the instant case and *Tichenor* is that both cases occurred at night in or near a bar. Indeed, unlike the officer in *Tichenor*, who was alone on foot patrol, here there were three officers standing within arm's reach of Winters. And, unlike the officer in *Tichenor*, who felt threatened and called for back-up assistance, here there was no evidence that the police considered appellant's conduct a threat to the police or to the public. Finally, unlike the defendant in *Tichenor*, appellant approached the police for a lawful purpose, not to instigate a confrontation.

*Appellant's statement did not constitute "unreasonable noise"*

Appellant also lacked the requisite *actus rea* to commit P.L. §240.20(2). In *People v. Bakolas*, 59 N.Y.2d 51, the defendant, who was stopped for a traffic violation, became abusive and threatening to the police. Refusing to return to his vehicle when ordered to do so, the defendant stood in the roadway thus forcing vehicles to swerve to avoid striking him. *Id.* at 52-53. Defining "unreasonable noise" as a noise of a "type or volume that a reasonable person, under the circumstances, would not tolerate," the *Bakolas* Court concluded that "the objective standard of public disturbance, the requirement of unreasonableness, and the narrowing effect of the fact that all of the other acts proscribed by the section are publicly offensive, permit, if they do not require, [a constitutionally permissive] construction." *People v. Bakolas*, 59 N.Y.2d at 53-54; *People v. Carver*, 971 N.Y.S.2d 669 (Sup. Ct. 2013)(discussing P.L. §240.20(2)); relevant inquiry includes nature of noise and attendant circumstances, such as character of surrounding area and number of people attracted).

Although appellant's remark was loud, given the makeup of the area and the lack of sound measurement evidence in the case, the evidence did not establish that the tone of appellant's voice was objectively unreasonable, particularly since there was no testimony that any of the bystanders complained to the police or acted in a way that suggested they found the noise intolerable.

*Conclusion*

In sum, appellant's appellant's brief emotional outcry over Winter's handling of her assault complaint and the officer's insensitive comment does not constitute disorderly conduct. Appellant may have uttered the statement on a public street, but the remark was directed exclusively at the police, specifically officer Winters, the episode occurred on a commercial block in noisy midtown Manhattan, appellant never attempted to draw a crowd or to incite anyone else to become involved with her private grievance against the police, and there was no evidence suggesting there was a risk that the situation could escalate. In fact, appellant made the statement after she physically withdrew from the situation and was walking away, thus signaling that her intent, notwithstanding her brief outcry, was to put the entire upsetting exchange with Winters behind her. In short, this was not a situation "that carried beyond the individual disputants to a point where [it] had become a potential or immediate public problem." *Munafo*, 50 N.Y.2d at 331.

Thus, for the reasons stated above, even viewing the evidence in the light most favorable to the prosecution, there was a failure of proof as to an essential element of the crime. The circumstances simply do not support the inference that appellant intended to create a public disturbance or recklessly disregarded the risk thereof. At the very least, the verdict was against the weight of the evidence. Therefore, the conviction should be reversed and the accusatory instrument dismissed.

27

## CONCLUSION

FOR   THE   REASONS   STATED   ABOVE,   THE
CONVICTION   SHOULD   BE   REVERSED   AND   THE
ACCUSATORY INSTRUMENT DISMISSED.

Respectfully submitted,


SEYMOUR JAMES, Jr.
Attorney for Defendant-
Appellant


JANE LEVITT
   Of Counsel
June 2015

**Exhibit X**

NEW YORK STATE DOMESTIC INCIDENT REPORT

Form header: Case 1:15-cv-05871-KPF Document 16-4 Filed 05/09/16 Page 11 of 40

Standard NYS Domestic Incident Report form (DCJS, © 2008 NYS, 3221-02/2010). Most handwritten fields are illegible.

VICTIM / COMPLAINANT COPY — NYS DOMESTIC VIOLENCE HOTLINE ENGLISH 1-800-942-6906 SPANISH 1-800-942-6908

**Exhibit Y**

| Sprint # (NYC) | Incident # | Precinct svcCTV | Aided # (NYC) | Complaint # |
|---|---|---|---|---|

### Page 2 of the NYS Domestic Incident Report:
### STATEMENT OF ALLEGATIONS / SUPPORTING DEPOSITION

Suspect Name (Last, First, M.I.)

I, _Kelly Price_ (victim/deponent name),     state that on _10/21/11_, (date) at _11:30 pm_

Yo, _____ (nombre de victima/deponente), declaro que en tal fecha __/__/__ en

_____ (location of incident), in the County/City/Town/Village of _New York_, of the state of New York, the following did occur:

(donde el incidente ocurrio), el condado/ciudad/aldea/pueblo de _____, del estado de Nueva York, lo siguiente occurio:

I was approached on October 21, 2011 as I left my
brownstone Apt in the basement of 237 W 120th #1
by my ex boyfriend Raheem Powell who attempted
to communicate with me as he approached my
building and he said My name is I flagged into
a waiting livery cab. The driver of the cab witnessed
Raheem walk by and then was video tape from
a surveillance camera on 233 W. 120th. He made no
attempt to avoid contact with me or cross the street
when he saw me coming up the stairs out of my
brownstone apt. onto the side walk. He then made a
funny face @ me & crossed in front of the car
as we tried to pull away.

*(Use additional pages as needed)*

**False Statements made herein are punishable as a Class A Misdemeanor, pursuant to section 210.45 of the Penal Law.**
**Declaraciones falsas hechas aqui son castigables como una clase de delito menor, de acuerdo con la seccion 210.45 de la ley penal.**

_Kelly Price_                                                    _12/1/11_

Victim/Deponent Signature                                    Date
Firma de victima/deponente                                   Fecha

Note:
Whether or not this form is signed, this DIR form will be filed with law enforcement.

Nota:
Si esta forma esta firmada, o no, esta DIR forma sera registrada con la policia.

Interpreter _____                                          Date

Witness or Officer _____                                   Date _12/1/11_

**Exhibit Z**

| Services | | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| 9/7/2011 | SD met with CL at CVTC. | CVTC |
| 9/7/2011 | SD did a lot of CC with CL during our meeting. | Crisis Counseling |
| 9/7/2011 | SD s/w CL about the likelihood that the charges against her will be dropped. | Info-Legal |
| 9/7/2011 | SD s/w CL about the history of DV b/w them and described the common tactics used by abusers to get what they want. | Info-Other |
| 9/7/2011 | SD advised CL that the court calendar governs when certain things happen, so if the ADA is planning on dropping the charges, he/she can do so at that court date. | Info-Legal |
| 9/7/2011 | SD suggested that CL look into the CCRB as a possible mechanism for holding the 28th precinct cops accountable for what they've done to her. | Info-Legal |
| 9/7/2011 | SD advised CL that the only real oversight with NYPD comes from IAB (which she's already involved with) and the CCRB. | Info-Legal |
| 9/7/2011 | SD advised CL that in cross-complaint cases, credibility is key and the pending criminal case against her puts her at a disadvantage as far as that's concerned. | Info-Legal |
| 9/7/2011 | SD informed CL that the first focus should be getting the charges dropped and once that's resolved, then see if it's possible to re-open the assault case against RESP. | Info-Legal |
| 9/7/2011 | SD gave CL my card with the LAP HL # on it in case she needs to contact me. | Info-Legal |
| 9/14/2011 | SD s/w CL who called in for me at CVTC. | Follow Up |
| 9/14/2011 | SD, with Lisa H. @ CVTC, attempted to contact Lisa Callahan @ the Mn DA's office. No answer. Left vm with my direct line and extension to call me back. | CJA-DA |
| 9/14/2011 | SD advised CL that b/c of the bureaucratic nature of the system, correcting mistakes like this take an extensive amount of time. | Info-Legal |
| 9/14/2011 | CL expressed fear at being incarcerated "for the rest of her life," and SD reminded her that these are all MISD charges and carry a maximum of 1 year. | Info-Legal |
| 9/14/2011 | SD advised CL that we tried to call Lisa Callahan at the DA's office, but there was no answer so we left a message asking her to call me back at the office on my extension. | Info-Legal |
| 9/14/2011 | SD advised CL that we have a working relationship with the DA's office and will try to utilize that to help her. | Info-Legal |
| 10/14/2011 | SD called Lisa @ CVTC to s/w her on CL's behalf about Belinda escorting CL to her appt with a City Council member to discuss her treatment by NYPD and the DA's office. No answer. Left vm. | PA-Legal |
| 10/28/2011 | SD s/w CL who called for me on the HL. | Follow Up |
| 10/28/2011 | SD offered CL emotional support given her treatment by the police and the DA's office. | Crisis Counseling |

1

| Services | | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| 10/28/2011 | SD advised CL that I can call the precinct to speak with the DVPO who took her rep't on RESP's latest attack (a PO Simmons) and find out what happened w/ the DIR. | Info-Legal |
| 10/28/2011 | SD advised CL that both Lisa @ CVTC and I have been trying to get through to the DA's office about getting the charges dropped but we're not getting anywhere on that front. | Info-Legal |
| 10/28/2011 | SD advised CL to send me her copy of the DIR and then I can call the 28th precinct to speak with DVPO Simmons about how it was "lost" according to Lt. LaRocca. Gave CL our fax #. | Info-Legal |
| 11/1/2011 | SD called the 28th precinct to speak w/ DVPO Simmons about this DIR. She was very resistant and wasn't able to provide any info except that the report got "lost in the system". Her stance was that CL must return to the precinct to file another one. | CJA-Police |
| 11/8/2011 | SD s/w CL about Belinda accompanying her to the precinct to make a report as well as to her meeting with Christine Quinn's office to report her treatment by the police. | Info-Legal |
| 11/8/2011 | SD offered CL emotional support and validated her feelings about the 28th precinct's handling of her case. | Crisis Counseling |
| 11/8/2011 | SD gave CL a run-down of the very unproductive phone call I had with the DVPO last week, and advised her that the issue is definitely not her fault. | Info-Legal |
| 11/8/2011 | CL called on the HL and SD s/w her about what happened when I called the 28th precinct last week. | Follow Up |
| 11/8/2011 | SD emailed KT & Anindita about having Belinda accompany CL to the 28th precinct to re-file the DIR that they "lost" in their system. | PA-Legal |
| 11/9/2011 | SD s/w CL briefly at CVTC about Belinda accompanying her to the 28th precinct. CL was just getting out of group at CVTC. | Follow Up |
| 11/9/2011 | SD s/w CL briefly at CVTC about Belinda accompanying her to the 28th precinct. CL was just getting out of group at CVTC. | Info-Legal |
| 11/9/2011 | SD provided CL w/ emotional support about her treatment by the 28th and confirmed that I was also stonewalled by the DVPO there. | Crisis Counseling |
| 11/9/2011 | SD advised CL that I would meet with Belinda on Friday to go over CL's case with her, so she should be able to accompany her next week. | Info-Legal |
| 11/15/2011 | SD called CL to set up a time for Belinda to accompany her to the precinct in order to make a report. No answer. Her voice mail box was full so I couldn't leave a message. | Follow Up |
| 11/15/2011 | SD called Lisa @ CVTC to s/w her about CL. No answer. Left vm asking for a call back. | PA-Legal |
| 11/15/2011 | SD s/w Lisa @ CVTC who returned my phone call. Discussed the accompaniment to the 28th precinct as well as CL possibly testifying at City Council. | PA-Legal |
| 11/16/2011 | SD met with CL at CVTC and briefly discussed Belinda escorting her | Info-Other |

2

| Services | | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| | to the 28th precinct to file her DIR as well as possibly testifying at City Council early next yr. | |
| 11/16/2011 | SD met with CL at CVTC and briefly discussed Belinda escorting her to the 28th precinct to file her DIR as well as possibly testifying at City Council early next yr. | Follow Up |
| 11/16/2011 | SD met with CL at CVTC and briefly discussed Belinda escorting her to the 28th precinct to file her DIR as well as possibly testifying at City Council early next yr. | Info-Legal |
| 11/22/2011 | SD called CVTC to s/w Lisa to let her know that Kelly and Belinda will be meeting at CVTC on Thursday (12/1) to head up to the 28th precinct. | PA-Legal |
| 11/22/2011 | BD s/w CL and arranged a date/time to meet @ CVTC and then to go up to the 28th precinct. | Info-Legal |
| 11/22/2011 | SD s/w CL who called in on the HL. Let her know that I hadn't been able to get a hold of her and had her s/w Belinda to schedule a time to go to the precinct. | Follow Up |
| 11/22/2011 | SD s/w CL who called in on the HL. Let her know that I hadn't been able to get a hold of her and had her s/w Belinda to schedule a time to go to the precinct. | Info-Legal |
| 11/30/2011 | SD advised CL that now that her OP was downgraded, it's critical that she obtain the DIR to prove the OP violation to the IDV judge. | Info-Legal |
| 11/30/2011 | SD called CL to s/w her about meeting tomorrow w/ BD to head to the 28th precinct. | Follow Up |
| 11/30/2011 | SD provided CL emotional support b/c of what occurred in IDV w/ her OP (hers was downgraded to a limited OP and he still has a stay away against her). | Crisis Counseling |
| 11/30/2011 | SD s/w CL about what happened in IDV court yesterday w/ her OP. | Info-Legal |
| 11/30/2011 | SD s/w CL about the possibility of a City Council hearing and let her know that it's still in the initial stages. I haven't heard anything more about it. | Info-Other |
| 11/30/2011 | SD confirmed the time/date for CL to meet with BD and head to the precinct. | Info-Legal |
| 12/1/2011 | SD called Lisa @ CVTC to give her an update on what took place today at the 28. No answer. Left vm. Also informed her about my conversation w/ KT and the potential to speak directly to Audrey but we need to be confident that there's nothing that can be used against CL. | PA-Legal |
| 12/1/2011 | BD met with CL at CVTC to accompany her to the 28th precinct. BD assisted CL with filing a DIR for the OP violation and emailed SD to inform her of what took place. CL was very happy with the effect of the accompaniment and articulated her desire for BD to accompany her in other respects. | CJA-DA |
| 12/1/2011 | SD s/w Lisa who called me back. Discussed CL's case and | PA- |

| ServiceDate | Services | |
| --- | --- | --- |
| **ServiceDate** | **Service Notes** | **Type of Service** |
| | possibility of a meeting to try and hash out the probability of going to DA's office with a solid case for dropping the charges. Will speak to KT about this. | Counseling |
| 12/1/2011 | SD s/w Lisa who called me back. Discussed CL's case and possibility of a meeting to try and hash out the probability of going to DA's office with a solid case for dropping the charges. Will speak to KT about this. | PA-Legal |
| 12/1/2011 | BD met with CL at CVTC to accompany her to the 28th precinct. BD assisted CL with filing a DIR for the OP violation and emailed SD to inform her of what took place. CL was very happy with the effect of the accompaniment and articulated her desire for BD to accompany her in other respects. | CJA-Police |
| 12/1/2011 | BD met with CL at CVTC to accompany her to the 28th precinct. BD assisted CL with filing a DIR for the OP violation and emailed SD to inform her of what took place. CL was very happy with the effect of the accompaniment and articulated her desire for BD to accompany her in other respects. | Info-Legal |
| 12/1/2011 | BD met with CL at CVTC to accompany her to the 28th precinct. BD assisted CL with filing a DIR for the OP violation and emailed SD to inform her of what took place. CL was very happy with the effect of the accompaniment and articulated her desire for BD to accompany her in other respects. | Follow Up |
| 12/1/2011 | BD met with CL at CVTC to accompany her to the 28th precinct. BD assisted CL with filing a DIR for the OP violation and emailed SD to inform her of what took place. CL was very happy with the effect of the accompaniment and articulated her desire for BD to accompany her in other respects. | Crisis Counseling |
| 12/2/2011 | SD emailed Lisa to arrange a time for us to meet w/ KT to discuss CL's case and develop a strategy for advocating with the DA's office. | PA-Legal |
| 12/5/2011 | SD s/w CL who called in very upset b/c she ran into RESP at the bodega and had to turn around and walk out while they (him and his friend) laughed at her. | Follow Up |
| 12/5/2011 | SD s/w CL to try and de-escalate her a bit, and then reminded her that the best thing she can do for now is protect herself from the OP even though it's infuriating. | Crisis Counseling |
| 12/5/2011 | SD s/w CL to try and de-escalate her a bit, and then reminded her that the best thing she can do for now is protect herself from the OP even though it's infuriating. | Safety Planning |
| 12/5/2011 | SD advised CL that KT and I need to review her papers from court so that we can see what exactly happened there before we can do any kind of advocacy on her behalf. CL will fax them today. | Info-Legal |
| 12/6/2011 | SD called CL unblocked to f/u on her vm from yesterday about her fax. It was not in the fax machine. No answer. Left vm. | Follow Up |
| 12/6/2011 | SD s/w CL who called in returning my vm. Confirmed for her that I | Info-Legal |

4

| | Services | |
|---|---|---|
| **ServiceDate** | **Service Notes** | **Type of Service** |
| | did not receive the fax (checked again), so she is going to drop it by the office today. I gave her the address. | |
| 12/6/2011 | SD called CL unblocked to f/u on her vm from yesterday about her fax. It was not in the fax machine. No answer. Left vm. | Info-Legal |
| 12/6/2011 | SD s/w CL who called in returning my vm. Confirmed for her that I did not receive the fax (checked again), so she is going to drop it by the office today. I gave her the address. | Follow Up |
| 12/7/2011 | SD and Lisa s/w CL about how her actions, w/o the context of the history of DV against her, could have been seen as a batterer's actions. | Info-Legal |
| 12/7/2011 | SD met with CL at CVTC. | CVTC |
| 12/7/2011 | SD and Lisa s/w CL about the common tactics batterers use to intimidate their victims, and how some of her actions and statements could be misrepresented to look like those tactics. | Info-Legal |
| 12/7/2011 | SD s/w CL about the 28th precinct and their handling of the case. | Info-Legal |
| 12/7/2011 | SD provided CL w/ emotional support given the handling of her case to date. | Crisis Counseling |
| 12/7/2011 | SD s/w Lisa about CL's case and tried to set up a time for her to meet with KT and I to go over the court doc's in CL's possession and work out a coherent story to possibly present to the DA's office on CL's behalf. | PA-Legal |
| 12/7/2011 | SD s/w CL about the DA's office's handling of her case. | Info-Legal |
| 12/8/2011 | SD s/w Lisa and KT about setting up a meeting sometime next week. | PA-Legal |
| 12/13/2011 | SD tried calling Lisa @ CVTC again to set up a time to meet w/ KT re. CL's legal case. Trying for tomorrow afternoon near the end of the day. | PA-Legal |
| 12/13/2011 | SD s/w Lisa who called me back, and we set up the time of 3pm tomorrow to meet w/ KT to review CL's legal case. | PA-Legal |
| 12/20/2011 | SD called Lisa returning her message about setting up a time to meet w/ KT re. CL's legal case. No answer. Left vm. | PA-Other |
| 12/20/2011 | SD called Lisa returning her message about setting up a time to meet w/ KT re. CL's legal case. No answer. Left vm. | PA-Legal |
| 12/20/2011 | SD s/w Lisa @ CVTC and (tentatively) set up a meeting for next week on Wed @ 11 am. | PA-Legal |
| 12/28/2011 | SD met w/ Lisa & KT re. CL's case; Family Court OP, Crim Court charges, and proving she's a survivor of DV. | PA-Legal |
| 12/28/2011 | KT met w/ Lisa & SD re. CL's case: Family Court OP, Crim Court charges, and proving she's a surivor of DV. | PA-Counseling |
| 12/28/2011 | KT met w/ Lisa & SD re. CL's case: Family Court OP, Crim Court charges, and proving she's a surivor of DV. | PA-Legal |
| 12/28/2011 | SD met w/ Lisa & KT re. CL's case; Family Court OP, Crim Court | PA-Family |

| Services | | |
|---|---|---|
| **ServiceDate** | **Service Notes** | **Type of Service** |
| | charges, and proving she's a survivor of DV. | Court |
| 12/28/2011 | SD met w/ Lisa & KT re. CL's case; Family Court OP, Crim Court charges, and proving she's a survivor of DV. | PA-Counseling |
| 12/28/2011 | KT met w/ Lisa & SD re. CL's case: Family Court OP, Crim Court charges, and proving she's a surivor of DV. | PA-Family Court |
| 1/5/2012 | KT met with Lisa, SD, and CL to discuss the FC case, the CC charges against her, short and long-term priorities and goals, and forming an effective strategy to address them. | PA-Family Court |
| 1/5/2012 | KT met with Lisa, SD, and CL to discuss the FC case, the CC charges against her, short and long-term priorities and goals, and forming an effective strategy to address them. | PA-Legal |
| 1/5/2012 | SD met w/ Lisa, KT, and CL to discuss the FC case, the CC charges against her, short and long-term priorities and goals, and forming an effective strategy to address them. | Safety Planning |
| 1/5/2012 | KT met with Lisa, SD, and CL to discuss the FC case, the CC charges against her, short and long-term priorities and goals, and forming an effective strategy to address them. | Safety Planning |
| 1/5/2012 | KT met with Lisa, SD, and CL to discuss the FC case, the CC charges against her, short and long-term priorities and goals, and forming an effective strategy to address them. | Crisis Counseling |
| 1/5/2012 | SD met w/ Lisa, KT, and CL to discuss the FC case, the CC charges against her, short and long-term priorities and goals, and forming an effective strategy to address them. | Crisis Counseling |
| 1/5/2012 | SD met w/ Lisa, KT, and CL to discuss the FC case, the CC charges against her, short and long-term priorities and goals, and forming an effective strategy to address them. | PA-Legal |
| 1/5/2012 | SD met w/ Lisa, KT, and CL to discuss the FC case, the CC charges against her, short and long-term priorities and goals, and forming an effective strategy to address them. | PA-Family Court |
| 1/5/2012 | SD met w/ Lisa, KT, and CL to discuss the FC case, the CC charges against her, short and long-term priorities and goals, and forming an effective strategy to address them. | PA-Counseling |
| 1/5/2012 | KT met with Lisa, SD, and CL to discuss the FC case, the CC charges against her, short and long-term priorities and goals, and forming an effective strategy to address them. | PA-Counseling |
| 1/11/2012 | SD explained what our strategy will be in advocating with the DA's office and reminded her that while we believe her story, we have to know exactly what took place (whether it was incriminating or not) so that we can lay out the entire context of DV and its impact on her actions. | Info-Legal |
| 1/11/2012 | SD s/w CL about the different sub-sections of the aggravated harassment charge that she's facing and what they mean. | Info-Legal |
| 1/11/2012 | SD met w/ CL at CVTC to discuss the charges in-depth and to get a | Follow Up |

| Services | | |
|---|---|---|
| **ServiceDate** | **Service Notes** | **Type of Service** |
| | full account of her version of events. | |
| 1/11/2012 | SD did some emotional, physical, and legal SP w/ CL because he is still calling her and she is talking to him b/c she misses him. | Safety Planning |
| 1/11/2012 | SD provided CL w/ emotional support throughout this process. | Crisis Counseling |
| 1/11/2012 | SD s/w CL in-depth about her version of events (# of phone calls and texts, what was said, the nature of the interactions w/ him, and her intent during these interactions). Recorded CL's version of events in a timeline format. | PA-Legal |
| 1/12/2012 | KT s/w Audrey Moore, CHief of DV Bureau @ NYCo DA's office, to inquire about case and raise issues of victim treated as perp. AM requested email with identifying email; I will follow up with her. | CJA-DA |
| 1/13/2012 | SD s/w CL who called in on the HL. | Follow Up |
| 1/13/2012 | SD offered CL emotional support b/c of how traumatized she was yesterday over her attorney's conduct. | Crisis Counseling |
| 1/13/2012 | SD s/w CL about her decision to fire Kartegener and the possibility of tapping into her resources at the Legal Aid office since she had a good feeling about them. | Info-Legal |
| 1/13/2012 | SD s/w CL about what the plea offer could mean for her and that it illustrates a posible problem with the state's case. | Info-Legal |
| 1/13/2012 | SD did some SP w/ CL b/c she mentioned just waking up (3:15pm) after taking sleeping pills the night before. She clarified that she didn't try to overdose; she took them just to knock her out. | Safety Planning |
| 1/13/2012 | SD called Lisa @ CVTC to update her on the case. No answer. Left vm requesting a call back. | PA-Legal |
| 1/17/2012 | SD called for Lisa @ CVTC again returning her vm. No answer. Left vm letting her know what happened w/ ADA since she's meeting with CL at 2pm today and asked her to call me. | PA-Legal |
| 1/19/2012 | SD s/w CL who called in on the HL but she hung up when I tried to talk to her about leaving a vm on our phone rather than calling over and over again. I informed her that we can't have someone call incessantly and that I was planning on returning her message when CL got frustrated and hung up the phone. | Follow Up |
| 1/19/2012 | KT emailed Audrey Moore and Lisa Haileselassie re: case status and advocating for dismissal. | CJA-DA |
| 1/19/2012 | SD s/w Lisa who called in returning my vm. S/w her about CL's case and the upcoming disorderly conduct hearing. | PA-Counseling |
| 1/19/2012 | SD sent KT the info for CL's case and the info for RESP who then forwarded that info to Audrey Moore at the DA's office. | CJA-DA |
| 1/19/2012 | SD s/w Lisa who called in returning my vm. S/w her about CL's case and the upcoming disorderly conduct hearing. | PA-Legal |
| 1/19/2012 | SD s/w CL who called in on the HL but she hung up when I tried to talk to her about leaving a vm on our phone rather than calling over | Info-Legal |

| | Services | |
|---|---|---|
| **ServiceDate** | **Service Notes** | **Type of Service** |
| | and over again. I informed her that we can't have someone call incessantly and that I was planning on returning her message when CL got frustrated and hung up the phone. | |
| 1/19/2012 | SD called Lisa @ CVTC back returning her vm from earlier today. No answer. Left a detailed vm about CL as well as about the other HL case they were helping us with. | PA-Legal |
| 1/20/2012 | SD s/w CL who called in on the HL about yesterday's conversation. | Follow Up |
| 1/20/2012 | SD gave CL emotional support in response to her anxiety over the criminal charges against her. | Crisis Counseling |
| 1/20/2012 | SD s/w CL about the criminal charges pending against her and the upcoming hearing on the disorderly conduct case. | Info-Legal |
| 1/24/2012 | SD s/w CL who called in on the HL w/ an update on the disorderly conduct case. ADA Wells offered an ACD, but she did not accept. | Info-Legal |
| 1/24/2012 | SD s/w CL who called in on the HL w/ an update on the disorderly conduct case. ADA Wells offered an ACD, but she did not accept. | Follow Up |
| 1/31/2012 | SD informed CL that we gave her info and the info of the case to the SVB chief (Audrey Moore) in the DA's office a couple weeks ago and we're still waiting on the outcome of that. | Info-Legal |
| 1/31/2012 | SD informed CL that even one missed court date can result in a dismissal of her FC case against RESP, which is what happened. However, she didn't show b/c Kartegener told her the wrong date and they've given her until Mon to come back w/ a new attorney. | Info-Legal |
| 1/31/2012 | SD informed CL that if ADA Wells knew she wasn't going to take the deal, then he didn't have to formally offer it to her (it sounds like he did not). | Info-Legal |
| 1/31/2012 | SD s/w CL who called in on the HL very upset and threatening to "go to the Bk Bridge" right now (basically providing an underlying implication of suicidality). | Crisis Counseling |
| 1/31/2012 | SD s/w CL who called in on the HL very upset and threatening to "go to the Bk Bridge" right now (basically providing an underlying implication of suicidality). | Follow Up |
| 2/3/2012 | SD s/w CL who called in on the HL about the pending crim charges. Wanted to know what we "sent" to the DA's office and I informed her that we only provided her name and the docket # of the case b/c that's all they wanted. | Follow Up |
| 2/3/2012 | SD s/w CL who called in on the HL about the pending crim charges. Wanted to know what we "sent" to the DA's office and I informed her that we only provided her name and the docket # of the case b/c that's all they wanted. | Info-Legal |
| 2/3/2012 | SD confirmed w/ CL that it would still be okay to present what she gave us to the DA's office if they ask for it. She said that was fine. | Info-Legal |
| 2/6/2012 | SD called Lisa @ CVTC back returning her call re. status of CL's case and advocacy with DA's office. | PA-Legal |

| | Services | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| 2/6/2012 | SD s/w CL who called in to update me on the case. | Follow Up |
| 2/6/2012 | SD s/w CL about the pending crim case and her new Legal Aid attorney. | Info-Legal |
| 2/6/2012 | SD s/w CL about meeting w/ her Legal Aid attorney. Will discuss w/ KT and see if there is an appropriate meeting time this week (may not be possible this week). | Info-Legal |
| 2/7/2012 | SD responded to CL's email w/ corrected count info, docket #'s, and an explanation of what an ACD is for her formal complaint about the DA's office. | Info-Legal |
| 2/7/2012 | SD s/w Lisa who called re. the pending criminal charges and case developments. Lisa will be seeing CL later today for a counseling session. | PA-Counseling |
| 2/7/2012 | SD responded to CL's email w/ corrected count info, docket #'s, and an explanation of what an ACD is for her formal complaint about the DA's office. | Info-Legal |
| 2/7/2012 | SD responded to CL's email w/ corrected count info, docket #'s, and an explanation of what an ACD is for her formal complaint about the DA's office. | Info-Legal |
| 2/7/2012 | SD responded to CL's email w/ corrected count info, docket #'s, and an explanation of what an ACD is for her formal complaint about the DA's office. | Follow Up |
| 2/7/2012 | SD s/w Lisa who called re. the pending criminal charges and case developments. Lisa will be seeing CL later today for a counseling session. | PA-Legal |
| 2/7/2012 | SD informed CL that Lisa @ CVTC called me re. updates on the case and that she's prob concerned about that. | Info-Counseling |
| 2/7/2012 | SD provided CL my email address b/c she would like me to look over the formal complaint she's going to write about the DA's office's handling of her case. I agreed to look at it. | Info-Legal |
| 2/7/2012 | SD informed CL that her theory as to overall office responsibility may not be true; it's highly unlikely the entire DA's office is involved (as opposed to ADA Stroben and/or Wells). | Info-Legal |
| 2/7/2012 | SD s/w CL who called in on the HL w/ an update on the case. Her neighbor is on the community board with an inspector at the 28th, and the neighbor asked him what was going on w/ CL's case. The inspector allegedly stated that it was all the DA's office. | Follow Up |
| 2/7/2012 | SD provided CL w/ emotional support re. the new info she's rec'd about the DA's office's conduct in her case (according to an inspector at the 28th precinct that is). | Crisis Counseling |
| 2/8/2012 | KT emailed Lisa Haileselassie and SD re: conversation with defense attorney and gathering evidence, developing plan for crisis management, reporting on performance in court, etc. | PA-Counseling |
| 2/8/2012 | KT emailed Tajuana Johnson w/ same info | PA-Legal |

| Services | | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| 2/8/2012 | KT emailed Lisa Haileselassie and SD re: conversation with defense attorney and gathering evidence, developing plan for crisis management, reporting on performance in court, etc. | PA-Legal |
| 2/8/2012 | KT called Tajuana Johnson, CL's new defense attorney at Legal Aid, and left message advising of who I am and my role in case. | PA-Legal |
| 2/8/2012 | KT emailed Tajuana Johnson w/ same info | CJA-Other |
| 2/8/2012 | KT called Tajuana Johnson, CL's new defense attorney, and discussed situaton briefly. Discussed our role and the ways we can support. She is interested in our working with Kelly to prepare documents re: her victimization. I will reach out to SD and LH re: preparing this evidence. | CJA-Other |
| 2/8/2012 | KT called Tajuana Johnson, CL's new defense attorney at Legal Aid, and left message advising of who I am and my role in case. | CJA-Other |
| 2/15/2012 | SD met w/ CL briefly at CVTC re. doc's to bring to Friday's meeting w/ Tajuana (e.g. records from glass companies, medical records from incidents identified on her timeline, etc.). CL stated that she's scared about the trial and I validated her feelings about that. | Follow Up |
| 2/15/2012 | SD met w/ CL briefly at CVTC re. doc's to bring to Friday's meeting w/ Tajuana (e.g. records from glass companies, medical records from incidents identified on her timeline, etc.). CL stated that she's scared about the trial and I validated her feelings about that. | Info-Legal |
| 2/15/2012 | SD met w/ CL briefly at CVTC re. doc's to bring to Friday's meeting w/ Tajuana (e.g. records from glass companies, medical records from incidents identified on her timeline, etc.). CL stated that she's scared about the trial and I validated her feelings about that. | Crisis Counseling |
| 2/16/2012 | SD called CL to remind her to bring the doctor's reports and receipts from the glass companies tomorrow. No answer. Left vm and also emailed CL w/ the same request. | Follow Up |
| 2/16/2012 | SD called CL to remind her to bring the doctor's reports and receipts from the glass companies tomorrow. No answer. Left vm and also emailed CL w/ the same request. | Info-Legal |
| 2/17/2012 | KT met w/ Lisa Haileselassie, Tajuana Johnson and CL to discuss criminal case. Discussed strategy, prospects, useful ways to prepare. | Follow Up |
| 2/17/2012 | KT met w/ Lisa Haileselassie, Tajuana Johnson and CL to discuss criminal case. Discussed strategy, prospects, ACD v. dismissal, useful ways to prepare. | Safety Planning |
| 2/17/2012 | KT met w/ Lisa Haileselassie, Tajuana Johnson and CL to discuss criminal case. Discussed strategy, prospects, useful ways to prepare. | PA-Legal |
| 2/17/2012 | KT met w/ Lisa Haileselassie and Tajuana Johnson to discuss case. Discussed outlook, position of prosecutor, attorney's impression of defense issues. Discussed ways we can assist, victimization, etc. | PA-Legal |
| 2/17/2012 | KT met w/ Lisa Haileselassie and Tajuana Johnson to discuss case. | Safety |

| Services | | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
|  | Discussed outlook, position of prosecutor, attorney's impression of defense issues. Discussed ways we can assist, victimization, bottom lines for CL re: safety and autonomy. | Planning |
| 2/17/2012 | KT met w/ Lisa Haileselassie and Tajuana Johnson to discuss case. Discussed outlook, position of prosecutor, attorney's impression of defense issues. Discussed ways we can assist, victimization, etc. | CJA-Other |
| 2/17/2012 | KT met w/ Lisa Haileselassie, Tajuana Johnson and CL to discuss criminal case. Discussed strategy, prospects, useful ways to prepare. | CJA-Other |
| 2/24/2012 | KT met w/ CL and defense atty Tajuana Johnson. Discussed history of abuse and clarified facts from timeline. Discussed current charges against her and potential outcomes. KT and CL listened in to TJ's phone call with ADA Wells. They have a recording of the OP violation and therefore TJ feels she will not be offered lower than a Family ACD. Discussed future recourse for injustice of dropping charges against her. TJ offered to help bring a case against prosecutor for abuse of discretion. CL very upset at prospects and will consider whether to accept ACD. TJ advised she intends to do a full investigation. We will support however we can. | Crisis Counseling |
| 2/24/2012 | KT met w/ CL and defense atty Tajuana Johnson. Discussed history of abuse and clarified facts from timeline. Discussed current charges against her and potential outcomes. KT and CL listened in to TJ's phone call with ADA Wells. They have a recording of the OP violation and therefore TJ feels she will not be offered lower than a Family ACD. Discussed future recourse for injustice of dropping charges against her. TJ offered to help bring a case against prosecutor for abuse of discretion. CL very upset at prospects and will consider whether to accept ACD. TJ advised she intends to do a full investigation. We will support however we can. Discussed safety issues while she remains living next door to perp w/o an active order, which was dismissed 1/31/12. | Safety Planning |
| 2/24/2012 | KT met w/ CL and defense atty Tajuana Johnson. Discussed history of abuse and clarified facts from timeline. Discussed current charges against her and potential outcomes. KT and CL listened in to TJ's phone call with ADA Wells. They have a recording of the OP violation and therefore TJ feels she will not be offered lower than a Family ACD. Discussed future recourse for injustice of dropping charges against her. TJ offered to help bring a case against prosecutor for abuse of discretion. CL very upset at prospects and will consider whether to accept ACD. TJ advised she intends to do a full investigation. We will support however we can. | Follow Up |
| 2/24/2012 | KT met w/ CL and defense atty Tajuana Johnson. Discussed history of abuse and clarified facts from timeline. Discussed current charges against her and potential outcomes. KT and CL listened in to TJ's phone call with ADA Wells. They have a recording of the OP violation and therefore TJ feels she will not be offered lower than a | CJA-Other |

| Services | | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
|  | Family ACD. Discussed future recourse for injustice of dropping charges against her. TJ offered to help bring a case against prosecutor for abuse of discretion. CL very upset at prospects and will consider whether to accept ACD. TJ advised she intends to do a full investigation. We will support however we can. |  |
| 2/24/2012 | KT met w/ CL and defense atty Tajuana Johnson. Discussed history of abuse and clarified facts from timeline. Discussed current charges against her and potential outcomes. KT and CL listened in to TJ's phone call with ADA Wells. They have a recording of the OP violation and therefore TJ feels she will not be offered lower than a Family ACD. Discussed future recourse for injustice of dropping charges against her. TJ offered to help bring a case against prosecutor for abuse of discretion. CL very upset at prospects and will consider whether to accept ACD. TJ advised she intends to do a full investigation. We will support however we can. | PA-Legal |
| 2/24/2012 | KT met w/ CL and defense atty Tajuana Johnson. Discussed history of abuse and clarified facts from timeline. Discussed current charges against her and potential outcomes. KT and CL listened in to TJ's phone call with ADA Wells. They have a recording of the OP violation and therefore TJ feels she will not be offered lower than a Family ACD. Discussed future recourse for injustice of dropping charges against her. TJ offered to help bring a case against prosecutor for abuse of discretion. CL very upset at prospects and will consider whether to accept ACD. TJ advised she intends to do a full investigation. We will support however we can. | Info-Legal |
| 2/24/2012 | Discussed right to file for another OP if necessary. | Info-Family Court |
| 2/27/2012 | SD informed CL that I don't know how this is all going to play out, but that the ADA has to prove that she had the intent to commit the crimes she's charged with. | Info-Legal |
| 2/27/2012 | SD advised CL to take her cues from Tajuana and to let her handle the case. | Info-Legal |
| 2/27/2012 | SD s/w CL briefly but I had not spoken to KT yet about the meeting they all had on Friday (I was out of town). Provided her w/ some emotional support and also discussed the statements the ADA apparently made to Tajuana. | Info-Legal |
| 2/27/2012 | SD s/w CL briefly but I had not spoken to KT yet about the meeting they all had on Friday (I was out of town). Provided her w/ some emotional support and also discussed the statements the ADA apparently made to Tajuana. | Follow Up |
| 2/27/2012 | SD s/w CL briefly but I had not spoken to KT yet about the meeting they all had on Friday (I was out of town). Provided her w/ some emotional support and also discussed the statements the ADA apparently made to Tajuana. | Crisis Counseling |
| 3/2/2012 | SD s/w CL who called in scared about the hearing on Tuesday. SD | Crisis |

| | Services | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| | offered emotional support. | Counseling |
| 3/2/2012 | SD s/w CL who called back to ask about the ACD and her ability to sue after the 1 yr time period is up. I confirmed what both KT and Tajuana told her about this on Friday. | Info-Legal |
| 3/2/2012 | SD s/w CL who called back to ask about the ACD and her ability to sue after the 1 yr time period is up. I confirmed what both KT and Tajuana told her about this on Friday. | Follow Up |
| 3/2/2012 | SD s/w Lisa @ CVTC about my conversation w/ CL earlier today. Let her know that CL was pretty upset, but I was able to talk her down. | PA-Counseling |
| 3/2/2012 | SD s/w Lisa @ CVTC who returned my call. Discussed the hearing on Tuesday and the fact that she might not be able to go. Also discussed the 30/30, which is a no go b/c Kartegener did ask for an adjournment. | PA-Legal |
| 3/2/2012 | SD informed CL that I have no idea who the "phone expert" the ADA mentioned to Tajuana would be, but that Raheem has to confirm to the court that the phone call came from CL on the alleged date after the OP was issued. | Info-Legal |
| 3/2/2012 | SD s/w CL about Raheem showing up at the hearing on Tuesday to vet the phone call for the contempt of court charge, and CL reiterated that he won't be there. | Info-Legal |
| 3/2/2012 | SD informed CL that the ADA has to prove 3 things: 1) that she committed the crime, 2) that she had the intent to commit the crime, and 3) these two things beyond a reasonable doubt. | Info-Legal |
| 3/2/2012 | SD s/w CL who called in scared about the hearing on Tuesday. SD offered emotional support. | Follow Up |
| 3/2/2012 | SD informed CL that if this goes to trial, the ADA has to provide his evidence to Tajuana who will have the opportunity to investigate all of it. | Info-Legal |
| 3/6/2012 | SD s/w CL after hearing and advised her that it's essential that she listen to and trust Tajuana's actions in court. Confirmed what Tajuana told her after court about how to act when in front of the judge, and to let her make the plays. | Crisis Counseling |
| 3/6/2012 | SD s/w CL after hearing and informed her that when Tajuana checked the calendar, she found that Kartegener had agreed to each adjournment, so today is the first day of the 30/30 clock. This is why she needs to let Tajuana control what's happening in court (she was trying to push the next hearing back into April to run down the clock). | Info-Legal |
| 3/6/2012 | SD went to IDV w/ Tajuana, Rammel (from CVTC), and CL for criminal trial hearing. People weren't ready. 30/30 time started. Adjourned until 3/15/12. | PA-Legal |
| 3/6/2012 | SD s/w CL after hearing and advised her that it's essential that she listen to and trust Tajuana's actions in court. Confirmed what | Info-Legal |

| | Services | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| | Tajuana told her after court about how to act when in front of the judge, and to let her make the plays. | |
| 3/6/2012 | SD s/w CL after hearing about the trajectory of the case over the past year from 300+ charges to an ACD to now not being ready when Tajuana indicated she is ready. | Info-Legal |
| 3/6/2012 | SD went to IDV w/ Tajuana, Rammel (from CVTC), and CL for criminal trial hearing. People weren't ready. 30/30 time started. Adjourned until 3/15/12. | CJA-DA |
| 3/6/2012 | SD went to IDV w/ Tajuana, Rammel (from CVTC), and CL for criminal trial hearing. People weren't ready. 30/30 time started. Adjourned until 3/15/12. | PA-Counseling |
| 3/8/2012 | KT s/w Tajuana, CL's defense attorney. Discussed issues with the case, potential responses to assist with the criminal charges. | PA-Legal |
| 3/9/2012 | KT s/w CL and discussed what happened in court. Discussed straying from plan, CL's concerns with prosecution, etc. Did CC. | Follow Up |
| 3/9/2012 | KT s/w CL and discussed what happened in court. Discussed straying from plan, CL's concerns with prosecution, etc. Did CC. | Crisis Counseling |
| 3/9/2012 | KT s/w CL and discussed what happened in court. Discussed straying from plan, CL's concerns with prosecution, etc. Did CC. | Info-Legal |
| 3/13/2012 | KT s/w CL's social worker Lisa Haileselassie and discussed case. Discussed mental health issues and appropriate responses. Discussed ways to assist CL's attorney. | PA-Counseling |
| 3/13/2012 | KT s/w CL's social worker Lisa Haileselassie and discussed case. Discussed mental health issues and appropriate responses. Discussed ways to assist CL's attorney. | CVTC |
| 3/13/2012 | KT s/w CL's social worker Lisa Haileselassie and discussed case. Discussed mental health issues and appropriate responses. Discussed ways to assist CL's attorney. | PA-Legal |
| 3/14/2012 | KT met w/ CL and Tajuana Johnson; discussed cases. Discussed defense for violation as well as disorderly conduct. Discussed issues with presentation in court, how to manage abusive and manipulative tactics by abuser, how to stay safe during process. Did CC w/ CL as she was extemely distressed by the conversation. Discussed plan for upcoming court | Crisis Counseling |
| 3/14/2012 | KT met w/ CL and Tajuana Johnson; discussed cases. Discussed defense for violation as well as disorderly conduct. Discussed issues with presentation in court, how to manage abusive and manipulative tactics by abuser, how to stay safe during process. Did CC w/ CL as she was extemely distressed by the conversation. Discussed plan for upcoming court | Info-Legal |
| 3/14/2012 | KT met w/ CL and Tajuana Johnson; discussed cases. Discussed defense for violation as well as disorderly conduct. Discussed issues with presentation in court, how to manage abusive and manipulative tactics by abuser, how to stay safe during process. Did CC w/ CL as | PA-Legal |

| ServiceDate | Service Notes | Type of Service |
|---|---|---|
| | she was extemely distressed by the conversation. Discussed plan for upcoming court | |
| 3/14/2012 | KT met w/ CL and Tajuana Johnson; discussed cases. Discussed defense for violation as well as disorderly conduct. Discussed issues with presentation in court, how to manage abusive and manipulative tactics by abuser, how to stay safe during process. Did CC w/ CL as she was extemely distressed by the conversation. Discussed plan for upcoming court | Safety Planning |
| 3/14/2012 | KT met w/ CL and Tajuana Johnson; discussed cases. Discussed defense for violation as well as disorderly conduct. Discussed issues with presentation in court, how to manage abusive and manipulative tactics by abuser, how to stay safe during process. Did CC w/ CL as she was extemely distressed by the conversation. Discussed plan for upcoming court | Follow Up |
| 3/14/2012 | KT met w/ CL and Tajuana Johnson; discussed cases. Discussed defense for violation as well as disorderly conduct. Discussed issues with presentation in court, how to manage abusive and manipulative tactics by abuser, how to stay safe during process. Did CC w/ CL as she was extemely distressed by the conversation. Discussed plan for upcoming court | CJA-Other |
| 3/15/2012 | KT s/w CL who reported on court case. Raheem did not show up in court again. Prosecutor requested an adjournment on the case and advised he still needed more time. CL distressed by the extension of the case but understood the legal strategy. | Follow Up |
| 3/15/2012 | KT s/w CL who reported on court case. Raheem did not show up in court again. Prosecutor requested an adjournment on the case and advised he still needed more time. CL distressed by the extension of the case but understood the legal strategy. | Crisis Counseling |
| 3/15/2012 | KT s/w CL who reported on court case. Raheem did not show up in court again. Prosecutor requested an adjournment on the case and advised he still needed more time. CL distressed by the extension of the case but understood the legal strategy. | Info-Legal |
| 3/21/2012 | KT s/w CL and discussed upcoming court. She spoke with her defense attorney who wants her to begin collecting evidence. Atty said she does not want to flush out the case before seeing what the prosecutor has. CL and I discussed abuse issues and her efforts to try to keep the situation under wraps. Did safety planning and discussed strategy for getting protection once this is over. CL became very distressed during the conversation and I tried to calm her down a little bit. She is very worried about the ways her abuser will use this against her in the future. | Info-Legal |
| 3/21/2012 | KT s/w CL and discussed upcoming court. She spoke with her defense attorney who wants her to begin collecting evidence. Atty said she does not want to flush out the case before seeing what the prosecutor has. CL and I discussed abuse issues and her efforts to | Safety Planning |

| | Services | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| | try to keep the situation under wraps. Did safety planning and discussed strategy for getting protection once this is over. CL became very distressed during the conversation and I tried to calm her down a little bit. She is very worried about the ways her abuser will use this against her in the future. | |
| 3/21/2012 | KT s/w CL and discussed upcoming court. She spoke with her defense attorney who wants her to begin collecting evidence. Atty said she does not want to flush out the case before seeing what the prosecutor has. CL and I discussed abuse issues and her efforts to try to keep the situation under wraps. Did safety planning and discussed strategy for getting protection once this is over. CL became very distressed during the conversation and I tried to calm her down a little bit. She is very worried about the ways her abuser will use this against her in the future. | Follow Up |
| 3/21/2012 | KT s/w CL and discussed upcoming court. She spoke with her defense attorney who wants her to begin collecting evidence. Atty said she does not want to flush out the case before seeing what the prosecutor has. CL and I discussed abuse issues and her efforts to try to keep the situation under wraps. Did safety planning and discussed strategy for getting protection once this is over. CL became very distressed during the conversation and I tried to calm her down a little bit. She is very worried about the ways her abuser will use this against her in the future. | Crisis Counseling |
| 3/26/2012 | KT s/w CL and discussed that I could not attend Monday's meeting. CL understood. CL stated that she was receiving messages on her "Kelly Price" phone line from a blocked number and she believed it was Kenya Wells calling her. CL stated that the called said sexually explicit things and was harassing her. She has received repeated messages from this number. CL was very upset. Did a little CC. Discussed legal strategy and our potential role - will help to gather documents as her defense attorney sees fit. | Follow Up |
| 3/26/2012 | KT s/w CL and discussed that I could not attend Monday's meeting. CL understood. CL stated that she was receiving messages on her "Kelly Price" phone line from a blocked number and she believed it was Kenya Wells calling her. CL stated that the called said sexually explicit things and was harassing her. She has received repeated messages from this number. CL was very upset. Did a little CC. Discussed legal strategy and our potential role - will help to gather documents as her defense attorney sees fit. | Crisis Counseling |
| 3/26/2012 | KT s/w CL and discussed that I could not attend Monday's meeting. CL understood. CL stated that she was receiving messages on her "Kelly Price" phone line from a blocked number and she believed it was Kenya Wells calling her. CL stated that the called said sexually explicit things and was harassing her. She has received repeated messages from this number. CL was very upset. Did a little CC. Discussed legal strategy and our potential role - will help to gather | Info-Legal |

16

| Services | | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| | documents as her defense attorney sees fit. | |
| 4/3/2012 | SD s/w CL who called in with an update on court today. ADA announced he wasn't ready, and the case was adjourned until 5/23/12. Discussed with CL that WebCrims won't be reliable for counting days b/c it's dependent on the judge's calendar. CL requested call back from KT. | Follow Up |
| 4/3/2012 | SD s/w CL who called in with an update on court today. ADA announced he wasn't ready, and the case was adjourned until 5/23/12. Discussed with CL that WebCrims won't be reliable for counting days b/c it's dependent on the judge's calendar. CL requested call back from KT. | Crisis Counseling |
| 4/3/2012 | SD s/w CL who called in with an update on court today. ADA announced he wasn't ready, and the case was adjourned until 5/23/12. Discussed with CL that WebCrims won't be reliable for counting days b/c it's dependent on the judge's calendar. CL requested call back from KT. | Info-Legal |
| 4/3/2012 | KT called back CL | Follow Up |
| 4/3/2012 | KT rec'd message from CL | Follow Up |
| 4/4/2012 | SD consulted w/ Lisa at CVTC after s/w CL the day before re. charges pending against CL, CL working w/ her attorney instead of around her, and how CL is coping with everything. | PA-Legal |
| 4/4/2012 | SD consulted w/ Lisa at CVTC after s/w CL the day before re. charges pending against CL, CL working w/ her attorney instead of around her, and how CL is coping with everything. | PA-Counseling |
| 4/4/2012 | KT s/w CL and made plans for meeting with attorney - scheduled tentatively for next week. | Follow Up |
| 4/4/2012 | KT left message for CL | Follow Up |
| 4/4/2012 | KT s/w CL and made plans for meeting with attorney - scheduled tentatively for next week. | Info-Legal |
| 4/16/2012 | KT rec'd message from CL inquiring about date of appointment | Follow Up |
| 4/16/2012 | KT l/m for CL advising of appointment tomorrow at 4 | Follow Up |
| 4/16/2012 | KT l/m for CL advising of appointment tomorrow at 4 | Info-Legal |
| 4/16/2012 | KT emailed CL's attorney to confirm appointment time | CJA-Other |
| 4/16/2012 | KT rec'd response from CL's attorney advising she was out of town and would check upon return | CJA-Other |
| 4/17/2012 | KT rec'd message from CL confirming appt | Follow Up |
| 4/17/2012 | KT left message for CL confirming appt. | Follow Up |
| 4/17/2012 | KT rec'd email from CL's attorney advising she can still meet at 4 today if CL is available. | CJA-Other |
| 4/30/2012 | KT s/w CL and discussed housing court issues. Discussed eviction process and strategies to respond. CL stated she has retained records and we discussed requesting a summary of allegations and | Crisis Counseling |

| | Services | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| | responding in turn to each with the evidence she has. | |
| 4/30/2012 | KT s/w CL and discussed housing court issues. Discussed eviction process and strategies to respond. CL stated she has retained records and we discussed requesting a summary of allegations and responding in turn to each with the evidence she has. | Info-Housing |
| 4/30/2012 | Discussed pending criminal case and meeting - will meet tomorrow at 4 with attorney. | CJA-Other |
| 4/30/2012 | KT s/w CL and discussed housing court issues. Discussed eviction process and strategies to respond. CL stated she has retained records and we discussed requesting a summary of allegations and responding in turn to each with the evidence she has. | Follow Up |
| 5/1/2012 | KT attended meeting with CL at CL's attorneys office. Discussed collection of evidence to establish victimization. Discussed evidentiary issues, legal relevance, defenses. Discussed issues with prosecutorial misconduct - failure to pursue witnesses, etc. | Crisis Counseling |
| 5/1/2012 | KT attended meeting with CL at CL's attorneys office. Discussed collection of evidence to establish victimization. Discussed evidentiary issues, legal relevance, defenses. Discussed issues with prosecutorial misconduct - failure to pursue witnesses, etc. | PA-Legal |
| 5/1/2012 | KT attended meeting with CL at CL's attorneys office. Discussed collection of evidence to establish victimization. Discussed evidentiary issues, legal relevance, defenses. Discussed issues with prosecutorial misconduct - failure to pursue witnesses, etc. | Safety Planning |
| 5/1/2012 | KT attended meeting with CL at CL's attorneys office. Discussed collection of evidence to establish victimization. Discussed evidentiary issues, legal relevance, defenses. Discussed issues with prosecutorial misconduct - failure to pursue witnesses, etc. | Follow Up |
| 5/1/2012 | KT attended meeting with CL at CL's attorneys office. Discussed collection of evidence to establish victimization. Discussed evidentiary issues, legal relevance, defenses. Discussed issues with prosecutorial misconduct - failure to pursue witnesses, etc. | CJA-Other |
| 5/4/2012 | KT left message for CL re: evidence collecting. | Follow Up |
| 5/4/2012 | MM left message for CL. To collect more info on issues on case. | Follow Up |
| 5/16/2012 | KT emailed CL's attorney re: criminal case and evidence collecting. | CJA-Other |
| 5/16/2012 | KT rec'd response from CL's attorney advising no progress had been made. | CJA-Other |
| 5/22/2012 | KT rec'd email from CL's attorney advising that the 30-30 deadline had run out according to her information. | CJA-Other |
| 5/22/2012 | KT replied to CL's attorney via email. | CJA-Other |
| 5/24/2012 | SD s/w CL again who called back to say that she was able to find the case on WebCrims. I tried again and found it too. Case continued to 6/6/12. Verified to CL that I could find it, and suggested that I probably couldn't find it this morning b/c the site hadn't updated | Follow Up |

18

| ServiceDate | Services | |
|---|---|---|
| | Service Notes | Type of Service |
| | yet. | |
| 5/24/2012 | SD called Lisa @ CVTC to verify the charges were dropped. No answer. Left vm. | PA-Legal |
| 5/24/2012 | SD s/w CL again who called back to say that she was able to find the case on WebCrims. I tried again and found it too. Case continued to 6/6/12. Verified to CL that I could find it, and suggested that I probably couldn't find it this morning b/c the site hadn't updated yet. | Crisis Counseling |
| 5/24/2012 | SD s/w CL again who called back to say that she was able to find the case on WebCrims. I tried again and found it too. Case continued to 6/6/12. Verified to CL that I could find it, and suggested that I probably couldn't find it this morning b/c the site hadn't updated yet. | Info-Legal |
| 5/24/2012 | SD s/w CL who called in about what happened in the hearing yesterday. Informed her of what I told Lisa about the WebCrims info, but also that this doesn't mean the case was dismissed. It's possible the website hasn't been updated yet; however, it sounds like the case is about to be dismissed based on what happened in yesterday's hearing. | Follow Up |
| 5/24/2012 | SD s/w CL who called in about what happened in the hearing yesterday. Informed her of what I told Lisa about the WebCrims info, but also that this doesn't mean the case was dismissed. It's possible the website hasn't been updated yet; however, it sounds like the case is about to be dismissed based on what happened in yesterday's hearing. | Info-Legal |
| 5/24/2012 | SD s/w CL who called in about what happened in the hearing yesterday. Informed her of what I told Lisa about the WebCrims info, but also that this doesn't mean the case was dismissed. It's possible the website hasn't been updated yet; however, it sounds like the case is about to be dismissed based on what happened in yesterday's hearing. | Crisis Counseling |
| 5/29/2012 | KT s/w CL and discussed court case. She believes that her case will be dismissed based on speedy trial requirements. CL's attorney will file a motion to dismiss on that basis. Explained to CL that once the motion to dismiss is filed the prosecutor will have the opportunity to reply and the cas | |
| 5/30/2012 | SD s/w CL briefly at CVTC and discussed the CC case. CL believes the case will be dropped b/c her attorney assured she would file the motion to dismiss. Advised CL to be patient and follow her attorney's lead. | Crisis Counseling |
| 5/30/2012 | SD s/w CL briefly at CVTC and discussed the CC case. CL believes the case will be dropped b/c her attorney assured she would file the motion to dismiss. Advised CL to be patient and follow her attorney's lead. | Info-Legal |
| 5/30/2012 | SD s/w CL briefly at CVTC and discussed the CC case. CL believes | Follow Up |

| | Services | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| | the case will be dropped b/c her attorney assured she would file the motion to dismiss. Advised CL to be patient and follow her attorney's lead. | |
| 5/31/2012 | SD informed CL that in regards to getting her bail back, she will need ID but she should also discuss that w/ Tajuana to get a better idea of how that will all work out. | Info-Legal |
| 5/31/2012 | SD s/w CL who called back returning my vm. She said that Tajuana filed the motion to dismiss today, and is trying to get a clerk to look at it today (she's unsure if she can pull that off). CL will keep us posted. | Follow Up |
| 5/31/2012 | SD called CL back returning her messages from this morning. No answer. Left vm. | Follow Up |
| 6/6/2012 | KT emailed CL's attorney in response. | CJA-Other |
| 6/6/2012 | KT called CL and left message advising atty was aware of situation. | Follow Up |
| 6/6/2012 | KT rec'd email from atty advising she had heard the case got called and re: CL's reaction. | CJA-Other |
| 6/6/2012 | KT emailed CL's attorney to see where she was. | CJA-Other |
| 6/6/2012 | KT s/w CL who called in crisis. Her attorney was late to court and the judge called the case, knowing she was not present. The case got adjourned for two months. CL is very fearful of what will happen and stressed over trying to manage this case and the pressure from Raheem. Discussed options; she is considering trying to fire Tajuana and represent herself today so that the hearing will be heard. | Info-Other |
| 6/6/2012 | KT s/w CL who called in crisis. Her attorney was late to court and the judge called the case, knowing she was not present. The case got adjourned for two months. CL is very fearful of what will happen and stressed over trying to manage this case and the pressure from Raheem. Discussed options; she is considering trying to fire Tajuana and represent herself today so that the hearing will be heard. | Info-Legal |
| 6/6/2012 | KT s/w CL who called in crisis. Her attorney was late to court and the judge called the case, knowing she was not present. The case got adjourned for two months. CL is very fearful of what will happen and stressed over trying to manage this case and the pressure from Raheem. Discussed options; she is considering trying to fire Tajuana and represent herself today so that the hearing will be heard. | Crisis Counseling |
| 6/6/2012 | KT s/w CL who called in crisis. Her attorney was late to court and the judge called the case, knowing she was not present. The case got adjourned for two months. CL is very fearful of what will happen and stressed over trying to manage this case and the pressure from Raheem. Discussed options; she is considering trying to fire Tajuana and represent herself today so that the hearing will be heard. | Follow Up |
| 6/6/2012 | KT called CL and left message advising atty was aware of situation. | Info-Legal |
| 6/13/2012 | SD explained that if her defense attorney had known about the cert. of readiness, then the mixup over what time the hearing was at | Info-Legal |

| Services | | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| | wouldn't have even happened b/c the motion to dismiss wouldn't have happened making what transpired that morning inconsequential. | |
| 6/13/2012 | SD s/w CL about her wish to fire her defense attorney and represent herself. Informed her that I did not think this was a good idea. | Info-Legal |
| 6/13/2012 | SD informed CL that there may be a number of explanations as to why her defense attorney did not have the cert. of readiness before she decided to file a motion to dismiss. | Info-Legal |
| 6/13/2012 | SD tried to SP w/ CL in the context of the criminal case, but CL is pretty set on representing herself. | Safety Planning |
| 6/13/2012 | SD advised CL that I believed she would have a very difficult time finding a 3rd attorney to take the case if she fired her current attorney. | Info-Legal |
| 6/13/2012 | SD informed CL that I believed ADA Wells would refuse to work w/ her if she represented herself in court. | Info-Legal |
| 6/13/2012 | SD s/w CL about her upcoming appt with the 'Gender & Sexuality' clinic at Columbia Law. Informed her that I didn't think a law school clinic would take her case. | Info-Legal |
| 6/13/2012 | SD provided emotional support to CL. | Crisis Counseling |
| 6/13/2012 | SD w/ CL on the phone at CVTC. She decided to call instead of coming in for her appt. | Follow Up |
| 6/13/2012 | SD informed CL that I did not believe Judge Dawson would let her represent herself, but CL said she didn't care. | Info-Legal |
| 6/18/2012 | KT rec'd message from CL | Follow Up |
| 6/18/2012 | SD s/w CL who called in extreme crisis. She was yelling (sometimes inaudible) and saying that she got a text message from the defense attorney on the disorderly conduct saying he wouldn't be able to represent her anymore and she is due in court tomorrow at 9:30am. | Follow Up |
| 6/18/2012 | KT called CL and discussed criminal case. She was pretty upset and believed her attorney would not show up at court tomorrow - Ben Dell of Legal Aid who is representing her in the disorderly conduct case. Discussed criminal issues and her 6th amendment rights to counsel. | Info-Legal |
| 6/18/2012 | KT s/w Ben Dell and discussed criminal case. He will appear on CL's behalf tomorrow. Discussed various issues with representation. | CJA-Other |
| 6/18/2012 | SD instructed CL to call her SW @ CVTC or the main line at CVTC so that they can help her through this. CL was extremely escalated and talking about not being alive tomorrow. SD was able to help CL construct an immediate SP in order to come down from her escalated state. | Info-Counseling |
| 6/18/2012 | SD instructed CL to call her SW @ CVTC or the main line at CVTC so that they can help her through this. CL was extremely escalated | Crisis Counseling |

| | Services | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| | and talking about not being alive tomorrow. SD was able to help CL construct an immediate SP in order to come down from her escalated state. | |
| 6/18/2012 | SD advised CL that she is legally entitled to counsel at a CC trial, so if Legal Aid is, in fact, pulling themselves from the case, then she will need to request a new attorney in court. | Info-Legal |
| 6/18/2012 | SD instructed CL to call her SW @ CVTC or the main line at CVTC so that they can help her through this. CL was extremely escalated and talking about not being alive tomorrow. SD was able to help CL construct an immediate SP in order to come down from her escalated state. | Safety Planning |
| 6/18/2012 | KT called CL and discussed criminal case. She was pretty upset and believed her attorney would not show up at court tomorrow - Ben Dell of Legal Aid who is representing her in the disorderly conduct case. Discussed criminal issues and her 6th amendment rights to counsel. | Crisis Counseling |
| 6/27/2012 | SD s/w CL briefly about Legal Aid and what happened with the disorderly conduct hearing a few weeks ago. CL was allegedly informed by Ben Dell @ Legal Aid that they were not representing her anymore and that she would be by herself. That did not happen though. | Follow Up |
| 6/27/2012 | SD reiterated what KT said earlier about criminal cases and her right to an attorney. Tried to ease her fears that she will show up to the next hearing w/o an attorney and w/o any knowledge that she would be unrepresented. | Info-Legal |
| 6/27/2012 | SD s/w CL briefly about Legal Aid and what happened with the disorderly conduct hearing a few weeks ago. CL was allegedly informed by Ben Dell @ Legal Aid that they were not representing her anymore and that she would be by herself. That did not happen though. | Crisis Counseling |
| 6/27/2012 | SD s/w CL briefly about Legal Aid and what happened with the disorderly conduct hearing a few weeks ago. CL was allegedly informed by Ben Dell @ Legal Aid that they were not representing her anymore and that she would be by herself. That did not happen though. | Info-Legal |
| 7/23/2012 | KT called attorney to try to find out about court appearance tomorrow - left message. | CJA-Other |
| 7/23/2012 | KT s/w CL who called in crisis after learning her defense atty (Tajuana Johnson) had been in a car accident and was currently hospitalized. She has court tomorrow morning and is very concerned about what will happen. She advised she obtained a transcript of the hearing that reveals her attorney who was present in court on the day the Cert of Readiness was filed was NOT her attorney of record. Discussed issues. Discussed court tomorrow. | Info-Other |
| 7/23/2012 | KT s/w CL who called in crisis after learning her defense atty | Info-Legal |

| Services | | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| | (Tajuana Johnson) had been in a car accident and was currently hospitalized. She has court tomorrow morning and is very concerned about what will happen. She advised she obtained a transcript of the hearing that reveals her attorney who was present in court on the day the Cert of Readiness was filed was NOT her attorney of record. Discussed issues. Discussed court tomorrow. | |
| 7/23/2012 | Disc safety threats and planning. | Safety Planning |
| 7/23/2012 | KT s/w CL who called in crisis after learning her defense atty (Tajuana Johnson) had been in a car accident and was currently hospitalized. She has court tomorrow morning and is very concerned about what will happen. She advised she obtained a transcript of the hearing that reveals her attorney who was present in court on the day the Cert of Readiness was filed was NOT her attorney of record. Discussed issues. Discussed court tomorrow. | Follow Up |
| 7/23/2012 | KT s/w CL who called in crisis after learning her defense atty (Tajuana Johnson) had been in a car accident and was currently hospitalized. She has court tomorrow morning and is very concerned about what will happen. She advised she obtained a transcript of the hearing that reveals her attorney who was present in court on the day the Cert of Readiness was filed was NOT her attorney of record. Discussed issues. Discussed court tomorrow. | Crisis Counseling |
| 7/26/2012 | SD called CL to s/w her about my last day (August 3rd) and the conclusion of the CC case against her. All of the DV charges were dropped, but there was no indication as to why they were dropped. No answer. Left vm. | Follow Up |
| 7/26/2012 | SD called CL to s/w her about my last day (August 3rd) and the conclusion of the CC case against her. All of the DV charges were dropped, but there was no indication as to why they were dropped. No answer. Left vm. | Info-Other |
| 7/30/2012 | SD offered CL emotional support. She wants to file a lawsuit against the city and the DA's office. | Crisis Counseling |
| 7/30/2012 | SD informed CL that Friday (8/3) is my last day. | Info-Other |
| 7/30/2012 | SD asked CL if she'd been given a reason for why the case was dropped. She said she didn't know, and I informed her that we don't know either. | Info-Legal |
| 7/30/2012 | SD s/w CL who called in on the HL returning my vm from 7/26. | Follow Up |
| 10/8/2012 | KT rec'd message from CL | Follow Up |
| 10/8/2012 | KT left message for CL, returning her call. | Follow Up |
| 11/30/2012 | KT rec'd message from CL | Follow Up |
| 12/6/2012 | KT s/w Det. Galan at 20th Pct and discussed case - he explained the reasons for the delay and that he was having a hard time with CL because he felt she would get upset and accusatory. We discussed case, his concerns and intentions, and he reassured me that he was | CJA-Police |

23

| Services | | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| | very eager to get an arrest on this case and help the client. He explained his intentions for today and gave me contact info for the prosecutor on the case - ADA Bernard at DANY. | |
| 12/6/2012 | KT called CL and relayed conversation with Det. Galan; She is going to go down to the station and do the photo lineup and call me to let me know how it goes. | Info-Legal |
| 12/6/2012 | KT s/w CL and discussed current issues with law enforcement. CL was assaulted in August by a stranger in a bar and heard he was arrested, but has gotten mixed messages. She is uncertain about whether she should trust the detective she was working with, who has now asked her to come in to do a photo line up. I agreed to reach out to him - Detective Galan at the 20th Pct., (212)580-6414 | Follow Up |
| 12/6/2012 | KT s/w CL and discussed current issues with law enforcement. CL was assaulted in August by a stranger in a bar and heard he was arrested, but has gotten mixed messages. She is uncertain about whether she should trust the detective she was working with, who has now asked her to come in to do a photo line up. I agreed to reach out to him - Detective Galan at the 20th Pct., (212)580-6414 | Crisis Counseling |
| 12/6/2012 | KT s/w Det. Galan at 20th Pct and discussed case - he explained the reasons for the delay and that he was having a hard time with CL because she would get upset and accusatory. We discussed case, his concerns and intentions, and he reassured me that he was very eager to get an arrest on this case and help the client. He explained his intentions for today and gave me contact info for the prosecutor on the case - ADA Bernard at DANY. | CJA-Police |
| 12/6/2012 | KT s/w CL and discussed current issues with law enforcement. CL was assaulted in August by a stranger in a bar and heard he was arrested, but has gotten mixed messages. She is uncertain about whether she should trust the detective she was working with, who has now asked her to come in to do a photo line up. I agreed to reach out to him - Detective Galan at the 20th Pct., (212)580-6414 | Info-Legal |
| 12/6/2012 | KT called CL and relayed conversation with Det. Galan; She is going to go down to the station and do the photo lineup and call me to let me know how it goes. | Follow Up |
| 12/6/2012 | KT s/w CL and discussed current issues with law enforcement. CL was assaulted in August by a stranger in a bar and heard he was arrested, but has gotten mixed messages. She is uncertain about whether she should trust the detective she was working with, who has now asked her to come in to do a photo line up. I agreed to reach out to him - Detective Galan at the 20th Pct., (212)580-6414 | Safety Planning |
| 12/12/2012 | SN discussed CL's most recent case with her and discussed why the ADA may have chosen to pursue felony assault against an office charges instead of the assault charges she's attempted to file against the individual in question (who'd assaulted her in an UWS bar by punching her in the mouth). | Info-Legal |

24

| Services | | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| 12/12/2012 | SN reviewed details of CL's OVS application briefly with Veronica and discussed her filing- specifically the amount she'd filed for, the materials she was able to gather to make the claim (there'd been difficulty accessing DIRs from the 28th precinct) and how she'd utilize said funds. | PA-CVB Application |
| 12/12/2012 | SN wrote a letter to CL's landlord attesting to the filing of her OVS application, with the hopes that this would assist her in disputing her impending eviction. | PA-CVB |
| 12/12/2012 | SN met with CL at CVTC. Stated that she would like a letter for her landlord stating she'd filed an OVS claim for the amount of $15,000. Additionally, CL worked to brief me on her present circumstances-, living next door to PERP, receiving threatening phone calls from unidentified women, being physically attacked in her neighborhood, and falling behind in her rent in amount close to $40,000. | CVTC |
| 12/12/2012 | SN met with CL at CVTC. Stated that she would like a letter for her landlord stating she'd filed an OVS claim for the amount of $15,000. Additionally, CL worked to brief me on her present circumstances-, living next door to PERP, receiving threatening phone calls from unidentified women, being physically attacked in her neighborhood, and falling behind in her rent in amount close to $40,000. | Safety Planning |
| 12/12/2012 | SN met with CL at CVTC. Stated that she would like a letter for her landlord stating she'd filed an OVS claim for the amount of $15,000. Additionally, CL worked to brief me on her present circumstances-, living next door to PERP, receiving threatening phone calls from unidentified women, being physically attacked in her neighborhood, and falling behind in her rent in amount close to $40,000. | Crisis Counseling |
| 12/12/2012 | SN met with CL at CVTC. Stated that she would like a letter for her landlord stating she'd filed an OVS claim for the amount of $15,000. Additionally, CL worked to brief me on her present circumstances-, living next door to PERP, receiving threatening phone calls from unidentified women, being physically attacked in her neighborhood, and falling behind in her rent in amount close to $40,000. | Follow Up |
| 12/12/2012 | KT emailed Audrey Moore to check in - advised I wanted to speak with her about the case | CJA-DA |
| 1/10/2013 | KT s/w CL's counselor Lisa Haileselassie re: various issues with the case. Discussed allegations that 28th Pct won't take reports - we strategized and decided to approach Audrey Moore again about the precinct/DANY issue. | PA-Counseling |
| 1/10/2013 | KT s/w Audrey Moore who advised she had not instructed, nor had her office, anyone not to take a report from CL. She discussed this issue with the captain who agreed they had not been instructed to do that. They will make sure officers are advised. | CJA-Police |
| 1/10/2013 | KT s/w CL and advised I had some updates. CL will call me back tomorrow. | Follow Up |
| 1/10/2013 | KT s/w CL's counselor Lisa Haileselassie re: various issues with the | PA-Other |

| | Services | |
|---|---|---|
| ServiceDate | Service Notes | Type of Service |
| | case. Discussed allegations that 28th Pct won't take reports - we strategized and decided to approach Audrey Moore again about the precinct/DANY issue. | |
| 1/10/2013 | KT s/w CL's counselor Lisa Haileselassie re: various issues with the case. Discussed allegations that 28th Pct won't take reports - we strategized and decided to approach Audrey Moore again about the precinct/DANY issue. | Follow Up |
| 1/10/2013 | KT s/w Audrey Moore who advised she had not instructed, nor had her office, anyone not to take a report from CL. She discussed this issue with the captain who agreed they had not been instructed to do that. They will make sure officers are advised. | CJA-DA |
| 1/11/2013 | KT rec'd message from CL | Follow Up |
| 1/11/2013 | KT referred CL to VOW | Referral-Other |
| 1/11/2013 | KT called CL and discussed issues. Discussed conversation with Audrey Moore at DANY (see above) | Info-Legal |
| 1/11/2013 | KT s/w CL and discussed organizing around this issue with prosecution. Discussed structural issues with crimes of violence against women, etc. Discussed current organizign efforts | Info-Other |
| 2/26/2013 | KT left message for CL to follow up with her DV non profit efforts and efforts to reach VOW. | Info-Other |
| 2/26/2013 | KT left message for CL to follow up with her DV non profit efforts and efforts to reach VOW. | Follow Up |
| 3/15/2013 | KT rec'd email from CL re: request to speak with Normal Siegle; she is pursuing civil relief for the improper treatment of the DA's office and NYPD and he is considering taking her case. | Follow Up |
| 3/15/2013 | KT rec'd email from CL re: request to speak with Normal Siegle; she is pursuing civil relief for the improper treatment of the DA's office and NYPD and he is considering taking her case. | Info-Legal |
| 3/16/2013 | KT replied to CL to advise that I would speak to Mr. Siegle on her behalf. I advised the limitations of my ability to speak to her story because of the limited personal knowledge I have. | Follow Up |
| 3/16/2013 | KT replied to CL to advise that I would speak to Mr. Siegle on her behalf. I advised the limitations of my ability to speak to her story because of the limited personal knowledge I have. | Info-Legal |
| 3/19/2013 | KT s/w civil rights attorney extensively about CL's case. Advised that I believed she is the victim of abuse, that I did think she was treated in an extreme manner by NYPD and the DA's office but I could not speculate as to the reason, that I found it very unusual for a DV victim and I think the Manhattan DAs office usually recognizes victims in cases. | CJA-DA |
| 3/19/2013 | KT s/w civil rights attorney extensively about CL's case. Advised that I believed she is the victim of abuse, that I did think she was treated in an extreme manner by NYPD and the DA's office but I could not | CJA-Other |