UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY PRICE, <br><br> Plaintiff, <br><br> -against- <br><br> DETECTIVE LINDA SIMMONS, ET AL., <br><br> Defendants. | 15-CV-5871 (LAP) <br><br> ORDER |

LORETTA A. PRESKA, United States District Judge:

Plaintiff Kelly Price filed this action *pro se*. By order dated September 22, 2015, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. On October 19, 2015, the Court granted Plaintiff leave to file a second amended complaint, which Plaintiff filed on May 11, 2016. By order dated July 26, 2016, the Court dismissed many of Plaintiff's claims as time-barred and others for failure to state a claim, and granted Plaintiff leave to file a third amended complaint to cure certain pleading deficiencies. On August 26, 2016, Plaintiff filed this "Motion Request for Reconsideration" challenging the order that dismissed several claims.

The Court liberally construes this submission as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and a motion for reconsideration under Local Civil Rule 6.3, and, in the alternative, as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate,

continuing efforts to ensure that a *pro se* litigant understands what is required of [her]") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation & citations omitted).

Plaintiff first argues that the Court erred in dismissing as time-barred claims that accrued before July 24, 2012 – three years before she filed the complaint. She contends that her time-barred false-arrest claims accrued on the date that the criminal charges were dismissed. (Motion, at 2.) Plaintiff is incorrect. A false arrest claim under § 1983 accrues when the false arrest ends, *i.e.*, once the arrestee "becomes held pursuant to legal process – when, for example, [s]he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("A cause of action for false arrest accrues at the time of detention.") (citing *Day v. Morgenthau*, 909 F.2d 75, 79 (2d Cir. 1990)); *McClanahan*

*v. Kelly*, No. 12-CV-6326 (PGG), 2014 WL 1317612, at *4 (S.D.N.Y. Mar. 31, 2014) (holding that "a false arrest claim accrues at the time of arraignment") (citing *Wallace*, 549 U.S. at 397); *Allan v. Antal*, No. 12-CV-8024 (NSR), 2014 WL 2526977, at *5 (S.D.N.Y. Mar. 13, 2014) ("[T]he Court must reject Plaintiff's contention that his false imprisonment did not end until the criminal proceedings terminated.").

Alternatively, Plaintiff appears to argue that her time-barred false-arrest claims warrant equitable tolling because she suffered from "Complex Post-Traumatic Stress Disorder." (Motion, at 2.) Plaintiff does not explain how this condition prevented her from pursuing her legal rights in a timely manner, and the medical records she attaches to her motion are likewise silent on this issue. Without more, Plaintiff's diagnosis is insufficient to warrant equitable tolling. *See Hakim v. Hall*, No. 09-CV-860 (CS) (LMS), 2009 WL 5910310 at *4 (S.D.N.Y. Oct. 23, 2009) (medical reports stating "that Plaintiff DD has 'Major Depressive Disorder' and 'Posttraumatic Stress Disorder' ... in no way indicate that Plaintiff DD was so mentally incapacitated that she was unable to appreciate or pursue her legal rights"; denying equitable tolling), *report & rec. adopted*, 2010 WL 695027 (S.D.N.Y. Feb. 19, 2010); *Cox v. Edwards*, No. 02-CV-7067 (RWS), 2003 WL 22221059, at *3 (S.D.N.Y. Sept. 26, 2003) (Petitioner's showing of Grave's disease, mood and paranoia swings, hospitalization, and medication was insufficient to demonstrate that he was unable to protect his legal rights); *Chalom v. Perkins*, No. 97-CV-9505 (LAP), 1998 WL 851610, *6 (S.D.N.Y. Dec. 9, 1998) (finding the plaintiff's claim of mental anguish and stress insufficient to satisfy the high standard for equitable tolling); *Thomas v. Burmax Co., Inc.*, No. 12-CV-6363 (JFB) (ARL), 2013 WL 6681616, *5 (E.D.N.Y. Dec. 18, 2013) (denying equitable tolling where the plaintiff claimed he suffered from depression and post-traumatic stress disorder that rendered him in a debilitated state); *Barnes v. Superintendent, Attica Corr. Fac.*, No. 06-CV-

3

3267 (JG), 2007 WL 188707, at *3 (E.D.N.Y. Jan. 23, 2007) (Petitioner's posttraumatic stress disorder was insufficient to warrant equitable tolling where the petitioner merely made the conclusory contention that the disorder rendered him "unable to file" within the limitations period).[1]

  Plaintiff next argues that the Court erred in dismissing her claims related to allegations that law enforcement officials failed to accept her complaints of physical abuse by private parties and failed to protect her from physical harm from private parties. She again contends that she established a "special relationship" with the City of New York and its employees – entitling her to certain services and protection from private harm – by virtue of an order of protection Plaintiff obtained against her abuser. (Motion, at 3-4.) In support of her argument, she cites two state-court cases that discuss the "special relationship" doctrine as it relates to certain common-law torts against municipalities. (*Id*. (citing *Cuffy v. City of N.Y.*, 69 N.Y.2d 255 (1987), and *Mastroianni v. Cnty. of Suffolk*, 91 N.Y.2d 198 (1997)). The Court previously noted that those cases do not interpret the Due Process Clause of the Fourteenth Amendment and therefore do not apply to § 1983 claims. (*See* Order dated July 26, 2016, at 9 n.9.) In the present motion, Plaintiff

---

[1] Plaintiff's equitable tolling arguments are also untimely. On October 19, 2015 – more than ten months ago – the Court granted Plaintiff leave to amend her first amended complaint and explained that many of her claims appeared time-barred. The Court directed Plaintiff to file a second amended complaint and, if appropriate, include "allegations demonstrating that the statute of limitations should be tolled for any time-barred claim." (*See* ECF # 5, at 7.) Plaintiff's second amended complaint, which exceeds 400 pages, failed to address equitable tolling in any way. The Court accordingly dismissed the time-barred claims. (*See* Order dated July 26, 2016, at 6 ("In her second amended complaint, however, Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case; she simply repeats the same facts that appeared in her first two pleadings. Because Plaintiff, after receiving notice and an opportunity to include facts related to equitable tolling, fails to show any basis for tolling the limitations period, her § 1983 claims that accrued before July 24, 2012, are therefore dismissed as time-barred.").) Reconsideration of the order dismissing the time-barred claims is therefore inappropriate because the Court did not overlook "controlling law or factual matters" that had been previously put before it. *See R.F.M.A.S.*, 640 F. Supp. 2d at 509.

merely makes the same arguments and cites the same cases that the Court previously considered and rejected. (*See* Motion, at 3-4.)

Plaintiff fails to demonstrate in her motion that the Court overlooked any controlling law or factual matters with respect to the dismissed claims. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of her motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief."

*Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF Doc. # 19) is denied.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 13, 2016
         New York, New York

_____
LORETTA A. PRESKA
United States District Judge