UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY PRICE, <br><br> Plaintiff, <br><br> -against- <br><br> DETECTIVE LINDA SIMMONS; ADA MARIA STROHBEHN; ADA KENYA WELLS; THE CITY OF NEW YORK; DEPUTY DA AUDREY MOORE; ADA LARRY NEWMAN; ADA LAURA HIGGINS NEE RICHENDORFER; DA CYRUS VANCE, JR.; INSPECTOR OBE; ROSE PIERRE-LOUIS; P.O. MATTHEW WINTERS; P.O. RELF; P.O. MALADANO; P.O. JANE DOE; JANE DOE AND/OR JOHN DOE OPERATOR OF @NYPD28PCT TWITTER ACCOUNT; JOHN DOE OPERATOR OF @NYCAGAINSTABUSE TWITTER ACCOUNT; JOHN DOE OPERATOR OF @RPLNYC TWITTER ACCOUNT; JANE DOE ASSISTANT DISTRICT ATTORNEY; JOHN DOE ASSISTANT DISTRICT ATTORNEY, <br><br> Defendants. | 15-CV-5871 (LAP) <br><br> ORDER DENYING REQUEST FOR PRO BONO COUNSEL |

LORETTA A. PRESKA, United States District Judge:

    Plaintiff Kelly Price has filed an Application for the Court to Request Counsel. For the following reasons, Plaintiff's application is denied without prejudice to Plaintiff's renewed application later in the case.

## LEGAL STANDARD

    The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a

court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

2

**DISCUSSION**

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated August 6, 2015, ECF No. 3.) When Plaintiff filed her Application for the Court to Request Counsel, Plaintiff affirmed that her financial status had not changed. (*See* Application for the Court to Request Counsel, ECF No. 26.) Plaintiff therefore qualifies as indigent.

Plaintiff asserts claims under 42 U.S.C. § 1983. She has amended her complaint three times, but the Court has not yet determined whether she has stated a claim.[1] The Court cannot determine at this point whether Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d 61-62.

The Court similarly finds that the other *Hodge* factors weigh against granting Plaintiff's application. For instance, in light of the voluminous exhibits attached to Plaintiff's complaints, it is evident that she is able to "investigate the crucial facts" that support her claims. *See id*. Moreover, the legal issues encountered thus far, and those likely to be encountered if the case proceeds, are not so complex as to require the assistance of counsel. *See id*. In this case, representation would not "lead to a quicker and more just result by sharpening the issues and shaping examination." *Id.* at 61.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied. Denial of Plaintiff's request is without prejudice to Plaintiff's renewed application later in the case.

---

[1] Many of the allegations in Plaintiff's initial complaint, as well as her first and second amended complaints, failed to state a claim. (*See* Orders dated October 19, 2015, and July 26, 2016.) Plaintiff's 460-page third amended complaint was filed on September 2, 2016, and is currently being processed in accordance with the procedures of the Clerk's Office.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 27, 2016
New York, New York

*/s/ Loretta A. Preska*
LORETTA A. PRESKA
United States District Judge