UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY PRICE,<br><br>                      Plaintiff,<br><br>-against-<br><br>DETECTIVE LINDA SIMMONS; ADA MARIA STROHBEHN; ADA KENYA WELLS; THE CITY OF NEW YORK; DEPUTY DA AUDREY MOORE; ADA LARRY NEWMAN; ADA LAURA HIGGINS NEE RICHENDORFER; DA CYRUS VANCE, JR.; INSPECTOR OBE; ROSE PIERRE-LOUIS; P.O. MATTHEW WINTERS; P.O. RELF; P.O. MALADANO; P.O. JANE DOE; JANE DOE AND/OR JOHN DOE OPERATOR OF @NYPD28PCT TWITTER ACCOUNT; JOHN DOE OPERATOR OF @NYCAGAINSTABUSE TWITTER ACCOUNT; JOHN DOE OPERATOR OF @RPLNYC TWITTER ACCOUNT; JANE DOE ASSISTANT DISTRICT ATTORNEY; JOHN DOE ASSISTANT DISTRICT ATTORNEY,<br><br>                      Defendants. | 15-CV-5871 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, United States District Judge:

      Plaintiff Kelly Price brings this *pro se* action under 42 U.S.C. § 1983, alleging violations of her constitutional rights. On September 16, 2016, Plaintiff filed a document that is labeled as a "Fourth Amended Complaint." (ECF No. 24.) The Court, however, did not grant Plaintiff leave to file a fourth amended complaint. The Court liberally construes Plaintiff's submission as a motion to amend the third amended complaint under Rule 15 of the Federal Rules of Civil Procedure. For the reasons that follow, Plaintiff's motion is denied without prejudice to refiling a motion to amend at a later time.

      On July 24, 2015, Plaintiff commenced this action by filing a 65-page complaint that included approximately 100 pages of exhibits. (ECF No. 1.) On August 13, 2015, she filed a 65-

page amended complaint as of right, which included approximately 150 pages of exhibits. (ECF No. 4.) The amended complaint, however, failed to state a claim, and on October 19, 2015, the Court directed Plaintiff to file a second amended complaint to demonstrate, among other things, that her apparently time-barred claims were entitled to equitable tolling. (ECF No. 5.) When Plaintiff failed to file her second amended complaint within 60 days as required, the Court dismissed this action. (*See* Order dated December 23, 2015.) Plaintiff filed a motion for reconsideration, and the Court granted it and reopened the case. (*See* Order dated January 26, 2016). After requesting and receiving an extension of time to file the second amended complaint (*see* Order dated March 30, 2016), Plaintiff filed the second amended complaint on May 9, 2016. The second amended complaint raised new facts against newly named Defendants, and was 60 pages long (with approximately 350 pages of exhibits), but it nonetheless failed to state a claim. By order dated July 26, 2016, the Court granted Plaintiff one last opportunity to amend her complaint and directed her to file a third amended complaint. (ECF No. 17.) Plaintiff sought and received two extensions of time to file the third amended complaint. (ECF Nos. 22, 23.) On September 2, 2016, Plaintiff filed her third amended complaint, which consists of nearly 70 pages with over 400 pages of exhibits. Then, without seeking or receiving leave from the Court, Plaintiff filed a *fourth* amended complaint on September 16, 2016. (ECF No. 24.)

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is, however, "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

2

previously allowed, and futility of amendment…'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In light of the above, it is clear that this case – filed approximately 14 months ago – has been plagued by "undue delay" and "repeated failure to cure deficiencies by amendments previously allowed." *See id.*, 514 F.3d 184 (quoting *Foman*, 371 U.S. at 182). The Court, in its discretion, therefore denies Plaintiff's motion to file a fourth amended complaint without prejudice to Plaintiff making a motion to amend in the future. The third amended complaint, which was filed on September 2, 2016, remains the operative pleading. The Clerk of the Court is directed to strike the "Fourth Amended Complaint" from the docket.

## CONCLUSION

The Clerk of Court is directed mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's motion to file a fourth amended complaint (ECF No. 24) is denied without prejudice. The Clerk of the Court is directed to strike ECF docket entry number 24.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 27, 2016
         New York, New York

*[signature: Loretta A. Preska]*

LORETTA A. PRESKA
United States District Judge