USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  October 3, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY PRICE,

                    Plaintiff,

                    -v. -

DETECTIVE LINDA SIMMONS; ADA MARIA
STROHBEHN; ADA KENYA WELLS; THE CITY
OF NEW YORK; DEPUTY DA AUDREY MOORE;
ADA LARRY NEWMAN; ADA LAURA HIGGINS
NEE RICHENDORFER; DA CYRUS VANCE, JR.;
INSPECTOR OBE; ROSE PIERRE-LOUIS; P.O.
MATTHEW WINTERS; P.O. RELF; P.O.
MALADANO; P.O. JANE DOE; JANE DOE
AND/OR JOHN DOE OPERATOR OF
@NYPD28PCT TWITTER ACCOUNT; JOHN DOE
OPERATOR OF @NYCAGAINSTABUSE TWITTER
ACCOUNT; JOHN DOE OPERATOR OF
@RPLNYC TWITTER ACCOUNT; JANE DOE
ASSISTANT DISTRICT ATTORNEY; JOHN DOE
ASSISTANT DISTRICT ATTORNEY,

                    Defendants.

15-CV-5871 (KPF)

**VALENTIN ORDER AND
ORDER OF SERVICE**

KATHERINE POLK FAILLA, District Judge:

Plaintiff Kelly Price brings this *pro se* action under 42 U.S.C. § 1983,

alleging violations of her constitutional rights.  Plaintiff sues 19 government

officials, including employees of the New York County District Attorney's Office,

the New York City Police Department (the "NYPD"), and other agencies of the

City of New York.  Twice, the Court granted Plaintiff leave to amend her

complaint.  On July 26, 2016, Judge Loretta A. Preska, to whom this case was

then assigned, "dismisse[d] all claims in the second amended complaint with

prejudice except for Plaintiff's § 1983 claims for false arrest, malicious

prosecution, and First Amendment retaliation," and granted Plaintiff leave to

amend the complaint to add detail to those claims only.  (*See* Dkt. #17, at 1,

11-17).  On September 13, 2016, Judge Preska denied Plaintiff's motion to

reconsider that order.  (Dkt. #25).  On September 2, 2016, Plaintiff filed her

Third Amended Complaint (or "TAC").[1]

## BACKGROUND

The following allegations are taken from Plaintiff's Third Amended

Complaint:  In October 2010, Plaintiff was beaten and robbed by Raheem

Powell — "an informant and major-case complainant working for the NYPD and

[the New York County District Attorney's Office]" (*see* TAC ¶ 5) — and she

reported her injuries to officers of the NYPD's 28th Precinct.  Days later,

Plaintiff went to the 28th Precinct to speak with Defendant Linda Simmons, an

NYPD detective, about the status of the investigation.  During the meeting,

Simmons tore up Plaintiff's complaint report about the incident and

"instruct[ed] Plaintiff to move out of the neighborhood."  (*Id.* at ¶ 55).  Simmons

later told Plaintiff that she needed overtime hours and, as a result, decided to

arrest Plaintiff for falsifying a police report.  Although the allegations are not

clear, it appears that Simmons may have issued a desk appearance ticket to

Plaintiff related to this incident.  (*Id.* at ¶¶ 50-55, 116).  Plaintiff "had believed"

that this charge against her was dismissed on July 24, 2012, but she now

asserts that the prosecution remains open.  (*Id.* at ¶ 3).

---

[1]     Thereafter, Plaintiff attempted to file still another amended complaint.  (Dkt. #24).  By
Order dated September 27, 2016, Judge Preska construed the filing as a motion for
leave to file a Fourth Amended Complaint, and denied the motion without prejudice.
(Dkt. #28).

On September 24, 2011, an unnamed person assaulted Plaintiff inside a bar in Manhattan. Plaintiff called the police, and unnamed officers arrived and arrested her for allegedly screaming at them. Plaintiff was charged with (and was later convicted of) disorderly conduct. But on February 26, 2016, New York's Appellate Term vacated the conviction due to the insufficiency of the evidence. *See People* v. *Price*, 31 N.Y.S.3d 923 (1st Dep't 2016). (*See* TAC ¶¶ 84-88). Plaintiff fails to name any person who initiated this prosecution.[2]

On July 25, 2012, a state court dismissed 324 charges of aggravated harassment and one charge of criminal contempt against Plaintiff. (TAC ¶ 101).[3] In July 2013, "unidentified police officers gave Plaintiff a jaywalking ticket even though she allegedly was not jaywalking." (*See id.* at ¶ 109).[4]

---

[2] Plaintiff alleges that Police Officer Matthew Winters used excessive force against her during this encounter, and that Police Officers Maladano, Relf, and Jane Doe failed to intervene to prevent the use of excessive force. (*See* TAC ¶¶ 84-88, 144). The arrest and use of force occurred more than three years before Plaintiff filed this lawsuit. The Court gave Plaintiff notice that these claims appeared time-barred and gave her an opportunity to demonstrate that these claims and others were subject to equitable tolling (*see* Dkt. #5 (Order dated October 9, 2015) at 5-7), but when she failed to do so, her § 1983 claims related to this and other incidents were dismissed as barred by the statute of limitations (*see* Dkt. #17 (Order dated July 26, 2016) at 5-7).

[3] Plaintiff does not identify any person who initiated this prosecution against her. Plaintiff was previously advised that, because she failed to name as defendant the person(s) who initiated the prosecution against her, she failed to state a claim upon which relief can be granted. (*See* Dkt. #17 (Order dated July 26, 2016) at 12-14). Judge Preska granted Plaintiff leave to add detail to this claim, but Plaintiff failed to do so.

[4] Plaintiff does not name any defendant who issued her this ticket or who initiated the jaywalking prosecution against her. Judge Preska previously advised Plaintiff that failure to name a defendant would result in dismissal of her claim, and granted her "leave to amend to include any additional facts that would support false-arrest claims." (*See* Dkt. #17 (Order dated July 26, 2016) at 12). The Court also advised her that, if she "[did] not know the name of a defendant, she may refer to that individual as 'John Doe' or 'Jane Doe' in both the caption and the body of the amended complaint." (*See id.* at 16). Although Plaintiff has named Doe defendants for other claims in the Third Amended Complaint, she has failed to do so related to the jaywalking incident.

On or about October 14, 2014, Defendant Jane Doe or John Doe Operator of @NYPD28PCT Twitter Account blocked Plaintiff from posting comments on the Twitter account for the NYPD's 28th Precinct.  (*See* TAC ¶¶ 47, 111, 126-27).  Plaintiff states that she was blocked in retaliation for her "tweeting about the poor Domestic Violence assistance rate within that precinct[.]"  (*See id.* at ¶ 111).  She also contends generally that a supervisory official at the 28th Precinct, Defendant Inspector Obe, was responsible for blocking her from commenting on the Precinct's Twitter page.  (*See id.* at ¶ 127).

Similarly, on or about December 1, 2014, Defendant John Doe Operator of @NYCAgainstAbuse Twitter Account blocked Plaintiff from posting comments on the Twitter page for the Mayor's Office to Combat Domestic Violence. (*See* TAC ¶¶ 48, 112, 128-29).  Plaintiff states that she was blocked in retaliation for "tweeting about the poor Domestic Violence assistance rate within that precinct[.]"  (*See id.* at ¶ 112).  She likewise alleges generally that Defendant Rose Pierre-Louis, the former Commissioner of the Mayor's Office to Combat Domestic Violence, was responsible for blocking her from commenting on this Twitter page.  (*See id.*).

Plaintiff was assaulted on July 2, 2015, and she attempted to file a complaint with the NYPD's Midtown North Precinct.  But Defendants John Doe and Jane Doe instead detained her, without cause, and took her against her will to Bellevue Hospital's psychiatric ward, where hospital officials promptly released her.  (TAC ¶¶ 114, 147).

4

Plaintiff contends that Defendant City of New York is liable for all of these incidents because it "has enabled a culture of complacency to perpetuate within the criminal justice system allowing the Police and District Attorneys to turn a blind eye towards the trafficking of, physical, mental, and economic abuses of women involved in intimate partner relationships with confidential informants or complainants in major cases."  (TAC ¶ 5; *see also id.* at ¶¶ 6-16, 27, 122-25, 154-58).

Plaintiff seeks $30 million in compensatory damages and $10 million in punitive damages.  (TAC ¶ 28).

## DISCUSSION

Plaintiff's Third Amended Complaint — consisting of nearly 70 pages along with over 400 pages of exhibits — reasserts claims against Defendants that Judge Preska previously dismissed with prejudice as time-barred, as barred by prosecutorial immunity, and for failure to state a claim on which relief can be granted.  (*See* Dkt. #17 (Order dated July 26, 2016) at 5-17, and Dkt. #5 (Order dated October 19, 2015) at 4-10, dismissing claims against Defendants Linda Simmons, Maria Strohbehn, Kenya Wells, Audrey Moore, Larry Newman, Laura Higgins Nee Richendorfer, Cyrus Vance, Inspector Obe, Rose Pierre-Louis, and Matthew Winters).  Because Judge Preska already addressed and dismissed those claims and denied Plaintiff's motion for reconsideration, Plaintiff cannot revive such claims by including them in her Third Amended Complaint.  These previously dismissed claims therefore remain terminated.

## A.      The Status of the Defendants Named in the Third Amended Complaint

### 1.      Defendant Detective Linda Simmons

Plaintiff contends that NYPD Detective Linda Simmons initiated a baseless prosecution against her for allegedly falsifying a police report.  (*See* TAC ¶¶ 50-55, 116).  Plaintiff has conceded, however, that this prosecution remains open (*id.* at ¶ 3) — that is, the prosecution has not been terminated in her favor.

To state a claim for malicious prosecution, a plaintiff must allege facts showing that: (i) the defendant initiated or continued a prosecution against the plaintiff; (ii) the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (iii) the defendant acted with malice; and (iv) the prosecution was terminated in the plaintiff's favor.  *See Fulton* v. *Robinson*, 289 F.3d 188, 195 (2d Cir. 2002).  Thus, because favorable termination is an element of a malicious prosecution claim, a plaintiff cannot state such a claim if her criminal proceeding is pending.  *See Wallace* v. *Kato*, 549 U.S. 384, 394 (2007).  Plaintiff has therefore failed to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[5]  Accordingly, the Court again dismisses all claims against Simmons.

---

[5]      The Court previously granted Plaintiff leave to, among other things, name proper defendants related to three other claims of malicious prosecution — namely, the persons that initiated these prosecutions. (*See* Dkt. #17 (Order dated July 26, 2016) at 12-15).  In her Third Amended Complaint, however, she fails to name any defendants — not even Jane or John Doe defendants — related to these claims. (*See* TAC ¶¶ 85-88, 101, 109).  Plaintiff therefore fails to state a claim for malicious prosecution.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff may also be claiming that "unidentified police officers" falsely arrested her for jaywalking. (*See* TAC ¶ 109).  As set forth above,

### 2. Defendants Inspector Obe and Rose Pierre-Louis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone* v. *N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon* v. *Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). An individual defendant can be personally involved in a § 1983 violation if:

> [i] the defendant participated directly in the alleged constitutional violation, [ii] the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, [iii] the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, [iv] the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or [v] the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[6]

---

however, she has failed to name any person or persons who arrested her or otherwise detained her against her will. Plaintiff therefore fails to state a claim on which relief can be granted related to her jaywalking ticket. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[6]   "Although the Supreme Court's decision in [*Ashcroft* v. *Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon* v. *City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

Plaintiff does not allege any facts showing how Defendants Obe and Pierre-Louis were personally involved in blocking her from commenting on government-run Twitter accounts. She simply summarizes the law concerning supervisory liability, without making any nonconclusory allegations about the involvement of Obe and Pierre-Louis. (*See* TAC ¶¶ 127, 129). Plaintiff's claims against Obe and Pierre-Louis are again dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Other Non-Municipal Defendants

In addition to Defendants Simmons, Obe, and Pierre-Louis, the Court previously dismissed with prejudice all claims against Defendants Strohbehn, Wells, Moore, Newman, Richendorfer, Vance, and Winters. (*See* Dkt. #17 (Order dated July 26, 2016) at 5-17, and Dkt. #5 (Order dated October 19, 2015) at 4-10). The Court did not grant leave for Plaintiff to amend her complaint as to these Defendants. (*Id.* at 1). Plaintiff nevertheless names these persons as Defendants in the Third Amended Complaint, and repeats the allegations against them that formed the bases of her previous pleadings. For the reasons set forth in the Court's orders dated October 19, 2015, and July 26, 2016, the Court again dismisses with prejudice all claims against Defendants Strohbehn, Wells, Moore, Newman, Richendorfer, Vance, and Winters.

4.     **Defendants Named for the First Time in the Third Amended Complaint**

In the Third Amended Complaint, Plaintiff also names certain other persons as Defendants for the first time: P.O. Relf, P.O. Maladano, P.O. Jane Doe, Jane Doe and/or John Doe Operator of @NYPD28PCT Twitter Account, John Doe Operator of @NYCAgainstAbuse Twitter Account, John Doe Operator of @RPLNYC Twitter Account, Jane Doe Assistant District Attorney, and John Doe District Attorney.  Each is addressed in the remainder of this section.

a.     **Defendants P.O. Relf, P.O. Maladano, and P.O. Jane Doe**

Plaintiff alleges that on September 24, 2011, P.O. Relf, P.O. Maladano, and P.O. Jane Doe failed to intervene to prevent injuries caused during P.O. Winters' allegedly unlawful use of force against her.  (*See* TAC ¶¶ 84-88, 144).  As noted above, Plaintiff previously sued Winters under § 1983 for this arrest and use of force, but that claim was dismissed as time-barred.  (*See* Dkt. #17 (Order dated July 26, 2016) at 5-7).

Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim.  *Hogan* v. *Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).  As with the § 1983 excessive-force claim against Winters, Plaintiff knew or had reason to know of her injury on the date that it occurred — September 24, 2011.  Judge Preska granted Plaintiff an opportunity to demonstrate that she was entitled to equitable tolling related to her excessive-force claim.  (*See* Dkt. #5 (Order dated October 9, 2015) at 5-7.)  Plaintiff declined to do so, and on July 26, 2016, her excessive-force claim

against Winters was dismissed as time-barred.  (*See* Dkt. #17 (Order dated July 26, 2016) at 5-7).  Plaintiff's new claims against P.O. Relf, P.O. Maladano, and P.O. Jane Doe — arising from the same events for which Winters was named as a defendant — are therefore time-barred, and dismissed with prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### b.  Defendant John Doe Operator of @RPLNYC Twitter Account

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible.  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007)).  To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor.  *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions.  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).  After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief.  *Id.*

In contrast to the detailed, nonconclusory allegations Plaintiff makes against the operators of the @NYPD28PCT and @NYCAgainstAbuse Twitter accounts (*see* TAC ¶¶ 47-48, 111-112, 127-129), she makes nearly no allegations against Defendant John Doe Operator of Twitter Account @RPLNYC,

(*see id.* at ¶¶ 49, 130).  She contends that this Defendant is an employee of the City of New York and acted under color of law (*see id.* at ¶ 49), and that this Defendant "deprived her of a federal First Amendment Right to petition the Government for a redress of grievances" (*id.* at ¶ 130).  Plaintiff adds that "[her] tweets were far from abusive and do not violate any NYC media policy."  (*Id.* at 130).  She does not state whether this defendant blocked her from posting comments on the Twitter page, and does not attribute any other conduct to this Defendant.

The claims against Defendant John Doe Operator of Twitter Account @RPLNYC must be dismissed. Nearly all of Plaintiff's allegations against this Defendant are "[t]hreadbare recitals of the elements of a cause of action" — that is, legal conclusions.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  The only nonconclusory allegations against this Defendant — that Plaintiff's tweets were not abusive — do not state a claim upon which relief can be granted.  The Court therefore dismisses the claims against Defendant John Doe Operator of Twitter Account @RPLNYC.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### c. Defendants Jane Doe Assistant District Attorney and John Doe Assistant District Attorney

Plaintiff names Jane Doe Assistant District Attorney and John Doe Assistant District Attorney as Defendants in the caption of the Third Amended Complaint, but their names do not appear anywhere else in the pleading. There are no allegations made against these Defendants.  Plaintiff has therefore

11

failed to state a claim against Jane Doe Assistant District Attorney and John
Doe Assistant District Attorney.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.    Service on Defendant City of New York

As a consequence of this and prior orders in this case, the only
Defendants currently remaining in the case are the City of New York and the
Jane Doe and John Doe Defendants.  The Court will address service on the
City in this section, and identification of the Jane Doe and John Doe
Defendants in the next section.

By Order dated September 29, 2015, the Court granted Plaintiff's request
to proceed without prepayment of fees, that is, *in forma pauperis*.  To allow
Plaintiff to effect service on Defendant City of New York through the U.S.
Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals
Service Process Receipt and Return form ("USM-285 form") for this Defendant.
The service address for this Defendant is 100 Church Street, New York, New
York 10007.  The Clerk of Court is further instructed to issue a summons and
deliver to the Marshals Service all of the paperwork necessary for the Marshals
Service to effect service upon this Defendant.

Plaintiff must effect service within 120 days of the date the summons is
issued.  It is Plaintiff's responsibility to inquire of the Marshals Service as to
whether service has been made and, if necessary, to request an extension of
time for service.  *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012).  It is
also Plaintiff's obligation to promptly submit a written notification to the Court

if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff

fails to do so.

**C.      Obtaining Additional Information Concerning Jane Doe and John Doe Defendants**

Under *Valentin* v. *Dinkins*, a *pro se* litigant is entitled to assistance from

the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In

the Third Amended Complaint, Plaintiff supplies sufficient information to

permit the City of New York to identify John and Jane Doe who detained

Plaintiff on July 2, 2015, and transported her to Bellevue Hospital; Jane Doe or

John Doe Operator of @NYPD28PCT Twitter Account, who on or about October

14, 2014, blocked Plaintiff from posting comments on the Twitter page for the

NYPD's 28th Precinct; and Defendant John Doe Operator of

@NYCAgainstAbuse, who on or about December 1, 2014, blocked Plaintiff from

posting comments on the Twitter page for the Mayor's Office to Combat

Domestic Violence.

It is therefore ordered that the New York City Law Department, which is

the attorney for and agent of the City of New York, shall ascertain the identities

of the Jane Doe and John Doe Defendants whom Plaintiff seeks to sue here

and the addresses where these Defendants may be served.  The New York City

Law Department shall provide this information to Plaintiff and the Court within

60 days of the date of this Order.

Within 30 days of receiving that information, Plaintiff must file a Fourth

Amended Complaint naming the Jane and John Doe Defendants.  The Fourth

Amended Complaint will replace, not supplement, the original complaint, and Plaintiff may <u>not</u> add back into the Fourth Amended Complaint those claims and those parties that have been dismissed from this litigation in this and prior orders.  An Amended Civil Rights Complaint form that Plaintiff should complete is attached to this Order.  Once Plaintiff has filed an amended complaint, the Court will, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John and Jane Doe Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Court dismisses all claims against Defendants Linda Simmons, Maria Strohbehn, Kenya Wells, Audrey Moore, Larry Newman, Laura Higgins Nee Richendorfer, Cyrus Vance, Inspector Obe, Rose Pierre-Louis, Matthew Winters, P.O. Relf, P.O. Maladano, John Doe Operator of @RPLNYC Twitter Account, Jane Doe Assistant District Attorney, and John Doe District Attorney. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The Clerk of Court is directed to modify the caption accordingly.

The Clerk of Court is directed to mail a copy of this Order and the complaint to the New York City Law Department at 100 Church Street, New York, New York 10007.

14

The Clerk of Court is further instructed to complete the USM-285 forms with the address for the City of New York and deliver all documents necessary to effect service to the U.S. Marshals Service.

An Amended Civil Rights Complaint form is attached to this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:        October 3, 2016
              New York, New York

_____
    KATHERINE POLK FAILLA
  United States District Judge


*Sent by First Class Mail to:*

Kelly Price
534 W. 187th Street Apt. # 7
New York, NY 10033

15