# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT

# OF NEW YORK

Kelly Price
_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

15-CV-05871

**MOTION TO PROCEED IN**

**FORMA PAUPERIS ON APPEAL**

DETECTIVE LINDA SIMMONS Individually,
and as an employee of the New York City Police
Department, ADA MARIA STROHBEHN and
ADA KENYA WELLS Individually,
and as employees of the New York County
District Attorney's Office, THE CITY OF NEW YORK,
Deputy DA Audrey Moore, ADA Larry Newman, ADA
Laura Higgins nee Richendorfer, DA Cyrus Vance Jr.,
as employees of the New York County District
Attorney's Office, Inspector Obe of the New York City
Police Department, in her capacity as an employee
of the New York City Police Department,
Rose Pierre-Louis in her capacity as the Former
Commissioner of Domestic Violence of the
City of New York, PO Matthew Winters, individually
And in his capacity as an employee of the New York City
Police Department, Jane and/or.John Doe Operator
of Twitter account @NYPD28pct, Jane and/or John Doe Operator
of Twitter account @NYCagainstAbuset, Jane and/or.John Doe Operator
of Twitter account @RPLNYC,

(List the full name(s) of the defendant(s)/respondent(s).)

I move under Federal Rule of Appellate Procedure 24(a)(1) for leave to proceed *in forma pauperis* on appeal. This motion is supported by the attached affidavit.

Dated ~~October 27, 2016~~ November 2 2016

Price, Kelly
Name (Last, First, MI)

534 W 187th st #7 NY NY 10033
Address

Signature

graciegracie212@gmail.com
E-mail Address (if available)
Rev. 12/23/13

646.676.1940
City Telephone Number

in the above-named case appeal to the United States Court of Appeals for the Second Circuit from the "judgment **X order** entered on: October 3, 2016 (date that judgment or order was entered on docket)

That: The order published by Hon. Judge Polk-Failla on October 3, 2016 struck many of my actions against individuals from my complaint on the basis(es) of statute of limitations and facial insufficiency. I ask the Appellant panel to reconsider if the version of my complaint worked on was the appropriate one as I filed a further complaint after the one considered that I had permission to file. Because of a clerical error the incorrect complaint was passed to the newly assigned judge presiding over my case. I have entered a separate appeal of that order and now discuss the orders given to me in consideration of the incorrect complaint being used as the working document. Each of those orders is considered here and I request that the Appellant panel reverse Hon. Judge Polk-Failla's orders commanding me to strike certain individuals and actions from my complaint. In Summary the reasons I will ask for reversal of these orders as I perfect my appeal are: 1. Hon Judge Polk-Failla's order dated October 3, 2016 discusses the

incorrect pleading document. I had received permission to file an amended complaint on or around September 15, 2016 and instead a version of my pleadings turned in before I knew the extension was granted was worked on by Hon Judge Polk-Failla. I request that the complaint filed on 9/16/2016 be considered as the operative pleading/ document the case will proceed with and that the Appeals Court assert the complaint filed on or about September 1, 2016 no longer be the operative pleading/document the case will proceed with. I have already filed a Notice of Appeal in an attempt to cure this clerical error.

- 2. The order dated October 3, 2016 by Hon Judge Polk-Failla strikes from my complaint actions I allege resulted from wrongful arrest, malicious prosecutions, various Section 1983 Civil Rights infringements and other constitutional violations arising from arrests and malicious criminal proceedings that were dismissed and sealed by Hon. Judge Tandra Dawson of NY Supreme Court on or about July 25, 2012 as untimely and beyond the statute of limitations. As my original filing was on July 24, 2015, three years to the day after the charges were dismissed against me, these actions were filed appropriately within the statute of limitations and should not be stricken from my complaint. Hon. Judge Preska only struck actions against the city and individuals named in my Second Amended Complaint that occurred BEFORE July 25, 2012 when criminal prosecutions against me for Felony Contempt of Court an 324 Counts of Aggravated Harassment under the now defunct section of the NY State Penal Code (NYS 230.40(1) were dismissed and sealed by NY State Supreme Court. Following, all actions stemming from dismissal of charges on or about July 25, 2012 are still valid and not untimely and the relative defendants named in my caption and in my complaint should not be struck as per Hon. Judge Polk-Failla's order.
- 3. Federal Rules of procedure allow a Federal Judge to consider the exhibits attached to a Pro Se complaint if the articulation of actions by the complainant is insufficient. I I have attached exhibits that prove that a long pattern of conspiracy and state created danger has felled my life as a result of these willful and malicious actions undertaken by members of the NYPD and Manhattan District Attorney's office. In particular the affidavit I procured on December 15, 2015 by former NYPD Lt. Mark C Larocca states clearly that the MDAO instructed the NYPD to not assist me, to deny taking any complaints that I needed to file, and to essentially deny me all NYPD protections. My exhibits clearly illustrate this pattern and the court has room to consider these exhibits in lieu of striking actions from my complaint.
- 4. I have just learned about Conspiracy and State Created Danger Torts as of August, 2016 after Hon. Judge Preska graciously and kindly suggested in her 7/26/2016 order that I examine Dwares and similar state created danger cases in the 2nd Circuit. The

tolling on all Section 1983 claims begins when the defendant learned of the damages enacted on them. All parties related to the conspiracy to create danger for me should not be struck from my complaint as the statute of limitations began to toll at earliest on December 15, 2015 when I received Lt. LaRocca's affidavit stating that the Manhattan District Attorney's office instructed the NYPD to not provide me with police services, protections, to take my complaints or to investigate them or tolling begins at latest in August of 2016 when I learned of the Dwares case when reading Hon. Judge Preska's order dated 7/26/16.

- 5. As I have repeatedly asked the the Mayor's office to combat DV, Former Commissioner of Domestic Violence Rose Pierre Louis, and Inspector Obe of the 28th Precinct to remove me from their twitter block list I have given them adequate notice of the constitutional harm. I have attached as exhibit to my filings to the Federal Court the 311 reports I made to the City of New York complaining about both Inspector Obe, the Commanding Officer of the 28th precinct, and RPL, the former Commissioner of Domestic Violence's illegal and unconstitutional blocking of my twitter account from reading or responding to those respective twitter feeds. Both defendants, Rose Pierre-Louis, former Commissioner of the Mayor's Office to Combat Domestic Violence, and NYPD Inspector OBE were informed of the violation vis a vis the 311 complaint on or about the Spring of 2015. Both the former and the latter have failed to remedy the wrong. I am to this day still blocked on all three twitter accounts. Additionally, after I was blocked I tweeted to all three accounts complaining of my blocking and both defendants still to the date of this filing have exhibited deliberate indifference to my rights by failing to act on information indicating that unconstitutional acts were occurring. Additionally I informed the NEW Commissioner for the Mayor's Office to Combat Domestic Violence orally at a panel discussion held at Reverend Que English's Bronx Christian Fellowship Church on East Gunhill road in May of 2016 that I was still blocked by her office. This proceeding was video-taped and witnessed by dozens of members of the Mayor's Clergy Round-table. Still to date the unconstitutional blocking has continued. I also penned a letter directly to the Mayor's Office to Combat Domestic Violence complaining about this illegal twitter blocking. Accordingly, Insp. Obe and Rose Pierre-Louis should not be struck from my caption and action as individuals in light of this information.
- 6. For actions related to my unlawful arrest by P.O. Matthew Winters and the inactions taken by P.O.s Relf and Maladano: on 9/27/2011 the tolling began when appeal was won which was on or about February 23, 2016. I filed a notice of claim within the appropriate three months and have filed my federal lawsuit within the statute of limitations. I don't understand why these actions are struck from my complaint nor why P.O. Winters, Relf, Maladano et al were excised off my complaint as per Hon. Judge Polk-Failla's order. I am unable to bring action until the proceedings terminated in my favor: which was on or about February 23, 2016. Additionally all three officers

participated in creating state danger against me and should remain on the complaint as part of this conspiracy. I had no reason to know of my injuries until I won the appeal of conviction. I am a layperson and not a lawyer. I did not know if I was guilty of disorderly conduct until the NYS appellate panel affirmed my suspicions. I did not know it was illegal to say "fuck you" to a police officer, I did not know it was illegal to cry and protest lack of police action. How would I know? I had never studied the NY State penal code nor had I read the NYPD handbook until the summer of 2015.

*[signature]* 11/2/16