

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ELISSA B. JACOBS**
phone: (212) 356-3540
fax: (212) 356-3509
ejacobs@law.nyc.gov

December 2, 2016

**BY ECF and E-Mail**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

      Re:  Price v. Simmons, et al.,
            15-CV-5871 (KPF)

Your Honor:

      I am a Senior Corporation Counsel in the New York City Law Department and the attorney assigned to represent the City of New York in the above-captioned matter.[1] I write to respond to the Valentin order issued on October 3, 2016 and to respectfully request that the Court issue an Order directing plaintiff to provide both medical and 160.50 releases. No prior requests for this relief have been made.

      By way of background, plaintiff alleges, *inter alia*, that on or about October 14, 2014 the Operator of @NYPD28PCT Twitter Account blocked her from posting comments on the Twitter page for the 28th Precinct. (See Civil Docket Entry No. 21.) Plaintiff further alleges that on or about December 1, 2014, the Operator of @NYCagainstabuse Twitter Account blocked her from posting comments on the Twitter page for the Mayor's Office to Combat Domestic Violence.

---

[1] Please take further notice that this case is assigned to Assistant Corporation Counsel Debra March, who is presently awaiting admission to the New York State Bar and is handling this matter under my supervision. Ms. March may be reached directly at 212-356-2410 or DMarch@law.nyc.gov

(Id.)   Additionally, plaintiff alleges that on or about July 2 or 3, 2015 she was detained by two officers and transported to Bellevue Hospital.  (Id.)

As an initial matter, this Office has had direct communication with the New York City Police Department (NYPD), and the Mayor's Office to Combat Domestic Violence.  We have identified, upon information and belief, the operators of the twitter accounts on the respective dates plaintiff alleges she was blocked.  Inspector Olufunmilo F. Obe was the operator of the 28th Precinct's Twitter account @NYPD28PCT on or about October 14, 2014, and Selvena Brooks was the operator of the Mayor's Office to Combat Domestic Violence's Twitter account @NYCagainstabuse on or about December 1, 2014.  Inspector Obe can be served at the 28th Precinct, 2271-89 8th Ave., New York, N.Y.  Selvena Brooks can be served at 100 Gold St. 2nd Floor, New York, N.Y.[2]

To this date, this Office has not been able to identify the officers who plaintiff alleges detained her and transported her to Bellevue Hospital on or about July 2 or 3, 2015 as plaintiff has not provided this office with releases that would allow us access to these records.  Our Office mailed a request for plaintiff to provide this office with a release, pursuant to C.P.L. 160.50/55 as well as a HIPAA release, on or about October 21, 2016.  We have not yet received the releases which are required to access information about plaintiff's detention as well as her hospital records (including mental health records).  I am therefore requesting that the Court Order plaintiff to complete these releases and return them to this office.

Even with releases, without any further identifying information from plaintiff, it may be difficult for the City to provide the information as instructed by the Court.  In her Amended Complaint, plaintiff only describes the individuals who took her to Bellevue on or about July 2 or 3, 2015 as a "John Doe," and "Jane Doe" from the Midtown North Precinct, with no further identifying information.  Accordingly, Defendant respectfully requests that plaintiff be directed to provide this Office with further information to assist in identifying the individuals identified in the Amended Complaint, including, but not limited to:

1. Whether these individuals were in uniform or in plain clothes;

2. Whether these individuals were operating out of a vehicle, and if so, provide a description of the vehicle, including whether or not the vehicle was marked as a New York City Police Department vehicle;

3. Further information describing the individuals identified in the Amended Complaint, including but not limited to: the presence or absence of facial hair, hair color, height, weight, accents, and visible tattoos or markings.

---

[2] Any amendment to plaintiff's Complaint to add these individuals would be futile as the government has the right to block people on twitter under the government speech doctrine and/or the public forum doctrine. To the extent the Court allows these amendments, this office anticipates that it will move to dismiss those claims.

Finally, the Amended Complaint was filed on or about September 2, 2016. Under Fed. R. Civ. Proc. 15(a)(3), defendant's response to the Amended Complaint is due on or about January 13, 2017. (See Civil Docket Report, at Document Nos. 21, 35.)

Thank you for your time and consideration herein.

    Respectfully submitted,

    /S

    Elissa B. Jacobs
    *Assistant Corporation Counsel*

cc: **VIA FIRST CLASS MAIL**
    Kelly Price
    *Plaintiff Pro Se*
    534 W. 187th Street
    Apt. 7
    New York, N.Y. 10033