

|  | THE CITY OF NEW YORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | ELISSA B. JACOBS<br>phone: (212) 356-3540<br>fax: (212) 356-3509<br>ejacobs@law.nyc.gov |

January 26, 2017

**BY ECF and E-Mail**
Honorable Katherine Polk Failla
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

      Re:  Price v. Simmons, et al.,
           15-CV-5871 (KPF)

Your Honor:

      I am a Senior Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent the City of New York, Inspector Obe, and Selvena Brooks in the above-captioned matter.[1]  In accordance with Section 4(A) of Your Honor's individual Rules, I write on behalf of the City, Inspector Obe, and Ms. Brooks[2] to respectfully request a Pre-motion Conference to discuss defendants' anticipated motion to dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff Kelly Price, who is proceeding *pro se,* does not consent to this motion.

      Plaintiff filed this lawsuit in federal court on July 24, 2015.  (See Civil Docket Entry No. 2).  Following a number of amendments, the Court issued a Valentin Order on October 3, 2016 dismissing all defendants with the exception of the City, the operator of two government-run Twitter accounts, and two John Doe defendants who allegedly arrested plaintiff on July 2 or 3, 2015.  (See id. at No. 30).  Specifically, plaintiff alleges in her Third Amended Complaint[3] that on or about October 14, 2014, Inspector Obe violated plaintiff's First Amendment rights when

---

[1] Please take further notice that this case is assigned to Assistant Corporation Counsel Debra March, who is presently awaiting admission to the New York State Bar and is handling this matter under my supervision.  Ms. March may be reached directly at 212-356-2410 or dmarch@law.nyc.gov

[2] As of now, we are unable to identify the remaining Jane and John Does.  In accordance with the Court's instructions, we are working with plaintiff to identify these officers who she alleges transported her to Bellevue on or about July 2 or 3, 2015; however, we have not yet received releases.  (See Docket Entry Nos. 37, 45).

[3] The court struck plaintiff's proposed Fourth Amended Complaint as it did not comply with the Court's December 2 Order, and deemed that the Third Amended Complaint is the operative document in this case.

plaintiff was blocked from posting comments on the Twitter page for the 28th Precinct (See id. at Nos. 21, 45). Plaintiff further alleges that on or about December 1, 2014, Selvena Brooks violated her First Amendment Rights when Ms. Brooks blocked plaintiff from posting comments on the Twitter page for the Mayor's Office to Combat Domestic Violence. (Id.) Additionally, plaintiff alleges that on or about July 2 or 3, 2015 she was detained by two unidentified officers and transported to Bellevue Hospital. (Id.)

Plaintiff's claims against Inspector Obe and Selvena Brooks - that she was "blocked" from posting on the Twitter pages — are not constitutional violations, and thus plaintiff's claims against both Inspector Obe and Selvena Brooks should be dismissed. While the First Amendment as applied to social media is developing law, it has generally been analyzed as either government speech or through the theory of a limited public forum. Under either analysis, plaintiff's claims fail. At a minimum, Inspector Obe and Selvena Brooks are entitled to qualified immunity for their actions.

"The Free Speech Clause restricts government regulation of private speech; it does not regulate government speech." Pleasant Grove City v. Summum, 555 U.S. 460, 467 (2009). The government "has the right to 'speak for itself.'" Id. at 467 (quoting Board of Regents of Univ. of Wis. System v. Southworth, 529 U.S. 217, 229 (2000)). When speaking for itself, the government can "'say what it wishes,' and [] select the views that it wants to express." Id. at 467-68 (quoting Rosenberger v. Rector and Visitors of the Univ. of Va., 515 U.S. 819, 833 (1995)); Sutliffe v. Epping Sch. Dist., 584 F. 3d 314, 329, 331-332 (1st Cir. 2009) (holding that a town did not violate the First Amendment when it rejected certain hyperlinks from inclusion on its website). Further, "when the government appropriates public funds to promote a particular policy of its own it is entitled to say what it wishes." Rosenberger v. Rector & Visitors of the Univ. of Va., 515 U.S. 819, 833 (1995).

Here, Inspector Obe's and Selvena Brooks' actions in blocking plaintiff were permissible as government speech. The 28th Precinct and Mayor's Office to Combat Domestic Violence may determine which views they want to express. Blocking an individual from appearing on the government's twitter page is the government saying "'what it wishes'" and "select[ing] the views that it wants to express." See Pleasant Grove City, 555 U.S. at 467-68. The government is not required to promote plaintiff's point of view through her tweets, and thus the government can speak for itself by only allowing the messages it wants to convey on its twitter pages.

Alternatively, these Twitter pages should be considered limited public fora which allow the government to place restrictions on speech. The public forum doctrine applies when the government regulates private speech on government property. Pleasant Grove City, 555 U.S. at 469. The level of scrutiny applied depends on the forum in which the private speech occurred. See id. at 469-70. A "limited public forum" is one that the government has reserved for "certain groups or dedicated solely to the discussion of certain subjects." See id. at 470. Courts have analyzed government social media sites as limited public fora. See Davison v. Loudoun County Bd. of Supervisors, No. 16-cv-932 (JCC/IDD), 2016 U.S. Dist. LEXIS 125083, at *16 (E.D. Va. Sep. 14, 2016) (noting that County Facebook Page was a limited public forum, because the County agreed that by adopting a Social Media Comments Policy it created this forum).

The 28th Precinct and Mayor's Office to Combat Domestic Violence have set up a forum that is dedicated solely for discussion of certain subjects which makes it a limited public forum. In this limited forum, the government can place "restrictions on speech that are reasonable and viewpoint-neutral." Pleasant Grove City, 555 U.S. at 470. "The necessities of confining a forum to the limited and legitimate purposes for which it was created may justify the State in reserving it for certain groups or for the discussion of certain topics." Rosenberger v. Rector & Visitors of the Univ. of Va., 515 U.S. 819, 829 (1995). The government even has a NYC Social Media Customer Use Policy which states that "[c]omments should be related to the posted topic for the City's social media page or post. New York City agency social media accounts are not meant for comments that do not directly relate to the purpose or topic of the social media website or for service requests." This policy limits the twitter forum to posts related to the topics proposed by the government's twitter page. Inspector Obe and Ms. Brooks were allowed to "block" plaintiff because her comments did not relate to the intended discussions. As Inspector Obe's and Ms. Brooks' restriction on plaintiff was "reasonable and viewpoint-neutral," their actions did not violate the First Amendment. See Pleasant Grove City, 555 U.S. at 470.

Qualified Immunity shields governmental actors from "civil damages if their actions were objectively reasonable, as evaluated in the context of legal rules that were 'clearly established' at the time." Poe v. Leonard, 282 F.3d 123, 131-32 (2d Cir. 2002). To determine if qualified immunity applies there is a two-step inquiry. Doninger v. Niehoff, 642 F.3d 334, 345 (2d Cir. 2011). First, "whether the defendant violated a constitutional right." Id. Second, "whether that right was 'clearly established.'" Id. "'[T]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Id. at 334 (quoting Zieper v. Metzinger, 474 F.3d 60, 68 (2d Cir. 2007)). Here, even if Inspector Obe's and Selvena Brooks' actions were unconstitutional, they are entitled to qualified immunity as First Amendment rights with regards to social media are undefined and still evolving. To the extent the Court finds that it is not apparent that blocking someone on twitter would be unlawful, then they cannot have knowingly violated a law.

To succeed on a claim for municipal liability, a plaintiff must establish three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Simms v. City of New York, 480 F. App'x 627. 629 (citation and internal quotation marks omitted). Here, plaintiff's own alleged single, isolated incident is insufficient as a matter of law to give rise to an inference of a systemic informal practice that can support a municipal liability claim. Further, to establish municipal liability, plaintiff must show that there was an underlying constitutional violation, e.g., a false arrest. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). As discussed above, blocking an individual on twitter is not a constitutional violation, and plaintiff has alleged no connection between being brought to Bellevue by the John and Jane Doe and an unconstitutional City policy. Thus, plaintiff's claims against the City should be dismissed.

Thank you for your time and consideration herein.

Respectfully submitted,<br>
/S<br>
Elissa B. Jacobs<br>
*Senior Corporation Counsel*

cc: **<u>VIA FIRST CLASS MAIL</u>**
Kelly Price
*Plaintiff Pro Se*
534 W. 187th Street
Apt. 7
New York, N.Y. 10033