
**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**ELISSA B. JACOBS**
phone: (212) 356-3540
fax: (212) 356-3509
ejacobs@law.nyc.gov

January 31, 2017

**BY ECF and E-Mail**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

   Re: Price v. Simmons, et al.,
     15-CV-5871 (KPF)

Your Honor:

  I am a Senior Corporation Counsel in the New York City Law Department and representing the City of New York, Inspector Obe and Selvena Brooks in the above-captioned matter.[1] I write to respond to the Order issued on January 11, 2017 wherein the Court directed the City to advise of the identities of the still-unnamed John Doe and to advise the Court of its intentions regarding the future of this case.

  By way of background, plaintiff alleges, *inter alia*, that on or about October 14, 2014 the Operator of @NYPD28PCT Twitter Account blocked her from posting comments on the Twitter page for the 28th Precinct. (See Civil Docket Entry No. 21.) Plaintiff further alleges that on or about December 1, 2014, the Operator of @NYCagainstabuse Twitter Account blocked her from posting comments on the Twitter page for the Mayor's Office to Combat Domestic Violence.

---

[1] Please take further notice that this case is assigned to Assistant Corporation Counsel Debra March, who is presently awaiting admission to the New York State Bar and is handling this matter under my supervision. Ms. March may be reached directly at 212-356-2410 or dmarch@law.nyc.gov

(Id.)   Additionally, plaintiff alleges that on or about July 2 or 3, 2015 she was detained by two officers and transported to Bellevue Hospital.  (Id.)

To this date, this Office has not been able to identify the officers who plaintiff alleges detained her and transported her to Bellevue Hospital on or about July 2 or 3, 2015 as plaintiff has not provided this office with releases that would allow us access to these records.  Our Office mailed a request for plaintiff to provide this office with a release, pursuant to C.P.L. 160.50/55 as well as a HIPAA release, on or about October 21, 2016 and again on December 1, 2016.  On December 2, 2016, the City wrote to Your Honor requesting that the Court compel plaintiff to provide these releases. (See Civil Docket Entry No. 37.)   The Court declined to compel plaintiff, but instead advised her "that if she does not provide the additional identifying information needed, it may not be possible for her to pursue her claims against the remaining John and Jane Doe Defendants."  (See Civil Docket Entry. No. 38).  When no releases were provided, another request was sent on January 13, 2017 via Certified Mail, including a request that plaintiff provide descriptions of these defendants.  On January 31, 2017, Ms. March spoke with plaintiff directly on the phone.  Plaintiff indicated that she will be getting the releases back to us, but plaintiff did not give a date that she will return them by.  Without these releases or descriptions, we are unable to identify these officers.

Finally, defendants have requested a pre-motion conference to discuss their proposed motion to dismiss plaintiff's claims against the City, Inspector Obe, and Selvena Brooks pursuant to Fed. R Civ. P. 12(b)(6).  As discussed in that letter, defendant's contend that the claims against these defendants should be dismissed. (See Civil Docket Entry No. 46).

Thank you for your time and consideration herein.

Respectfully submitted,

/S

Elissa B. Jacobs
*Senior Corporation Counsel*

cc:     **VIA FIRST CLASS MAIL**
Kelly Price
*Plaintiff Pro Se*
534 W. 187th Street
Apt. 7
New York, N.Y. 10033