Index No. 15-CV-5871 (KPF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY PRICE,

Plaintiff,

-against-

SIMMONS, et al.,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

### ZACHARY W. CARTER
*Corporation Counsel of the City of New York*
    *Attorney for Defendants City of New York,*
    *Inspector Obe, and Selvena Brooks*
    *100 Church Street - Room 3-312*
    *New York, NY 10007*

*Of Counsel: Elissa B. Jacobs*
*Tel. No.: (212) 356-2410*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ...................................................................................... 1

PROCEDURAL HISTORY.............................................................................................. 1

STANDARD OF REVIEW ............................................................................................. 7

ARGUMENT

        POINT I

                PLAINTIFF'S MOTION FOR
                RECONSIDERATION SHOULD BE DENIED
                BECAUSE SHE FAILS TO INCLUDE ANY NEW
                EVIDENCE IN HER AMENDED COMPLAINT
                BUT INSTEAD SEEKS TO RELITIGATE
                PREVIOUSLY DISMISSED CLAIMS ..................................................... 8

        POINT II

                PLAINTIFF'S MOTION FOR
                RECONSIDERATION SHOULD BE DENIED
                BECAUSE THERE IS NO MANIFEST
                INJUSTICE.............................................................................................. 13

        POINT III

                TO THE EXTENT PLAINTIFF'S MOTION FOR
                RECONSIDERATION CONTAINS NEW
                EVIDENCE THE COURT SHOULD NOT
                CONSIDER IT BECAUSE IT WAS NOT IN
                PLAINTIFF'S AMENDED COMPLAINT............................................. 15

CONCLUSION................................................................................................................ 17

**TABLE OF AUTHORITIES**

<u>**Cases**</u>                                                                                    <u>**Pages**</u>

Colvin v. State Univ. Coll. at Farmingdale,
    13-CV-3595 (SJF) (ARL),
    2015 U.S. Dist. LEXIS 61181 (E.D.N.Y. May 8, 2015) .....................................................8, 15

Corpac v. Does,
    10 F. Supp. 3d 349 (E.D.N.Y. 2013) .....................................................................................13

Corsair Special Situations Fund, L.P. v. Nat'l Res.,
    595 F. App'x 40 (2d Cir. 2014) .............................................................................................13

Gill v. INS,
    420 F.3d 82 (2d Cir. 2005)......................................................................................................13

Grand Crossing, L.P. v. United States Underwriters Ins. Co.,
    03 Civ. 5429 (RJS),
    2008 U.S. Dist. LEXIS 80833 (S.D.N.Y. Oct. 3, 2008) ......................................................7, 8

Gun Hill Rd. Serv. Station v. ExxonMobil Oil Corp.,
    2013 U.S. Dist. LEXIS 63207 (S.D.N.Y. Apr. 18, 2013)......................................................15

In re Houbigant Inc.,
    914 F. Supp. 997 (S.D.N.Y. 1996).....................................................................................9, 12

Idowu v. Middleton,
    2013 U.S. Dist. LEXIS 13843 (S.D.N.Y. Jan. 31, 2013) .....................................................13

Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,
    729 F.3d 99 (2d Cir. 2013)........................................................................................................8

Morales v. Quintiles Transnational Corp.,
    25 F. Supp. 2d 369 (S.D.N.Y. 1998).................................................................................... 7-8

Parrish v. Sollecito,
    253 F. Supp. 2d 713 (S.D.N.Y. 2003).....................................................................................7

Pichardo v. Ashcroft,
    374 F.3d 46 (2d Cir. 2004)......................................................................................................13

R.F.M.A.S., Inc. v. Mimi So,
    640 F. Supp. 2d 506 (S.D.N.Y. 2009).....................................................................................9

SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC,
    407 F. Supp. 2d 587 (S.D.N.Y. 2006)..................................................................................7, 8

**Cases**                                                                                          **Pages**

Sacchi v. Verizon Online LLC,
    No. 14 Civ. 0423 (RA),
    2015 U.S. Dist. LEXIS 48971 (S.D.N.Y. Apr. 14, 2015)........................................................9

Sank v. City Univ. of New York.,
    2003 U.S. Dist. LEXIS 10396 (S.D.N.Y. June 19, 2003) .......................................................15

Semple v. Eyeblaster, Inc.,
    2009 U.S. Dist. LEXIS 52153 (S.D.N.Y. June 19, 2009) .......................................................15

United States v. Rigas,
    583 F.3d 108 (2d Cir. 2009).....................................................................................................13

Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,
    956 F.2d 1245 (2d Cir. 1992)....................................................................................................8

Woodward & Dickerson v. Kahn,
    No. 89 Civ. 6733,
    1992 U.S. Dist. LEXIS 17032 (S.D.N.Y. Nov. 5, 1992)....................................................9, 12

**Statutes**

28 U.S.C. § 1291................................................................................................................................5

Fed. R. Civ. P. 15(c) .........................................................................................................................4

Fed. R. Civ. P. 21..............................................................................................................................7

Local Rule 6.3................................................................................................................................7, 8

## PRELIMINARY STATEMENT

Defendants the City of New York, Inspector Obe, and Selvena Broooks (hereinafter "defendants") submit this memorandum of law in opposition to plaintiff's motion for reconsideration of the Court's Order dated January 11, 2017 striking plaintiff's Fourth Amended Complaint and deeming plaintiff's Third Amended Complaint as the operative Complaint.

Plaintiff has not demonstrated that there is new evidence the Court failed to consider, nor has she shown that there is a "manifest injustice" that requires reconsideration. Plaintiff is merely seeking to relitigate claims previously considered and dismissed by the Court. Defendants submit that plaintiff's motion for reconsideration should be denied, and request that the Court affirm its January 11, 2017 Order striking plaintiff's Fourth Amended Complaint.

## PROCEDURAL HISTORY

Plaintiff, who is proceeding *pro se* in this action, initially filed this lawsuit against Detective Linda Simmons, ADA Maria Strohbehn, ADA Kenya Wells, the City of New York, ADA Audrey Moore, ADA Larry Newman, ADA Laura Higgens nee Richendorfer, ADA Christina Maloney, DA Cyrus Vance Jr., Inspector Obe, and Rose Pierre-Louis on July 24, 2015 regarding police contact starting in 2010 that continued until July 2015. (See Civil Docket Entry No. 2, hereinafter "Docket"). Plaintiff also claimed that the Manhattan ADAs failed to investigate plaintiff's claims of abuse and maliciously prosecuted her. (Docket No. 2.) On August 13, 2015 plaintiff amended her complaint for the first time in order to add claims against ADA Patricia Bailey, and ADA Susan Roque for withholding documents that plaintiff requested pursuant to Freedom of Information Laws. (See Docket at No. 4). By order dated October 19,

2015 the Court concluded that plaintiff failed to state any claims for relief. (Docket. at No. 5). The Court explained it "appears that [p]laintiff's §1983 claims that accrued before August 13, 2012, [were] time-barred [and that] [p]laintiff d[id] not provide any facts suggesting that the statute of limitations should be equitably tolled in this case." (See Docket at No. 5).[1] The Court also dismissed plaintiff's claims against Hannah Pennington for denying her services at the Family Justice Center (FJC), and claims against ADA Maloney for mishandling her FOIL requests (Docket at No. 5). These claims were dismissed without prejudice, and plaintiff was granted leave to amend her complaint to clarify these claims. In particular, the Court instructed plaintiff that she should "name as Defendants those who were personally involved in any violation of her rights" because it was "unclear what claim, if any, that [p]laintiff [was] asserting in connection with being referred to Bellevue psychiatric ward for evaluation." (Docket at No. 5) Plaintiff was directed that she "must either include: (1) only those claims that are not time-barred; or (2) allegations demonstrating that the statute of limitations should be tolled for any time-barred claim included in the amended complaint." (Docket at No. 5.) The Court warned that if plaintiff failed to submit an amended complaint within sixty days of the Court's Order, and could not show good cause for the delay, the complaint would be dismissed. (Docket at No. 5). Plaintiff failed to comply, and on December 23, 2015 her case was dismissed. (Docket at Nos. 6-7).

On December 28, 2015 plaintiff filed a motion for reconsideration of the dismissal and requested more time to amend her complaint. Plaintiff also filed a notice of appeal of the dismissal on January 22, 2016 (Docket at Nos. at 8-10). On January 26, 2016 the Court granted

---

[1] As Judge Preska noted in her October 19, 2015 Order, plaintiff also filed state claims against the same defendants in Price v. City of New York. Plaintiff filed these claims in state court in 2013, but the claims were dismissed because plaintiff failed to file a notice of claim.

plaintiff's Motion for Reconsideration, and plaintiff's case was reopened. (Docket at No. 11).   The Court ordered plaintiff to amend her complaint to comply with its initial October 19, 2015 Order.  (Docket at No. 11).  After two requests for additional time, plaintiff filed a Second Amended Complaint on May 9, 2016 in which she added back previously dismissed parties, including ADAs Kenya Wells, Audrey Moore, Maria Strohbehn, and Detective Linda Simmons, along with the time-barred claims without any allegations demonstrating that the statute of limitations should be tolled.  (Docket at Nos. 5, 16).  On July 26, 2016 the Court issued another order for plaintiff to amend her complaint and dismissed the claims again, this time "with prejudice except for [p]laintiff's §1983 claims for false arrest, malicious prosecution, and First Amendment retaliation." (Docket at No. 17).  The Court reasoned that:

> [p]laintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case; she simply repeats the same facts that appeared in her first two pleadings. Because [p]laintiff, after receiving notice and an opportunity to include facts related to equitable tolling, fails to show any basis for tolling the limitations period, her §1983 claims that accrued before July 24, 2012, are therefore dismissed as time -barred  (Docket at No. 17).

The Court further explained that "[p]laintiff's allegations that in July 2015, police officers declined to take her report, without more, [] fails to state a claim on which relief can be granted."  (Docket at No. 17)   The Court reached this conclusion based on the fact that plaintiff did not name any individuals who were personally involved, nor did she claim that the government caused her harm by failing to investigate.  (Docket at No. 17). Moreover, the Court noted that plaintiff, "[i]n her more than 400-page second amended complaint….d[id] not name any defendant relating to either claim [a July 2013 ticket for jaywalking, and July 2015 transportation to Bellevue which she does not allege was against her will], despite having availed herself of two opportunities to amend her complaint."  (Docket at No. 17).  The Court also stated

that plaintiff failed to state a claim for malicious prosecution with respect to her aggravated harassment and criminal contempt charges, and that plaintiff's original complaint was filed three years after these charges were dismissed. (Docket at No. 17).  The Court granted plaintiff leave to amend her complain yet again instructing her to include any additional facts that would support a false-arrest claim regarding the jay walking or Bellevue incident; to add the individual who initiated the disorderly conduct prosecution against plaintiff that stemmed from the September 24, 2011 incident; and to amend regarding plaintiff's First Amendment retaliation claims against defendants responsible for blocking her from commenting on government-run Twitter accounts.  (Docket at No. 17). The Court also noted that any possible amendment to these claims would need to comply with Fed. R. Civ. Proc. 15(c) which "governs when a new party or claim can be added after the limitations period has expired." (Docket at No. 17). Finally, the Court directed plaintiff that each individual defendant must be named in the caption.  (Docket at No. 17).

After plaintiff asked for two extensions of time, she filed her third amended complaint on September 2, 2016.  In contravention of the Court's Order, she included previously dismissed defendants, Detective Linda Simmons, ADA Maria Strohbehn, ADA Kenya Wells, ADA Audrey More, ADA Larry Newman, ADA Laura Higgins nee Richendorfer, DA Cyrus Vance Jr., Inspector Obe, Rose Pierre-Louis, PO Matthew Winters, and time-barred claims (See Docket at Nos. 17, 21).  Without seeking or receiving leave from the Court, plaintiff filed a Fourth Amended Complaint on September 16, 2016.  (See Docket at No. 24).  On September 27, 2016, the Court denied plaintiff's motion to file a Fourth Amended Complaint, deemed the Third Amended Complaint as the operative complaint, and had the Fourth Amended complaint stricken from the record.  (See Docket at No 28). The Court's Order certified "that any appeal from this

order would not be taken in good faith." (Docket at No. 28). Nonetheless, plaintiff appealed the Court's Order.[2] (Docket at No. 31).

      In an October 3, 2016 Order, the Court once again dismissed all claims against defendants Detective Linda Simmons, ADA Maria Strohbehn, ADA Kenya Wells, ADA Audrey Moore, ADA Larry Newman, ADA Laura Higgins Nee Richendorfer, DA Cyrus Vance, Inspector Obe, Rose Pierre-Louis, and P.O. Matthew Winters. (Docket at No. 30). The Court explained that these claims were "previously dismissed with prejudice as time-barred, as barred by prosecutorial immunity, and for failure to state a claim on which relief can be granted." (Docket at No. 30). Moreover, the Court dismissed claims against P.O. Relf and P.O. Maladano, because they arose from the same time-barred incident against P.O. Winters. (Docket at No. 30). Plaintiff's claims against the John Doe Operator of @RPLNYC Twitter Account were dismissed because the allegations failed to state a claim. (Docket at No. 30). The Court ruled that "[a]s a consequence of this and prior orders in this case, the only Defendants currently remaining in the case are the City of New York and the Jane and John Doe Defendants." This left as the only remaining claims plaintiff's alleged transportation to Bellevue hospital on July 2, 2015, and her First Amendment claims against the operators of the two government run twitter accounts. (Docket at No. 30). The Court issued a Valentin Order which instructed the City to identify the John Doe operators of the government run twitter accounts, and the John and Jane Does who detained and transported plaintiff to Bellevue on July 2, 2015. (Docket at No. 30). Plaintiff was directed that "[w]ithin 30 days of receiving [this] information, [p]laintiff must file a Fourth Amended Complaint naming the Jane and John Doe Defendants…[that] will replace, not

---

[2] On February 2, 2017 the Second Circuit determined sua sponte that it lacked jurisdiction over plaintiff's appeal because "final orders have not been issued by the district court as contemplated by 28 U.S.C. § 1291." (Docket at No. 50).

supplement, the original complaint, and [p]laintiff may <u>not</u> add back into the Fourth Amended Complaint those claims and parties that have been dismissed from this litigation in this and prior orders." (Docket at No. 30).

In response to the Court's Valentin Order, the City identified Inspector Obe, and Selvena Brooks as the operators of the government run twitters on the respective dates.[3]   On December 2, 2016, the Court issued another order directing plaintiff that she "must file a Fourth Amended complaint naming the Jane and John Doe Defendants now identified as Inspector Obe and Selvena Brooks [and informed plaintiff again that] [t]he Fourth Amended Complaint will replace, not supplement, the original complaint, and [p]laintiff may not add back into the Fourth Amended Complaint those claims and those parties that have been dismissed from this litigation in this and prior orders."  (Docket at No. 38).

Plaintiff disregarded the Court's Order, and filed a Fourth Amended Complaint on January 3, 2017 renaming previously dismissed defendants, and repleading previously dismissed claims including a time-barred September 24, 2011 false arrest claim against Officers Winters, Relf, and Maladano.  (Docket at No. 41).  Plaintiff also failed to plead facts against Inspector Obe and Selvena Brooks related to their operation of the respective Twitter accounts.  (Docket at No. 41).  In response the Court noted that plaintiff's Fourth Amended Complaint "fails to comply with the Court's December 2 Order because it attempts to add back into this litigation previously terminated Defendants Linda Simmons, Maria Strohbehn, Kenya Wells, Audrey Moore, Larry Newman, Laura Higgins Richendorfer, Cyrus Vance, Jr., Rose Pierre-Louise, Matthew Winters, P.O. Relf, P.O. Maladano, P.O. Jane Doe, Jane Doe Assistant District

---

[3] The Court also instructed the City to identify the John and Jane Doe who detained and transported plaintiff to Bellevue on July 2, 2015.  The City was unable to identify these Jane and John Does because it only received plaintiff's releases on February 15, 2017, and February 17, 2017.  The City is now working to obtain the records to identify these individuals.

Attorney, and John Doe District Attorney." (Docket at No. 45). As a result of plaintiff continuously failing to comply with the Court's Orders to exclude the dismissed defendants and claims, the Court for the second time directed the Clerk of Court "to strike this improper pleading….[and deemed] [p]laintiff's Third Amended Complaint (Dkt. #21), as the operative Complaint in this litigation." (Docket at No. 45). The only remaining defendants "are those named therein and not previously terminated: The City of New York and the John Doe Police Officers."[4] (Docket at No. 45). Subsequently, plaintiff filed a Motion for Reconsideration on January 26, 2017 asking the Court to reconsider its January 11, 2017 decision to strike plaintiff's Fourth Amended Complaint. (Docket at No. 47). Defendants the City of New York, Inspector Obe, and Selvena Brooks now move in opposition to plaintiff's Motion for Reconsideration.

## STANDARD OF REVIEW

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Grand Crossing, L.P. v. United States Underwriters Ins. Co., 03 Civ. 5429 (RJS), 2008 U.S. Dist. LEXIS 80833, at *7 (S.D.N.Y. Oct. 3, 2008) (quoting Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003))(internal quotations omitted). Motions for reconsideration are governed by Local Rule 6.3. To prevail under Local Rule 6.3, the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC, 407 F. Supp. 2d 587, 589 (S.D.N.Y. 2006). A motion for reconsideration "is not a substitute for appeal and may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced

---

[4] After receiving the names of the John Doe operators of the government run twitters, plaintiff failed to substitute in these parties in compliance with the Court's Orders. Thus, the Court exercised its powers pursuant to Fed. R. Civ. Proc. 21 and substituted Inspector Obe and Selvena Brooks as the operators of the government run twitters. (Docket at Nos. 41, 45).

the earlier decision." <u>Grand Crossing</u>, 2008 U.S. Dist. LEXIS 80833, at **8-9 (quoting <u>Morales v. Quintiles Transnational Corp.</u>, 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998)(internal quotations omitted)).

In deciding a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is "new evidence" presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice " <u>Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust</u>, 729 F.3d 99, 104 (2d Cir. 2013) (quoting <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992)(internal quotations omitted)). "Generally, reconsideration will not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion; (2) advances new arguments or issues that could have been raised on the original motion; or (3) seeks solely to relitigate an issue already decided." <u>Colvin v. State Univ. Coll. at Farmingdale</u>, 13-CV-3595 (SJF) (ARL), 2015 U.S. Dist. LEXIS 61181, **7-9 (E.D.N.Y. May 8, 2015) (collecting cases).

## ARGUMENT

### POINT I

**PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE SHE FAILS TO INCLUDE ANY NEW EVIDENCE IN HER AMENDED COMPLAINT BUT INSTEAD SEEKS TO RELITIGATE PREVIOUSLY DISMISSED CLAIMS**

Plaintiff's motion for reconsideration is no more than an attempt to relitigate matters considered and dismissed by the Court on multiple occasions.  Under Local Rule 6.3, plaintiff bears the burden of demonstrating "the matters or controlling decisions which counsel believes the court has overlooked" in reaching the underlying decision. <u>SR Int'l Bus. Ins. Co.</u>, 407 F.

Supp. 2d at 589. Reconsideration is not warranted when a party merely seeks to "reargue those issues already considered when a party does not like the way the original motion was resolved." In re Houbigant Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). "The provision for reargument is not designed to permit wasteful repetition of arguments already briefed, considered and decided." Woodward & Dickerson v. Kahn, No. 89 Civ. 6733, 1992 U.S. Dist. LEXIS 17032, at **4-5 (S.D.N.Y. Nov. 5, 1992). "[D]isagreement with an opinion's outcome is not grounds for reconsideration." Sacchi v. Verizon Online LLC, No. 14 Civ. 0423 (RA), 2015 U.S. Dist. LEXIS 48971, *4 (S.D.N.Y. Apr. 14, 2015) (citing R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009)).  Plaintiff fails to satisfy her burden of showing that the Court overlooked any material factual matter in deciding to dismiss plaintiff's fourth amended complaint but instead attempts to re-insert claims dismissed multiple times.

Despite multiple opportunities to state a claim, multiple dismissals and multiple orders to cease adding in dismissed defendants, plaintiff, through her motion, seeks yet another opportunity for the Court to review these very same issues.  (See Docket at No. 41).  For example, plaintiff's Fourth Amended Complaint alleges claims against P.O. Matthew Winters, related to a September 24, 2011 false arrest claim that were previously considered and dismissed (Docket at Nos. 17, 30).   The Court in its October 19, 2015 Order, gave plaintiff the opportunity to demonstrate why her claims against Winters should be subject to equitable tolling; however, she failed to do so in her Second Amended Complaint (Docket at No. 16) and  on July 26, 2016, these claims were dismissed with prejudice.  (Docket at No. 17). Plaintiff added these very same claims against P.O. Winters to her Third Amended Complaint.  (Docket at No. 21), requiring the Court to dismiss them again in an October 3, 2016 Order.  (Docket at No. 30). Even with these claims dismissed for a third time, plaintiff yet again pled these claims in her Fourth Amended

Complaint. (Docket at No. 41).  Plaintiff added no new facts against P.O. Winters, but simply copied these same dismissed claims from her Third Amended Complaint and placed them in her Fourth Amended Complaint, this time in a different order.  For example, in paragraph 79 of Fourth Amended Complaint, she alleged:

> On or about September 24,2011, Plaintiff was assaulted  in a bar in the Midtown neighborhood of Manhattan.  She called police and was arrested and charged with disorderly conduct based on false statements that she had screamed at  officers (Exhibit # V Injuries sustained from Police beating  Officer Winters of Midtown  South) and held for over 72 hours  in the Midtown South Precinct and the tombs under           100 Centre  Street before being arraigned and released. (Docket at No. 41).

Whereas, in paragraph 85 of plaintiff's Third Amended Complaint plaintiff alleged:

> On or about September 24, 2011, Plaintiff was assaulted in a  bar in the Midtown neighborhood of Manhattan. She called  police and was arrested and charged with disorderly conduct  based on false statements that she had screamed at officers  (Exhibit # V Injuries sustained from Police beating Officer   Winters of Midtown South) and held for over 72 hours in   the Midtown South Precinct and the tombs under  100 Centre   Street before being arraigned and released. (Docket at No. 21).

Moreover, plaintiff asserts claims against defendants Officers Relf, Maldonado, and Jane Doe regarding the same time-barred incident involving P.O. Winters despite the fact that the Court specifically instructed plaintiff she "may <u>not</u> add back into the Fourth Amended Complaint those…parties that have been dismissed from this litigation in this and prior orders."   (Docket at No. 30).   Again, the Fourth Amended Complaint merely restates, word for word, claims previously dismissed.   (Docket at No. 30).   For example, in plaintiff's Fourth Amended Complaint, paragraph 139, she states:

> **Count #s 15 and 16 & 17: Officers Relf and Officer Maldonado: Liability in Connection with the Actions of Another- Failure to Intervene Police Officers Maldonado, Jane Doe and Officer Relf under color of State Law in his official**

**capacity as an employee of the New York City Police Department a division of an official Agency of the City of New York, or in his own capacity:**… Plaintiff contends that NYPD Officers Relf, D and Maldonado and Officer Jane Doe violated Plaintiff's specific right to not be arrested with  excessive Force by NYPD Officer Matthew Winters: and that NYPD Officers Relf, Maldonado and Doe should be liable for that violation because Relf failed to intervene to stop the   violation on September 24,2011. (Docket at No. 41).

These were the same allegations plaintiff included in her Third Amended Complaint,  paragraph 144, that were dismissed.  There she alleged:

**Count #s 15 and 16 & 17: Officers Relf and Officer Maldonado: Liability in Connection with the Actions of Another- Failure to Intervene Police Officers Maldonado, Jane Doe and Officer Relf under color of State Law in his official capacity as an employee of the  New York City Police Department a division of an official Agency of the City of New York, or in his own capacity:**…Plaintiff contends that NYPD Officers Relf, D and Maldonado and Officer Jane Doe violated Plaintiff's specific right to not be arrested with excessive Force by NYPD Officer Matthew Winters: and that NYPD  Officers Relf, Maldonado and Doe should be liable for that violation because Relf failed to intervene to stop the violation on September 24, 20 11. (Docket at No. 21).

Plaintiff also continues to plead claims against Inspector Obe and Rose Pierre-Louis, in their supervisory capacity despite the fact these claims have previously been considered and dismissed by the Court repeatedly.  (See Docket at Nos. 5, 17, 30). Most recently, in the Court's October 3, 2016 Order, the Court "again dismissed [claims against Obe and Pierre-Louis] for failure to state a claim on which relief may be granted."  (Docket at No. 30).  This is because plaintiff failed to "allege any facts showing how Defendants Obe and Pierre-Louis were personally involved in blocking her from commenting on government-run Twitter accounts." (Docket at No. 30).[5]   Even with the dismissal, plaintiff has filed a Fourth Amended Complaint

---

[5] Inspector Obe was initially named as a supervisor and sued in that capacity.  She was recently identified as personally involved in the 28th Precinct's Twitter account.  However, plaintiff continues to allege <u>supervisory</u> allegations against Inspector Obe.  Plaintiff also failed to amend

in which she alleges these same claims against Inspector Obe and Pierre-Louis.  (Docket at No.

41).  Plaintiff merely copied and pasted the previously dismissed claims.  For example, with

respect to Inspector Obe, in plaintiff's Fourth Amended Complaint, plaintiff alleged

> At all relevant times Supervisory Official NYPD Inspector Obe of
> the 28th Precinct acted under color of state law as a Supervisory
> Official of the Government in her capacity as NYPD Inspector Obe
> of the 28th Precinct…To prove that Obe is liable for Jane Doe
> and/or John Doe Operator of Twitter   account '@NYPD28pct's
> conduct… (Docket at No. 41, ¶ 122).

Whereas, in plaintiff's Third Amended, she alleged,

> At all relevant times Supervisory Official NYPD Inspector Obe of
> the 28th Precinct acted under color of state law as a Supervisory
> Official of the Government in her capacity as NYPD Inspector Obe
> of the 28th Precinct… To prove that Obe is liable for Jane Doe
> and/or John Doe Operator of Twitter account '@NYPD28pct's
> conduct… (Docket No. at 21, ¶ 127).

These are not lone examples.  Plaintiff's <u>entire</u> Fourth Amended Complaint is nothing

more than her Third Amended Complaint repackaged and in a different order.  Plaintiff is now

asking that the Court overrule multiple Orders and dismissals, without pointing to any new

evidence or case law.[6]  Plaintiff has done nothing more than "reargue those issues already

considered" because she did "not like the way the original motion was resolved."     <u>In re</u>

<u>Houbigant Inc.</u>, 914 F. Supp. at 1001.  Essentially, she has engaged the Court in "wasteful

repetition of arguments already briefed, considered, and decided."  <u>Woodward,</u> 1992 U.S. Dist.

---

her complaint to allege any personal involvement by both Inspector Obe and Selvena Brooks in
the operation of government run Twitter accounts, requiring intervention by the Court to name
them in the Fourth Amended Complaint.

[6] Plaintiff alleges that her October 12, 2010 false arrest claim was not dismissed until September
15, 2016 in her Motion for Reconsideration, and alleges similar dates regarding this claim in her
Fourth Amended Complaint.   (Docket at Nos. 41, 47).   Plaintiff may have a malicious
prosecution claim against Detective Simmons for this claim, however, we do not have enough
information at this point to make a determination.

LEXIS 17032, at *4. Plaintiff has failed to satisfy her burden that the Court overlooked any factual matter in her Fourth Amended Complaint, and the Court has already considered and rejected plaintiff's arguments multiple times.  Plaintiff's motion for reconsideration of her Fourth Amended Complaint should be denied.

**POINT II**

**PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE THERE IS NO MANIFEST INJUSTICE**

Plaintiff also argues that she would be subject to a manifest injustice if the Court's ruling were permitted to stand. "The 'manifest injustice' standard is, by definition, 'deferential to district courts and provide[s] relief only in the proverbial 'rare case.'" Corsair Special Situations Fund, L.P. v. Nat'l Res., 595 F. App'x 40, 44 (2d Cir. 2014) (citing United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009)). When the same arguments were available to the movant before, and the party gives no reason for not alleging them previously, there is no manifest injustice. See id.  A manifest injustice in a motion for reconsideration is generally found when there is "an error committed by the trial court that is direct, obvious, and observerable." Corpac v. Does, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013); Idowu v. Middleton, 2013 U.S. Dist. LEXIS 13843, at *2 n.1 (S.D.N.Y. Jan. 31, 2013) (internal quotations omitted).  Generally courts find a manifest injustice in extraordinary circumstances. See e.g., Gill v. INS, 420 F.3d 82, 88 (2d Cir. 2005) (noting that a manifest injustice would result if plaintiff was removed from the country without a full review of that decision); Pichardo v. Ashcroft, 374 F.3d 46, 56 (2d Cir. 2004) (finding manifest injustice where district court failed to consider a change in governing law regarding an order of deportation which existed when plaintiff petitioned for habeas).

Here, the Court's dismissal of plaintiff's Fourth Amended Complaint did not result in a manifest injustice as plaintiff had these claims judicially reviewed and dismissed on three separate occasions.  (See Docket Nos. 5, 17, 30).  Plaintiff was given the opportunity to amend her complaint to state a claim, but she failed to do so.  (Docket Nos. 16, 17).   Plaintiff is not facing a decision that would subject her to a manifest injustice such as being deported from the country, and is simply looking for another opportunity to relitigate previously dismissed claims. Thus, this is not the "proverbial 'rare case'" where reconsideration should be granted, and as a result the Court's dismissal of the claims against a majority of the defendants should be affirmed.

## POINT III

**TO THE EXTENT PLAINTIFF'S MOTION FOR RECONSIDERATION CONTAINS NEW EVIDENCE THE COURT SHOULD NOT CONSIDER IT BECAUSE IT WAS NOT IN PLAINTIFF'S AMENDED COMPLAINT**

In plaintiff's motion for reconsideration, she raises facts that were not present in her Fourth Amended Complaint. (See Docket No. 47). For example, in plaintiff's motion, she states that she "would like to fully have the chance to articulate" claims regarding a November 17, 2017 and January 24, 2017 incident, claims that were not mentioned in her Fourth Amended Complaint. (See Docket No. 47). Moreover, plaintiff for the first time "request[ed] the Court's permission to ADD one other individual on [her] caption: ADA Christopher Ryan." Plaintiff has not alleged any claims against ADA Ryan in her fourth amended complaint, and as a result those claims were never considered.

As noted above, "reconsideration will not be granted where the moving party…seeks to introduce additional facts not in the record on the original motion." Colvin, 2015 U.S. Dist. LEXIS 61181, *7-9. Further, "a motion for reconsideration is not the appropriate forum to raise new facts or arguments" Semple v. Eyeblaster, Inc., 2009 U.S. Dist. LEXIS 52153, at *6 (S.D.N.Y. June 19, 2009). "The reason for the rule confining reconsideration to matters that were overlooked is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Gun Hill Rd. Serv. Station v. ExxonMobil Oil Corp., 2013 U.S. Dist. LEXIS 63207, at *4 (S.D.N.Y. Apr. 18, 2013) (internal quotations omitted); Sank v. City Univ. of New York., 2003 U.S. Dist. LEXIS 10396, at *31 (S.D.N.Y. June 19, 2003) (noting that where movant offered to provide affidavit in support of claim in motion for reconsideration, that she should have proffered these

15

facts at the time of the original motion).   Thus, a motion for reconsideration is not the proper forum for plaintiff to raise claims for the first time that were never even considered.

To the extent plaintiff is requesting the Court's permission to amend her complaint for the fifth time, defendants contend that many of plaintiff's claims have already been considered and dismissed.   However, defendants cannot fully address plaintiff's newly added claims in her Motion for Reconsideration without reviewing a proposed amended complaint.   Plaintiff has only provided vague arguments in her Motion for Reconsideration, and should not be able to amend her complaint through this motion.   (Docket at No. 47).[7]

---

[7] It appears that plaintiff is trying to claim that the District Attorney's Office violated the "state created danger doctrine."  This office cannot address that point, as we do not (and would not, if they were properly brought in as parties) represent the District Attorney's Office.  However, defendants' arguments as noted above equally apply here.  Plaintiff is attempting to reassert a state created danger claim against the District Attorney's Office that was previously dismissed from her Third Amended Complaint.  We note for the Court that plaintiff has not added in any new facts in her Fourth Amended Complaint against the district attorneys for a state created danger.   For the same reasons discussed, the Court should look at the pleadings, not any additional allegations.

## <u>CONCLUSION</u>

For the reasons set forth herein Defendants City of New York, Inspector Obe, and Selvena Brooks submit that plaintiff's motion for reconsideration should be denied and that the Court should affirm its October 3, 2016 Order dismissing multiple defendants and its January 11, 2017 Order deeming the third amended complaint as operative.

Dated:      New York, New York
            February 28, 2017

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York,*
*Inspector Obe, and Selvena Brooks*
100 Church Street, Room 3-193
New York, New York  10007
(212) 356-3540

By:_____/s_____
        Elissa B. Jacobs