UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____                │
│ DATE FILED: April 4, 2017            │
└─────────────────────────────────────┘
```

KELLY PRICE,

                          Plaintiff,

          -v.-

CITY OF NEW YORK, INSPECTOR
OLUFUNMILO F. OBE, SELVENA
BROOKS, P.O. JOHN DOE, and P.O.
JANE DOE,

                          Defendants.

15 Civ. 5871 (KPF)

ORDER

KATHERINE POLK FAILLA, District Judge:

Plaintiff Kelly Price filed this action *pro se* on July 24, 2015.  On

December 2, 2016, the Court granted Plaintiff leave to file a fourth amended

complaint ("FAC") for the limited purpose of naming Inspector Olufunmilo F.

Obe and Selvena Brooks as defendants who allegedly blocked Plaintiff from

viewing or posting replies to two Twitter accounts administered by the City of

New York, namely, the account for the New York City Police Department's

("NYPD") 28th Precinct, @NYPD28PCT, and the account for the Mayor's Office

to Combat Domestic Violence, @NYCAgainstAbuse.  (Dkt. #30 at 13-14).  On

January 3, 2017, Plaintiff filed a FAC, but in so doing, she failed to comply

with the Court's December 2 order.  Among other deficiencies, the FAC failed to

name Obe and Brooks as defendants, reasserted claims that the Court had

previously dismissed, and contained additional facts in support of other claims.

Because Plaintiff failed to comply with the Court's December 2 Order, on

January 11, 2017, the Court struck the FAC, deemed the third amended

complaint ("TAC") to be the operative pleading, and added Obe and Brooks as defendants under Rule 21 of the Federal Rules of Civil Procedure.  (Dkt. #45).

By letter dated January 26, 2017, Defendants requested a pre-motion conference concerning their anticipated motion to dismiss certain claims in the TAC.  (Dkt. #46).  That same day, Plaintiff submitted a motion for reconsideration of the January 3 Order that struck the FAC (Dkt. #47), and on February 28, 2017, Defendants City of New York, Obe, and Brooks filed an opposition to Plaintiff's motion (Dkt. #55).  The Court thereafter held a conference on March 15, 2017, at which the parties discussed both the anticipated motion to dismiss and the motion for reconsideration.

The Court has closely reviewed the parties' submissions and carefully considered the arguments made at the March 15 conference.  It is mindful of its obligation to construe a *pro se* plaintiff's submissions liberally and to interpret them as raising the strongest arguments that they suggest.  *See Tracy* v. *Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (noting that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of [her]" (citations omitted)).  The Court finds it is appropriate to construe Plaintiff's motion for reconsideration as a hybrid motion for reconsideration and motion to amend the TAC.  The Court therefore directs Defendants to submit a letter brief, no later than April 14, 2017, addressing

2

the issue of whether Plaintiff should be granted leave to file an amended
pleading that strictly limits Plaintiff to certain claims discussed below.[1]

## DISCUSSION

After entry of the Court's Order dated January 11, 2017, only two claims
remained in the TAC: (i) a § 1983 First Amendment claim against Defendants
City of New York, Obe, and Brooks, based on Plaintiff's allegations that Obe
and Brooks blocked Plaintiff from viewing and posting replies to two City-run
Twitter accounts, in response to Plaintiff's critical tweets directed at them; and
(ii) a § 1983 Fourth Amendment claim against Defendants City of New York,
John Doe, and Jane Doe, based on Plaintiff's allegations that she was falsely
arrested and taken to Bellevue Hospital Center for evaluation.  Defendants
have stated their intention to move to dismiss the first claim in its entirety and
the second claim as against the City only.

As stated, the Court has closely reviewed the previously-stricken FAC,
Plaintiff's motion for reconsideration and the documents attached to it,
Defendants' opposition to the motion for reconsideration, and the parties'
statements and arguments at the March 15 conference.  Plaintiff's submissions
and statements at the conference have prompted further inquiry.  To be clear,
the FAC improperly reasserted many claims that the Court had dismissed, with
some of those claims having been dismissed several times.  But having now

---

[1]     Because Defendants have already submitted an opposition to the motion for
reconsideration, their letter brief should focus on the proposed claims discussed in this
order and the standards set forth in Rule 15 of the Federal Rules of Civil Procedure.

compared Plaintiff's statements at the March 15 conference and the arguments in her motion for reconsideration with certain of the allegations in the FAC, a creditable argument can be made that Plaintiff should be granted one last opportunity to amend certain claims.  The Court discusses each of these potential claims below.

**A.    Claims That the Court Is Considering Granting Plaintiff Leave to Amend**

**1.    Malicious Prosecution Claim Against Detective Linda Simmons**

In each of her pleadings, Plaintiff alleges that on or about October 14, 2010, she went to the NYPD's 28th Precinct to report that Raheem Powell, her abusive former partner, assaulted her.  At the precinct, NYPD Detective Linda Simmons allegedly refused to take the report, advised Plaintiff to move out of the neighborhood, and issued Plaintiff a desk appearance ticket for an unspecified offense.  (FAC ¶¶ 47-49).  In the TAC, Plaintiff alleged that the criminal charge against her remained pending.  Because the prosecution had not been terminated in Plaintiff's favor, the Court dismissed the malicious prosecution claim arising from this incident.  (Dkt. #30 at 6).  In the FAC, however, Plaintiff alleges that the prosecution terminated in her favor on September 9, 2016.  (*Id.* at ¶ 49).

Any potential false arrest claim related to Plaintiff's 2010 encounter with Det. Simmons is plainly time-barred, and on July 26, 2016, Judge Preska correctly dismissed that claim.  (Dkt. #17 at 5-7).  This Court will not disturb Judge Preska's dismissal of the false arrest claim.

A potential malicious prosecution claim, however, may have arisen on September 9, 2016, when Plaintiff's criminal case was dismissed. To state a claim for malicious prosecution, a plaintiff must allege facts showing that: (i) the defendant initiated or continued a prosecution against the plaintiff; (ii) the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (iii) the defendant acted with malice; and (iv) the prosecution was terminated in the plaintiff's favor. *See Fulton* v. *Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). A claim for malicious prosecution under § 1983 requires the additional element of "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman* v. *N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). This element can be satisfied by, among other things, demonstrating that a plaintiff was remanded pending trial, *see Singer* v. *Fulton Cnty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995), or that a plaintiff was compelled to return to court on several occasions before dismissal of the criminal charge, *see Swartz* v. *Insogna*, 704 F.3d 105, 112 (2d Cir. 2013).[2]

The Court is therefore considering (i) granting leave to Plaintiff to assert a § 1983 malicious prosecution claim against Simmons in an amended pleading, (ii) directing Defendants to provide an address where Simmons can be served, and (iii) directing service of the amended pleading on Simmons after

---

[2]    It is not clear that Plaintiff's allegations can satisfy this final element of a § 1983 malicious prosecution claim. Defendants may wish to address this issue in their letter brief.

Defendants provide a service address.  In fairness to Defendants, who have not yet been heard with regard to potentially granting Plaintiff leave to amend her complaint one last time, the Court directs Defendants to respond as to whether it would be appropriate, under Rule 15 of the Federal Rules of Civil Procedure, to permit this proposed amendment.

### 2. Substantive Due Process Claims Related to the Alleged Failure to Provide Certain Services or Investigate Allegations of Abuse

The bulk of Plaintiff's pleadings can be construed as raising substantive due process claims that government officials failed to investigate allegations of assault against Plaintiff and denied her certain services — all for the purpose of protecting Powell, an alleged NYPD informant and Plaintiff's former intimate partner.  On July 26, 2016, Judge Preska dismissed nearly all of those claims as time-barred.  (*See* Dkt. #17 at 6 ("Because Plaintiff, after receiving notice and an opportunity to include facts related to equitable tolling, fails to show any basis for tolling the limitations period, her § 1983 claims that accrued before July 24, 2012, are therefore dismissed as time-barred.")).

Judge Preska then dismissed Plaintiff's only timely substantive due process claims — those concerning allegations that (i) Plaintiff was denied services at the City's Family Justice Center, and (ii) on July 5, 2015, unnamed officers from the Midtown North Precinct failed to take her report that Powell had assaulted her — for failure to state a claim, relying primarily on *DeShaney* v. *Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989), and *Dwares* v. *City of New York*, 985 F.2d 94, 98-99 (2d Cir. 1993).  (Dkt. #17 at 9-11).  Despite not having leave to do so, Plaintiff reasserted these dismissed

6

claims in the TAC.  This Court dismissed those claims again on October 3, 2016.  (Dkt. #30 at 5).  And again, despite not having leave, and despite the fact that both Judge Preska and this Court explicitly dismissed those claims, Plaintiff reasserted them in the FAC.

But in her motion for reconsideration and in statements made at the March 15 conference, Plaintiff alleges that she has new evidence that would allow her to state a substantive due process claim under *DeShaney* and *Dwares*.  Specifically, she suggests that (i) New York County District Attorney Cyrus Vance was personally involved in the investigation of the 137th Street Crew, an alleged street gang in Harlem, and (ii) Powell may have been the informant involved in taking down the 137th Street Crew.  The Court understands these allegations as suggesting that Vance knew of Powell's role in the takedown of the 137th Street Crew and therefore influenced other government officials to protect Powell.  These allegations were not contained in the FAC and have not been considered by the Court.  They therefore cannot be considered in a motion for reconsideration.  *See De Los Santos* v. *Fingerson*, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998) (A party may not use a motion for reconsideration "to advance new theories or adduce new evidence in response to the court's rulings.").

This branch of Plaintiff's motion can, however, be construed as a motion for leave to amend the complaint to add detail to Plaintiff's substantive due process claims.  The Court is skeptical that Plaintiff could draw a plausible causal connection between these new allegations — those concerning Vance,

7

Powell, and the 137th Street Crew — and the alleged denial of services at FJC and the incident involving Midtown North officers. Put somewhat differently, the Court doubts that Plaintiff can show that Vance's alleged protection of his informant was the moving force behind the FJC denying Plaintiff certain services or Midtown North officers refusing to take Plaintiff's report on July 5, 2015. *See City of Canton* v. *Harris*, 489 U.S. 378, 385 (1989) (concluding that, for Section 1983 liability to attach to a municipality, a plaintiff must plead and prove a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation"); *see also Roe* v. *City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) ("[A] plaintiff must demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury." (citation omitted)).

But in light of Plaintiff's *pro se* status and her clear efforts to educate herself concerning substantive due process claims, the Court directs Defendants to address whether Plaintiff should be granted leave to assert her allegations concerning Vance, Powell, and the 137th Street Crew in an amended pleading, and whether Plaintiff could draw a plausible causal connection between the those allegations and the alleged actions of the FJC and unnamed Midtown North officers.[3]

---

[3]     The Court respectfully refers the parties to a recent, thoughtful decision from Judge Karas concerning the state-created danger doctrine and special relationship doctrine. *See Estate of M.D.* v. *State of New York*, No. 15 Civ. 6602 (KMK), 2017 WL 971808, at *7-9 (S.D.N.Y. Mar. 10, 2017) (exhaustively discussing the pleading requirements for a substantive due process claim grounded in government officials' alleged failure to render certain services or provide protection).

**3.    Claims Against Rose Pierre-Louis for Allegedly Blocking Plaintiff from Accessing or Commenting on Pierre-Louis's Twitter Account, @RPLNYC**

In the TAC, Plaintiff alleges that an unnamed person blocked her from accessing or commenting on the Twitter account named @RPLNYC, the account for Rose Pierre-Louis, the former commissioner of the Mayor's Office to Combat Domestic Violence.  Plaintiff sued Pierre-Louis in her supervisory capacity for allegedly failing to supervise the person who blocked Plaintiff, but there are no well-pleaded, nonconclusory factual allegations against Pierre-Louis in the TAC.  For that reason, on October 3, 2016, this Court dismissed the claims against Pierre-Louis.  (Dkt. #30 at 7-8).

Plaintiff's statements at the March 15 conference, however, depict a different situation.  Plaintiff now alleges, in essence, that Pierre-Louis was the administrator of her own Twitter account and that Pierre-Louis personally blocked Plaintiff from the @RPLNYC Twitter account.  If Plaintiff had simply included that allegation in the TAC, the Court may not have dismissed the First Amendment claim against Pierre-Louis *sua sponte.*  If the Court grants Plaintiff leave to file an amended complaint that makes allegations against Pierre-Louis that are consistent with those made at the March 15 conference, Plaintiff could conceivably state a colorable First Amendment claim against Pierre-Louis, or at least a claim as colorable as Plaintiff's First Amendment claims against Obe and Brooks.

The Court is constrained to note at least one difference between Plaintiff's potential claim against Pierre-Louis and her existing claims against

Obe and Brooks.  At the March 15 conference, Plaintiff suggested that the @RPLNYC account was not an official City account, but rather was Pierre-Louis's personal account.  This raises the possibility, if not the likelihood, that Pierre-Louis's alleged action was not done under "color of law," as would be required to state a claim under 42 U.S.C. § 1983.  Stated another way, Pierre-Louis may not have been a "state actor" when she allegedly blocked Plaintiff from her personal Twitter account.  *See Pitchell* v. *Callan*, 13 F.3d 545, 547-48 (2d Cir. 1994) ("[A]cts of officers in the ambit of their personal pursuits are plainly excluded" from liability under § 1983).  Defendants may wish to address this issue, among others, in its letter brief.

### 4. Claims Related to Incidents on November 17, 2016, and January 24, 2017

In their opposition to the motion for reconsideration, Defendants correctly note that the Plaintiff's motion requests "'the chance to articulate' claims regarding a November 17, 2017[4] and January 24, 2017 incident, claims that were not mentioned in her Fourth Amended Complaint."  (Dkt. #55 at 15 (citation omitted)).

The Court agrees that "a motion for reconsideration is not the appropriate forum to raise new facts or arguments."  *Semple* v. *Eyeblaster, Inc.*, No. 08 Civ. 9004 (HB), 2009 WL 1748062, at *2 (S.D.N.Y. June 19, 2009). Plaintiff's new allegations could, however, form the basis of a motion for leave to amend, and the Court construes this branch of Plaintiff's motion as a motion

---

[4]     The Court assumes that Plaintiff intended to refer to November 17, 2016, not 2017.

for leave to amend the complaint to include allegations about the November 2016 and January 2017 incidents mentioned in the motion and discussed by Plaintiff at the March 15 conference. Defendants are therefore directed to inform the Court whether they object, under the standards of Rule 15 of the Federal Rules of Civil Procedure, to the Court granting leave for Plaintiff to file an amended pleading to include allegations concerning the incidents in November 2016 and January 2017.

**B.     Claims That Will Remain Dismissed**

In the FAC, Plaintiff reasserts several claims that the Court previously dismissed. The Court is not inclined to grant Plaintiff leave to amend claims where it is apparent that she failed to obey clear, unambiguous orders from this Court, without any reasonable explanation. These claims will remain dismissed with prejudice.

For example, in the FAC, Plaintiff appears to reassert claims related to her disorderly conduct arrest on September 24, 2011, and the subsequent prosecution, which terminated in her favor on February 26, 2016, when the New York Supreme Court, Appellate Term, vacated the conviction for disorderly conduct. *See People* v. *Price*, 31 N.Y.S.3d 923 (1st Dep't 2016). (FAC ¶¶ 79-80, 81-82). On October 9, 2015, Judge Preska granted Plaintiff leave to amend her complaint to demonstrate that any false arrest or excessive force claims were not time-barred. When Plaintiff did attempt to make that showing, Judge Preska dismissed the false arrest and excessive force claims as time-barred. (Dkt. #17 at 5-7). Because Plaintiff chose to forego the opportunity that Judge

11

Preska afforded to her, the Court will not disturb the dismissal of the false arrest and excessive force claims related to the September 2011 arrest.

The Court will also not revisit the dismissal of any malicious prosecution claim arising from this disorderly conduct prosecution.  On July 26, 2016, Judge Preska granted Plaintiff leave to name as defendant the person or persons who initiated the disorderly conduct prosecution.  (Dkt. #17 at 12-14).  When Plaintiff chose not to name a defendant for this claim in her third amended complaint, this Court dismissed all malicious prosecution claims related to this disorderly conduct prosecution.  (Dkt. #30 at 6 n.5).  Because Judge Preska's instructions were clear and unambiguous, and in light of Plaintiff's deliberate decision to not amend the claims as directed, this Court will not grant Plaintiff leave to reassert claims related to the arrest and use of force on September 24, 2011, or the prosecution that terminated in Plaintiff's favor on February 26, 2016.

For similar reasons, the Court again dismisses all claims related to the alleged arrest and prosecution for jaywalking in July 2013.  On July 26, 2016, Judge Preska granted Plaintiff leave to, among other things, name a defendant who allegedly issued this ticket or who allegedly initiated the prosecution. (Dkt. #17 at 12).  Despite Judge Preska's unambiguous instructions, Plaintiff failed name a defendant for this claim, and on October 3, 2016, this Court dismissed all claims related to the alleged jaywalking incident.  (Dkt. #30 at 6-7 n.5).  Despite not having leave to reassert this claim, Plaintiff repeats the jaywalking allegations in the FAC, but she again fails to name a defendant

12

related to this claim.  Because Plaintiff had several opportunities to name a defendant for this claim and failed to do so, and because she did not have leave to reassert these claims, the Court will not grant Plaintiff leave to reassert claims related to the alleged jaywalking.

And on July 26, 2016, Judge Preska dismissed as time-barred all claims that accrued before June 24, 2012.  (Dkt. #17 at 5-6).  There is no basis to revisit Judge Preska's determination. For that reason, the Court will not grant Plaintiff leave to reassert any time-barred claims.

## CONCLUSION

Accordingly, the Court construes Plaintiff's motion for reconsideration (Dkt. #47) as a hybrid motion for reconsideration and motion for leave to amend the complaint.

As set forth above, the Court is considering granting Plaintiff leave to submit an amended pleading that includes: (i) a § 1983 claim under the First Amendment, against the City, Obe, and Brooks, related to their alleged blocking of Plaintiff from viewing two City-run Twitter accounts; (ii) a § 1983 claim under the Fourth Amendment, against the City, John Doe, and Jane Doe, related to their alleged false arrest; (iii) a § 1983 malicious prosecution claim under the Fourth Amendment, against the City and Det. Simmons, related to the prosecution that allegedly terminated in Plaintiff's favor on September 9, 2016; (iv) § 1983 substantive due process claims under the Fourteenth Amendment, related to Plaintiff's allegations of denial of services at the Family Justice Center and the Midtown North Precinct in 2015, along with

13

her new allegations concerning District Attorney Vance, Raheem Powell, and the 137th Street Crew; (v) § 1983 claims under the First Amendment, against the City and Pierre-Louis, related to Pierre-Louis's alleged blocking of Plaintiff from viewing and posting replies to the @RPLNYC Twitter feed, as supplemented by statements made by Plaintiff at the March 15 conference; and (vi) claims related to incidents that allegedly occurred on November 17, 2016, and January 24, 2017, as described in Plaintiff's motion for reconsideration and at the March 15 conference.  Defendants are directed to submit a letter brief, not to exceed five pages, no later than April 14, 2017, stating their position regarding the possibility of the Court granting Plaintiff leave to file an amended complaint that sets forth the claims listed above.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 4, 2017
      New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*Sent by First Class Mail to:*
Kelly Price
534 W. 187th Street, Apt. #7
New York, NY 10033

14