

**T**HE **C**ITY OF **N**EW **Y**ORK

**LAW DEPARTMENT**

**ZACHARY W. CARTER**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**DEBRA MARCH**
phone: (212) 356-2410
fax: (212) 356-3508
dmarch@law.nyc.gov

April 14, 2017

**BY ECF and E-Mail**
Honorable Katherine Polk Failla
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

      Re:   Price v. City of New York, et al.,
              15-CV-5871 (KPF)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent the City of New York, Inspector Obe, and Selvena Brooks in the above-captioned matter. I write in response to Your Honor's April 4, 2017 Order to discuss defendants' position regarding whether plaintiff should be granted leave to amend her complaint.

      Plaintiff filed this lawsuit in federal court on July 24, 2015. (See Civil Docket Entry No. 2). Following a number of amendments, plaintiff filed a Motion for Reconsideration, which defendants opposed. (Id. at 47, 55). On March 15, 2017 the Court held a conference to discuss plaintiff's Motion for Reconsideration along with defendants' proposed motion. On April 4, 2017 the Court issued an Order regarding plaintiff's Motion for Reconsideration, considering it as a joint motion for reconsideration and a motion to amend. (Id. at 58). In that Order, the Court directed defendants to submit this letter regarding whether plaintiff should be granted leave to add four potential claims. (Id. at 58).[1]

      Under Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave." Although Rule 15(a) advises that such leave "shall be freely given when justice so requires," Rule 16 "is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (internal quotation marks

---

[1] The Court also discussed plaintiff's existing First Amendment claims and claims related to plaintiff's arrest on July 2 or 3, 2015. As discussed in defendants' January 26, 2017 letter, defendants intend to move to dismiss those claims for the reasons stated therein.

and citation omitted).  Further, "[i]t is well established that '[l]eave to amend need not be granted . . . where the proposed amendment would be 'futil[e].'"  Williams v. Citigroup Inc., 659 F.3d 208, 214 (2d Cir. 2011) (quoting Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 18 (2d Cir. 1997)).  "An amendment is futile when 'it could not withstand a motion to dismiss pursuant to Rule 12(b)(6).'"  Demel v. Grp. Benefits Plan for Emples. of N. Telecom, Inc., No. 07-cv-0189 (GBD), 2012 U.S. Dist. LEXIS 47314, at *17 (S.D.N.Y. Mar. 30, 2012) (quoting Oneida Indian Nation v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003), (rev'd on other grounds, 544 U.S. 197 (2005)).  Thus, a proposed amendment is futile if it would be subject to dismissal for failure to state a claim.  Jones v. New York Div. of Military & Naval Affairs, 166 F.3d 45, 55 (2d Cir. 1999).  To determine whether plaintiff stated a claim, the Court should look to Rule 8, which is the same standard that "govern[s] the adequacy of a filed pleading."  Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991).  Under Rule 8, the pleading "must contain... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  This standard requires plaintiff to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 19, 2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). The Second Circuit has held that a plaintiff must "provide the grounds upon which [her] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (internal quotation marks and citation omitted).  In other words, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Here, in accordance with the Court's Order, defendants look to both plaintiff's Motion for Reconsideration, her Fourth Amended Complaint as well as additional facts discussed at the conference held on March 15, 2017.[2]

### 1. Plaintiff's Malicious Prosecution Claim Fails Because She Does Not Plead a Fourth Amendment Deprivation of Liberty

Defendants contend that granting plaintiff leave to add a §1983 Malicious Prosecution Claim under the Fourth Amendment against the City and Detective Simmons would be futile as plaintiff has not asserted any "post-arraignment liberty restraint [that]…implicat[ed] [her] Fourth Amendment Rights."  Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000). A §1983 Malicious Prosecution Claim requires the plaintiff to show "a violation of [her] rights under the Fourth Amendment" along with "the elements of a malicious prosecution claim under state law." Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002).[3]  Plaintiff must show "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Rohman, 215 F.3d at 215-16; see also Faruki v. City of N.Y., 517 F. App'x 1, 2 (2d Cir. 2013) (being required to appear in court twice is not a sufficient deprivation of liberty to sustain a claim of malicious prosecution); Burg v. Gosselin, 591 F.3d 95, 101 (2d Cir. 2010) (finding "a pre-arrangement, non-felony summons requiring no more than a later court appearance does not constitute a Fourth Amendment seizure").

---

[2] A transcript of the conference is attached hereto as Exhibit A.

[3] "[U]nder New York law, a plaintiff must show that a proceeding was commenced or continued against [her], with malice and without probable cause, and was terminated in [her] favor."  Fulton, 289 F.3d at 195.

Here, plaintiff has not shown any post-arraignment liberty restraint because she has made no allegations that she had to return to court <u>at all</u> before her Desk Appearance Ticket (DAT) was dismissed.  Plaintiff merely alleges that Detective Simmons gave her a DAT in October 2010 and that it was dismissed on September 9, 2016.  (Docket Entry No. 41, Plaintiff's Fourth Amended Complaint, hereinafter referred to as "Fourth Amended Complaint" pp. 15-16).  She does not claim that she ever had to return to court for the DAT, merely that she had "discovered (as of September 30, 2016) that her [charges] that plaintiff had believed was dismissed on July 24, 2012 [were] still pending." (Fourth Amended Complaint, p. 3).   As plaintiff has neither alleged facts in her Complaint nor stated facts on the record showing a post-arraignment deprivation of liberty, there is no seizure. Plaintiff's allegation that she received a DAT that was dismissed at some future point in time does not amount to a Fourth Amendment seizure.  <u>See</u> <u>Burg</u>, 591 F.3d at 101.  Therefore, plaintiff should not be permitted to amend her complaint to add this claim.

### 2.   Because Plaintiff Cannot Plead a §1983 Substantive Due Process Claim Against Cyrus Vance,  Plaintiff's Claims against the Family Justice Center (FTC) and the Midtown North Precinct  Fail[4]

As will be addressed by the Manhattan District Attorney Office, plaintiff cannot plead a §1983 Substantive Due Process Claim against Cyrus Vance.   Because plaintiff cannot sufficiently plead that Mr. Vance created a danger toward plaintiff, or had a special relationship with her, she cannot plausibly plead that Mr. Vance is the reason why plaintiff was denied services.  However, even if the Court finds plaintiff's allegations against Cyrus Vance are sufficient, plaintiff has failed to allege a plausible connection to the Family Justice Center (FJC) or Midtown North Precinct. As noted above, plaintiff's complaint must meet Rule 8 by containing "a short and plain statement of the claim showing that [she] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).   Plaintiff's pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (May 19, 2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007)).  For a complaint to be plausible, plaintiff must "provide the grounds upon which [her] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." <u>Goldstein v. Pataki</u>, 516 F.3d 50, 56 (2d Cir. 2008).   Further, to plead a claim for municipal liability, the plaintiff must demonstrate a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989). This "causal link must be strong; that is, the policy must be the 'moving force' behind a constitutional violation."  <u>Mercado v. City of New York</u>, No. 08 Civ. 2855 (BSJ) (HP), 2011 U.S. Dist. LEXIS 140430, at *23 (S.D.N.Y. Dec. 5, 2011) (quoting <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 694 (1978)).

Here, plaintiff has not alleged any plausible causal connection between her claims against Cyrus Vance, regarding his protection of an informant, and her claims that she was denied Family Justice Center services and that the Midtown North officers refused to take her July 5,

---

[4] Our Office does not represent the Manhattan District Attorney's Office, and as a result cannot comment on that particular claim.  However, we refer the Court to Eva Dowdell's anticipated letter on the Manhattan District Attorney Office's behalf.

2015 report.   As previously discussed, plaintiff's amendment must meet the standards set forth under Rule 8.   Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991).   At the conference on March 15, 2017, plaintiff could only speculate as to why she claims she was denied services, and did not give any "factual allegations sufficient to raise a right to relief." Goldstein, 516 F.3d at 56.   Further, plaintiff has not articulated a direct causal link, let alone a "strong" link between her allegations against Vance and her alleged denial of services.   See Mercado, 2011 U.S. Dist. LEXIS 140430, at *23.   Thus, plaintiff will not be able to state a claim against either the Family Justice Center or Midtown North Precinct.

### 3.   Plaintiff's Claim Against Rose Pierre-Louis For Allegedly Blocking Her on Twitter Fails Because Rose Pierre-Louis Was Not Acting "Under Color of Law"[5]

Plaintiff should not be granted leave to amend to add a §1983 claim against Rose Pierre-Louis for allegedly blocking her on twitter because Rose Pierre-Louis was acting in her personal capacity.   "To state a claim under the First Amendment or under 42 U.S.C. § 1983, the behavior complained of must be considered an action of the government, and not that of a private actor." Henderson v. Ctr. for Cmty. Alts., 911 F. Supp. 689, 707 (S.D.N.Y. 1996).   Under §1983 "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).   "Under color of law" has been interpreted to mean acting "under 'pretense of law.'"   Id. at 547-48 (quoting Screws v. United States, 325 U.S. 91, 111 (1945)).

To act under pretense of law "the defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law."   Monsky v. Moraghan, Docket No. 97-7015, 1997 U.S. App. LEXIS 36158, at *7 (2d Cir. Oct. 2, 1997)(internal quotations omitted); see also West v. Atkins, 487 U.S. 42, 50 (1988) (noting that "a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State").   "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992); Harris v. Harvey, 605 F.2d 330, 337 (7th Cir. 1979) (finding that a judge was "acting under color of law" and  "us[ed] the power and prestige of his state office " when he urged the firing of an individual by writing on his official stationary, disseminating press releases identifying himself as county judge, and used his judicial influence); Richardson v. City of N.Y., 2006 U.S. Dist. LEXIS 92731, at *49-50 (S.D.N.Y. Dec. 21, 2006)(finding reasonable juror could find officer acting "under color of law" when she engaged in sexual relations with plaintiff, since the alleged incidents occurred in her office, and she was responsible for plaintiff's pre-sentence  report).

Moreover, a government official does not act under color of law when she engages in a "personal pursuit."   Pitchell, 13 F.3d at 548; Latuszkin v. City of Chi., 250 F.3d 502, 506 (7th Cir. 2001) (noting that defendant not acting "under color of law" where plaintiff made "no allegation that [defendant] was engaged in police activity, that he displayed any police power, or that he possessed any indicia of his office at the time of the accident"); Whitnum v. Emons, No.

---

[5] Rose Pierre-Louis is not a defendant in this lawsuit and this office does not currently represent her.

3:15-cv-959(SRU), 2015 U.S. Dist. LEXIS 111509, at *5-6 (D. Conn. Aug. 24, 2015) (finding Section 1983 cause of action was not plead because plaintiff alleged that the Judge "was acting 'as a private citizen,' and 'was not performing her job as a judge'"); Wylie v. City of New Haven, No. 3:02cv313(PCD), 2003 U.S. Dist. LEXIS 25273, at *6 (D. Conn. Feb. 27, 2003) (finding off duty officer from different municipality not acting "under color of law" when he witnessed an unlawful arrest in another municipality).

Here, Rose Pierre-Louis was not acting "under color of law" when she allegedly blocked plaintiff from her Twitter Account @RPLNYC because this was her *personal* Twitter Account.[6] Plaintiff's potential claim against Pierre-Louis is in contrast to her claims against the government run twitter accounts operated by City employees in the course of their jobs. Henderson, 911 F. Supp. at 707. Here, Pierre-Louis's Twitter Account was not "made possible only because [she was] clothed with the authority of state law." Monsky, 1997 U.S. App. LEXIS 36158, at *7. Specifically, Pierre-Louis did not use her authority as the Commissioner of the New York City Mayor's Office to Combat Domestic Violence to create a Twitter Account as anyone can make a Twitter Account if they have a phone number or e-mail. Instead, Pierre-Louis engaged in a "personal pursuit" creating a personal Twitter Account. Pitchell, 13 F.3d at 548. Moreover, plaintiff even admitted at the conference that she was blocked from Pierre-Louis' personal account. As a result, plaintiff cannot state a §1983 claim against Pierre-Louis for allegedly blocking plaintiff on her own *personal* account.[7] Thus, plaintiff does not have a First Amendment Right to not be blocked by Pierre-Louis because the First Amendment does not apply to this context as Pierre-Louis was acting in her personal capacity.

### 4. Defendants Do Not Object to Plaintiff Amending Her Complaint to Add a Claim Related to November 17, 2016 and January 24, 2017 Incidents

Defendants have no objections to the Court granting leave for plaintiff to amend her complaint to add claims against individual defendants regarding the November 17, 2016 and January 24, 2017 incidents. Defendants object to any amendment that would state a Monell claim against the City for the reasons laid out in defendants' pre-motion conference letter. Additionally, defendants note that there are pending CCRB investigations into these incidents which may delay the case.

Thank you for your time and consideration herein.

Respectfully submitted,
 /S
Debra March
*Assistant Corporation Counsel*

cc:    **VIA FIRST CLASS MAIL**
       Kelly Price

---

[6] Rose Pierre-Louis' Twitter Account @RPLNYC includes the disclaimer, "Views Expressed Are My Own."

[7] To the extent the Court allows this claim to go forward, there may be other reasons why this claim should be dismissed as well.

*Plaintiff Pro Se*
534 W. 187th Street
Apt. 7
New York, N.Y. 10033