**DISTRICT ATTORNEY**

**COUNTY OF NEW YORK**

**ONE HOGAN PLACE**

**New York, N. Y. 10013**

**(212) 335-9000**



**CYRUS R. VANCE, JR.**

DISTRICT ATTORNEY

April 19, 2017

**BY ECF**
The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re: *Price v. City, et. al.*
15 CIV 5871 (KPF)

Dear Judge Failla:

I represent Cyrus R. Vance, Jr., the District Attorney of New York County ("DA Vance"), the New York County District Attorney's Office ("DANY"), and its employees (collectively the "DA defendants"). Although plaintiff's claims against the DA defendants were dismissed some time ago[1], I write in response to the two specific questions posed by the Court's April 4, 2017 Order: (1) whether plaintiff should be granted leave to amend her pleadings to advance a substantive due process claim against DA Vance with allegations concerning DA Vance, Raheem Powell, and the 137th Street Crew under a state-created danger theory; and (2) whether plaintiff could draw a plausible causal connection between those allegations and the alleged actions of the Family Justice Center ("FJC") and the Midtown North Precinct. Both questions must be answered in the negative.

*Argument*

A motion to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies . . ., or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2006). An amendment is futile if the movant cannot demonstrate "at least colorable grounds for relief." *S.S. Silberblatt, Inc. v. East Harlem Pilot Block – Building 1*, 608 F.2d 28, 42 (2d Cir. 1979). "The 'colorable grounds' requirement

---

[1]     Over time, plaintiff repeatedly named DA Vance and ten other Assistant District Attorneys as defendants in this lawsuit. Claims against these DA defendants have been dismissed more than once by the Court. Claims against DA Vance, ADAs Maria Strohbehn, Kenya Wells, Larry Newman, and Laura Higgins were dismissed on October 3, 2016 and January 11, 2017; claims against ADA Audrey Moore were dismissed on August 13, 2015, May 9, 2016, October 3, 2016, and January 11, 2017; and claims against ADAs Patricia Bailey, Christina Maloney and Susan Roque were dismissed on May 9, 2016.

mandates 'an inquiry comparable to that required by Fed. R. Civ. P. 12 (b)(6), as to whether the proposed amendments state a cognizable claim.'" *Barrett v. United States Banknote Corp.*, 806 F. Supp. 1094, 1098 (S.D.N.Y. 1992); *see also Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("Where, as here, there is no merit in the proposed amendments, leave to amend should be denied.

Plaintiff's substantive due process claim is futile; she cannot establish any colorable claim for relief. The gist of plaintiff's claim can be construed as follows: DA Vance allegedly sought to protect one Raheem Powell, whom plaintiff claims was an informant in a 2011 conspiracy case involving the 137th Street Crew and known to DA Vance to be plaintiff's alleged batterer, by somehow influencing the FJC and the Midtown North Precinct to deny plaintiff access to services.

Raheem Powell did not serve as a cooperating witness for DANY in its prosecution of the 137th Street Crew. *See* Exh. A (Affirmation of Christopher Ryan). Thus, as a threshold matter, apart from the implausibility of her allegations, plaintiff would never be able to prove that DA Vance knew that Raheem Powell was a witness (because he was not one), let alone a witness that DA Vance would take such extraordinary alleged measures to protect.

Even if DA Vance were remotely aware of Raheem Powell's alleged violence against plaintiff, to prevail under a substantive due process theory, plaintiff must point to an affirmative act committed by a state actor before establishing a violation of her rights. *See, e.g., Estate of M.D. v. State of New York*, 2017 WL 971808 at *7-9 (S.D.N.Y. Mar. 10, 2017). A state actor's failure to protect an individual even from a known danger arising from a private party does not amount to the requisite affirmative act. *Id.*, *see also DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196 (1989). The state simply does not have an affirmative obligation to provide citizens with specific protective services. *Id.* at 196-97. Although exceptions to that general rule exist where there is a "special relationship" between the state and certain individuals, there is no such exception here. "Special relationships" are considered as being between the state and incarcerated inmates, or the state and patients subject to involuntary commitment in a mental institution. *Estate of M.D.,* at *7-9.

Plaintiff asserts that existence of a Temporary Restraining Order ("TRO") against Raheem Powell, ordered in 2010, is evidence that the City, and DANY, had a "special relationship" with plaintiff, and an obligation to look after her, as a victim of violence. TAC at ¶ 58. The existence of a TRO in plaintiff's favor does not trigger a special relationship under the law. As the Supreme Court noted, "…the affirmative duty to protect arises not from the State's knowledge of an individual's predicament, or from its expression of intent to help, but from the limitation which it has imposed on his freedom to act on his own behalf." *DeShaney*, 489 U.S. at 200. Here, plaintiff was not in the custody of the state, and its actors did not impede her freedom to disassociate from her alleged batterer. Plaintiff also does not allege any injury that resulted from any failure of law enforcement to enforce the TRO or that any such failure had a connection to the District Attorney or to the prosecution of the 137th Street Crew. Plaintiff's allegations do not support a "special relationship" exception to the general rule in substantive due process cases.

Plaintiff's allegations against DA Vance under a state-created danger theory are also futile. The *DeShaney* Court rejected a state-created danger claim where, as here, the state actor did nothing to create the danger, or render the claimant more vulnerable to such danger. *Id.* at 201. DA Vance did not know Raheem Powell, let alone encourage him to allegedly abuse plaintiff.

2

Plaintiff should not be allowed to amend her pleadings to add a substantive due process claim against DA Vance not only because it is futile, but also because it is prejudicial. The DA defendants, including DA Vance, were dismissed from this suit some time ago because plaintiff failed to state a claim against them. Even after her pleadings were dismissed, plaintiff continued to advance various theories and explanations for her claims, and even set forth new claims, for earlier alleged wrongs. The perpetual nature of plaintiff's allegations, and having to respond to them, is patently unfair to the DA defendants. That is especially so where, as here, plaintiff's assertions that DA Vance knew Raheem Powell was a cooperating witness in the investigation and prosecution of the 137th Street Crew, and that to protect Raheem Powell, DA Vance adversely impacted plaintiff's access to services at the FJC, are demonstrably false.

For these reasons, DA Vance opposes allowing plaintiff to amend her pleadings for the fourth time.

Respectfully submitted,

*Eva Marie Dowdell*

Eva Marie Dowdell
Assistant District Attorney

cc: Kelly Price, via US Mail
     Debra March, Assistant Corporation Counsel, via ECF

3