UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 21, 2017

------------------------------------------------------X
                               :

KELLY PRICE,                      :
                               :

                    Plaintiff,   :        15 Civ. 5871 (KPF)
                             :

            v.              :        <u>OPINION AND ORDER</u>
                             :

THE CITY OF NEW YORK, INSPECTOR   :
OLUFUNMILO F. OBE, SELVENA        :
BROOKS, P.O. JOHN DOE, and         :
P.O. JANE DOE,                :
                             :

               Defendants. :
                             :
------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

       This Opinion and Order resolves Plaintiff Kelly Price's motions to reconsider and to amend her complaint. Plaintiff filed this action *pro se* on July 24, 2015. On December 2, 2016, the Court granted Plaintiff leave to file a fourth amended complaint ("FAC") for the limited purpose of naming Inspector Olufunmilo F. Obe and Selvena Brooks (together with the City of New York, the "City Defendants") as defendants who allegedly blocked Plaintiff from viewing or posting replies to two Twitter accounts administered by the City of New York, namely, the account for the New York City Police Department's ("NYPD") 28th Precinct, @NYPD28PCT, and the account for the Mayor's Office to Combat Domestic Violence, @NYCAgainstAbuse. (Dkt. #30 at 13-14). On January 3, 2017, Plaintiff filed a FAC that was not compliant with the Court's December 2 order. (Dkt. #41). Among other deficiencies, the FAC failed to name Obe and Brooks as defendants, reasserted claims that the Court had previously

dismissed, and contained additional facts in support of other claims. (*Id.*).
Because Plaintiff failed to comply with the Court's December 2 Order, on
January 11, 2017, the Court struck the FAC, deemed the third amended
complaint ("TAC") to be the operative pleading, and added Obe and Brooks as
defendants under Rule 21 of the Federal Rules of Civil Procedure. (Dkt. #45).

By letter dated January 26, 2017, the City Defendants requested a pre-
motion conference concerning their anticipated motion to dismiss certain
claims in the TAC. (Dkt. #46). That same day, Plaintiff submitted a motion for
reconsideration of the January 3 Order that struck the FAC (Dkt. #47), and on
February 28, 2017, the City Defendants filed an opposition to Plaintiff's motion
(Dkt. #55). The Court thereafter held a conference on March 15, 2017, at
which the parties discussed both the anticipated motion to dismiss and the
motion for reconsideration.

Having considered carefully the parties' submissions and the arguments
made at the March 15 conference, and mindful of its obligation to construe a
*pro se* plaintiff's submissions liberally, *see Tracy* v. *Freshwater*, 623 F.3d 90,
101 (2d Cir. 2010), the Court construed Plaintiff's motion for reconsideration as
a hybrid motion for reconsideration and motion to amend the TAC. (Dkt. #58).
In an Order issued on April 4, 2017 (the "April 4 Order"), the Court directed the
City Defendants to submit letter briefs addressing the issue of whether Plaintiff
should be granted leave to file an amended pleading that limited Plaintiff to the
claims discussed in that Order. (*Id.*).

On April 14, 2017, the City Defendants filed their letter opposing

Plaintiff's motion to amend. (Dkt. #61). Also in response to the Court's

directive, former Defendants District Attorney of New York County Cyrus

Vance, the New York County District Attorney's Office ("DANY"), and various

employees of that Office (together, the "Former DANY Defendants") filed a letter

opposing Plaintiff's motion on April 18, 2017. (Dkt. #64). For the reasons

outlined below, Plaintiff's motion for reconsideration is granted in part and

denied in part. Plaintiff's motion for leave to amend the TAC is granted in part

and denied in part.

## DISCUSSION

### A. Plaintiff's Motion for Reconsideration Is Granted in Part and Denied in Part

#### 1. Applicable Law

The Court liberally construes Plaintiff's submission as a motion under

Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil

Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R.

Civ. P. 60(b) for relief from a judgment or order. *See Triestman* v. *Fed. Bureau*

*of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy*, 623 F.3d at 101

(observing that the solicitude afforded to pro se litigants takes a variety of

forms, including liberal construction of papers, "relaxation of the limitations on

the amendment of pleadings," leniency in the enforcement of other procedural

rules, and "deliberate, continuing efforts to ensure that a pro se litigant

understands what is required of [her]" (citations omitted)).

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.* v. *Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla* v. *Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc.* v. *Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP* v. *Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal citations omitted)). Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *See Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *id.* ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

## 2.     Analysis

With regard to the majority of Plaintiff's claims in the stricken FAC, the Court finds that Plaintiff seeks only to relitigate issues already decided by this Court and Judge Preska.  As indicated in the April 4 Order, therefore, the Court will only reconsider its decision to dismiss the TAC insofar as it applies to Plaintiff's (i) § 1983 claim under the First Amendment, against the City, Obe, and Brooks, related to their alleged blocking of Plaintiff from viewing two City-run Twitter accounts; (ii) § 1983 claim under the Fourth Amendment, against the City, John Doe, and Jane Doe, related to their alleged false arrest; (iii) § 1983 malicious prosecution claim under the Fourth Amendment, against the City and Det. Simmons, related to the prosecution that allegedly terminated in Plaintiff's favor on September 9, 2016; (iv) § 1983 substantive due process claims under the Fourteenth Amendment, related to Plaintiff's allegations of denial of services at the Family Justice Center and the Midtown North Precinct in 2015, along with her new allegations concerning District Attorney Vance, Raheem Powell, and the 137th Street Crew; (v) § 1983 claims under the First Amendment, against the City and Pierre-Louis, related to Pierre-Louis's alleged blocking of Plaintiff from viewing and posting replies to the @RPLNYC Twitter feed, as supplemented by statements made by Plaintiff at the March 15 conference; and (vi) claims related to incidents that allegedly occurred on November 17, 2016, and January 24, 2017, as described in Plaintiff's motion for reconsideration and at the March 15 conference.  (Dkt. #58).  Plaintiff's motion to reconsider these claims is granted because Plaintiff has provided the

5

Court with new evidence and arguments previously unavailable or overlooked. Plaintiff's motion to reconsider is denied as it applies to the rest of Plaintiff's FAC claims.

## B. Plaintiff's Motion for Leave to Amend Is Granted in Part and Denied in Part

### 1. Applicable Law

Reconsideration, however, is not the same thing as leave to amend, which implicates a different analysis. Federal Rule of Civil Procedure 15(a) permits a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts are to "freely give leave when justice so requires." *Id.*; *see also, e.g., McCarthy* v. *Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *Otegbade* v. *N.Y.C. Admin. for Children Servs.*, No. 12 Civ. 6298 (KPF), 2015 WL 851631, at *2 (S.D.N.Y. Feb. 27, 2015). "This permissive standard is consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits.'" *Williams* v. *Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (per curiam) (quoting *New York* v. *Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

However, leave to amend may be denied if the amendment would be futile. *See, e.g., Knife Rights, Inc.* v. *Vance*, 802 F.3d 377, 389 (2d Cir. 2015). Amendment is futile if the "amended portion of the complaint would fail to state a cause of action." *Parker* v. *Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000); *see also Kassner* v. *2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (holding that amended complaint must be "sufficient to withstand a motion to dismiss under [Federal Rule of Civil Procedure]

12(b)(6)").  Leave to amend may also be denied "when a party has been given ample prior opportunity to allege a claim," *De Jesus* v. *Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 72 (2d Cir. 1996), or "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant," *Cerni* v. *J.P. Morgan Sec. LLC*, No. 15 Civ. 5389 (AJN), 2016 WL 5805300, at *7 (S.D.N.Y. Sept. 20, 2016) (internal quotation mark omitted) (quoting *Kenney* v. *Clay*, 172 F. Supp. 3d 628, 643 (N.D.N.Y. 2016)).

## 2.    Analysis

### a.    Plaintiff's Motion to Amend to Reassert Claims as to Which Reconsideration Was Not Granted Is Denied

Because the Court will only reconsider its dismissal of the FAC with regard to the aforementioned categories of claims, Plaintiff's motion to amend her Complaint to include claims outside those categories is denied.  Even if the Court reconsidered its denial of these claims, many of the claims are time-barred such that any amendment to include them would be futile.  (*See* Dkt #17, 58).  Moreover, Plaintiff has failed to provide a satisfactory explanation for her failure to comply with the instructions she was given upon each of the several prior opportunities the Court afforded her to amend her pleading.  (*See* Dkt. #58).  Plaintiff had ample opportunity to amend her pleading properly, and failed to do so.  Plaintiff's motion to amend to reassert these claims is denied.

### b. Plaintiff's Motion to Amend to Bring Claims Against Individual City Defendants Relating to the November 17, 2016, and January 24, 2017 Incidents Is Granted

The City Defendants have not opposed, and so consent to, an amendment of Plaintiff's complaint that would "add claims against individual defendants regarding the November 17, 2016, and January 24, 2017 incidents." (Dkt. #61). Plaintiff's motion to amend to add these claims is granted.

### c. Plaintiff's Motion to Amend to Bring Claims as to Which Reconsideration Was Granted Against the City Defendants Is Granted

Defendants have opposed, however, Plaintiff's motion to amend her (i) § 1983 claim under the First Amendment, against the City, Obe, and Brooks, related to their alleged blocking of Plaintiff from viewing two City-run Twitter accounts; (ii) § 1983 claim under the Fourth Amendment, against the City, John Doe, and Jane Doe, related to their alleged false arrest; (iii) § 1983 malicious prosecution claim under the Fourth Amendment, against the City and Det. Simmons, related to the prosecution that allegedly terminated in Plaintiff's favor on September 9, 2016; (iv) § 1983 claims under the First Amendment, against the City and Pierre-Louis, related to Pierre-Louis's alleged blocking of Plaintiff from viewing and posting replies to the @RPLNYC Twitter feed, as supplemented by statements made by Plaintiff at the March 15 conference; and (v) *Monell* claim to include claims against the City regarding the November 17, 2016, and January 24, 2017 incidents. (Dkt. #61). The crux of the City Defendants' argument is futility; they allege that Plaintiff's proposed

amendments would be futile because the claims Plaintiff contemplates asserting in her amended pleading would be subject to dismissal. (*Id.*).[1]

The Court does not agree. On the current record, the Court cannot determine as a matter of law that Plaintiff's amended claims against the City Defendants would fail. These Defendants argue that Plaintiff will not be able to plead certain elements of her contemplated 42 U.S.C. § 1983 and *Monell* claims sufficiently to satisfy Federal Rules of Civil Procedure 8 and 12(b)(6). But they assume as much based on Plaintiff's failure to allege certain elements of her claims in her motion for leave to amend and her oral presentation to the Court. Again mindful of its obligations to "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and to construe a *pro se* plaintiff's submissions liberally, *see Tracy*, 623 F.3d at 101, the Court cannot determine at this stage that Plaintiff cannot plead sufficiently the claims that she has not yet had the opportunity to present fully to the Court. Absent any claim that an amendment would prejudice the City Defendants, the Court will grant Plaintiff this opportunity. Plaintiff may amend her complaint to raise the five claims enumerated at the start of this section. In this amended pleading, Plaintiff

---

[1]   Because the City Defendants do not allege that they would be prejudiced by an amendment (*see* Dkt. #61), the Court will not consider that argument. The Court will likewise not consider the City Defendants' arguments invoking Federal Rule of Civil Procedure 16. (*Id.*). The Court has not yet entered a scheduling order contemplated by Rule 16, and does not therefore believe Rule 16 is relevant.

would do well to address the deficiencies alleged by her adversaries in their letter opposing her motion to amend.

> **d.** **Plaintiff's Motion to Amend to Bring the Claims, as to Which Reconsideration Was Granted, Against the Former DANY Defendants Is Denied**

The Former DANY Defendants have opposed Plaintiff's motion to amend her § 1983 substantive due process claims under the Fourteenth Amendment, related to Plaintiff's allegations of denial of services at the Family Justice Center and the Midtown North Precinct in 2015, along with her new allegations concerning District Attorney Vance, Raheem Powell, and the 137th Street Crew. Like the City Defendants, the Former DANY Defendants allege that Plaintiff's proposed amendment would be futile. They also allege that an amendment would prejudice them.

The Court agrees. The Former DANY Defendants have provided the Court with evidence of the futility they allege. Namely, they have submitted a signed and sworn affidavit of the Bureau Chief who oversaw the investigation and prosecution of the 137th Street Crew, which affidavit indicates that "Raheem Powell was not a cooperating witness for DANY, nor did he testify in any proceedings related to the prosecution of the 137th Street Crew." (Dkt. #64, Ex. A). Because the alleged cooperation of Raheem Powell is the cornerstone of Plaintiff's allegations against the Former DANY Defendants, Plaintiff's claims unravel in its absence. Moreover, the Court credits the Former DANY Defendants' prejudice argument. The Former DANY Defendants "were dismissed from this suit some time ago because [P]laintiff failed to state a

claim against them." (Dkt. #64).  But Plaintiff has continued to reallege claims against the Former DANY Defendants despite those claims' repeated dismissal. The Court agrees that "[t]he perpetual nature of plaintiff's allegations, and having to respond to them, is patently unfair" to the Former DANY Defendants. (*Id.*).  Plaintiff's motion to amend to reassert claims against the Former DANY Defendants is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is GRANTED IN PART and DENIED IN PART.  Plaintiff's motion for leave to amend her Complaint is GRANTED IN PART and DENIED IN PART.  If Plaintiff still wishes to file an amended pleading, she must do so on or before **May 26, 2017**.  Plaintiff's amended complaint must adhere to the guidelines of this and the Court's prior orders.  Specifically, Plaintiff is not to reassert claims the dismissal of which this Opinion and Order does not disturb.  Plaintiff's adversaries have advised Plaintiff, in their April 14 opposition, January 26 pre-motion letter, and at the March 15 conference, of various deficiencies that they have identified in Plaintiff's pleading.  Plaintiff should address these issues in her amended pleading.

The Court understands that the City Defendants intend to file a motion to dismiss.  Their response, be it answer or motion to dismiss, must be filed on or before **June 26, 2017**.  If the response is a motion to dismiss, the City Defendants should include copies of any case cited in their papers, be it reported or unreported, in their mailing to Plaintiff.  And if it is a motion to

dismiss, Plaintiff's opposition will be due on or before **August 11, 2017.** The City Defendants' reply papers will be due on or before **August 31, 2017**; here, again, the City Defendants should include copies of any case cited in their papers. The Court has built in extra time into this schedule to account for delays in mailing and potential vacations. Accordingly, absent compelling circumstances, the Court will not extend these dates.

The Clerk of Court is directed to terminate the motions pending at Docket Entries 46 and 47. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:      April 21, 2017
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

A copy of this Order was mailed by Chambers to:

Kelly Price
534 W. 187th Street
Apt. # 7
New York, NY 10033

12