

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

DEBRA MARCH
phone: (212) 356-2410
fax: (212) 356-3508
dmarch@law.nyc.gov

October 6, 2017

**BY ECF and E-Mail**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

      Re:   Price v. City of New York, et al., 15-CV-5871 (KPF)

Your Honor:

      I am an Assistant Corporation Counsel in the New York City Law Department and the attorney assigned to represent the City of New York, Ms. Brooks, Inspector Obe, Rose Pierre-Louis, Detective Simmons, Lt. Corrado, Officer Staines, Officer Guichardo-Hermenegildo Cruz, Sgt. Shevitz, and Sgt. DeJesus in the above-captioned matter. In accordance with the Court's August 17, 2017 Order, I write to inform the Court that all defendants this Office expects to represent have been served. Additionally, I respectfully request that the Court stay Officer Guichardo-Hermenegildo Cruz's response to plaintiff's Complaint that is due today until such time as the Court issues a briefing schedule for defendants' anticipated motion to dismiss.

      As Your Honor may recall, on March 15, 2017, following a pre-motion conference, defendants were granted permission to move to dismiss certain claims pertaining to Inspector Obe, Ms. Brooks, and the City. Following that conference, plaintiff amended her complaint, adding in several additional parties. On June 12, 2017 the undersigned wrote to the Court to seek clarification on the current briefing schedule (Civil Docket Entry No. 74). On that same day, Your Honor adjourned the briefing schedule *sine die* in order for all the newly named defendants to be served. (Id. at No. 75). The Court instructed that after all these defendants were served, it would issue a new briefing schedule to avoid duplicative motion practice. (Id.). By Order dated August 17, 2017 the Court instructed that "[w]hen all of the Defendants have been served in this case, or when the deadlines for service have all lapsed (whichever comes first), the City Defendants' Counsel must advise the Court which of the City Defendants wish to file a motion to dismiss the Amended Complaint, so that the Court may set a briefing schedule for that contemplated motion." (Id. at 89). Since that date, all additional defendants this office expects to represent have been served. (Id. at Nos. 93-94, 96-97).

As discussed at the March 15, 2017 conference, defendants Inspector Obe and Ms. Brooks will move to dismiss the First Amendment claims against them.[1] Moreover, the newly added defendants Rose Pierre-Louis, Detective Simmons, Sgt. DeJesus, and Sgt. Shevitz will also move to dismiss the claims against them. In addition to the reasons discussed at our March 15, 2017 conference, Rose Pierre-Louis will move to dismiss the First Amendment claim against her because Ms. Pierre-Louis was acting in her *personal* capacity when she was operating her personal Twitter Account. Henderson v. Ctr. for Cmty. Alts., 911 F. Supp. 689, 707 (S.D.N.Y. 1996) (noting that "[t]o state a claim under the First Amendment or under 42 U.S.C. § 1983, the behavior complained of must be considered an action of the government, and not that of a private actor."). Detective Simmons will move to dismiss the Malicious Prosecution Claim against her because a desk appearance ticket with a single court appearance for that ticket is not "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 215-16 (2d Cir. 2000); Burg v. Gosselin, 591 F.3d 95, 101 (2d Cir. 2010) (finding "a pre-arraignment, non-felony summons requiring no more than a later court appearance does not constitute a Fourth Amendment seizure"). Sgt. DeJesus and Sgt. Shevitz will move to dismiss the failure to process report claims against them because this claim does not amount to a constitutional violation.[2] In addition the City will move to dismiss all claims against it because plaintiff has failed to plead a Monell claim.[3] Finally, Officer Staines, Lt. Corrado, and Officer Guichardo-Hermenegildo Cruz do not intend to move to dismiss the claims against them.

I currently have a summary judgment motion due on October 20, 2017 in Byrd v. the City of New York, 17-cv-2166 (AJP). I respectfully request that defendants' motion to dismiss be due on November 3, 2017. I contacted plaintiff to discuss scheduling, however, at that time plaintiff informed the undersigned that she would be writing to the Court to add additional claims.

Thank you for your time and consideration herein.

Respectfully submitted,
/S
Debra March
*Assistant Corporation Counsel*

cc:   **VIA FIRST CLASS MAIL**

---

[1] These reasons were also stated in defendants January 26, 2017 pre-motion conference letter. (Civil Docket Entry No. 46).

[2] Many of these claims have been previously discussed in defendants April 14, 2017 letter. (Civil Docket Entry No. 61). However, should the Court prefer that defendants file a pre-motion conference letter regarding the newly added defendants before they move to dismiss plaintiff's Amended Complaint, the newly added defendants will file a letter.

[3] Defendant City was given permission to move to dismiss the claims against it at the March 15, 2017 pre-motion conference. Since that date, plaintiff has additional claims in her Amended Complaint which the City will move to dismiss.

Kelly Price
*Plaintiff Pro Se*
534 W. 187th Street
Apt. 7
New York, N.Y. 10033