15-CV-5871 (KPF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY PRICE,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.

Defendants.

**DEFENDANTS THE CITY OF NEW YORK, SELVENA BROOKS, INSPECTOR OBE, ROSE PIERRE-LOUIS, DETECTIVE SIMMONS, SGT. SHEVITZ, AND SGT. DEJESUS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, NY 10007*

*Of Counsel: Debra March*
*Tel: (212) 356-2410*

# TABLE OF CONTENTS

|                                                                                                                                              | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| PLAINTIFF'S CLAIMS AGAINST ROSE PIERRE-LOUIS FAIL BECAUSE MS. PIERRE-LOUIS DID NOT ACT UNDER COLOR OF LAW | 2 |
| PLAINTIFF'S CLAIMS AGAINST THE GOVENRMENT RUN TWITTER ACOUNTS FAIL BECAUSE AT A MINIMUM QUALIFIED IMMUNITY APPLIES | 4 |
| PLAINTIFF'S SINGLE COURT APPEARANCE DOES NOT AMOUNT TO A DEPRIVATION OF LIBERTY | 6 |
| DEFENDANTS SGT. SHEVITZ AND SGT. DEJESUS DID NOT CAUSE A STATE CREATED DANGER BECAUSE PLAINTIFF HAD NO SPECIAL RELATIONSHIP WITH DEFENDANTS | 7 |
| CONCLUSION | 10 |

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                **Pages**

Ashcroft v. al-Kidd,
    563 U.S. 731 (2011)..................................................................................................5

Bishop v. Porter,
    2003 U.S. Dist. LEXIS 7625 (S.D.N.Y. May 8, 2003)..............................................2

Burg v. Gosselin,
    591 F.3d 95 (2d Cir. 2010)........................................................................................7

Deshaney v. Winnebago Cty. Dep't of Soc. Servs.,
    489 U.S. 189 (1989)...............................................................................................8, 9

Int'l Soc'y for Krishna Consciousness v. Lee,
    505 U.S. 672, 112 S. Ct. 2701 (1992)......................................................................5

Joseph Burstyn v. Wilson,
    343 U.S. 495 (1952).................................................................................................5

Knight First Amendment Institute at Columbia University et al. v. Donald J.
Trump President of the United States et al.,
    17-cv-5205 (NRB) ...................................................................................................3

Kopec v. Coughlin,
    922 F.2d 152 (2d Cir. 1991).....................................................................................3

Kovacs v. Cooper,
    336 U.S. 77 (1949)................................................................................................ 5-6

Estate of M.D. v. New York,
    241 F. Supp. 3d 413 (S.D.N.Y. 2017).................................................................8, 9

Monsky v. Moraghan,
    Docket No. 97-7015, 1997 U.S. App. LEXIS 36158 (2d Cir. Oct. 2, 1997)............2

Page v. Lexington Cty. Sch. Dist. One,
    531 F.3d 275 (4th Cir. 2008) ....................................................................................6

Packingham v. North Carolina,
    137 S. Ct. 1730 (2017).............................................................................................6

Plumhoff v. Rickard,
    134 S. Ct. 2012 (2014).............................................................................................5

Putnam Pit. Inc. v. City of Cookeville,
    221 F.3d 834 (6th Cir. 2000) ....................................................................................6

**Cases**                                                                                          **Pages**

Red Lion Broad. Co. v. FCC,
  395 U.S. 367 (1969)......................................................................................................6

Runge v. Collins,
  99 Civ. 9639 (CM), 2000 U. S. Dist. LEXIS 7677 (S. D.N.Y. May 22, 2000).........................7

Troy v. City of N.Y.,
  No. 13-cv-5082 (AJN),
  2014 U. S. Dist. LEXIS 136339 (S.D.N.Y. Sep. 25, 2014).......................................................7

Twitter, Inc. v. Sessions,
  No. 14-cv-04480-YGR,
  2017 U.S. Dist. LEXIS 104562 (N.D. Cal. July 6, 2017)..........................................................5

White v. Pauly,
  137 S. Ct. 548 (2017)..................................................................................................................5

Ying Jing Gan v. City of N.Y.,
  996 F.2d 522 (2d Cir. 1993)....................................................................................................8, 9

Zherka v. DiFiore,
  412 F. App'x 345 (2d Cir. 2011) ................................................................................................2

**Statutes**

Fed. R. Civ. P. 12(b) ........................................................................................................................3

Fed. R. Civ. P. 12(b)(6)....................................................................................................................1

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**PRELIMINARY STATEMENT**

On November 3, 2017, Selvena Brooks, Inspector Obe, Rose Pierre-Louis, Detective Simmons, Sgt. Shevitz, Sgt. DeJesus, and the City of New York moved to dismiss all claims against them pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. (See Civil Docket Entry Nos. 107-108). On December 4, 2017 plaintiff *pro se* Kelly Price submitted an opposition to defendants' motion to dismiss. (Civil Docket Entry No. 110).

The claims against Rose Pierre-Louis should be dismissed as Ms. Pierre-Louis was not acting under color of law when she blocked plaintiff on her *personal T*witter Account. Moreover, plaintiff has failed to address the lack of any controlling law in this jurisdiction, or even the confliction in other jurisdictions regarding the First Amendment as applied to social media. However, plaintiff's opposition does make clear that she attended court once for the October 14, 2010 DAT—which is not a sufficient deprivation of liberty for a malicious prosecution claim. Finally, plaintiff's claim that defendants had a special relationship with her because they failed to investigate a complaint is without merit.

Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss and respectfully request that, for the reasons set forth herein and in the defendants initial moving papers, the Court dismiss all claims against defendants Ms. Brooks, Inspector Obe, Ms. Pierre-Louis, Detective Simmons, Sgt. Shevitz, Sgt. DeJesus, and the City of New York.

### PLAINTIFF'S CLAIMS AGAINST ROSE PIERRE-LOUIS FAIL BECAUSE MS. PIERRE-LOUIS DID NOT ACT UNDER COLOR OF LAW

Plaintiff has not pled allegations that lead to the conclusion that Rose Pierre-Louis was acting under pretense of law when she blocked plaintiff from her *personal* Twitter Account. In her opposition, plaintiff correctly states that there is no bright line test between personal and private acts. However, plaintiff cites to no case law that shows factors that would lead the Court to conclude that a public employee's private speech becomes government action simply because she is employed by the government. To act under pretense of law "the defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." Monsky v. Moraghan. Docket No. 97-7015, 1997 U.S. App. LEXIS 36158, at *7 (2d Cir. Oct. 2, 1997)(internal quotations omitted). "[P]rivate acts . . . are not considered to be done under color of . . . law merely because the actor is a public official." Bishop v. Porter, 2003 U.S. Dist. LEXIS 7625, at *25-26 (S.D.N.Y. May 8, 2003)(internal quotations omitted). Simply because Ms. Pierre-Louis was the Commissioner during a period of time does not transform her personal account into a City account. See Zherka v. DiFiore, 412 F. App'x 345, 347 (2d Cir. 2011) (finding district attorney was not acting under color of law when she made a telephone call to a newspaper complaining about an article).

In plaintiff's opposition she asserts that Rose Pierre-Louis "intentionally labeled her Twitter handle with the suffix 'NYC.'" Pl. Opp., page 4. Regardless of intention, Ms. Pierre-Louis' inclusion of "NYC"—the place where she lived and worked—in her user name does not transform her personal account into a government account.[1] Further, the reasons why

---

[1] NYC was included in Rose Pierre-Louis' Twitter Account before her appointment as Commissioner and continues to be there even now that she has left City employment.

individuals chose to follow @RPLNYC are irrelevant as one could follow someone for a number of reasons—friends, coworkers, mutual interests.

The mere fact that Ms. Pierre-Louis promoted herself and her position does not mean that her personal account became the City's property. See Knight First Amendment Institute at Columbia University et al. v. Donald J. Trump President of the United States et al., 17-cv-5205 (NRB)(arguing that President Trump's Twitter account @realDonaldTrump is his personal twitter account even though he tweets about his job as President). Plaintiff's reasoning would lead to absurd consequences—based on plaintiff's logic it would follow that if an actor promotes a film he is in on his personal Twitter Account, his Twitter Account would become donated to the production company of the movie he starred in.

Plaintiff also attaches a number of documents outside the pleadings. Under Federal Rule of Civil Procedure 12(b) district courts can exclude the material outside the pleadings and decide the motion on the complaint alone, or consider the matters outside the pleadings and convert the motion to dismiss into one for summary judgment. Kopec v. Coughlin, 922 F.2d 152, 154 (2d Cir. 1991). However, if the motion is transformed into one for summary judgment all parties must be afforded the opportunity to submit supporting material. Id. Plaintiff has used material outside the pleadings in her opposition[2] including selected tweets by Rose Pierre-Louis during the month of October 2014. (Kelly Price Declaration, Exhibit A). The court should not consider these tweets as they are outside the pleadings and plaintiff has given no reason why the Court would be permitted to take judicial notice of these documents, or in fact any of the documents she attaches. However, should the Court consider them, the Court should take notice

---

[2] The exhibits to plaintiff's opposition differ from the exhibits attached to plaintiff's Amended Complaint.

of the entirety of Rose Pierre-Louis' twitter history. For example, during October 2014, Rose Pierre-Louis posted about her personal interests in October 2014— on October 6, 2014, Ms. Pierre-Louis tweeted "Thx @monroe_college, Dean Michelle Rodney, Prof. Joyce Smith & the amazing students for tonight's great dialogue on DV. #UpStanders #EndDV"; on October 12, 2014, Ms. Pierre-Louis tweeted "Great Op Ed by @sffny Judy Kluger on New York's trafficking courts save lives - NY Daily News http://m.nydailynews.com/opinion/judy-harris-kluger-new-york-trafficking-courts-save-lives-article-1.1970657#bmb=1 ..."; on October 23, 2014, Ms. Pierre-Louis tweeted "I love it! An ALL Female Mariachi Band performing at Violence Intervention Project's 30th Anniversary. Celebration" along with a photo. Ms. Pierre-Louis' posts about her life and her interests underscore the personal nature of her account.

Thus, Rose Pierre-Louis was not acting under color of law when she blocked plaintiff from her personal Twitter Account.

### PLAINTIFF'S CLAIMS AGAINST THE GOVENRMENT RUN TWITTER ACOUNTS FAIL BECAUSE AT A MINIMUM QUALIFIED IMMUNITY APPLIES[3]

Plaintiff has failed to respond to *any* of the case law presented demonstrating the unsettled nature of the First Amendment as applied to social media. Instead plaintiff argues with a high level of generality—that "[p]laintiff's right which was violated is the right to not be discriminated based upon her viewpoint." Pl. Opp., page 13. Plaintiff analogizes the

---

[3] For the reasons stated in defendants' memorandum of law the government speech doctrine should apply. While plaintiff's opposition discusses forum analysis at length, after reviewing the relevant case law defendants believe forum analysis is fact specific and thus not appropriate at this stage of the litigation. Additionally, plaintiff's attached exhibits on social media should be disregarded for the same reasons noted as Ms. Pierre-Louis' selected tweets as they are outside the pleadings. Even so, Exhibit B the City policy document does not contain a date and Exhibit C is a law review article on social media under Bill Bratton which is not an official policy document.

government blocking her on Twitter to forcefully removing a person from a Town Hall meeting. Pl. Opp., pages 7-8. However, the Supreme Court has repeatedly admonished Courts not to "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." Plumhoff v. Rickard, 134 S. Ct. 2012, 2023 (2014) (omission in original) (citation and internal quotation marks omitted). A right is clearly established when "existing precedent [places] the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011). Beyond dispute, as the Supreme Court has recently noted, requires a court to "identify a case where an officer acting under similar circumstances" violated the constitution. White v. Pauly, 137 S. Ct. 548, 552 (2017). Thus, the proper question is whether it was clearly established that a government actor's blocking an individual on Twitter is a constitutional violation—the lack of authority in this jurisdiction and confliction in others indicates that it was not.

Plaintiff alleges that defendants "cannot be entitled to qualified immunity simply because the technology or the interface changes with time." Pl. Opp. page 13.[4] While the First Amendment is clearly established, courts have historically struggled with its application to new forms of media. Joseph Burstyn v. Wilson, 343 U.S. 495, 503 (1952) (noting that "[e]ach method [of expression] tends to present its own peculiar problems"); Kovacs v. Cooper, 336 U.S.

---

[4] Plaintiff cited Int'l Soc'y for Krishna Consciousness v. Lee, 505 U.S. 672, 679, 112 S. Ct. 2701 (1992) to support her proposition that "the principal purpose of Twitter is to promote the free exchange of ideas." Pl. Opp, page 9. This case from 1992 has *nothing* to do with Twitter as Twitter did not exist until 2006. Additionally, another case plaintiff cites, Twitter, Inc. v. Sessions, does not have to do with forum analysis or government speech. The case discusses Twitter's seeking to publish in its report information which the government argued was classified information that would harm national security if disclosed. Twitter, Inc. v. Sessions, No. 14-cv-04480-YGR, 2017 U.S. Dist. LEXIS 104562, at *7 (N.D. Cal. July 6, 2017).

77, 97 (1949) (Jackson, J., concurring)(stating that "[t]he moving picture screen, the radio, the newspaper, the handbill, the sound truck and the street corner orator have differing natures, values, abuses and dangers. Each, in my view, is a law unto itself. . ."). The Supreme Court has acknowledged that "differences in the characteristics of new media justify differences in the First Amendment standards applied to them." Red Lion Broad. Co. v. FCC, 395 U.S. 367, 386 (1969) (footnotes omitted); Packingham v. North Carolina, 137 S. Ct. 1730, 1736 (2017)(noting that "[t]he forces and directions of the Internet are so new, so protean, and so far reaching that courts must be conscious that what they say today might be obsolete tomorrow"). Here, social media requires an analysis specific to this new forum as the First Amendment as applied to social media is "a law unto itself." As discussed at length in defendants' moving papers, the limited jurisdictions that have dealt with the First Amendment as applied to social media have given conflicting rulings. Compare Page v. Lexington Cty. Sch. Dist. One, 531 F.3d 275, 284 (4th Cir. 2008)(applying the government speech doctrine), with Putnam Pit. Inc. v. City of Cookeville, 221 F.3d 834, 842 (6th Cir. 2000)(applying the public forum analysis).  Thus, even if blocking of plaintiff on Twitter was a First Amendment violation, the individual defendants should be entitled to qualified immunity because the right was not clearly established.

### PLAINTIFF'S SINGLE COURT APPEARANCE DOES NOT AMOUNT TO A DEPRIVATION OF LIBERTY

In plaintiff's opposition, plaintiff apparently misstated defendants' argument. She states "[w]hile it may often be the case, as Defendants note, that a claim for malicious prosecution 'may arise only after an arraignment or indictment or some other evaluation by a neutral body that the charges [were] warranted,' this is only the case where the plaintiff in such cases had not been issued a desk appearance ticket ("DAT") or similar 'command to appear in court.'" Pl.

Opp., pages 14-15. Plaintiff further states, "[d]efendants are not the first to make this mistake." Pl. Opp., page 15. Defendants do not contend that a DAT does not initiate a criminal proceeding for purposes of malicious prosecution. Instead, defendants stated that plaintiff's DAT coupled with her single court appearance does not amount to a deprivation of her liberty interest as required by the Fourth Amendment. Burg v. Gosselin, 591 F.3d 95, 101 (2d Cir. 2010) (noting that "a pre-arraignment, non-felony summons requiring no more than a later court appearance does not constitute a Fourth Amendment seizure"). Plaintiff makes clear that she went to court *once* for this DAT— "Ms. Price was issued a DAT, requiring her to appear in court the following month." Pl. Opp., page 15. Plaintiff's claimed deprivation of liberty – the issuance of a DAT followed by a single Court appearance – is simply insufficient in the context of a malicious prosecution claim. Thus plaintiff's claim against Detective Simmons should be dismissed.

### DEFENDANTS SGT. SHEVITZ AND SGT. DEJESUS DID NOT CAUSE A STATE CREATED DANGER BECAUSE PLAINTIFF HAD NO SPECIAL RELATIONSHIP WITH DEFENDANTS

Plaintiff's claims against Sgt. Shevitz and Sgt. DeJesus for their failure to investigate her complaints should also be dismissed. As an initial matter, plaintiff has no right to have her complaint investigated. Troy v. City of N.Y., No. 13-cv-5082 (AJN), 2014 U. S. Dist. LEXIS 136339, at *15 (S.D.N.Y. Sep. 25, 2014)(noting that "[i]t is well established that '[t]here is ... no constitutional right to an investigation by government officials'"); Runge v. Collins, 99 Civ. 9639 (CM), 2000 U. S. Dist. LEXIS 7677, at *10 (S. D.N.Y. May 22, 2000) (noting that "[p]laintiff has no constitutional right to have police officers investigate [her] claims, and it is not a violation of [her] civil rights if they fail to do so"). Plaintiff points to no case law indicating that she has a right to have her complaints investigated. Instead, plaintiff attempts to revive the

"state created danger" argument, already asserted and dismissed against the ADA defendants, by arguing that "[b]y failing to properly investigate the issue, Defendants 'assisted in…increasing the danger to [Ms. Price]' by permitting the assailant to roam free and potentially assault or otherwise accost her at a subsequent time." Pl. Opp, page 17.

"The Second Circuit has emphasized that '[o]nly an affirmative act can amount to a violation of substantive due process, because the Due Process Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security.'" Estate of M.D. v. New York, 241 F. Supp. 3d 413, 424-25 (S.D.N.Y. 2017)(internal quotations omitted)(noting that "it is insufficient to allege that a state actor failed to protect an individual, even from a known danger of bodily harm or failed to warn that individual of such danger"). The purpose of the Due Process clause is "to protect the people from the State, not to ensure that the State protected them from each other." Deshaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 196 (1989). In Deshaney, the Court found no substantive due process violation as the state had no obligation to remove a child from his father's custody despite knowledge of the father's abuse, even though the state at one point took temporary custody of the child. Id. at 201-202.

"[I]n exceptional circumstances a governmental entity may have a constitutional obligation to provide such protection, either because of a special relationship with an individual…or because the governmental entity itself has created or increased the danger to the individual." Ying Jing Gan v. City of N.Y., 996 F.2d 522, 533 (2d Cir. 1993). "Special relationships that have been recognized to give rise to a governmental duty to protect against third-person attacks have included custodial relationships such as a prison and inmate or a mental institution and involuntarily committed patient, and the relationship between a social service

agency and foster child." Id. Additionally, when a state plays "no part in [the danger's] creation, nor did it do anything to render [the plaintiff] any more vulnerable to them" no substantive due process claim can be maintained. Deshaney, 489 U.S. at 201.

Here, plaintiff's allegations that defendants failed to "properly investigate the issue" does not amount to an affirmative act. Pl. Opp, page 17. Plaintiff makes a tenuous chain of events argument; that because defendants failed to investigate her complaint, defendants increased a danger to plaintiff. Pl. Opp, page 17. Even so, "it is insufficient to allege that a state actor failed to protect an individual, even from a known danger of bodily harm or failed to warn that individual of such danger." Estate of M.D., 241 F. Supp. 3d at 424 (internal quotations omitted). Plaintiff has not alleged *any* bodily harm resulted because of defendants conduct—not taking a report, just that she hypothetically could have been harmed. See Pl. Opp, page 17.

Plaintiff's alleged complaint does not constitute an "exceptional circumstance" in which a special relationship with defendants would have been created—as she was not in custody, in a mental institution, or a foster child. Ying Jing Gan, 996 F.2d at 533. Moreover, defendants played no part in the creation of the danger of plaintiff's assailant nor did they make plaintiff any more vulnerable to the assailant's abuse as they did not encourage the individual to harm her. See Deshaney, 489 U.S. at 196-98 (finding no state created danger nor any special relationship when the state was aware of a father's abuse of his child but did not remove the child from the father's custody). Thus, plaintiff did not have a special relationship with defendants and these claims should be dismissed.

## CONCLUSION

For the foregoing reasons, defendants Selvena Brooks, Inspector Obe, Rose Pierre-Louis, Detective Simmons, Sgt. Shevitz, Sgt. DeJesus, and the City of New York respectfully request that the Court grant their motion to dismiss together with such costs, fees and other and further relief as the Court deems just and proper.

Dated:   New York, New York
         December 18, 2017

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
Attorney for defendants
100 Church Street
New York, New York 10007

By: *Debra March*

Debra March
Assistant Corporation Counsel