UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KELLY PRICE,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS THE CITY OF NEW YORK AND DETECTIVE SIMMONS**

15-CV-5871 (KPF)

Jury Trial Demanded

ECF Case

        Defendants The City of New York and Detective Simmons by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "2" of the Amended Complaint.

        3. Deny the allegations in paragraph "3" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

        4. Deny the allegations in paragraph "4" of the Amended Complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

        5. Deny the allegations in paragraph "5" of the Amended Complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a

recitation of the relationship between defendant City and the Mayor's Office to Combat Domestic Violence.

6. Deny the allegations in paragraph "6" of the Amended Complaint, except admit that Selvena Brooks was employed by the City of New York.

7. Deny the allegations in paragraph "7" of the Amended Complaint, except admit that Rose Pierre-Louis was employed by the City of New York.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the Amended Complaint, except admit that Inspector Obe was employed by the NYPD in October 2014.

9. Deny the allegations in paragraph "9" of the Amended Complaint, except admit that Detective Simmons was employed by the NYPD in October 2010 and that her command was the 28 Detective Squad.

10. Deny the allegations in paragraph "10" of the Amended Complaint, except admit that Officer John Staines was employed by the NYPD on July 2, 2015 and his command was the Midtown North Precinct.

11. Deny the allegations in paragraph "11" of the Amended Complaint, except admit that Officer Iselaine Guichardo-Hermenegildo Cruz was employed by the NYPD on July 2, 2015 and her command was the Midtown North Precinct.

12. Deny the allegations in paragraph "12" of the Amended Complaint, except admit that Lt. Nicholas Corrado was employed by the NYPD on July 2, 2015 and his command was the Midtown North Precinct.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the Amended Complaint as they pertain to unidentified defendants.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the Amended Complaint as they pertain to unidentified defendants.

15. Deny the allegations in paragraph "15" of the Amended Complaint except state that they are legal conclusions to which no response is required.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the Amended Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the Amended Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Amended Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the Amended Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the Amended Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the Amended Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the Amended Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the Amended Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the Amended Complaint, except admit that plaintiff was arrested on October 13, 2010.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "28" of the Amended Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the Amended Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "30" of the Amended Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "31" of the Amended Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the Amended Complaint.

33. Deny the allegations in paragraph "33" of the Amended Complaint, except admit that Detective Simmons met with plaintiff on October 13, 2010.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the Amended Complaint.

35. Deny the allegations in paragraph "35" of the Amended Complaint.

36. Deny the allegations in paragraph "36" of the Amended Complaint.

37. Deny the allegations in paragraph "37" of the Amended Complaint.

38. Deny the allegations in paragraph "38" of the Amended Complaint.

39. Deny the allegations in paragraph "39" of the Amended Complaint.

40. Deny the allegations in paragraph "40" of the Amended Complaint.

41. Deny the allegations in paragraph "41" of the Amended Complaint.

42. Deny the allegations in paragraph "42" of the Amended Complaint.

43. Deny the allegations in paragraph "43" of the Amended Complaint.

44. Deny the allegations in paragraph "44" of the Amended Complaint.

45. Deny the allegations in paragraph "45" of the Amended Complaint, except admit that plaintiff was given a Desk Appearance Ticket.

46. Deny the allegations in paragraph "46" of the Amended Complaint.

47. Deny the allegations in paragraph "47" of the Amended Complaint.

48. Deny the allegations in paragraph "48" of the Amended Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "49" of the Amended Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "50" of the Amended Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "51" of the Amended Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "52" of the Amended Complaint.

53. Deny the allegations in paragraph "53" of the Amended Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "54" of the Amended Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "55" of the Amended Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "56" of the Amended Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "57" of the Amended Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "58" of the Amended Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "59" of the Amended Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "60" of the Amended Complaint.

61. Deny the allegations in paragraph "61" of the Amended Complaint.

62. Deny the allegations in paragraph "62" of the Amended Complaint.

63. Deny the allegations in paragraph "63" of the Amended Complaint, except admit that plaintiff was present at the Midtown North Precinct on July 2, 2015.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "64" of the Amended Complaint, except admit that Lt. Corrado was

the Patrol Supervisor that day and further admit that his name was provided to plaintiff pursuant to a Valentin order.

65. Deny the allegations in paragraph "65," except admit that no complaint was taken.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "66" of the Amended Complaint.

67. Deny the allegations in paragraph "67" of the Amended Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "68" of the Amended Complaint.

69. Deny the allegations in paragraph "69" of the Amended Complaint, except Lt. Corrado admits that he instructed Officer Guichardo-Hermenegildo Cruz to come to the precinct and Officer Guichardo-Hermenegildo Cruz admits that she was present in the waiting area at the precinct.

70. Deny the allegations in paragraph "70" of the Amended Complaint.

71. Deny the allegations in paragraph "71" of the Amended Complaint, except admit that Lt. Corrado informed plaintiff that she would be going to a hospital.

72. Deny the allegations in paragraph "72" of the Amended Complaint, except admit that plaintiff was placed in handcuffs.

73. Deny the allegations in paragraph "73" of the Amended Complaint, except admit that Officer Guichardo-Hermenegildo Cruz waited with plaintiff.

74. Deny the allegations in paragraph "74" of the Amended Complaint, except admit that plaintiff was placed in the ambulance and Officer Guichardo-Hermenegildo Cruz rode in the ambulance with plaintiff.

75. Deny the allegations in paragraph "75" of the Amended Complaint, except admits that she rode in the ambulance with plaintiff.

76. Deny the allegations in paragraph "76" of the Amended Complaint, except admit that Officer Staines was present at Bellevue Hospital.

77. Deny the allegations in paragraph "77" of the Amended Complaint, except admit that Officer Guichardo-Hermenegildo Cruz and Officer Staines were present at Bellevue Hospital.

78. Deny the allegations in paragraph "78" of the Amended Complaint.

79. Deny the allegations in paragraph "79" of the Amended Complaint, except admit that plaintiff's handcuffs were removed at the hospital.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "80" of the Amended Complaint.

81. Deny the allegations in paragraph "81" of the Amended Complaint.

82. Deny the allegations in paragraph "82" of the Amended Complaint,

83. Deny the allegations in paragraph "83" of the Amended Complaint,

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "84" of the Amended Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "85" of the Amended Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "86" of the Amended Complaint, and its subsections "a" through "d."

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "87" of the Amended Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "88" of the Amended Complaint, and its subsections "a" through "d."

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "89" of the Amended Complaint.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "90" of the Amended Complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "91" of the Amended Complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "92" of the Amended Complaint.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "93" of the Amended Complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "94" of the Amended Complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "95" of the Amended Complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "96" of the Amended Complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "97" of the Amended Complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "98" of the Amended Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "99" of the Amended Complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "100" of the Amended Complaint.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "101" of the Amended Complaint.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "102" of the Amended Complaint, and its subsections "a" through "b."

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "103" of the Amended Complaint.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "104" of the Amended Complaint.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "105" of the Amended Complaint, and its subsections "a" through "e."

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "106" of the Amended Complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "107" of the Amended Complaint.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "108" of the Amended Complaint.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "109" of the Amended Complaint.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "110" of the Amended Complaint.

111. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "111" of the Amended Complaint.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "112" of the Amended Complaint.

113. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "113" of the Amended Complaint.

114. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "114" of the Amended Complaint, and its subsections "a" through "c."

115. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "115" of the Amended Complaint.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "116" of the Amended Complaint.

117. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "117" of the Amended Complaint.

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "118" of the Amended Complaint.

119. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "119" of the Amended Complaint, and its subsections "a" through "e."

120. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "120" of the Amended Complaint.

121. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "121" of the Amended Complaint.

122. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "122" of the Amended Complaint.

123. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "123" of the Amended Complaint.

124. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "124" of the Amended Complaint.

125. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "125" of the Amended Complaint.

126. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "126" of the Amended Complaint.

127. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "127" of the Amended Complaint.

128. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "128" of the Amended Complaint.

129. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "129" of the Amended Complaint.

Case 1:15-cv-05871-KPF   Document 118   Filed 07/27/18   Page 13 of 20

130. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "130" of the Amended Complaint.

131. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "131" of the Amended Complaint.

132. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "132" of the Amended Complaint.

133. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "133" of the Amended Complaint.

134. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "134" of the Amended Complaint.

135. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "135" of the Amended Complaint.

136. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "136" of the Amended Complaint.

137. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "137" of the Amended Complaint.

138. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "138" of the Amended Complaint.

139. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "139" of the Amended Complaint.

140. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "140" of the Amended Complaint.

141. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "141" of the Amended Complaint.

142. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "142" of the Amended Complaint.

143. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "143" of the Amended Complaint.

144. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "144" of the Amended Complaint.

145. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "145" of the Amended Complaint.

146. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "146" of the Amended Complaint.

147. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "147" of the Amended Complaint.

148. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "148" of the Amended Complaint.

149. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "149" of the Amended Complaint.

150. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "150" of the Amended Complaint.

151. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "151" of the Amended Complaint.

152. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "152" of the Amended Complaint.

153. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "153" of the Amended Complaint.

154. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "154" of the Amended Complaint.

155. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "155" of the Amended Complaint.

156. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "156" of the Amended Complaint.

157. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "157" of the Amended Complaint.

158. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "158" of the Amended Complaint.

159. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "159" of the Amended Complaint.

160. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "160" of the Amended Complaint.

161. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "161" of the Amended Complaint.

162. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "162" of the Amended Complaint.

163. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "163" of the Amended Complaint.

164. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "164" of the Amended Complaint.

165. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "165" of the Amended Complaint.

166. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "166" of the Amended Complaint.

167. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "167" of the Amended Complaint.

168. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "168" of the Amended Complaint.

169. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "169" of the Amended Complaint.

170. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "170" of the Amended Complaint.

171. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "171" of the Amended Complaint.

172. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "172" of the Amended Complaint.

173. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "173" of the Amended Complaint.

174. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "174" of the Amended Complaint.

175. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "175" of the Amended Complaint.

176. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "176" of the Amended Complaint.

177. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "177" of the Amended Complaint.

178. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "178" of the Amended Complaint.

179. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "179" of the Amended Complaint.

180. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "180" of the Amended Complaint.

181. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "181" of the Amended Complaint.

182. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "182" of the Amended Complaint, and its subsections "a" through "d."

183. Deny the allegations in paragraph "183" of the Amended Complaint.

184. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "184" of the Amended Complaint, and its subsections "a" through "c."

185. Deny the allegations in paragraph "185" of the Amended Complaint.

186. Deny the allegations in paragraph "186" of the Amended Complaint except state that they are legal conclusions to which no response is required.

187. Deny the allegations in paragraph "187" of the Amended Complaint except state that they are legal conclusions to which no response is required.

188. Deny the allegations in paragraph "188" of the Amended Complaint except state that they are legal conclusions to which no response is required.

189. Deny the allegations in paragraph "189" of the Amended Complaint except state that they are legal conclusions to which no response is required.

190. Deny the allegations in paragraph "190" of the Amended Complaint except state that they are legal conclusions to which no response is required.

### FIRST AFFIRMATIVE DEFENSE

191. The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

192. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### THIRD AFFIRMATIVE DEFENSE:

193. Punitive damages cannot be assessed against defendants the City of New York or Detective Simmons in her official capacity.

**FOURTH AFFIRMATIVE DEFENSE:**

194. Defendant Detective Simmons has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE:**

195. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

**SIXTH AFFIRMATIVE DEFENSE:**

196. There was probable cause for plaintiff's arrest and detention.

**SEVENTH AFFIRMATIVE DEFENSE:**

197. The plaintiff failed to mitigate her alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE:**

198. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants the City of New York or Detective Simmons.

**NINTH AFFIRMATIVE DEFENSE:**

199. At all times relevant to the acts alleged in the Amended Complaint, defendant Detective Simmons acted reasonably in the proper and lawful exercise of her discretion.

**TENTH AFFIRMATIVE DEFENSE:**

200. To the extent that plaintiff alleges claims under New York State law, such claims may be barred, in whole or in part, because of plaintiff's failure to comply with New York General Municipal Law §§ 50(e), *et seq.*

**ELEVENTH AFFIRMATIVE DEFENSE:**

201. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**WHEREFORE,** defendants the City of New York and Detective Simmons request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 27, 2018

                                ZACHARY W. CARTER
                                Corporation Counsel of the
                                  City of New York
                                *Attorney for the City of New York and Detective Simmons*

                       By:      _____/S_____
                                Debra March
                                Assistant Corporation Counsel
                                Special Federal Litigation Division
                                New York City Law Department
                                100 Church Street
                                New York, New York 10007
                                (212) 356-2410

cc:   VIA ECF
      Kelly Price
      *Plaintiff Pro Se*