J3B7PRIC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   KELLY PRICE,

4                  Plaintiff,

5              v.                          15 Civ. 5871 (KPF)

6   CITY OF NEW YORK, et al.,

7                  Defendants.

8   ------------------------------x
                                          New York, N.Y.
9                                         March 11, 2019
                                          3:30 p.m.
10
    Before:
11
                        HON. KATHERINE POLK FAILLA
12
                                          District Judge
13
                          APPEARANCES
14
    CRAVATH SWAINE & MOORE LLP
15       Attorneys for Plaintiff
    BY:  KELSIE ANN DOCHERTY
16       AMANDA BAKOWSKI
         DAMARIS HERNANDEZ
17
    MICHAEL A. CARDOZO
18       Corporation Counsel of the
         City of New York
19       Attorney for Defendants
    BY:  DEBRA MARCH
20       Assistant Corporation Counsel

21

22

23

24

25

J3B7PRIC

1          (In open court)

2          (Case called)

3          MS. DOCHERTY:  Good afternoon, your Honor.  Kelsie

4    Docherty, Cravath Swaine & Moore, on behalf of Ms. Price.

5          THE COURT:  Ms. Docherty, good afternoon.  Thank you

6    very much.

7          MS. BAKOWSKI:  Amanda Bakowski, from Cravath Swaine &

8    Moore, also for Ms. Price.

9          THE COURT:  As between the two of you, is there one to

10   whom I should be directing questions?

11         MS. DOCHERTY:  I will take questions.

12         THE COURT:  All right, Ms. Docherty.  Thank you.

13         And you have as well someone else in the firm?

14         MS. HERNANDEZ:  Good afternoon, your Honor.  Damaris

15   Hernandez of Cravath Swaine & Moore, on behalf Ms. Price.

16         THE COURT:  Thank you very much.

17         Representing the defendants?

18         MS. MARCH:  Good afternoon, your Honor.  Debra March

19   on behalf of the City defendants from corporation counsel.

20         THE COURT:  Thank you.

21         All right.  The reason we're holding this conference

22   is that we've had some conferences in this case with Ms. Price.

23   And may I understand, Ms. Docherty, is she not expected to be

24   here today?

25         MS. DOCHERTY:  She is on her way.  She is running a

J3B7PRIC

1    little late, but she is on her way.

2           THE COURT:  Yes, OK, I understand.  And there have

3    been -- after we went through the initial round of motion

4    practice and there were a number of amendments to the

5    complaint, we were in discovery, and I got the sense that there

6    were some issues or concerns that Ms. Price had with

7    participating in discovery, so we sought out counsel and we now

8    have counsel.

9           I was wondering, have you -- and by you I mean the

10   folks at the front table and the folk at the back table -- have

11   you had a chance at all to discuss discovery in this case?

12          MS. DOCHERTY:  We've discussed it briefly.

13          THE COURT:  Ms. Docherty, if I can ask you to stand.

14   It's easier to see you because of the placement of monitors in

15   this courtroom.  Thank you very much.

16          MS. DOCHERTY:  Ms. March and I discussed it briefly

17   last week, and we believe something along the lines of the

18   discovery schedule that had been previously set would be

19   appropriate.

20          THE COURT:  OK, let me speak to Ms. March.

21          Ms. March, you know better than I do how far we got in

22   discovery.  Is it fair to say not that far?

23          MS. MARCH:  That's correct, your Honor.

24          THE COURT:  OK.  Much as I don't want to say this --

25   as the words leave my lips, I want to reel them back -- should

J3B7PRIC

1  we start again and enter a new case management plan in this

2  case?

3          MS. MARCH:  Your Honor, I believe that is a good idea.

4          THE COURT:  If I enter a new case management plan in

5  this case and it's the typical 120 days for fact discovery and

6  45 days for expert discovery, will it be completed?

7          MS. MARCH:  Your Honor, on my end -- and I believe we

8  briefly discussed this on Friday -- perhaps five months or a

9  little bit longer than your Honor's typical discovery schedule

10 would be better suited for this case.

11         THE COURT:  Showing you that I am not always

12 unreasonable, may I understand why a longer fact discovery

13 period would be useful here?  Given that, I have to assume at

14 least on your end discovery was gathered and prepared for

15 production; is that correct?

16         MS. MARCH:  Yes, your Honor, we have discovery ready

17 that I did send Ms. Price.  We did not receive any responses to

18 our discovery responses, which I know plaintiff's counsel are

19 going to be working with her to get us responses.  And it's

20 also building in time for them to come up to speed, for us to

21 decide about scheduling of depositions, and to allow us

22 sufficient time to do that.

23         THE COURT:  I understand.  Do you contemplate

24 third-party discovery in this case?

25         MS. MARCH:  At this time, no, your Honor.

J3B7PRIC

1        THE COURT:  Did you receive, to the extent you need

2    them, the HIPAA authorizations that are ordinarily exchanged

3    early on in the case?

4        MS. MARCH:  Yes, your Honor, I believe so, I did

5    receive the HIPAA from Ms. Price.

6        THE COURT:  OK.  And were there other -- I have a

7    recollection of other releases that may have been signed at the

8    beginning, or a reluctance on Ms. Price's part to sign other

9    releases.  Perhaps I'm mistaken.  Were there other releases?

10       MS. MARCH:  Your Honor, you may be referring to when

11   we had our conference about Ms. Price responding to defendant's

12   discovery requests, we requested medical releases for any prior

13   treatment, and I know she had some questions about the scope of

14   that for your Honor, and we discussed that at the conference,

15   but we're now technically setting anew with her responding to

16   those.

17       THE COURT:  Then that is what I'm remembering.  Thank

18   you very much.

19       Ms. March, while I have you standing, is there

20   anything else you would like me to know about discovery in this

21   case or about other what I will call next steps in this

22   litigation?

23       MS. MARCH:  Nothing else, your Honor.

24       THE COURT:  OK, thank you very much.

25       All right, Ms. Docherty, let me please hear from you.

J3B7PRIC

1    You will learn that I'm not a huge fan of extending discovery

2    or having protracted discovery, but certainly if the case calls

3    for it I will do that.

4           Do I understand that because of your relative newness

5    to this case you would need the additional time to build that

6    relationship with your client that would allow you to make sure

7    that the discovery that you do produce is complete?

8           MS. DOCHERTY:  I do think that would be useful, yes.

9           THE COURT:  OK.  Tell me what else you would like me

10   to know, please.

11          MS. DOCHERTY:  I think that's it, but I do want to let

12   your Honor know that we do intend to assist Ms. Price

13   throughout the discovery and trial in this case.

14          THE COURT:  And you've met Ms. Price before, yes?

15          MS. DOCHERTY:  Yes.

16          THE COURT:  And you are meeting her again.

17          Ms. Price, please, I will let you be seated.  That's

18   fine.

19          Ms. Docherty, could I please have you introduce your

20   client and her service animal on the record.

21          MS. DOCHERTY:  Here we have Ms. Kelly Price and Frank

22   Sinatra her service animal.

23          THE COURT:  Well, both are welcome, and I thank you

24   very much.

25          Ms. Price, what we have been talking about is

J3B7PRIC

1    discovery in this case.  You have attorneys now, and they will

2    help you understand the specifics of discovery.  But you and I

3    have spoken previously about the purposes that discovery serves

4    and the types of discovery that are available.

5              It is my understanding from your attorney and from the

6    attorneys form the City defendants that even though we had a

7    schedule already, it makes sense to begin again, to have you

8    and your attorneys speak about what you have and what is

9    appropriately produced, and to have the city defendants as well

10   rethink what it is they've sought and what is appropriately

11   sought.

12             So that's what you've walked in on.  And I believe

13   what we were talking about is the fact that I think the parties

14   should get together and perhaps give me a revised case

15   management plan.  Can I have it by the end of the week if I ask

16   nicely?  I see nods.  OK, that's a good thing.  Today is only

17   Monday, so we should be able to get it done by Friday.

18             And I am understanding as well, Ms. Price, that

19   normally I allow 120 days, four months, for discovery, but I am

20   understanding here that for a number of reasons, including your

21   counsel's relative newness to the case, we're going to ask for

22   a little bit more time in discovery.  So, I will approve a

23   reasonable case management plan.

24             Ms. Docherty, let me ask you this.  Since this is our

25   first meeting together on this case, are you familiar with the

J3B7PRIC

1    various forms of ADR that the court offers?  And, if there

2    comes a point in time where that would be useful, would you let

3    me know?

4         MS. DOCHERTY:  I will.  I am surface level familiar,

5    but I will become more familiar and will certainly let you

6    know.

7         THE COURT:  Let me give you the CliffsNotes version

8    please, and hopefully I don't date myself with that reference.

9    There is a magistrate judge who is assigned to the case, and

10   that is Judge Freeman, and if at any time both sides would like

11   to have a settlement conference before Judge Freeman, you need

12   only ask me, and I can give a referral order to her for that

13   purpose.

14        There is as well a court-sponsored mediation program.

15   Ms. Price, did you deal at all with the mediators early on in

16   this case?

17        MS. PRICE:  No, not in this case, your Honor, but in

18   my litigation against Reuters I went through the process with

19   Honorable Judge Parker.

20        THE COURT:  Yes.  OK, thank you.  And she is a

21   magistrate judge, and that would be one track.

22        There is a separate track of court-appointed

23   mediators.  They tend to be -- and I believe they all are --

24   attorneys with significant experience who have decided for any

25   number of reasons to give back to the SDNY community by serving

J3B7PRIC

1    as mediators.  If it is appropriate, we can have a mediator

2    appointed.  We look sometimes at their backgrounds, at their

3    areas of expertise, and we look as well at their availability,

4    because for some folks it is preferable to have, for example, a

5    very concentrated period at the front end; for other folks it's

6    an evolutionary process that takes months.  So, there are

7    different mediators who have different time commitments and

8    availability.

9         The third option is of course that I can hold a

10   settlement conference.  But I always tell people that I

11   understand that if they don't want me to participate, because I

12   would be presiding at any trial of the matter, and for some

13   folks that is a concern, so I take no offense.

14        But I just wanted to make sure that you were aware of

15   that, because at some point I may ask the parties what their

16   views are.  You don't have to have them today, but at some

17   point you might have to have them.

18        Ms. Docherty, let me ask you this, please.  Have you

19   thought about expert discovery in this case?

20        MS. DOCHERTY:  We have not fully developed our opinion

21   on that at this time.

22        THE COURT:  OK.  So we should schedule it in case it

23   is something that the parties decide to do.

24        MS. DOCHERTY:  Yes, please.

25        THE COURT:  Thank you.

J3B7PRIC

1          And, Ms. March, is it your intention to have expert

2     discovery if the plaintiff has an expert?  I will try that

3     question in a way that sounds more coherent.

4          Some folks say to me that they will only have rebuttal

5     experts and will not have them in the first instance and

6     therefore they're waiting to see what the other side does.

7     Other folks say that, irrespective of their adversary, they

8     will have expert discovery.  Do you have thoughts on it?

9          MS. MARCH:  Your Honor, my thoughts right now is I

10    would like to see if the other side is going to have an expert

11    before we make our decision.

12         THE COURT:  OK, thank you.

13         Let me ask this:  Are there any other issues about the

14    case that we should be talking about separate and apart from

15    discovery?

16         This is a discovery conference, and I had it because I

17    wanted to meet new counsel and welcome them to the case and

18    thank them for their work on the case even before they really

19    begin such work in earnest.  But if there are other lingering

20    issues, I wanted to know that as well.

21         Are there any, Ms. Docherty?

22         MS. DOCHERTY:  Not on our end.

23         THE COURT:  Ms. March, anything at your henned?

24         MS. MARCH:  Not anything on my end, your Honor.

25         THE COURT:  OK.  Well, I thank you very much.

J3B7PRIC

1              Ms. Price, this is a shorter conference than usual,

2      but that's OK, that's because we've gotten so much done.  Thank

3      you all for coming.  We are adjourned.  Thank you.

4              (Adjourned)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25