UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Kelly Price,

                                        Plaintiff,

                    vs.                                                    15-cv-5871 (KPF)

City of New York, *et al*.,

                                        Defendants.

# MEMORANDUM OF LAW
# IN SUPPORT OF UNOPPOSED MOTION TO SUBSTITUTE NAMES OF
# JOHN AND JANE DOE DEFENDANTS

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Plaintiff Kelly Price*

November 15, 2019

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................ ii

Statement of Facts .................................................................................................................. 1

Argument ................................................................................................................................ 2

Conclusion ............................................................................................................................. 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hogan v. Fischer*,
    738 F.3d 509 (2d Cir. 2013)............................................................................................3

*Jaghory v. New York State Dep't of Educ.*,
    131 F.3d 326 (2d Cir. 1997)............................................................................................3

*Pasternack v. Shrader*,
    863 F.3d 162 (2d Cir. 2017)............................................................................................3

*Rothman v. Gregor*,
    220 F.3d 81 (2d Cir. 2000)..............................................................................................3

*State Teachers Ret. Bd. v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1981)............................................................................................2

**Statutes & Rules**

Fed. R. Civ. P. 15(a) ............................................................................................................2

Plaintiff, Kelly Price, respectfully submits this memorandum in support of the unopposed motion to amend the operative complaint to substitute the names Stephen Mears and Alison Schmitt in place of Defendants John Doe and Jane Doe, respectively.

<u>Statement of Facts</u>

Plaintiff filed the operative Fourth Amended Complaint on May 26, 2017. (Dkt. No. 69.)  On June 2, 2017, the Court issued a *Valentin* order, directing the Metropolitan Transportation Authority ("MTA") to "ascertain the identities of the Jane Doe and John Doe Defendants whom Plaintiff seeks to sue here and the addresses where these Defendants may be served" and to "provide this information to Plaintiff and the Court within 60 days of the date of this Order".  (Dkt. No. 72 at 2.)  The order stated that the "Court will then deem the Complaint amended to name the John and Jane Doe Defendants".  (*Id.*)  The MTA did not comply with the Court's June 2, 2017 order.

Plaintiff has since discovered the names of the John and Jane Doe Defendants via a FOIL request and response to a third-party subpoena directed to the MTA.  On October 29, 2019, Plaintiff's counsel received the FOIL response containing the MTA Incident Report for the relevant incident.  (*See* Bakowski Decl. Ex. A.)  On November 8, 2019, Plaintiff's counsel confirmed with counsel for the City Defendants[1] that they do not oppose the substitution of names for the John and Jane Doe Defendants. (*See* Bakowski Decl. ¶ 5.)  Accordingly, Plaintiff respectfully requests that the Court substitute the names Stephen Mears and Alison Schmitt for the John Doe and Jane Doe Defendants, respectively.

---

[1] As defined in this Court's June 25, 2018 opinion and order, the City Defendants are the City of New York and its employees that are named as defendants in this case.  (*See* Dkt. No. 114 at 2.)

<u>Argument</u>

Pursuant to Federal Rules of Civil Procedure Rule 15(a), a party may amend its pleading once as a matter of course, and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires". Fed. R. Civ. P. 15(a). As Plaintiff has already amended her complaint once as a matter of course, Plaintiff has requested the City Defendants' consent to the substitution of names for the current John Doe and Jane Doe Defendants. The City Defendants have consented to the amendment substituting the names of the John and Jane Doe Defendants.

The Court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), absent a showing of undue delay, bad faith, futility of the amendment, or prejudice to the opposing party, *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). Plaintiff has not exhibited any undue delay or bad faith. Plaintiff acted diligently in notifying the City Defendants and subsequently filing this motion upon discovering the names of the John and Jane Doe MTA officers. Plaintiff's counsel received a FOIL response regarding the relevant incident on October 29, 2019. (Bakowski Decl. ¶ 2.) After discussion with the City Defendants on November 8, 2019, Plaintiff promptly filed the instant motion.[2]

Nor will Plaintiff's request prejudice the Defendants. The City Defendants have consented to this motion, and Plaintiff does not seek to add any factual allegations to the Complaint or add any new causes of action. Rather, Plaintiff seeks only to substitute Stephen Mears and Alison Schmitt for the John Doe and Jane Doe MTA

---

[2] For the same reason, even if the Court construes the request as requiring an amendment to the Case Management and Scheduling Order, Plaintiff has demonstrated good cause under Rule 16 by acting diligently upon learning the names of the John and Jane Doe Defendants.

Defendants currently named in the operative complaint, which was previously sent to the MTA, along with the Court's *Valentin* order.  (Dkt. No. 72.)

Finally, amendment in this case would not be futile, as the statute of limitations has not yet expired.  *See Pasternack v. Shrader*, 863 F.3d 162, 175 (2d Cir. 2017) (noting that "the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes") (quoting *Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000)).  The applicable statute of limitations period in New York is three years for a Section 1983 action.  *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).  The statute of limitations begins to run "once the plaintiff knows of the injury on which the claim is based".  *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997).  In this case, the incident regarding MTA officers Stephen Mears and Alison Schmitt took place on November 18, 2016.  (Bakowski Decl. Ex. A.)  Therefore, the earliest any statute of limitations could conceivably expire is November 18, 2019.[3]

<u>Conclusion</u>

For the reasons identified above, Plaintiff respectfully requests that the Court grant the unopposed motion to substitute Stephen Mears and Alison Schmitt for the John Doe and Jane Doe Defendants in the operative complaint.

---

[3] Plaintiff does not concede that the statute of limitations accrued on a particular date for each of her claims, but for purposes of this motion, Plaintiff asserts that the *earliest* possible accrual date would be November 18, 2016.

November 15, 2019

Respectfully submitted,


CRAVATH, SWAINE & MOORE LLP,

by
_____
/s/ Kelsie Docherty
Kelsie Docherty


Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
kdocherty@cravath.com

*Attorney for Plaintiff Kelly Price*

4