UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

KELLY PRICE,

                                        Plaintiff,

                 -against-

THE CITY OF NEW YORK, et al.,

                                        Defendants.

------------------------------------------------------------------------- x

**ANSWER TO FIFTH AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, DETECTIVE LINDA SIMMONS, OFFICER JOHN STAINES, OFFICER ISELAINE GUICHARDO-HERMENEGILDO CRUZ, AND LEIUTENANT NICHOLAS CORRADO[1]**

15-CV-5871 (KPF)

<u>Jury Trial Demanded</u>

Defendants City of New York, Detective Linda Simmons, Officer John Staines, Officer Iselaine Guichardo–Hermenegildo Cruz, and Lieutenant Nicholas Corrado by their attorney, James E. Johnson, Corporation Counsel of the City of New York, for their Answer to the Fifth Amended Complaint, respectfully allege, upon information and belief, as follows:

1.   Deny the allegations in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

2.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "2" of the Amended Complaint.

3.   Deny the allegations in paragraph "3" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

---

[1] Rose Pierre-Louis, Selvena Brooks, Inspector Olufunmilo F. Obe, Lieutenant Raymond DeJesus, Officer Emmet and Sergeant Shevtiz have been terminated from the litigation.

4.   Deny the allegations in paragraph "4" of the Amended Complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

5.   Deny the allegations in paragraph "5" of the Amended Complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the Mayor's Office to Combat Domestic Violence.

6.   Paragraph "6" of the Amended Complaint does not contain averments of fact to which a response is required since the claims against Selvena Brooks were dismissed by the Court on or about June 25, 2018.

7.   Paragraph "7" of the Amended Complaint does not contain a averments of fact to which a response is required since the claims against Rose Pierre-Louis were dismissed by the Court on or about June 25, 2018.

8.   Paragraph "8" of the Amended Complaint does not contain averments of fact to which a response is required since the claims against NYPD Inspector Olufunmilo F. Obe were dismissed by the Court on or about June 25, 2018.

9.   Deny the allegations in paragraph "9" of the Amended Complaint, except admit that Detective Simmons was employed by the NYPD in October 2010 and that her command was the 28th Precinct Detective Squad.

10. Deny the allegations in paragraph "10" of the Amended Complaint, except admit that Officer John Staines was employed by the NYPD on July 2, 2015 and his command was the Midtown North Precinct.

11. Deny the allegations in paragraph "11" of the Amended Complaint, except admit that Officer Iselaine Guichardo-Hermenegildo Cruz was employed by the NYPD on July 2, 2015 and her command was the Midtown North Precinct.

12. Deny the allegations in paragraph "12" of the Amended Complaint, except admit that Lt. Nicholas Corrado was employed by the NYPD on July 2, 2015 and his command was the Midtown North Precinct.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the Amended Complaint.

15. Paragraph "15" of the Amended Complaint contains legal conclusions to which no response is required.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the Amended Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the Amended Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Amended Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the Amended Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the Amended Complaint.

24. Deny knowledge or information to form a belief as to the truth of the allegations pertaining to the "Arrest Alerts List" contained in paragraph "24" of the Amended Complaint and further deny the remaining allegations.

25. Deny the allegations in paragraph "25" of the Amended Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the Amended Complaint.

27. Deny the allegations in paragraph "27" of the Amended Complaint, except admit that plaintiff was present at the 28th Precinct on October 13, 2010.

28. Deny the allegations in paragraph "28" of the Amended Complaint.

29. Deny the allegations in paragraph "29" of the Amended Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "30" of the Amended Complaint.

31. Deny the allegations in paragraph "31" of the Amended Complaint, except admit that plaintiff was present at the 28th Precinct on October 13, 2010.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the Amended Complaint.

33. Deny the allegations in paragraph "33" of the Amended Complaint, except admit that Detective Simmons met with plaintiff on October 13, 2010.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the Amended Complaint.

35. Deny the allegations in paragraph "35" of the Amended Complaint.

36. Deny the allegations in paragraph "36" of the Amended Complaint.

37. Deny the allegations in paragraph "37" of the Amended Complaint.

38. Deny the allegations in paragraph "38" of the Amended Complaint.

39. Deny the allegations in paragraph "39" of the Amended Complaint.

40. Deny the allegations in paragraph "40" of the Amended Complaint.

41. Deny the allegations in paragraph "41" of the Amended Complaint.

42. Deny the allegations in paragraph "42" of the Amended Complaint.

43. Deny the allegations in paragraph "43" of the Amended Complaint.

44. Deny the allegations in paragraph "44" of the Amended Complaint.

45. Deny the allegations in paragraph "45" of the Amended Complaint, except admit that plaintiff was given a Desk Appearance Ticket.

46. Deny the allegations in paragraph "46" of the Amended Complaint.

47. Deny the allegations in paragraph "47" of the Amended Complaint.

48. Deny the allegations in paragraph "48" of the Amended Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "49" of the Amended Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "50" of the Amended Complaint.

51. Deny allegations in paragraph "51" of the Amended Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "52" of the Amended Complaint.

53. Deny the allegations in paragraph "53" of the Amended Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "54" of the Amended Complaint, except admit, upon information and belief, that plaintiff was arrested on or about May 6, 2011.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "55" of the Amended Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "56" of the Amended Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "57" of the Amended Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "58" of the Amended Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "59" of the Amended Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "60" of the Amended Complaint.

61. Deny the allegations in paragraph "61" of the Amended Complaint.

62. Deny the allegations in paragraph "62" of the Amended Complaint.

63. Deny the allegations in paragraph "63" of the Amended Complaint, except admit that plaintiff was present at the Midtown North Precinct on July 2, 2015.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "64" of the Amended Complaint, except admit that Lt. Corrado was the Patrol Supervisor that day and further admit that his name was provided to plaintiff pursuant to a Valentin order.

65. Deny the allegations in paragraph "65," except admit that no complaint was taken.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "66" of the Amended Complaint.

67. Deny the allegations in paragraph "67" of the Amended Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "68" of the Amended Complaint.

69. Deny the allegations in paragraph "69" of the Amended Complaint, except admits that Officer Guichardo-Hermenegildo Cruz was instructed to come to the precinct and that she was present in the waiting area at the precinct.

70. Deny the allegations in paragraph "70" of the Amended Complaint.

71. Deny the allegations in paragraph "71" of the Amended Complaint, except admit that Lt. Corrado informed plaintiff that she would be going to a hospital.

72. Deny the allegations in paragraph "72" of the Amended Complaint, except admit that plaintiff was placed in handcuffs.

73. Deny the allegations in paragraph "73" of the Amended Complaint, except admit that Officer Guichardo-Hermenegildo Cruz waited with plaintiff.

74. Deny the allegations in paragraph "74" of the Amended Complaint, except admit that plaintiff was placed in the ambulance and Officer Guichardo-Hermenegildo Cruz rode in the ambulance with plaintiff.

75. Deny the allegations in paragraph "75" of the Amended Complaint, except admits that Officer Guichardo-Hermenegildo Cruz rode in the ambulance with plaintiff.

76. Deny the allegations in paragraph "76" of the Amended Complaint, except admit that Officer Staines was present at Bellevue Hospital.

77. Deny the allegations in paragraph "77" of the Amended Complaint, except admit that Officer Guichardo-Hermenegildo Cruz and Officer Staines were present at Bellevue Hospital.

78. Deny the allegations in paragraph "78" of the Amended Complaint.

79. Deny the allegations in paragraph "79" of the Amended Complaint, except admit that plaintiff's handcuffs were removed at the hospital.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "80" of the Amended Complaint.

81. Deny the allegations in paragraph "81" of the Amended Complaint.

82. Deny the allegations in paragraph "82" of the Amended Complaint,

83. Deny the allegations in paragraph "83" of the Amended Complaint,

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "84" of the Amended Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "85" of the Amended Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "86" of the Amended Complaint, and its subsections "a" through "d."

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "87" of the Amended Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "88" of the Amended Complaint, and its subsections "a" through "d."

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "89" of the Amended Complaint.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "90" of the Amended Complaint.

91. Paragraph "91" of the Amended Complaint does not contain an averment of fact to which a response is required since any claims pertaining to the "City's Use of Twitter" were dismissed by the Court on or about June 25, 2018.

92. Paragraph "92" of the Amended Complaint does not contain an averment of fact to which a response is required since any claims pertaining to the "City's Use of Twitter" were dismissed by the Court on or about June 25, 2018.

93. Paragraph "93" of the Amended Complaint does not contain an averment of fact to which a response is required since any claims pertaining to the "City's Use of Twitter" were dismissed by the Court on or about June 25, 2018.

94. Paragraph "94" of the Amended Complaint does not contain an averment of fact to which a response is required since any claims pertaining to the "City's Use of Twitter" were dismissed by the Court on or about June 25, 2018.

95. Paragraph "95" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Inspector Obe were dismissed by the Court on or about June 25, 2018.

96. Paragraph "96" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Inspector Obe were dismissed by the Court on or about June 25, 2018.

97. Paragraph "97" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Inspector Obe were dismissed by the Court on or about June 25, 2018.

98. Paragraph "98" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Inspector Obe were dismissed by the Court on or about June 25, 2018.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "99" of the Amended Complaint.

100. Paragraph "100" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Inspector Obe were dismissed by the Court on or about June 25, 2018.

101. Paragraph "101" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Inspector Obe were dismissed by the Court on or about June 25, 2018.

102.    Paragraph "102" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Inspector Obe were dismissed by the Court on or about June 25, 2018.

103.    Paragraph "103" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Inspector Obe were dismissed by the Court on or about June 25, 2018.

104.    Paragraph "104" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Inspector Obe were dismissed by the Court on or about June 25, 2018.

105.    Paragraph "105" of the Amended Complaint, and its subsections "a" through "e," do not contain an averment of fact to which a response is required since the claims against Inspector Obe were dismissed by the Court on or about June 25, 2018.

106.    Paragraph "106" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Inspector Obe were dismissed by the Court on or about June 25, 2018.

107.    Paragraph "107" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Inspector Obe were dismissed by the Court on or about June 25, 2018.

108.    Paragraph "108" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Inspector Obe were dismissed by the Court on or about June 25, 2018.

109.    Paragraph "109" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Inspector Obe were dismissed by the Court on or about June 25, 2018.

110.    Paragraph "110" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

111.    Paragraph "111" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

112.    Paragraph "112" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

113.    Paragraph "113" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

114.    Paragraph "114" of the Amended Complaint, and its subsections "a" through "c," do not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

115.    Paragraph "115" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

116.    Paragraph "116" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

117.    Paragraph "117" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

118.    Paragraph "118" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

119.    Paragraph "119" of the Amended Complaint, and its subsections "a" through "e," do not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

120.    Paragraph "120" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

121.    Paragraph "121" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

122.    Paragraph "122" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

123.    Paragraph "123" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

124.    Paragraph "124" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Brooks were dismissed by the Court on or about June 25, 2018.

125.    Paragraph "125" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

126.    Paragraph "126" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

127.    Paragraph "127" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

128.    Paragraph "128" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

129.    Paragraph "129" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

130.    Paragraph "130" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

131.    Paragraph "131" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

132.    Paragraph "132" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

133.    Paragraph "133" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

134.    Paragraph "134" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

135.    Paragraph "135" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

136.    Paragraph "136" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

137.    Paragraph "137" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

138.    Paragraph "138" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

139.    Paragraph "139" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

140.    Paragraph "140" of the Amended Complaint does not contain an averment of fact to which a response is required since the claims against Ms. Pierre-Louis were dismissed by the Court on or about June 25, 2018.

141.    Paragraph "141" of the Amended Complaint does not contain an averment of fact to which a response is required since any claims pertaining to the use of Twitter were dismissed by the Court on or about June 25, 2018.

142.    Paragraph "142" of the Amended Complaint does not contain an averment of fact to which a response is required since any claims pertaining to the use of Twitter were dismissed by the Court on or about June 25, 2018.

143.    Paragraph "143" of the Amended Complaint does not contain an averment of fact to which a response is required since any claims pertaining to the use of Twitter were dismissed by the Court on or about June 25, 2018.

144.    Paragraph "144" of the Amended Complaint does not contain an averment of fact to which a response is required since any claims pertaining to the use of Twitter were dismissed by the Court on or about June 25, 2018.

145.    Paragraph "145" of the Amended Complaint does not contain an averment of fact to which a response is required since any claims pertaining to the use of Twitter were dismissed by the Court on or about June 25, 2018.

146.    Paragraph "146" of the Amended Complaint does not contain an averment of fact to which a response is required since any claims pertaining to the use of Twitter were dismissed by the Court on or about June 25, 2018.

147.    Paragraph "147" of the Amended Complaint does not contain an averment of fact to which a response is required since any claims pertaining to the use of Twitter were dismissed by the Court on or about June 25, 2018.

148.    Paragraph "148" of the Amended Complaint does not contain an averment of fact to which a response is required since any claims pertaining to the use of Twitter were dismissed by the Court on or about June 25, 2018.

149.    Paragraph "149" of the Amended Complaint does not contain an averment of fact to which a response is required since any claims pertaining to the use of Twitter were dismissed by the Court on or about June 25, 2018.

150.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "150" of the Amended Complaint.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "151" of the Amended Complaint.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "152" of the Amended Complaint.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "153" of the Amended Complaint.

154.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "154" of the Amended Complaint.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "155" of the Amended Complaint.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "156" of the Amended Complaint.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "157" of the Amended Complaint.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "158" of the Amended Complaint.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "159" of the Amended Complaint.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "160" of the Amended Complaint.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "161" of the Amended Complaint.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "162" of the Amended Complaint.

163.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "163" of the Amended Complaint.

164.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "164" of the Amended Complaint.

165.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "165" of the Amended Complaint.

166.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "166" of the Amended Complaint.

167.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "167" of the Amended Complaint.

168.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "168" of the Amended Complaint.

169.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "169" of the Amended Complaint.

170.     Paragraph "170" of the Amended Complaint does not contain an averment of fact to which a response is required since plaintiff's claims pertaining to the purported January 24, 2017 incident were dismissed by the Court on or about June 25, 2018.

171.     Paragraph "171" of the Amended Complaint does not contain an averment of fact to which a response is required since plaintiff's claims pertaining to the purported January 24, 2017 incident were dismissed by the Court on or about June 25, 2018.

172.     Paragraph "172" of the Amended Complaint does not contain an averment of fact to which a response is required since plaintiff's claims pertaining to the purported January 24, 2017 incident were dismissed by the Court on or about June 25, 2018.

173.    Paragraph "173" of the Amended Complaint does not contain an averment of fact to which a response is required since plaintiff's claims pertaining to the purported January 24, 2017 incident were dismissed by the Court on or about June 25, 2018.

174.    Paragraph "174" of the Amended Complaint does not contain an averment of fact to which a response is required since plaintiff's claims pertaining to the purported January 24, 2017 incident were dismissed by the Court on or about June 25, 2018.

175.    Paragraph "175" of the Amended Complaint does not contain an averment of fact to which a response is required since plaintiff's claims pertaining to the purported January 24, 2017 incident were dismissed by the Court on or about June 25, 2018.

176.    Paragraph "176" of the Amended Complaint does not contain an averment of fact to which a response is required since plaintiff's claims pertaining to the purported January 24, 2017 incident were dismissed by the Court on or about June 25, 2018.

177.    Paragraph "177" of the Amended Complaint does not contain an averment of fact to which a response is required since plaintiff's claims pertaining to the purported January 24, 2017 incident were dismissed by the Court on or about June 25, 2018.

178.    Paragraph "178" of the Amended Complaint does not contain an averment of fact to which a response is required since plaintiff's claims pertaining to the purported January 24, 2017 incident were dismissed by the Court on or about June 25, 2018.

179.    Paragraph "179" of the Amended Complaint does not contain an averment of fact to which a response is required since plaintiff's claims pertaining to the purported January 24, 2017 incident were dismissed by the Court on or about June 25, 2018.

180.    Paragraph "180" of the Amended Complaint does not contain an averment of fact to which a response is required since plaintiff's claims pertaining to the purported January 24, 2017 incident were dismissed by the Court on or about June 25, 2018.

181.    Paragraph "181" of the Amended Complaint does not contain an averment of fact to which a response is required since plaintiff's claims pertaining to the purported January 24, 2017 incident were dismissed by the Court on or about June 25, 2018.

182.    Paragraph "182" of the Amended Complaint, and its subsections "a" through "d," do not contain an averment of fact to which a response is required since plaintiff's claims pertaining to the purported January 24, 2017 incident were dismissed by the Court on or about June 25, 2018.

183.    Deny the allegations in paragraph "183" of the Amended Complaint.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "184" of the Amended Complaint, and its subsections "a" through "c."

185.    Deny the allegations in paragraph "185" of the Amended Complaint.

186.    The claims set forth in paragraph "186" of the Amended Complaint were dismissed by the Court on or about June 25, 2018.

187.    Paragraph "187" of the Amended Complaint contains legal conclusions to which no response is required; however, to the extent that a response is required, defendants deny the allegations.

188.    Paragraph "188" of the Amended Complaint contains legal conclusions to which no response is required; however, to the extent that a response is required, defendants deny the allegations.

189.    Paragraph "189" of the Amended Complaint contains legal conclusions to which no response is required.

190.    The claims set forth in paragraph "190" of the Amended Complaint were dismissed by the Court on or about June 25, 2018.

## FIRST AFFIRMATIVE DEFENSE

191.    The Fifth Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

192.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## THIRD AFFIRMATIVE DEFENSE:

193.    Punitive damages cannot be assessed against defendants City of New York or the individually named defendants in their official capacities.

## FOURTH AFFIRMATIVE DEFENSE:

194.    The individually named defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE:

195.    There was probable cause for the criminal prosecution of plaintiff pertaining to her October 13, 2010 arrest.

## SIXTH AFFIRMATIVE DEFENSE:

196.    The 2010 criminal prosecution of plaintiff was not terminated in her favor.

**SEVENTH AFFIRMATIVE DEFENSE:**

197.    There was probable cause for plaintiff's arrest and/or detention on or about July 2, 2015.

**EIGHTH AFFIRMATIVE DEFENSE:**

198.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant City or the individually named defendants.

**NINTH AFFIRMATIVE DEFENSE:**

199.    At all times relevant to the acts alleged in the Amended Complaint, the individually named defendants acted reasonably in the proper and lawful exercise of their discretion.

**TENTH AFFIRMATIVE DEFENSE:**

200.    To the extent that plaintiff alleges claims under New York State law, such claims may be barred, in whole or in part, because of plaintiff's failure to comply with New York General Municipal Law §§ 50(e), *et seq.*

**ELEVENTH AFFIRMATIVE DEFENSE:**

201.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

**WHEREFORE,** defendants City of New York, Detective Linda Simmons, Officer John Staines, Officer Iselaine Guichardo–Hermenegildo Cruz, and Lieutenant Nicholas Corrado request judgment dismissing the Fifth Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             December 5, 2019

                         JAMES E. JOHNSON
                         Corporation Counsel of the
                           City of New York
                         *Attorney for Defendants City, Simmons, Staines,
                         Cruz, and Corrado*

            By:          *Laura Iheanachor* /s/
                         Laura Iheanachor
                         Assistant Corporation Counsel
                         Special Federal Litigation Division
                         New York City Law Department
                         100 Church Street
                         New York, New York 10007
                         (212) 356-2368

cc:     VIA ECF – All Counsels of Record