2 Broadway
New York, NY 10004
212 878-7000 Tel



December 17, 2019

**Via ECF**
The Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Re:     *Price v. City of New York, et al.*, **No. 15-CV-5871, Pre-Motion Conference Request**

Dear Judge Failla:

I write on behalf of Defendant Metropolitan Transportation Authority ("MTA") Police Officers Alison Schmitt and Stephen Mears ("MTA Defendants") in the above-referenced matter to request a pre-motion conference in anticipation of moving to sever and partially dismiss as against the MTA Defendants. I also request that the MTA Defendants' time to answer be extended pending the resolution of that prospective motion. This motion is not on consent of all parties.

Plaintiff's allegations in her complaint make it clear that her claims against the MTA Defendants have no relation whatsoever to her claims against Defendants City of New York, Rose Pierre-Louis, Selvana Brooks, New York City Police Department ("NYPD") Insp. Olufunmilo F. Obe, NYPD Det. Linda Simmons, NYPD Officer John Staines, NYPD Officer Iselaine Guichardo Hermene Gildo Cruz, NYPD Lt. Nicholas Corrado, NYPD Lt. Raymond DeJesus, NYPD Officer "Emmet," and NYPD Sgt. "Shevitz" ("City Defendants" (*see* 5th Amend. Compl. ¶¶ 3-12) concerning her allegedly having been repeatedly detained, arrested, blocked on Twitter, and put on some sort of blacklist barring her from police services between 2010 and the present. It would be inefficient and prejudicial to the MTA Defendants to try these claims together. Plaintiff makes joint claim regarding denial of services against both the MTA Defendants and some of the City Defendants, but she alleges no facts at all that support that claim against the MTA Defendants.

Among other things, Plaintiff alleges that she brought an order of protection to the NYPD in 2010, which they refused to serve; that the Manhattan District Attorney's office told the NYPD not to provide Plaintiff with police services; that on October 13, 2010 Plaintiff went to the NYPD to complain about an assault but asked to withdraw the report the next day, and NYPD Det. Simmons required Plaintiff to report that she had caused her own injuries, resulting in her detention and a desk appearance ticket; that in February 2011 Det. Simmons arrested Plaintiff at a court appearance; that on May 8, 2011 Plaintiff was arrested again; that Plaintiff was arrested more than once between February and May 2012 under unspecified circumstances; that on July 2, 2015, NYPD Lt. Corrado, NYPD Officer Cruz, and NYPD Officer Staines detained Plaintiff when she complained about an assault and took her to Bellvue Hospital; that NYPD Insp. Obe blocked Plaintiff on Twitter; that Brooks blocked Plaintiff on Twitter; that Pierre-Louis blocked Plaintiff on Twitter; that on January 24, 2017, Plaintiff attempted to report yet another assault

and responding NYPD Officer "Emmet" told her to call a number the following day, which connected her to NYPD Lt. DeJesus, who, along with NYPD Officer "Shevitz," told Plaintiff they would investigate the assault but did not do so. 5th Amend. Compl. ¶¶ 3-149, 170-82.

Plaintiff also alleges, under a separate heading, that on November 17, 2016 the MTA Defendants attacked her on a subway platform at Penn Station after dispersing unknown persons who had harrassed her. Plaintiff alleges the MTA Defendants then took her to "St. Vincent's Hospital" in an ambulance, injuring her in the process, and rifled through her medical files. 5th Amend. Compl. ¶ 150-69. Plaintiff provides no allegations that would connect this occurrence to the rest of her narrative in any meaningful way, including any allegations that would connect it to any alleged blacklisting from police services. See 5th Amend. Compl., generally.

**Plaintiff's Claims against the MTA Defendants Involve a Completely Separate Occurrence and Should Be Severed**

Rule 21 permits the Court upon motion or on its own to drop a party from a case, or to sever claims against a party. Fed. R. Civ. P. 21. Rule 42 permits the Court to order separate trials for issues, claims, crossclaims and counterclaims. Fed. R. Civ. P. 42(b). "The decision whether to grant a severance motion is committed to the sound discretion of the trial court." *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988). In making this determination, courts generally consider:

> (1) Whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Crown Cork & Seal Co. Master Ret. Trust v. Credit Suisse First Boston Corp.*, 288 F.R.D. 331 333 (S.D.N.Y. 2013).

The MTA is a New York state public benefit corporation, and is not part of the City of New York. N.Y. Pub. Auth. Law § 1260, *et seq*. The MTA Defendants are employees of that state entity, *not* the City of New York. *See Burke v. Metro. Transp. Auth.*, No. 09-CV-3291, 2009 U.S. Dist. LEXIS 111368, at *2 (S.D.N.Y. Nov. 24, 2009) ("the City of New York is a separate entity from the plaintiff's employer, the NYCTA [and from the MTA]"); Pub. Auth. Law § 1266-h; *cf. Marion v. City of New York*, No. 27722/2010, 2011 N.Y. Misc. LEXIS 1124 at *3-4 (Feb. 28, 2011). MTA police officers operate under a completely different chain of command from NYPD officers, are generally limited to patrolling only the property of the MTA and its affiliates and subsidiaries, and they receive different training from NYPD officers.

Plaintiff's allegations regarding the MTA Defendants concern an isolated occurrence and have absolutely nothing to do with the long and complicated narrative her Complaint tells regarding the City of New York and its employees. The facts to be presented at trial regarding this occurrence would be wholly divorced from those presented regarding the rest of Plaintiff's case, and require wholly different witnesses and documentary proof. Moreover, to try claims against the MTA Defendants together with the City Defendants would be extremely prejudicial to the MTA Defendants' defense. A jury would hear about a simple false arrest claim against the MTA Defendants at the same time as the vast conspiracy the Plaintiff apparently claims the City Defendants had to arrest her without cause and deny her police services and assume the two are

Hon. Katherine Polk Failla
December 17, 2019
Page 3

related, taking damning evidence regarding one to support the other. Under circumstances such as these, the Court should sever the claims against the MTA Defendants in the interest of efficiency in dealing with evidence and avoiding prejudice. *See Rodriguez v. Winski*, 973 F. Supp. 2d 411, 429-30 (S.D.N.Y. 2013) (granting motion by defendant MTA police officers to sever claims against them because only a small percentage of the plaintiff's claims concerned MTA defendants and were limited to a single incident involving a single plaintiff).

**Plaintiff Makes No Allegations in Support "Denial of Services" Claim Against the MTA Defendants, and It Should Be Dismissed as against Them**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge … claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (per curiam) (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Here, Plaintiff purports to assert a cause of action for a violation of the Fourteenth Amendment via 42 U.S.C. Section 1983 against the MTA Defendants as well as a number of City Defendants for "[t]he denial of services to Ms. Price on January 24, 2017 and thereafter as set forth above." 5th Amend. Compl. ¶ 190. However, nowhere does she allege any facts at all regarding the MTA Defendants' having denied her services, or having been involved in any dealings with Plaintiff on January 24, 2017, or having been involved with the City Defendants' alleged denial of services. *Compare* 5th Amend. Compl. ¶¶ 150-169 *with* ¶¶ 170-182. Without any supporting factual allegations, this cause of action must be dismissed as against the MTA Defendants. *See Lesane v. City of New York*, No. 11-CV-2104, 2011 U.S. Dist. LEXIS 127292 (S.D.N.Y. Nov. 3, 2011) (granting motion to dismiss a plaintiff's Section 1983 claims because "[p]laintiff fails to allege any facts to indicate that [specified defendants] had any personal involvement in, knowledge of, or responsibility for any constitutional deprivation relating to his claims").

Accordingly, the I respectfully request that the Court schedule a pre-motion conference concerning the MTA Defendants' anticipated motion to sever and dismiss, and order that their time to answer the Fifth Amended Complaint be extended pending a resolution of that motion. In scheduling that conference, I also request that the Court accommodate my plans to be travelling out of the city from approximately December 23 until January 5, as well as from January 18 until January 26.

Respectfully submitted,

Jason Douglas Barnes
*Attorneys for Defendants*

CC:   Attorneys for Plaintiff and Co-Defendants (via ECF)