CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK

THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK

ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ

JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN

SPECIAL COUNSEL
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1768

WRITER'S EMAIL ADDRESS
kdocherty@cravath.com

**MEMO ENDORSED**

December 20, 2019

Price v. City of New York, et al.
No. 15-CV-5871 (KPF)

Dear Judge Failla:

       In accordance with this Court's Individual Rules of Practice in Civil Cases, we write on behalf of Plaintiff Kelly Price in response to the December 17, 2019 letter filed by Defendants Officer Alison Schmitt and Officer Stephen Mears ("MTA Defendants") requesting a Pre-Motion Conference. In that letter, the MTA Defendants indicate their intention to file a motion to sever and partially dismiss the complaint as to the MTA Defendants. We address each of those issues in turn below.

*Severance*

       The MTA Defendants seek to sever the claims against them on the ground that the allegations regarding the MTA Defendants are an "isolated occurrence" unrelated to Ms. Price's other claims. To the contrary, as with her claims against NYPD Officers Simmons, Corrado, Cruz and Staines, the claims against the MTA Defendants stem from the City of New York's decision to label Ms. Price as a fabricator and to place her on a "Do Not Serve" list. (See Fifth Am. Compl. at 4, 16-17, ECF No. 153.) Accordingly, the claims against the MTA Defendants should not be severed.

       In determining whether severance is appropriate, courts must consider: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." Oram v. SoulCycle LLC, 979 F. Supp. 2d 498, 502–03 (S.D.N.Y. 2013). Ms. Price brings claims for false arrest, excessive force, and malicious prosecution against the MTA Defendants stemming from her November 17, 2016 arrest at Penn Station. On that day, Ms. Price was being "harassed by several individuals on the

platform of the uptown 1 train at Penn Station." (Fifth Am. Compl. at 16-17.) Officers Schmitt and Mears dispersed the group and—rather than arrest the individuals harassing Ms. Price—Officer Mears attacked Ms. Price from behind and arrested her as she was walking away. (Id. at 16.) Ms. Price was then detained in the MTA police station for approximately 30 minutes, before being taken to the hospital and sedated at the direction of Officer Mears. (Id. at 16.)

Severance should not be granted because the claims against the MTA Defendants arise from the same facts and require presentation of the same evidence as the claims against the City Defendants. Ms. Price contends that the MTA Defendants' mistreatment of her was motivated by the fact that she had been placed on the City's "Do Not Serve" list. Accordingly, Ms. Price intends to introduce evidence regarding the "Do Not Serve" list at the trials of both the MTA Defendants and the City Defendants. See Kirk v. Metro. Transp. Auth., No. 99 CIV. 3787 (RWS), 2001 WL 25703, at *3 (S.D.N.Y. Jan. 10, 2001) ("Duplicate presentation of evidence at each trial weighs against severance."). Moreover, the MTA Defendants' claim of prejudice fails because this is the precise evidence that they contend would prejudice them at trial if severance were not granted.

Finally, to the extent the Court finds that the complaint does not sufficiently allege facts connecting the MTA incident to her claims regarding the "Do Not Serve List", Ms. Price respectfully requests that the Court grant leave to amend. Ms. Price will further allege that the MTA Defendants became aware of her status as an alleged fabricator after they ran her name through their system at the MTA police station. Amendment is appropriate because the MTA Defendants' letter is their first response to Ms. Price's allegations. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

*Denial Of Services Claims*

The MTA Defendants also seek to dismiss the "denial of services" claim against them. Although the complaint names MTA Officers Schmitt and Mears in the heading of paragraph 190 (see Fifth Am. Compl. at 17-20 (setting out a denial of services claim based on the January 24, 2017 incident)), that was done in error. Ms. Price was not and is not intending to bring that claim against the MTA Defendants. Ms. Price's § 1983 claims against the MTA Defendants are for false arrest, excessive force, and malicious prosecution associated with the November 17, 2016 incident. (See Op. and Order at 11, 55, ECF No. 114.)

***

To the extent the Court schedules a conference to discuss these matters, we respectfully request that it be scheduled after January 10, 2020, as counsel for Plaintiff will be traveling prior to that date.

Respectfully submitted,

Kelsie A. Docherty

Hon. Katherine Polk Failla
  United States District Judge
    Southern District of New York
      Thurgood Marshall United States Courthouse
        40 Foley Square
          New York, NY 10007

BY ECF

```
The Court is in receipt of Defendant Metropolitan Transportation
Authority ("MTA") Police Officers Alison Schmitt and Stephen
Mears ("MTA Defendants") letter dated December 17, 2019 (Dkt.
#160) and Plaintiff's above reply (Dkt. #161).  The MTA
Defendants' motion is DENIED without prejudice to leave to renew
if and when the Court sets a trial date in this matter.



Dated: December 23, 2019      SO ORDERED.
       New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE