UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

KELLY PRICE,

                        Plaintiff,

- against -

THE CITY OF NEW YORK, ROSE PIERRE-LOUS, in her individual and official capacity, SELVENA BROOKS, in her individual and official capacity, INSPECTOR OLUFUNMILO F. OBE, in her individual and official capacity, DETECTIVE LINDA SIMMONS, in her individual and official capacity, OFFICER JOHN STAINES, in his individual and official capacity, OFFICER ISELAINE GUICHARDO HERMENE GILDO CRUZ, in her individual and official capacity, LT. NICHOLAS CORRADO, in his individual and official capacity; LIEUTENANT RAYMOND DEJESUS, in his individual and official capacity; OFFICER EMMET, in his individual and official capacity; SERGEANT SHEVITZ, in his individual and official capacity; MTA OFFICER STEPHEN MEARS, in his individual and official capacity; MTA OFFICER ALISON SCHMITT, in her individual and official capacity,

                        Defendants.
------------------------------------------------------------------- x

15-CV-5871

**ANSWER TO FIFTH AMENDED COMPLAINT ON BEHALF OF DEFENDANTS MTA OFFICER STEPHEN MEARS and MTA OFFICER ALISON SCHMITT**

**Jury Trial Demanded**

      Defendants MTA OFFICER STEPHEN MEARS and MTA OFFICER ALISON SCHMITT, by their attorney, for their Answer to the Fifth Amended Complaint filed by Plaintiff KELLY PRICE, respectfully allege as follows:

### TYPE OF CASE[1]

1.     Deny the allegations in Paragraph 1, except admit that Plaintiff purports to proceed as

---

[1] The headings used Plaintiff's Fifth Amended Complaint will be used herein for the sake of legibility.The use of these headings is not intended to be an admission as to any allegations contained in those headings. Defendants Mears and Schmitt categorically deny any such allegations.

stated therein.

## PARTIES

### Plaintiff

2. Deny information sufficient to form a belief as to the allegations in Paragraph 2.

### Defendants

*City of New York*

3. Deny information sufficient to form a belief as to the allegations in Paragraph 3.

4. Deny information sufficient to form a belief as to the allegations in Paragraph 4.

5. Deny information sufficient to form a belief as to the allegations in Paragraph 5.

*City of New York Employees*

6. Deny information sufficient to form a belief as to the allegations in Paragraph 6.

7. Deny information sufficient to form a belief as to the allegations in Paragraph 7.

*NYPD Officers*

8. Deny information sufficient to form a belief as to the allegations in Paragraph 8.

9. Deny information sufficient to form a belief as to the allegations in Paragraph 9.

10. Deny information sufficient to form a belief as to the allegations in Paragraph 10.

11. Deny information sufficient to form a belief as to the allegations in Paragraph 11.

12. Deny information sufficient to form a belief as to the allegations in Paragraph 12.

*MTA Officers*

13. Admit the allegations in Paragraph 13.

14. Admit the allegations in Paragraph 14.

### Color of Law

15. Deny that any response is required to the allegations in Paragraph 15, which contain legal

conclusions, and otherwise deny the allgegations.

## FACTS

### Ms. Price's Career

16. Deny information sufficient to form a belief as to the allegations in Paragraph 16.

17. Deny information sufficient to form a belief as to the allegations in Paragraph 17.

18. Deny information sufficient to form a belief as to the allegations in Paragraph 18.

### Ms. Price's Relationship with Raheem Powell

19. Deny information sufficient to form a belief as to the allegations in Paragraph 19.

20. Deny information sufficient to form a belief as to the allegations in Paragraph 20.

21. Deny information sufficient to form a belief as to the allegations in Paragraph 21.

22. Deny information sufficient to form a belief as to the allegations in Paragraph 22.

23. Deny information sufficient to form a belief as to the allegations in Paragraph 23.

24. Deny information sufficient to form a belief as to the allegations in Paragraph 24.

25. Deny information sufficient to form a belief as to the allegations in Paragraph 25.

### Det. Simmons Maliciously Prosecutes Ms. Price

26. Deny information sufficient to form a belief as to the allegations in Paragraph 26.

27. Deny information sufficient to form a belief as to the allegations in Paragraph 27.

28. Deny information sufficient to form a belief as to the allegations in Paragraph 28.

29. Deny information sufficient to form a belief as to the allegations in Paragraph 29.

30. Deny information sufficient to form a belief as to the allegations in Paragraph 30.

31. Deny information sufficient to form a belief as to the allegations in Paragraph 31.

32. Deny information sufficient to form a belief as to the allegations in Paragraph 32.

33. Deny information sufficient to form a belief as to the allegations in Paragraph 33.

34. Deny information sufficient to form a belief as to the allegations in Paragraph 34.

35. Deny information sufficient to form a belief as to the allegations in Paragraph 35.

36. Deny information sufficient to form a belief as to the allegations in Paragraph 36.

37. Deny information sufficient to form a belief as to the allegations in Paragraph 37.

38. Deny information sufficient to form a belief as to the allegations in Paragraph 38.

39. Deny information sufficient to form a belief as to the allegations in Paragraph 39.

40. Deny information sufficient to form a belief as to the allegations in Paragraph 40.

41. Deny information sufficient to form a belief as to the allegations in Paragraph 41.

42. Deny information sufficient to form a belief as to the allegations in Paragraph 42.

43. Deny information sufficient to form a belief as to the allegations in Paragraph 43.

44. Deny information sufficient to form a belief as to the allegations in Paragraph 44.

45. Deny information sufficient to form a belief as to the allegations in Paragraph 45.

46. Deny information sufficient to form a belief as to the allegations in Paragraph 46.

47. Deny information sufficient to form a belief as to the allegations in Paragraph 47.

48. Deny information sufficient to form a belief as to the allegations in Paragraph 48.

49. Deny information sufficient to form a belief as to the allegations in Paragraph 49.

50. Deny information sufficient to form a belief as to the allegations in Paragraph 50.

51. Deny information sufficient to form a belief as to the allegations in Paragraph 51.

52. Deny information sufficient to form a belief as to the allegations in Paragraph 52.

53. Deny information sufficient to form a belief as to the allegations in Paragraph 53

54. Deny information sufficient to form a belief as to the allegations in Paragraph 54.

55. Deny information sufficient to form a belief as to the allegations in Paragraph 55.

56. Deny information sufficient to form a belief as to the allegations in Paragraph 56.

57. Deny information sufficient to form a belief as to the allegations in Paragraph 57.

58. Deny information sufficient to form a belief as to the allegations in Paragraph 58.

59. Deny information sufficient to form a belief as to the allegations in Paragraph 59.

60. Deny information sufficient to form a belief as to the allegations in Paragraph 60.

61. Deny information sufficient to form a belief as to the allegations in Paragraph 61.

62. Deny information sufficient to form a belief as to the allegations in Paragraph 62.

### **Lt. Corrado, Officer Cruz and Officer Staines Falsely Arrest Ms. Price**

63. Deny information sufficient to form a belief as to the allegations in Paragraph 63.

64. Deny information sufficient to form a belief as to the allegations in Paragraph 64.

65. Deny information sufficient to form a belief as to the allegations in Paragraph 65.

66. Deny information sufficient to form a belief as to the allegations in Paragraph 66.

67. Deny information sufficient to form a belief as to the allegations in Paragraph 67.

68. Deny information sufficient to form a belief as to the allegations in Paragraph 68.

69. Deny information sufficient to form a belief as to the allegations in Paragraph 69.

70. Deny information sufficient to form a belief as to the allegations in Paragraph 70.

71. Deny information sufficient to form a belief as to the allegations in Paragraph 71.

72. Deny information sufficient to form a belief as to the allegations in Paragraph 72.

73. Deny information sufficient to form a belief as to the allegations in Paragraph 73

74. Deny information sufficient to form a belief as to the allegations in Paragraph 74.

75. Deny information sufficient to form a belief as to the allegations in Paragraph 75.

76. Deny information sufficient to form a belief as to the allegations in Paragraph 76.

77. Deny information sufficient to form a belief as to the allegations in Paragraph 77.

78. Deny information sufficient to form a belief as to the allegations in Paragraph 78.

79. Deny information sufficient to form a belief as to the allegations in Paragraph 79.

80. Deny information sufficient to form a belief as to the allegations in Paragraph 80.

81. Deny information sufficient to form a belief as to the allegations in Paragraph 81.

82. Deny information sufficient to form a belief as to the allegations in Paragraph 82.

83. Deny information sufficient to form a belief as to the allegations in Paragraph 83.

### City and Its Employees Block Ms. Price from Public Twitter Accounts

*Twitter*

84. Deny information sufficient to form a belief as to the allegations in Paragraph 84.

85. Deny information sufficient to form a belief as to the allegations in Paragraph 85.

86. Deny information sufficient to form a belief as to the allegations in Paragraph 86.

87. Deny information sufficient to form a belief as to the allegations in Paragraph 87.

88. Deny information sufficient to form a belief as to the allegations in Paragraph 88.

89. Deny information sufficient to form a belief as to the allegations in Paragraph 89.

90. Deny information sufficient to form a belief as to the allegations in Paragraph 90.

*The City's Use of Twitter*

91. Deny information sufficient to form a belief as to the allegations in Paragraph 91.

92. Deny information sufficient to form a belief as to the allegations in Paragraph 92.

93. Deny information sufficient to form a belief as to the allegations in Paragraph 93.

94. Deny information sufficient to form a belief as to the allegations in Paragraph 94.

*Inspector Obe Blocks Ms. Price from the Twitter Account of the 28th Precinct*

95. Deny information sufficient to form a belief as to the allegations in Paragraph 95.

96. Deny information sufficient to form a belief as to the allegations in Paragraph 96.

97. Deny information sufficient to form a belief as to the allegations in Paragraph 97.

98. Deny information sufficient to form a belief as to the allegations in Paragraph 98.

99. Deny information sufficient to form a belief as to the allegations in Paragraph 99.

100. Deny information sufficient to form a belief as to the allegations in Paragraph 100.

101. Deny information sufficient to form a belief as to the allegations in Paragraph 101.

102. Deny information sufficient to form a belief as to the allegations in Paragraph 102.

103. Deny information sufficient to form a belief as to the allegations in Paragraph 103.

104. Deny information sufficient to form a belief as to the allegations in Paragraph 104.

105. Deny information sufficient to form a belief as to the allegations in Paragraph 105.

106. Deny information sufficient to form a belief as to the allegations in Paragraph 106.

107. Deny information sufficient to form a belief as to the allegations in Paragraph 107.

108. Deny information sufficient to form a belief as to the allegations in Paragraph 108.

109. Deny information sufficient to form a belief as to the allegations in Paragraph 109.

***Ms. Brooks Blocks Ms. Price from the Twitter Account of the New York City Office to Combat Domestic Violence***

110. Deny information sufficient to form a belief as to the allegations in Paragraph 110.

111. Deny information sufficient to form a belief as to the allegations in Paragraph 111.

112. Deny information sufficient to form a belief as to the allegations in Paragraph 112.

113. Deny information sufficient to form a belief as to the allegations in Paragraph 113.

114. Deny information sufficient to form a belief as to the allegations in Paragraph 114.

115. Deny information sufficient to form a belief as to the allegations in Paragraph 115.

116. Deny information sufficient to form a belief as to the allegations in Paragraph 116.

117. Deny information sufficient to form a belief as to the allegations in Paragraph 117.

118. Deny information sufficient to form a belief as to the allegations in Paragraph 118.

119. Deny information sufficient to form a belief as to the allegations in Paragraph 119.

120. Deny information sufficient to form a belief as to the allegations in Paragraph 120.

121. Deny information sufficient to form a belief as to the allegations in Paragraph 121.

122. Deny information sufficient to form a belief as to the allegations in Paragraph 122.

123. Deny information sufficient to form a belief as to the allegations in Paragraph 123.

124. Deny information sufficient to form a belief as to the allegations in Paragraph 124.

*Pierre-Louis Blocks Ms. Price from Public Twitter Account*

125. Deny information sufficient to form a belief as to the allegations in Paragraph 125.

126. Deny information sufficient to form a belief as to the allegations in Paragraph 126.

127. Deny information sufficient to form a belief as to the allegations in Paragraph 127.

128. Deny information sufficient to form a belief as to the allegations in Paragraph 128.

129. Deny information sufficient to form a belief as to the allegations in Paragraph 129.

130. Deny information sufficient to form a belief as to the allegations in Paragraph 130.

131. Deny information sufficient to form a belief as to the allegations in Paragraph 131.

132. Deny information sufficient to form a belief as to the allegations in Paragraph 132.

133. Deny information sufficient to form a belief as to the allegations in Paragraph 133.

134. Deny information sufficient to form a belief as to the allegations in Paragraph 134.

135. Deny information sufficient to form a belief as to the allegations in Paragraph 135.

136. Deny information sufficient to form a belief as to the allegations in Paragraph 136.

137. Deny information sufficient to form a belief as to the allegations in Paragraph 137.

138. Deny information sufficient to form a belief as to the allegations in Paragraph 138.

139. Deny information sufficient to form a belief as to the allegations in Paragraph 139.

140. Deny information sufficient to form a belief as to the allegations in Paragraph 140.

### *City Fails to Remedy after Ms. Price Complains*

141. Deny information sufficient to form a belief as to the allegations in Paragraph 141.

142. Deny information sufficient to form a belief as to the allegations in Paragraph 142.

143. Deny information sufficient to form a belief as to the allegations in Paragraph 143.

144. Deny information sufficient to form a belief as to the allegations in Paragraph 144.

145. Deny information sufficient to form a belief as to the allegations in Paragraph 145.

146. Deny information sufficient to form a belief as to the allegations in Paragraph 146.

147. Deny information sufficient to form a belief as to the allegations in Paragraph 147.

148. Deny information sufficient to form a belief as to the allegations in Paragraph 148.

149. Deny information sufficient to form a belief as to the allegations in Paragraph 149.

### *November 2016 Incedent Involving MTA Police*

150. Deny the allegations in Paragraph 150.

151. Deny the allegations in Paragraph 151.

152. Deny the allegations in Paragraph 152.

153. Deny the allegations in Paragraph 153

154. Deny information sufficient to form a belief as to the allegations in Paragraph 154.

155. Deny information sufficient to form a belief as to the allegations in Paragraph 155.

156. Deny information sufficient to form a belief as to the allegations in Paragraph 156.

157. Deny information sufficient to form a belief as to the allegations in Paragraph 157.

158. Deny the allegations in Paragraph 158.

159. Deny the allegations in Paragraph 159.

160. Deny information sufficient to form a belief as to the allegations in Paragraph 160.

161. Deny the allegations in Paragraph 161.

162. Deny the allegations in Paragraph 162.

163. Deny the allegations in Paragraph 163.

164. Deny information sufficient to form a belief as to the allegations in Paragraph 164.

165. Deny the allegations in Paragraph 165.

166. Deny information sufficient to form a belief as to the allegations in Paragraph 166.

167. Deny the allegations in Paragraph 167.

168. Deny information sufficient to form a belief as to the allegations in Paragraph 168.

169. Deny information sufficient to form a belief as to the allegations in Paragraph 169.

*City and its Employees again Decline Service to Ms. Price – January 24, 2017 Incident*

170. Deny information sufficient to form a belief as to the allegations in Paragraph 170.

171. Deny information sufficient to form a belief as to the allegations in Paragraph 171.

172. Deny information sufficient to form a belief as to the allegations in Paragraph 172.

173. Deny information sufficient to form a belief as to the allegations in Paragraph 173

174. Deny information sufficient to form a belief as to the allegations in Paragraph 174.

175. Deny information sufficient to form a belief as to the allegations in Paragraph 175.

176. Deny information sufficient to form a belief as to the allegations in Paragraph 176.

177. Deny information sufficient to form a belief as to the allegations in Paragraph 177.

178. Deny information sufficient to form a belief as to the allegations in Paragraph 178.

179. Deny information sufficient to form a belief as to the allegations in Paragraph 179.

180. Deny information sufficient to form a belief as to the allegations in Paragraph 180.

181. Deny information sufficient to form a belief as to the allegations in Paragraph 181.

182. Deny information sufficient to form a belief as to the allegations in Paragraph 182.

**INJURIES**

183.    Deny information sufficient to form a belief as to the allegations in Paragraph 183.

184.    Deny information sufficient to form a belief as to the allegations in Paragraph 184.

185.    Deny information sufficient to form a belief as to the allegations in Paragraph 185.

## CLAIMS

**Violation of 42 U.S.C. § 1983 – First Amendment – against Defendant NYC and against Defendants Obe, Pierre-Louis and Brooks (in their individual and official capacities)**

186.    Deny that any response is required to the allegations in Paragraph 186, which contain legal conclusions, and otherwise deny the allgegations.

**Violation of 42 U.S.C. § 1983 – Fourth Amendment – against Defendant NYC and against Defendant Det. Simmons (in her individual and official capacities)**

187.    Deny that any response is required to the allegations in Paragraph 187, which contain legal conclusions, and otherwise deny the allgegations.

**Violation of 42 U.S.C. § 1983 – Fourth Amendment – against Defendant NYC and against Defendants Corrado, Cruz and Staines (in their individual and official capacities)**

188.    Deny that any response is required to the allegations in Paragraph 188, which contain legal conclusions, and otherwise deny the allgegations.

**Violation of 42 U.S.C. § 1983 – Fourth Amendment – against Defendant NYC and against MTA Defendants Stephen Mears and Alison Chmitt (in their individual and official capacities)**

189.    Deny that any response is required to the allegations in Paragraph 189, which contain legal conclusions, and otherwise deny the allgegations.

**Violation of 42 U.S.C. § 1983 – Fourteenth Amendment – against Defendant NYC and Defendants Rose Pierre-Louis, Selvena Brooks, Inspector Olufunmilo F. Obe, Detective Linda Simmons, Officers John Staines, Officer Iselaine Guichardo Hermene Gildo Cruz, Lt. Nicholas Corrado, Lieutenant Raymond DeJesus, Officer Emmet, Sergeant Shevitz, MTA Officer Stephen Mears, MTA Officer Alison Schmitt (in their individual and official capacities)**

190.    Deny that any response is required to the allegations in Paragraph 190, which contain

legal conclusions, and otherwise deny the allgegations.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

191.  The Fifth Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

192.  Defendant MTA Officers Stephen Mears and Alison Schmitt have not violated any of Plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States, or the State of New York, or any political subdivision thereof. All actions were undertakend reasonably, properly, lawfully, and in in good faith and in the performance of their official duties, and in the reasonable belief that their actions were lawful and authorized.

### THIRD AFFIRMATIVE DEFENSE

193.  Punitive damages cannot be assessed against Defendant MTA Officers Stephen Mears and Alison Schmitt. Plaintiff's claims for punitive damages must be dismissed as they are not supported in law or in fact, and are barred by public policy and/or applicable law.

### FOURTH AFFIRMATIVE DEFENSE

194.  Defendant MTA Officers Stephen Mears and Alison Schmitt have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE

195.  Defendant MTA Officers Stephen Mears and Alison Schmitt had probable cause for the arrest and prosecution of Plaintiff Kelly Price pertaining to her November 17, 2016 arrest.

### SIXTH AFFIRMATIVE DEFENSE

196.  Any injury alleged to have been sustained resulted from Plaintiff's own culpable, and/or

reckless, and/or negligent conduct, or the culpable, and/or reckless, and/or negligent conduct of third parties, and was not the proximate result of any act of Defendant MTA Officers Stephen Mears and Alison Schmitt.

## SEVENTH AFFIRMATIVE DEFENSE

197. To the extent that Plaintiff alleges claims under New York State law, such claims may be barred, in whole or in part, because of Plaintiff's failure to comply with Public Authorities Law Section 1276.

## EIGHTH AFFIRMATIVE DEFENSE

198. To the extent that Plaintiff consented or acquiesced in any of the acts complained of, Plaintiff's claims are barred in whole or in part by the doctrines of estoppel or waiver.

## NINTH AFFIRMATIVE DEFENSE

199. Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate her damages.

## ELEVENTH AFFIRMATIVE DEFENSE

200. Any verdict in this action for past or future loss of earnings or other economic loss should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source.

## TWELFTH AFFIRMATIVE DEFENSE

201. Plaintiff's claims are barred in whole or in part by the relevant statute of limitations.

**WHEREFORE**, Defendant MTA Officers Stephen Mears and Alison Schmitt request judgment dismissing the Fifth Amended Complaint in its entirety, as against them, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York                    Thomas J. Quigley
        December 23, 2019                     General Counsel
                                              METROPOLITAN
                                              TRANSPORTATION AUTHORITY
                                              2 Broadway, 4th Floor
                                              New York, New York 10004

                                              By: _____
                                                  Jason Douglas Barnes
                                                  Assistant Associate Counsel
                                                  jabarnes@mtahq.org
                                                  212-878-7215
                                                  212-878-7398 (fax)

                                              *Attorneys for Defendants MTA Officer
                                              Stephen Mears and MTA Officer Alison
                                              Schmitt*

CC: *via ECF*, All Counsels of Record