UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

KELLY PRICE,

                                             Plaintiff,

                        -against-

CITY OF NEW YORK, et al.,

                                             Defendants.

----------------------------------------------------------------------- x

**STIPULATION OF
CONFIDENTIALITY
AND PROTECTIVE
ORDER**

15 Civ. 5871 (KPF)

  **WHEREAS**, pursuant to Rule 26 of the Federal Rules of Civil Procedure, all the parties to this action (collectively the "Parties" and individually a "Party")  must disclose certain "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) to the other Parties to this Action;

  **WHEREAS**, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, a Party may seek certain documents and information from other parties pursuant to discovery demands in this Action;

  **WHEREAS,** the parties deem certain information and documents confidential, private and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

  **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

  **WHEREAS**, the Parties object to the production of those documents unless appropriate protection for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and all defendants that documents shall be produced in accordance with the terms set forth below:

1. This "Action" shall mean <u>Kelly Price v. City of New York, et al.</u>, 15 Civ. 5871 (KPF), filed in the Southern District of New York.

2. As used herein, without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

(A) New York City Police Department ("NYPD") employment/personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board ("CCRB"), or other agencies, including, but not limited to the investigation files pertaining to the alleged July 2, 2015 incident;

(B) NYPD training materials, including, but not limited to documents, operation orders, command level orders and lesson plans;

(C) Any NYPD documents produced as part of municipal liability discovery;

(D) Names and addresses of non-party individuals/witnesses who have been identified and/or disclosed by defendant City to the extent such information is within defendant City's possession;

(E) Other Discovery Materials that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the Parties, Discovery Materials that contain information that is personal, sensitive or otherwise inappropriate for public disclosure.

3. The documents and information as defined in Paragraph 2 produced by the Parties shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained from sources other than the Party producing and/or disclosing the materials, or (b) are otherwise publicly available.

4. The Party or person producing or disclosing Discovery Material shall designate the Discovery Material documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiff's and co-defendants' counsel.

5. The Parties shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

6. Any documents produced by a non-party by request or pursuant to a subpoena in this Matter and that are designated as Confidential Materials by a Party shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

7. Each Party reserves the right to designate any document confidential pursuant to this Stipulation of Confidentiality and Protective Order if necessary after production of such documents in this Action.

8. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing Party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. Upon receiving notice from the disclosing Party or its counsel that a particular

document or class of documents has been inadvertently produced and is claimed to be privileged, or to contain privileged information, the parties in receipt of the inadvertently produced document(s) will promptly take reasonable steps to locate and return or destroy all copies of any such documents. Any such documents shall not thereafter be used by the parties in receipt of the documents for any purpose, unless and until the documents are adjudicated to be non-privileged. Nothing in this paragraph shall alter an attorney's responsibilities under applicable law or codes of ethics when confronted with inadvertently produced privileged information.

9.     Each person who has access to Discovery Material designated as Confidential pursuant to this stipulation must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10.     If a Party objects to the designation of particular documents as "Confidential Materials," that Party shall state such objection in writing to the designating Party, and the Parties shall endeavor in good faith to resolve such an objection. If such an objection cannot be resolved, then, within fifteen (15) days of receiving the response to the objection to the material's classification as confidential, the objecting Party shall seek judicial intervention. Any such materials or information shall remain confidential until the Parties resolve the objection or there is a resolution of the designation by the Court.

11.     Confidential Materials may not be used for any purpose other than for the preparation or presentation of this Matter.

12.     The Parties and the Parties' attorneys shall not disclose the Confidential Materials to any person other than a Party, an attorney of record for that Party, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter, as well

as any vendors that counsel retains to provide litigation support services; or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made only if necessary, to the preparation or presentation of the Party's case in this Matter, to those individuals described in the subparagraphs below.

    b. an expert who has been retained or specially employed by a Party's attorney in anticipation of litigation or preparation for this Action;

    c. any mediator or arbitrator that the Parties engage in this Action or that this Court appoints;

    d. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy and whom the Party seeking to disclose the document has a good faith belief actually received a copy of the document;

    e. to a witness at a deposition in this action or in preparation for testimony at a deposition or trial, provided that any such witness not retain any copies of Discovery Material designated as Confidential;

    f. stenographers engaged to transcribe depositions the Parties conduct in this action; or

    g. to the Court.

    h. Before any disclosure is made to a person listed in subparagraphs (b) through (f) above (other than to the Court), the disclosing Party's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in

the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The attorneys for the Party making such disclosure shall retain the signed consent and furnish a copy to the attorneys for the Party that produced the Confidential Materials upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

13.     Deposition testimony and exhibits concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

14.     If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the judge to whom the papers are directed.

15.     Where the confidential information is not material to issues addressed in court submissions and the Parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of Parties or non-parties, the Parties may file redacted documents without further order of the Court.

16. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to the producing Parties' attorneys or, upon the producing Parties' attorneys' consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorney; except that plaintiff's counsel shall retain one copy of the Confidential Materials, and any Confidential Materials containing plaintiff's attorney work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect plaintiff's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

17. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit the Parties' use of its own Confidential Materials in any manner.

18. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Matter has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, Defendants, Co-Defendants, or anyone receiving confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

19.    This Stipulation of Confidentiality and Protective Order shall be binding upon the Parties immediately upon signature and shall be submitted to the Court for entry as an Order.

20.    The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future Parties to this Matter and their counsel.

AMANDA BAKOWSKI
*Attorney for Plaintiff*
Cravath, Swaine, & Moore, LLP
825 Eighth Avenue
New York, New York 10019


By: _____
    Amanda Bakowski, Esq.

JAMES E. JOHNSON
Corporation Counsel of the City of New
    York
*Attorney for Defendants City, Simmons,*
*Corrado, Cruz, and Staines*
100 Church Street, Rm. 3-309
New York, New York 10007

By: _____
    Laura Iheanachor, Esq.


THOMAS J. QUIGLEY
General Counsel
Metropolitan Transportation Authority
*Attorney for Defendants Stephen Mears and*
*Alison Schmitt*
2 Broadway, 4th Floor
New York, New York 10004

By: _____
    Jason Douglas Barnes, Esq.


**SO ORDERED:**


_____
**HON. KATHERINE POLK FAILLA**
**UNITED STATES DISTRICT JUDGE**

Dated: _____

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated _____ 2020, entered into the Matter entitled Kelly Price v. City of New York, et al., 15 Civ. 5871 (KPF), understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____          Signature: _____

                                        Print Name: _____

                                        Occupation:_____

9