UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY PRICE,<br><br>                    Plaintiff,<br><br>          -v.-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>                    Defendants. | 15 Civ. 5871 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

Plaintiff Kelly Price brings this *pro se* action under 42 U.S.C. § 1983, alleging violations of her constitutional rights.  This case has a long history, with which the Court presumes familiarity.  The operative pleading is Ms. Price's Fifth Amended Complaint.  (Dkt. #153).  She sues the City of New York (the "City"), ten of its employees (collectively referred to as the "City Defendants"), as well as two employees of the Metropolitan Transportation Authority Police Department (the "MTA Defendants").

The Court held a telephonic status conference in this matter on November 5, 2020.  This Order addresses several unresolved issues related to discovery in this case.

## BACKGROUND

Ms. Price initiated this action on July 24, 2015 (Dkt. #2), and filed a First Amended Complaint shortly thereafter on August 13, 2015 (Dkt. #4).  She alleged myriad violations of her rights under the United States Constitution and New York State law, including claims of malicious prosecution, improper denial of public services, false arrest, and infringements of her First

Amendment rights. Ms. Price's core thesis is that, beginning in 2010, members of the New York County District Attorney's Office, the New York City Police Department (the "NYPD"), and other City officials colluded to brand Ms. Price a "fabricator" and on that basis to deny her access to public services, including police assistance and support for victims of domestic violence. According to Ms. Price, the goal of this scheme was to discredit Ms. Price in order to protect her ex-partner, Raheem Powell, from Ms. Price's accusations of domestic violence and other abuse. (*See* Dkt. #4). Ms. Price alleges that Powell acted as a confidential information for the NYPD. (*See id.*). Originally named as Defendants were District Attorney Cyrus Vance, Jr., eight Assistant District Attorneys, two NYPD officers, and the former Commissioner of the Mayor's Office to Combat Domestic Violence. (*See id.*). Ms. Price's Second Amended Complaint, filed May 9, 2016, largely reiterated these claims but added some additional details. (*See* Dkt. #16).

Then-Chief Judge Loretta A. Preska dismissed the majority of Ms. Price's claims with prejudice as time-barred, as barred by prosecutorial immunity, and as failing to state a claim on which relief could be granted. (*See* Dkt. #5, 17). However, Judge Preska provided Ms. Price with multiple opportunities to amend to remedy certain identified deficiencies in her pleadings. (*See* Dkt. #5, 17).

Ms. Price filed a Third Amended Complaint on September 2, 2016, reasserting many of the previously dismissed claims and adding others against existing and new Defendants. The case was reassigned to this Court on

September 27, 2016.  By Order dated October 3, 2016, this Court reinforced that the claims previously dismissed by Judge Preska remained terminated, and assessed the sufficiency of Ms. Price's remaining claims.  (*See* Dkt. #30). Ms. Price's failure to name proper defendants, to allege facts sufficient to establish the elements of her claims, or to explain why untimely claims should be equitably tolled, doomed all but a few of her claims.  (*See generally id.*).  The claims that remained viable were (i) a false arrest claim against two NYPD officers that accrued in 2015 and (ii) two First Amendment claims against City officials who blocked Ms. Price from two government Twitter accounts in 2014. (*See id.* at 13).

On April 21, 2017, the Court granted Ms. Price leave to file a Fourth Amended Complaint, in light of Ms. Price's presentation of new evidence and arguments.  (Dkt. #65).  The Court specified in its Order that Ms. Price was permitted to amend only the following claims: (i) certain § 1983 claims under the First Amendment, against the City and three City officials, related to their alleged blocking of Ms. Price from viewing City-run Twitter accounts; (ii) a § 1983 claim under the Fourth Amendment, against the City and two then-unnamed MTA police officers, related to their alleged false arrest of Ms. Price in 2015; (iii) a § 1983 malicious prosecution claim under the Fourth Amendment against the City and NYPD Detective Linda Simmons, related to a prosecution that allegedly terminated in Ms. Price's favor on September 9, 2016; and (iv) a *Monell* claim encompassing a number of underlying claims, including those related to additional incidents in 2016 and 2017 involving alleged police use of

3

excessive force against Ms. Price, denial of services, and malicious prosecution. (*Id.* at 8-9). The Court denied Ms. Price leave to amend to add back in claims against members of the District Attorney's Office (the "DANY Defendants"), crediting the DANY Defendants' argument that they would be prejudiced by being reintroduced into the case several years after being dismissed. (*Id.* at 10-11). The Court also found that Ms. Price's allegations that the DANY Defendants colluded to undermine her credibility in order to protect Mr. Powell unraveled in light of a sworn affidavit denying that Powell was an informant for the District Attorney's Office. (*Id.* at 10).

Ms. Price filed her Fourth Amended Complaint on May 26, 2017 (Dkt. #69), which Complaint the City and the individual City Defendants then moved to dismiss (Dkt. #107-08). On June 25, 2018, the Court issued an Opinion granting in part and denying in part the motion to dismiss. (Dkt. #114). The § 1983 claims that remain are: (i) malicious prosecution, against Defendant Simmons in her individual and official capacities and the City of New York; (ii) false arrest, against three NYPD officers in their individual capacities, for detaining Ms. Price and transporting her to Bellevue Hospital against her will in 2015; and (iii) false arrest, excessive force, and malicious prosecution claims against the MTA Defendants in their individual capacities. (*Id.* at 55).

The Court entered an initial Civil Case Management Plan and Scheduling Order on July 30, 2018 (Dkt. #120), and the parties commenced discovery. The Case Management Plan has since been modified several times. (Dkt. #133, 137, 139). On November 21, 2019, with the Court's leave, Ms. Price filed a

4

Fifth Amended Complaint that substituted in the true names of the two MTA Defendants and was identical in all other respects to the Fourth Amended Complaint. (Dkt. #153 (correcting Dkt. #146)). On February 28, 2020, the parties requested a settlement conference before the Court, which conference was scheduled for April 3, 2020. (*See* Dkt. #172). Due to the COVID-19 pandemic and the suspension of in-person proceedings, the Court adjourned the conference *sine die* on March 25, 2020. (*See* Dkt. #177). The next, and most recent, conference with the parties was held telephonically on November 5, 2020. (Minute Entry for November 5, 2020).

## DISCUSSION

**A.   Evidence Presented During the November 5, 2020 Conference**

The Court first commends Ms. Price for her diligence in pursuing this litigation. The Court is attentive to the facts she has alleged and the trauma she has suffered over many years. Ms. Price, like any other person, is deserving of dignity, respect, and fair treatment by government officials. She should not be treated by City officials as if she is unworthy of their attention or, in the case of police officers, their protection. Accepting Ms. Price's allegations as true at this stage of the litigation, the Court understands that Ms. Price has borne substantial and repeated maltreatment by a variety of City officials.

Of particular concern to the Court, during the November 5, 2020 conference, Ms. Price brought forth information that the District Attorney's Office had in its possession — for nearly nine years — two cell phones on

which there was evidence supporting Ms. Price's allegations of various forms of abuse by Mr. Powell and undermining false reporting charges leveled against Ms. Price.  Not only did the Office not act on this evidence or return the phones in a timely manner despite Ms. Price's repeated requests, but a forensic examination of the phones conducted by Ms. Price's former counsel after the phones were finally returned indicates that someone in the District Attorney's Office attempted to delete the evidence from the phones.  This suggests that the District Attorney's Office affirmatively impeded Ms. Price's ability to pursue justice, allegedly to protect Mr. Powell.  Perhaps there is some benign explanation for such troubling conduct by members of the District Attorney's Office, but no such explanation is immediately obvious to the Court.  It should go without saying that the Court expects that any material relevant to this matter in the possession of the District Attorney's Office or any current Defendant, to which Ms. Price is entitled in discovery, will be produced to her without delay.

      Nonetheless, the Court does not believe that this newly presented evidence undermines the earlier dismissal of certain of Ms. Price's claims as time-barred by the three-year statute of limitations or for failure to state a claim upon which relief can be granted.  Even if it is now more plausible that members of the District Attorney's Office sought to discredit Ms. Price and maneuvered to stigmatize her as ineligible for police assistance, Ms. Price's substantive due process claim still is not viable as alleged.  As a general matter, "a State's failure to protect an individual against private violence simply

6

does not constitute a violation of the Due Process Clause." *DeShaney* v. *Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). There is an exception to this rule when the State actively creates or increases the danger to the person. *See Dwares* v. *City of New York*, 985 F.2d 94, 99 (2d Cir. 1993), *overruled on other grounds by Leatherman* v. *Tarrant Cty. Narc. Intelligence & Coordination Unit*, 507 U.S. 163 (1993). However, there is no evidence that Ms. Price's alleged placement by Defendants on a "do not serve" list increased the danger to her. Instead, her claims suggest only that "police officers had failed to act upon reports of past violence," and such allegations do "not implicate the victim's rights under the Due Process Clause[.]" *Id.*

### B. Next Steps

The Fifth Amended Complaint remains the operative pleading in this matter and discovery has proceeded as to the claims therein. During the November 5, 2020 conference, Ms. Price indicated to the Court that, in her view, discovery is not complete. Accordingly, Ms. Price is hereby ORDERED to submit to the Court, on or before **December 30, 2020**, a letter outlining the remaining discovery issues. She may also discuss in that letter the status of any negotiations she may have had with Defendants (including in particular the MTA Defendants) regarding settlement of some or all of her claims. Defendants shall file a response to Plaintiff's letter on or before **January 11, 2021**. Defendants shall also transmit a copy of this Order to counsel for the DANY Defendants on or before **December 4, 2020**.

SO ORDERED.

Dated:   November 30, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge