2 Broadway
New York, NY 10004
212 878-7000 Tel

 **Metropolitan Transportation Authority**
State of New York

December 31, 2020

**Via ECF**
The Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Re: *Price v. City of New York, et al.*, No. 15-CV-5871
   **Outstanding Discovery**

Dear Judge Failla:

I write on behalf of Defendant Metropolitan Transportation Authority ("MTA") Police Officers ("PO") Alison Gentile (née Schmitt) and Stephen Mears ("MTA Defendants") in the above-referenced matter in response the Court's November 30, 2020 Order regarding outstanding discovery and Plaintiff Kelly Price's letter filed December 30, 2020. The progress of discovery, to the extent MTA Defendants have been involved, is as follows.

On January 17, 2020, MTA Defendants served (1) MTA Defendants' Initial Disclosures, (2) a notice to take Plaintiff's deposition, (3) MTA Defendants' First Set of Interrogatories to Plaintiff, and (3) a MTA Defendants' First Request for Production of Documents from Plaintiff.

On February 5, 2020, Plaintiff served by email and mail notices to take depositions of (1) PO Gentile and (2) PO Mears, along with City and District Attorney personnel.

On February 10, 2020, Plaintiff emailed her August 30, 2018 initial disclosures to MTA Defendants. On or about the same day, she mailed document production on two DVDs, which I was unable to access on my computer.

On February 13, 2020, Plaintiff provided the files from the DVDs via file transfer protocol ("FTP"). These included a vast number of documents, the meaning of which is unclear to me in many instances.

On February 12-13, 2020, the parties, through their attorneys, conferred by telephone and set several tentative deposition dates in March 2020.

On February 18, 2020, Plaintiff emailed (1) Plaintiff's Responses and Objections to MTA Defendants' First Set of Interrogatories, (2) Plaintiff's Responses and Objections to MTA Defendants' First Request for Production of Documents, and provided that she would produce responsive, non-privileged documents by March 18, 2020. On the same date Plaintiff also mailed her (4) Plaintiff's First Set of Requests for Production (of documents) directed at MTA Defendants and (5) Plaintiff's First Set of Interrogatories directed at MTA Defendants. On February 18, 2020, Plaintiff provided copies of the discovery papers (other than actual document production) by email.

*The agencies of the MTA*

MTA New York City Transit      MTA Metro-North Railroad      MTA Construction & Development
MTA Long Island Rail Road      MTA Bridges and Tunnels       MTA Bus Company

On February 20, 2020, the parties finalized, and the Court endorsed, a Stipulation of Confidentiality and Protective Order. *See* Dkt. No. 165.

On or about February 24, 2020, Plaintiff provided an authorization to obtain medical records from the Lenox Hill Healthplex, where Plaintiff was taken after being detained by MTA Defendants on November 17, 2016.

On February 28, 2020, Plaintiff filed a letter on consent requesting that the Court set a settlement conference and stay all fact discovery pending completion of the conference. Dkt. No. 168.

On March 3, 2020, the Court endorsed the February 28 letter and set a settlement conference for April 3, 2020. Dkt. No. 169. The parties understood the endorsement to stay all fact discovery. In light of this, all depositions were cancelled and no further discovery or response papers were exchanged in response to the pending demands. Records were also not subpoenaed from Lenox Hill Healthplex or any other provider.

On March 16, 2020, Plaintiff dismissed her attorneys from Cravath, Swaine, and Moore, LLP, through whom she had conducted all prior discovery with MTA Defendants. *See* Dkt. No. 173.

On March 20, 2020, the Court adjourned the pretrial conference *sine die*, without altering the stay of discovery. Dkt. No. 172.

On March 25, 2020 the Court adjourned the settlement conference *sine die* in light of the COVID-19 pandemic, without altering the stay of discovery. Dkt. No. 175.

On July 7, 2020, after Plaintiff filed a letter to the Court, the Court issued an order advising that the settlement conference would not yet be feasible and that Plaintiff was free to present new discovery to defense counsel and discuss settlement without the Court's assistance. Dkt. No. 177.

On October 7, 2020, I spoke with Plaintiff over the telephone following an email exhange between the parties and Court Clerk. My recollection is that Plaintiff informed me she would be amenable to a separate settlement with the MTA Defendants, but was concerned about the availability of evidence from the MTA Defendants that she may need for her broader lawsuit against the other defendants. Even though I assured her she would still be able to subpoena testimony and documents, she expressed that she would feel more comfortable considering a separate settlement once information regarding any shared law enforcement database that the MTA Defendants may have had access to was provided, which database she suggested was run by Palantir Technologies.

Since that time, I have been attempting to obtain the requested information, which is explained in greater detail in a separate letter to the Court that I will email to the Court Clerk contemporaneously with this one.

On November 5, 2020 the parties participated in a status conference with the Court. *See* Dkt. No. 181.

MTA Defendants and the MTA itself possess limited documents that are pertinent to this matter, outside of those served on MTA Defendants by Plaintiff herself. These include, to my knowledge:

- Incident Report for November 17-18, 2016 incident (already produced October 28, 2019);
- Computer Aided Dispatch Report for November 17-18, 2016 incident;
- Daily Deployment for District and Tour, in which November 17-18, 2016 incident occurred;

- MTA Defendants' PO memo book pages for November 17-18, 2016 incident;
- Summons issued to Plaintiff for November 17-18, 2016 incident;
- Summons database record for November 17-18, 2016 incident;
- Summons transmittal sheet including previously mentioned summons;
- Suicide prevention form issued to Plaintiff for November 17-18, 2016 incident
- MTAPD policies relevant to the November 17-18, 2016 incident;
- MTAPD Internal Affairs files for MTA Defendants (to the extent relevant);
- Deposition transcript, filings, and exchanged discovery from *Buckley v. MTA, et al.*, which involved PO Mears (to the extent relevant).

These discovery items remain outstanding:

- MTA Defendants' response to Plaintiff's First Set of Interrogatories;
- MTA Defendants' response to Plaintiff's First Set of Requests for Documents;
- MTA Defendants' documents responsive to Plaintiff's First Set of Requests for Documents;
- Third party records that appear in the eJusticeNY portal, as well as records of access to modules in the portal;
- Third party medical records concerning Plaintiff not already obtained;
- Any documents exchanged between the City Defendants and Plaintiff after the February 13, 2020 production (MTA's demands called for ongoing production of such documents);
- Depositions of Plaintiff, MTA Defendants, and all other witnesses/defendants;
- Any supplemental document exchange that may be necessary in light of deposition testimony given.

MTA Defendants have had no further settlement discussions with Plaintiff, but remain open to the prospect of settlement.

MTA Defendants take no position as to the points raised in Plaintiff's December 30 letter that do not pertain to them.

Respectfully submitted,

Jason Douglas Barnes
*Attorney for MTA Defendants*

CC:   Plaintiff and Attorneys for Co-Defendants