2 Broadway
New York, NY 10004
212 878-7000 Tel



## Metropolitan Transportation Authority
### State of New York

December 31, 2020

**Via ECF**
The Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Re:   *Price v. City of New York, et al.*, **No. 15-CV-5871**
          **Request to Issue Subpoena**

Dear Judge Failla:

I write on behalf of Defendant Metropolitan Transportation Authority ("MTA") Police Officers Alison Schmitt and Stephen Mears ("MTA Defendants") in the above-referenced matter to request that either Your Honor, Magistrate Judge Freeman, or the Clerk of Court endorse the enclosed subpoena for documents relevant to the MTA Defendants' defense of this litigation or issue an equivalent order.

Your Honor may recall that Plaintiff Kelly Price's claims against the MTA Defendants are tied to those against the other defendants by the allegation (not present in the Fifth Amended Complaint) that the MTA Defendants made the decision to remove her to a hospital only after having "bec[o]me aware of her status as an alleged fabricator after they ran her name through their system at the MTA police station," and saw that "she had been placed on the City's 'Do Not Serve' list." *See* Dkt. No. 161.

I previously communicated to the Court that I had learned that MTA police do have access to a shared law enforcement database called "eJusticeNY," which it was my understanding was administered by the New York State Division of Criminal Justice Services ("DCJS"). Your Honor may also recall having endorsed a subpoena for records from DCJS on November 30, 2020, which I served on DCJS shortly after, because DCJS regards even showing counsel for the MTA a person's records in that system as a violation of the contract to use the system.

On December 29 and 30, 2020, I had discussions with Michael Flaherty, Acting General Counsel of DCJS. He explained to me that eJusticeNY is actually not a single database but a portal for accessing numerous database modules, and those that can be accessed through the portal vary from one law enforcement agency to another, depending on the access arrangements the agency has made. He further explained that DCJS is only responsible for the actual data in two of those modules, the Domestic Incident Reports ("DIR") and New York State Identification and Intelligence System ("NYSIIS"), the latter of which reflects a person's criminal history. Other entities, such as the New York State Police, are responsible for other modules.

DCJS is able to provide a copy of Ms. Price's report from each of those systems and is able to provide information regarding who accessed this information and on which dates. However,

*The agencies of the MTA*

MTA New York City Transit          MTA Metro-North Railroad          MTA Construction & Development
MTA Long Island Rail Road          MTA Bridges and Tunnels           MTA Bus Company

DCJS's position is that the prior subpoena did not encompass the information regarding users accessing the reports, and they would require a new court-ordered subpoena to provide either a statement or record as to whether or not any MTA police officers accessed Ms. Price's NYSIIS or DIR information in November 2016. I am writing to request that new subpoena be signed.

I note that, per my conversations with Mr. Flaherty, DCJS is only planning to provide records relevant to MTA Defendants' defenses. If Your Honor's expectation is that MTA Defendants obtain *the entirety of available records* regarding Ms. Price so that she may use them for her own purposes, I ask that Your Honor make this clear in a rider to the subpoena or else instruct me to do so.

With regard to the other modules, I am currently seeking further information on which modules MTA police have access to through eJusticeNY. Upon obtaining that information, I will find out what entity is responsible for each module from Mr. Flaherty. I will then need to obtain the records separately from each of those entities and will likely require further court-ordered subpoenas to do so, as that requirement as to form is common among New York State government entities (MTA included).

In light of this and in light of Your Honor's prior offer to assist in obtaining the records, MTA Defendants request that the Court endorse the enclosed subpoena for documents or issue an equivalent order.

Respectfully submitted,

Jason Douglas Barnes
*Attorney for MTA Defendants*

CC:   *Plaintiff and Attorneys for Co-Defendants*