April 21, 2017

Hon. Katherine Polk Failla
United States District Judge
c/o Pro Se Office
United States District Court
Southern District of New York
500 Pearl Street, Room 230
New York, NY 10007

Re:   *Price v City of New York, Simmons et al*, 15 CIV 5871
      Submissions on Motion for Reconsideration / Amendment of Complaint

Dear Judge Failla:

I am the Plaintiff in the above matter. I am writing in relation to the submissions filed April 19, 2017 on behalf of, amongst others, District Attorney Cyrus R. Vance, Jr. ("DA Vance"), together with the Declaration by District Attorney Christopher Ryan ("DA Ryan") exhibited thereto. In those Submissions, Counsel for DA Vance asserts that I would not be able to prove DA Vance had a special relationship with my abuser, Mr. Raheem, because Mr. Raheem was never a "cooperating witness" in the investigation of the 137th Street Crew.

I would like to respectfully request an opportunity to respond to that argument, and to the facts in DA Ryan's Declaration. The Submissions, and the Declaration, address only a small part of the factual matrix concerning the relationship between the DA's office and my abuser. I am concerned that if left unanswered, this has the potential to mislead the Court.

Among other concerns I would like to highlight are that **THE RYAN AFFIDAVIT ONLY SPECIFIES THAT POWELL DID NOT TESTIFY AGAINST THE 137TH ST CREW OR ACT AS A COOPERATING WITNESS. IT STOPS SHORT OF ADDRESSING MY FULL ALLEGATIONS.**

What is not addressed in the affidavit is whether my abuser, Raheem Andre Powell, signed a complaint against a cooperating witness who testified and/or gave proffer that *led to* the 137th st Grand Jury Indictment. I have alleged all along that, and advanced as a theory, that a young gunman was induced to testify because of a complaint that my batterer had signed documenting an attempted murder in December of 2010 against him.  That gunman had tried to rob my

abuser's drug-distribution location on w 120th st.  I state in all versions of my complaint turned into the court:

" Plaintiff's batterer enjoyed a privileged status with the MDAO and NYPD as a result of several incidents:  he had assisted in helping the police previously and warned her that she would be unable to find sympathetic ears regarding his violence.  *More recently Powell had been a complainant in an attempted murder case wherein his marijuana distribution hideout was robbed on or about December of 2010 by an armed member of a central-Harlem gang.  During that robbery the perpetrator shot at Powell as he chased him up nearby Frederick Douglas Boulevard in front of the 28th precinct.*   That young robber/shooter was key in unraveling knowledge about the "Goodfellas" and "137th st" gangs in Central Harlem, which were 'brought to justice' under fanfare and several public press conferences by the district attorney's office (Exhibit # K)."

Ryan's declaration is that my abuser: "…was not a cooperating witness for DANY, nor did he testify in any proceedings *related to the prosecution of the 137th Street Crew*." This carefully worded declaration does not deny my allegations, nor does it account for my abuser's cooperation on other prosecutions/investigations or deny a working relationship of any sort between ADA Strohbehn/Operation Crew Cut/the NYPD and my abuser.

Half-truths in legal papers presented to courts by the Manhattan District Attorney's Office about me are what have brought me to this place in front of the court today your honor.  I would like to address the above as well as other factual concerns I have about recent submissions to the court by the District Attorney and the City.

Thank you for considering my request.


Yours Sincerely,


Kelly Price                                         Sworn to before me on this 21st day of April 2017



_____                         _____