

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT

**JAMES E. JOHNSON**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, N.Y. 10007

**LAURA IHEANACHOR**
*Assistant Corporation Counsel*
Tel.: (212) 356-2368
Fax: (212) 356-3509
liheanac@law.nyc.gov

January 11, 2021

**BY ECF & E-MAIL**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Kelly Price v. City of New York, et al.
15 CV 5871 (KPF)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of this matter. City Defendants respectfully write in furtherance of the Court's November 30, 2020 Order directing plaintiff to file a letter outlining what she believes is outstanding in discovery by December 30, 2020. (ECF No. 179) The Order went on to direct defendants to respond to plaintiff's letter by January 11, 2021. (Id.)

### The Remaining Claims

At the outset, in light of the vast majority of plaintiff's submissions focusing on claims that have no bearing on this matter,[1] it is crucial to remind the Court that there are only three remaining claims in this matter as it relates to the named NYPD defendants. The first two claims are for false arrest and malicious prosecution pertaining to plaintiff's arrest on October, 13, 2010. The third claim is for false arrest/false imprisonment pertaining to plaintiff's removal to Bellevue Hospital from NYPD's Midtown North Precinct on July 2, 2015.

---

[1] Plaintiff's letter submissions were primarily focused on her allegations of various shortcomings involving the Manhattan District Attorney's Office ("DANY") and their handling of matters unrelated to the instant litigation and/or DANY's purported failure to comprehensively respond to a discovery subpoena. However, as there are no claims arising from these alleged incidents and because this Office does not DANY, City Defendants cannot speak to those allegations.

**The Purported Outstanding Discovery**

City Defendants note that plaintiff's December 30, 2020 and January 4, 2021 letters were not directed at identifying any outstanding discovery as it relates to the existing claims in this matter as plaintiff was directed to do by the Court's November 30, 2020 Order. In fact, plaintiff acknowledges that City Defendants' "[d]iscovery submissions have been limited to only the specific incidents outlined in the complaint," but, nevertheless, asserts that she is entitled to "all NYPD documents" that are about or mention her from 2008 through the present even if such documents are irrelevant to the claims at issue. (See Plaintiff's December 30, 2020 Letter, at pg. 22). This litigation should be used as a vehicle for plaintiff to gather documents she believes that she was otherwise denied, for example in response to FOIL requests. Moreover, the relevancy requirement of Fed. R. Civ. P. 26 precludes production of the type of far-reaching, irrelevant, documents that plaintiff posits she is entitled to. Further, the sought-after documents spanning more than twelve years is disproportionate to needs of this litigation both because of the irrelevancy of the information and the expansive time period.

However, to the extent that plaintiff contends that City Defendants failed to produce other information that *may* be relevant to the underlying incidents – specifically, "911 instructions, radio runs, algorithms, databases, emails, communications regarding these specific incidents" – plaintiff has not set forth any basis to believe that such documents exist. Further, City Defendants have no reason to believe that any relevant documents have not been produced. By way of example, plaintiff was arrested inside of the 28th Precinct on October 13, 2010 and, accordingly, there would be no "911 instructions" and/or radio runs. Additionally, as to the July 2, 2015 incident, information pertaining to the 911 calls received and radio runs have already been produced. Moreover, as plaintiff has already been advised, she was not arrested or detained pursuant to any algorithm on either occasion, and while documents from the relevant NYPD databases have been produced, an actual database cannot be produced.[2] Further, upon information and belief, all relevant documents completed by defendants have been provided. As such, City Defendants submit that, upon information and belief, there are no outstanding relevant documents.[3]

---

[2] Plaintiff makes reference to Palantir. Notably, The NYPD did not begin using Palantir until around 2011, after plaintiff was arrested in 2010. Furthermore, the database was primarily used by specialized units. In any event, plaintiff was removed to Bellevue in July 2015, as a result of complaints that plaintiff had physically assaulted a patron in a bar and her subsequent behavior at the precinct – not as a result of information in the Palantir database.

[3] Plaintiff's assertion that City Defendants have failed to provide a privilege log for unrelated IAB and CCRB investigatory documents should also be rejected as City Defendants are under no obligation to produce such irrelevant documents, as set forth herein, much less to provide a privilege log for such irrelevant documents.

**Discovery That is Actually Remaining**

City Defendants submit that paper discovery in this matter has been completed as it relates to the existing claims against the named NYPD defendants and that the only outstanding discovery is plaintiff's deposition.[4,5]

Thank you for your consideration herein.

Respectfully submitted,

*Laura Iheanachor* /s

Laura Iheanachor
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   All Counsel of Record (By ECF)
      Plaintiff, Kelly Price (By ECF)

---

[4] City Defendants note that plaintiff's prior counsel, Cravath, Swaine & Moore, LLP, prior to the last scheduling of the settlement conference, also confirmed that depositions were the only outstanding discovery as it pertains to City Defendants.

[5] Plaintiff also appears to move to amend the complaint to allege claims against DANY and/or a Monell claim against defendant City. As the Court simply ordered plaintiff to detail what remained in discovery, City Defendants will not address plaintiff's motion unless otherwise ordered to do so by the Court. However, as the purported amendment would exclusively allege facts specific to plaintiff, and would not identify any policy and/or practice of the City and/or DANY at large, plaintiff cannot set forth a viable Monell claim. See, e.g., Missel v. County of Monroe, 09 Civ. 0235, 2009 U.S. App. LEXIS 24120, at *4 (2d Cir. Nov. 4, 2009) (summary order) (affirming dismissal of Monell claim where plaintiff "made no factual allegations that would support a plausible inference that the [defendant]'s 'policies' or 'customs' caused . . . violations of [plaintiff]'s rights").; Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) ("a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.").