**DISTRICT ATTORNEY**
**COUNTY OF NEW YORK**
**ONE HOGAN PLACE**
**New York, N. Y. 10013**
**(212) 335-9000**



**ALVIN L. BRAGG, JR.**
DISTRICT ATTORNEY

January 10, 2022

**BY ECF**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Price v. City of New York, et al.,
15 cv 5871 (KPF)

Dear Judge Failla:

I am an Assistant District Attorney in the Special Litigation Bureau of the New York County District Attorney's Office ("DANY") representing DANY as an interested party in the above-captioned matter.

As per Your Honor's Order dated November 3, 2021 [DE 196], DANY respectfully submits this letter to provide responses to the actions requested by the Court.

The Court ordered DANY to perform a "keyword search of former Assistant District Attorney Kenya Well's emails for messages related to plaintiff's cellphones." The time frame for the search was to be between May and July 2011.[1] The search was concluded and produced no responsive emails related to plaintiff's cellphones—from any date.

The Court also ordered DANY to address the significance of the forensic analyses of Plaintiff's phones and state whether we agree or not with Plaintiff's characterizations. DANY continues to confirm that no forensic analysis was conducted of the cellphones, therefore, we disagree with Plaintiff's characterizations that DANY deleted data from the cellphones and conducted a forensic analysis of their content. Plaintiff's 3-page exhibit [DE 183, Exhibit 'E'] was reviewed by a DANY IT supervisor who indicated that the document does not constitute a forensic *report* to accompany the exhibit, it is not possible to interpret it. Should Plaintiff provide the forensic report she has previously stated was prepared, DANY's

---

[1] The manner utilized for the search was as follows: I requested the data from the IT Unit at DANY. The DANY Networking team restored the .PST file- which contained all of the emails for ADA Kenya Wells- to a shared location. From the shared location, the .PST file was imported to Nuix software, which hashed the .PST file to prove authenticity then created a record for each email and attachment. Each record was then further processed to create images, pdfs, meta data and natives. The data was then exported in Concordance format for Document review. Using the Court's suggested search terms, I searched for responsive emails.

IT supervisor will review and comment on behalf of DANY. As of this writing, Plaintiff has not provided a forensic report.

The Court's final order was for a copy of the search warrant draft, which is appended to this letter. It contains no confidential material.

Thank you for your consideration.

Respectfully submitted,

*Susan C. Roque*

Susan C. Roque
Senior Supervising Attorney
Special Litigation Bureau
(212) 335-9209 (telephone)
(212) 335-4390 (fax)

cc:      *via ECF*

Kelly Price
Plaintiff

Corey S. Shoock, Esq.
Steve S. Efron, Esq.
Renee Lucille Cyr, Esq. (ECF)
Counsel for Defendants

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE MATTER OF AN APPLICATION FOR A WARRANT
AUTHORIZING A SEARCH OF (1) A BLACK MOTOROLA
CELL PHONE PRESENTLY IN CUSTODY OF THE DISTRICT
ATTORNEY'S OFFICE, AND (2) A PURPLE KYOCERA
METRO PCS CELL PHONE PRESENTLY IN CUSTODY OF THE
DISTRICT ATTORNEY'S OFFICE

## AFFIDAVIT IN SUPPORT OF
## SEARCH WARRANTS

I, Lauren Liebhauser, Senior Investigator, shield 175, being duly sworn, deposes and states:

1. I am currently employed by the New York County District Attorney's Office in the Investigation Bureau, where I have worked for 9 years.  As such, I am a public servant of the kind specified in CPL § 690.05(1).

2. This affidavit is submitted in support of an application to search (1) a black Motorola cell phone presently in custody of the District Attorney's Office and (2) a purple Kyocera Metro PCS cell phone presently in custody of the District Attorney's Office (hereinafter together referred to as the "Target Cell Phones"), in order to determine the owner or primary user of the Target Cell Phones.

3. With respect to the Target Cell Phones, there is reasonable cause to believe that by turning on the phones and searching through their contents, there will be evidence indicating the rightful owner or primary user of the Target Cell Phones. That evidence may be found in but not limited to the following:

   a. the number assigned to the Target Cell Phones as well as any numbers, digits, letters, photographs and symbols stored in the memory of said telephone;

   b. data, information, and images, including but not limited names, nicknames, addresses, e-mail addresses, numbers (including telephone numbers and bank account numbers), letters, symbols, stored messages (voice and/or text), photographic images, notes, correspondence, instructions, and orders; descriptions of time, date, locations, items, or events that constitutes evidence or tends to demonstrate the primary user or owner of the Target Cell Phones and  evidence tending to show the identity of the maker or user of the telephone, data and information, such as passwords, sign-on codes, and program design;

   c. records and documents, in any format, including the electronic storage of data, information, images, text messages, and e-mails reflecting, among other items of relevance, the primary user or owner of the Target Cell Phones, and information which may lead to discovering the identity of the primary user or owner of the Target Cell Phones, including but not limited to: 1) names, addresses and

telephone numbers of contacts saved in the phone, 2) names, addresses and telephone numbers of those contacted using the Target Cell Phones;

d. any and all evidence demonstrating ownership and use of the Target Cell Phones by any person; and

e. personal identifying information, in any format, as that term is defined in Penal Law §190.77, of any person connected to this investigation.

4. It is also requested for evidentiary purposes that this Court grant authorization for law enforcement personnel, including members of the United States Secret Service and employees of the New York County District Attorney's Office, to photograph, process, and to analyze, test, and in any way scientifically process the Target Cell Phones.

5. With respect to the stored electronic communications, data, information and images contained in the Target Cell Phones described above, it is also requested that this Court grant permission to search and retrieve the above-described communications, data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

6. The examination of any electronic storage or communication devices can be a time-consuming process due to the constantly changing universe of technologies, models, operation systems, and types of content stored. Further, searching electronic storage or communication devices often requires that the search be completed by a qualified person in a laboratory or other controlled environment because of the volume of evidence and technical requirements of the forensic examination. As the Target Cell Phones are already in the custody of law enforcement, it is requested that the warrants be deemed executed at the time and date of judicial authorization, and that further analysis of the Target Cell Phones and its contents be permitted at any time thereafter.

7. Since this affidavit is being submitted for the limited purpose of obtaining search warrants for the Target Cell Phones, I have not set forth each and every fact learned during the course of this matter and investigation.

8. My basis for believing that the property is in the above-stated locations is as follows:

a. I am informed by New York County Assistant District Attorney Kenya Wells, that he was the ADA assigned to the prosecution of the case against defendant Kelly Price, under docket 2011NY021627. While the case was pending, the defendant participated in a proffer session in which she was present with her attorney, along with ADA Larry Newman, and ADA Wells. During that proffer session, the defendant willingly and without being prompted, gave two cell phones, a black Motorola and a purple Kyocera Metro PCS cell phone, to ADA Wells. As defendant provided the phones to ADA Wells, she stated in substance that the phones belonged to her former boyfriend, Raheem Powell, and that Mr. Powell dropped the phone in her apartment. Defendant further stated that ADA Wells was free to search the phone for information corroborating her story or to do whatever he wanted with the phone and that she wanted nothing to do with the phones any longer. Since that time the cell phones have been in the possession of ADA Wells.

b. Defendant now asserts that she wants the cell phones to be returned to her. ADA Wells has tried to no avail to get in contact with Raheem Powell to verify who the

phones belong to. ADA Wells' attempts to reach Mr. Powell have included: (1) calling Mr. Powell at the phone number provided by Mr. Powell, (2) sending a subpoena via the U.S.P.S to Mr. Powell to appear in court while defendant's case in which Mr. Powell was the complainant was pending, and (3) a member of N.Y.P.D. going to the address of Mr. Powell to serve him with a subpoena to appear in court while defendant's case was pending.

WHEREFORE, I respectfully request that the court issue the warrants and order of seizures in the forms annexed hereto authorizing a search of the property set forth in paragraphs 3 and 4, above.

It is also requested that the Court specifically authorize Law Enforcement to conduct the search in the manners as specifically requested in this affidavit.

No previous application has been made in this matter to any other Judge, Justice, or Magistrate.

_____
Lauren Liebhauser

Assistant District Attorney Kenya Wells

Sworn to before me this
27th day of November, 2012

_____
Judge

_____
Name of Court Reporter

**CRIMINAL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK**

**IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK**
**TO ANY POLICE OFFICER IN THE CITY OF NEW YORK**

Proof by affidavit having been made this day before me by Lauren Liebhauser, of the New

York County District Attorney's Office Investigation Bureau, that there is reasonable cause to

believe that certain property, to wit:

a. the number assigned to the Target Cell Phones as well as any numbers, digits, letters, photographs and symbols stored in the memory of said telephone;

b. data, information, and images, including but not limited names, nicknames, addresses, e-mail addresses, numbers (including telephone numbers and bank account numbers), letters, symbols, stored messages (voice and/or text), photographic images, notes, correspondence, instructions, and orders; descriptions of time, date, locations, items, or events that constitutes evidence or tends to demonstrate the primary user or owner of the Target Cell Phones and evidence tending to show the identity of the maker or user of the telephone, data and information, such as passwords, sign-on codes, and program design;

c. records and documents, in any format, including the electronic storage of data, information, images, text messages, and e-mails reflecting, among other items of relevance, the primary user or owner of the Target Cell Phones, and information which may lead to discovering the identity of the primary user or owner of the Target Cell Phones, including but not limited to: 1) names, addresses and telephone numbers of contacts saved in the phone, 2) names, addresses and telephone numbers of those contacted using the Target Cell Phones;

d. any and all evidence demonstrating ownership and use of the Target Cell Phones by any person; and

e. personal identifying information, in any format, as that term is defined in Penal Law §190.77, of any person connected to this investigation.

may be found in a (1) a black Motorola cell phone presently in custody of the District Attorney's

Office, and (2) a purple Kyocera Metro PCS cell phone presently in custody of the District

Attorney's Office (hereinafter referred to collectively as "Target Cell Phones"), and that there is reasonable cause to believe that the above-described property constitutes evidence and tends to demonstrate the owner or primary user of the Target Cell Phones.

YOU ARE THEREFORE COMMANDED, to enter and to search the Target Cell Phones, for the above described property, and if you find such property or any part thereof to bring it before the Court without unnecessary delay.

Further, this Court authorizes law enforcement personnel to videotape and photograph the Target Devices; to process the Target Devices for fingerprints; and to analyze, test, and in any way scientifically process the Target Devices and all the items seized therein.

Additionally, with respect to the stored electronic communications, data, information and images contained in the Target Devices described above, this Court authorizes that such stored electronic communications, data, information and images may be reproduced by printing or converting or copying them into storage in another device.

Additionally, this Court authorizes other law enforcement agencies, specifically the United States Secret Service and the New York County District Attorney's Office, to perform forensic analyses and download information contained and stored within the Target Devices.

This warrant is deemed executed at the date and time of issuance.

_____
Judge of the Criminal Court

Dated: New York, New York
      November 27, 2012

TARGET CELL PHONES: (1) a black Motorola cell phone presently in custody of the District Attorney's Office and, (2) a purple Kyocera Metro PCS cell phone presently in custody of the District Attorney's Office