# DAVID J BRODERICK LLC

70-20 AUSTIN STREET, SUITE 107, FOREST HILLS, NEW YORK 11375
PHONE: 718-830-0700                                                                                          FAX: 718-228-4271
EMAIL: BRODERICKLEGAL@GMAIL.COM

February 23, 2024

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007



> Re: Kelly Price v. Simmons, et al.,
> 15-cv-05871 (KPF)

Your Honor:

    As you may recall, I am the newly retained counsel for the plaintiff Kelly Price. During the conference on February 16, 2023, I informed the Court of my attempt to obtain the file from Ms. Price's previous counsel, Damaris Hernandez, Esq. of Cravath, Swaine & Moore. Surprisingly, I have not received any response via email or phone regarding the file exchange, hindering my ability to proceed. Attached is a request for an Order compelling Cravath to provide the complete file within 10 days.

    At the conference, I also raised concerns regarding the deficiencies in the January 10, 2022, affidavit submitted by Susan Roque, Director of the District Attorney of New York's ("DANY") Special Litigation Bureau, as the search was conducted using Ms. Price's "case number" and a search of ADA Kenya Wells email rather than a search of the Cellbrite report that records the information by IMEI# as well the internal shared drives where permission is granted from the "Tech lab" for ADAs to access information as stated by ADA Diana Florence (Exhibit "6"). Ms. Roque knew this information and should have openly and candidly disclosed this information to the Court. The IMEI#s of Ms. Price's phones are as follows:

    Kyceara Android - #268435456411982411
    Nextel/Motorolo Android - #001700299479900

Ms. Roque's affidavit and claim of "no access" is suspect for

(1) the DANY should have conducted its search by IMEI#s of the devices involved because its contracts (Exhibit "4") with Cellbrite Software Corp. mandate reporting by IMEI# on a quarterly basis,

(2) Ron Rispoli, a forensic expert, reports that the phone was accessed on June 21, 2011, **seven (7) days AFTER the phones were turned over to DANY** pursuant to a "Queen

       For a Day" agreement and remained in its custody until February of 2020. (Exhibits "1" – Queen for a Day, "2" – Rispoli letter, and "3" – Report log from the phone),

(3) In the transcript of the September 17, 2021, conference at Docket#197, DANY acknowledges that it has already turned photos of text messages contained on the phones in a discovery disclosure during these proceedings. These photos could have only been obtained after DANY had already forensically examined the devices. Ms. Roque's affidavit is only contrary to that transcript but does not explain to the court how these files came into their possession if the phones were never accessed; and

(4) On August 14, 2014, ADA Christina Maloney responded to Ms. Price's FOIL request (Exhibit "5") that DANY did submit and receive a subpoena to examine Plaintiff's phones.

    At this stage, I believe the DANY and its prosecutors belong in this matter, as their shield of qualified immunity evaporated as they not only participated in the investigative stage and, upon information and belief, actively participated in the destruction of evidence thus its conducted "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). DANY had exclusive custody of Ms. Price's phones from June 28, 2011, to February 2020, and, the only evidence "missing" from the phones is the exculpatory evidence of my client. It is my belief, that the evidence went missing on June 28, 2011, when the phones were accessed by DANY as they were the only entity known to have possession of same. Clearly, the the following cases would support inclusion of DANY for its active destruction of evidence, *Cipolla v. Cty. of Rensselaer*, 129F.Supp.2d 436, 451-52, 456 (N.D.N.Y. 2001), *Galgano v. Cnty. of Putnam*, No. 16-cv-3572, 2020 WL 3618512, *7 (S.D.N.Y July 2, 2020); *Rich v. State of New York*, No. 21-cv-3835, 2022 WL 992885, *6-7 (S.D.N.Y. March 31, 2022), *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *Buckley*, 509 U.S. at 274 n.5., *Watson v. Grady*, 09-cv-3055, 2010 WL 3835047, at *17 (S.D.N.Y. Sept. 30, 2010).

    As I stated at the conference, I do not desire to bring the Court go down any "rabbit holes" and waste its time in motion practice unless I am confident that a violation occurred. However, had I pled this case initially, DANY and its employees would still be in this matter as the actual facts, if pled correctly, would have easily satisfied a 12(b)(6) motion. As noted above, it does not bode well for DANY who claimed they never turned the phones on, yet they were clearly accessed while in its custody. Moreover, it is clear that DANY read this Court's prior order in a limited way rather than in an expansive "full disclosure" way as evidence by the Cellebrite training manual which clearly states that the forensic processing of devices can be tracked by the "Extraction counter" embedded in the Cellebrite extraction software program (see, Exhibit 7 – page 69 from Cellebrite's over 260 page manual); thus the DANY should have searched all of its records with Cellbrite as well as its internal case management system, and the extraction counter. Again, we know the phone was accessed on June 28, 2011, while it was in their custody. DANY had to report that to Cellbrite and record the extraction counter.

In addition to a further affidavit, DANY should be compelled to turn over its reports to Cellbrite covering the period from June 1, 2011 through February 2020, as the pictures that should not have existed according to the Roque affidavit were turned over in discovery. Clearly, the DA can redact "case numbers" and owner's information if it appears on the Cellbrite form; however, no other information should be redacted as it is not confidential in nature, nor would it lead to the disclosure of sources and methods.

In light of the obviously deficiencies of the Roque affidavit, I am respectfully requesting that in addition to the supplemental anticipated affidavit, that I be permitted to conduct a limited deposition of Ms. Roque regarding DANY's procedures and codes of conduct into accessing electronically stored information, the software used during the relevant period, as well as inquiry into each and every database used to store, share, and/or record such information.

I would like to thank the Court for its consideration.

Sincerely,

/s David Broderick

David Broderick

```
The Court is in receipt of Plaintiff's above letter (Dkt. #211).

The Court will enter the proposed order regarding Cravath, Swaine
& Moore under separate cover.

The New York County District Attorney's Office and associated
parties who were formerly Defendants in this action (the "DANY
Defendants") are hereby ORDERED to file a response to Plaintiff's
above letter on or before March 21, 2024.  Plaintiff is directed
to transmit a copy of this endorsement to the DANY Defendants.


Dated:    February 29, 2024          SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE