UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY PRICE,<br><br>         Plaintiff,<br><br>   vs.<br><br>CITY OF NEW YORK, ET AL.,<br>         Defendants. | 15-cv-5871 (KPF) |

### RULE 45 NOTICE OF SUBPOENA

**NOTICE IS HEREBY GIVEN** pursuant to Rule 45 of the Federal Rules of Civil Procedure that Plaintiff, by and through her attorneys, will be serving the annexed Subpoena directing non-party Manhattan District Attorney's Office to produce certain documents identified in Schedule A to the Subpoena.

October 4, 2019

By: _____
Kelsie A. Docherty
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
*Counsel for Plaintiff Kelly Price*

Debra March
 Corporation Counsel of the City of New York
  100 Church Street
   New York, NY 10007

BY FEDEX

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Kelly Price | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 15-cv-5871 (KPF) |
| City of New York, et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Manhattan District Attorney's Office
One Hogan Place, New York, NY 10013

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, New York 10019 or another mutually-agreeable location | Date and Time: 10/21/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/4/~~18~~ 19 *KAD*

*CLERK OF COURT*                OR    [signature]

*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Plaintiff Kelly Price__, who issues or requests this subpoena, are:

Kelsie A. Docherty, 825 Eighth Avenue, New York, NY 10019, kdocherty@cravath.com, (212) 474-1000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 15-cv-5871 (KPF)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A TO SUBPOENA TO DANY

### DEFINITIONS

1.      The full text of the definitions set forth in paragraph (c) of Local Civil Rule 26.3 of the Local Rules of Practice of the United States District Court for the Southern and Eastern Districts of New York is incorporated by reference. These definitions apply throughout these requests without regard to capitalization.

2.      The terms "and" and "or" as used herein shall, where the context permits, be construed to mean "and/or" as necessary to bring within the scope of the subpoena request.

3.      The term "any" is to be understood to include and encompass "all"; the word "all" also includes "each" and vice versa.

4.      "Case" refers to Price v. City of New York, et al., No. 15-cv-05871 (KPF).

5.      "Communication" in the plural as well as the singular, means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, any documents relating to any in person or telephone conversations (including but not limited to any notes thereof), electronic communications (including email, instant messages and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

6.      As used herein, the terms "Document" and "Documents" shall have the broadest meaning ascribed to them by Federal Rule of Civil Procedure 34 and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York. This includes copies which differ from the original in any way, including handwritten notations or other written or printed matter. It also includes information stored electronically, whether in a

computer database or otherwise, regardless of whether such documents are presently also in non-electronic form. "Document" or "documents" shall include, but are not limited to, any "communication" as defined herein.

7. "DANY" shall mean the New York County District Attorney's office, including any employee thereof.

8. The terms "relating to" or "related to" shall mean regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

9. The singular form of any word shall be interpreted as plural and the plural as singular as necessary to bring within the scope of these Requests any information or documents which might otherwise be construed to be outside their scope.

## INSTRUCTIONS

1. Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation or exclusion.

2. You are required to produce all responsive documents in your possession, custody, or control, which includes documents in the possession, custody, or control of your lawyers, agents, and other representatives.

3. Each document and thing requested shall be produced in its entirety. If a document or thing responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4. If any part of a document or thing is responsive to any of the following

2

requests, the entire document or thing should be produced without deletion or redaction.

5. These document requests are continuing in nature, requiring supplemental production of documents within a reasonable time if you later identify additional documents responsive to these requests pursuant to Federal Rules of Civil Procedure 26(e) and 34.

6. If you withhold any document or thing from discovery on the basis of the attorney-client privilege, work-product protection, or other ground of privilege or immunity, you shall describe in accordance with Federal Rule of Civil Procedure 45(e)(2) and Local Civil Rule 26.2 the nature of the privilege claimed, and provide the information required by the aforementioned Rules, and describe the nature of the information in a manner that will enable Plaintiff to assess the applicability of the claimed privilege or immunity.

7. If a document exists and several copies or additional copies have been made that are non-identical (or are no longer identical by reason of any subsequent additions or notations or other modifications of such copy) each copy is to be construed as a separate document.

8. If you are aware that a document or thing once existed but has been destroyed, you shall state when the document or tangible thing was destroyed, why it was destroyed, and the circumstances under which it was destroyed.

9. Definitions or usages of words or phrases in these requests are not intended to be, and shall not be, construed as admissions as to the meaning of words or phrases at issue in the action, and shall have no binding effect on Plaintiff in this or in any other proceeding.

10. Unless otherwise stated in a specific request, these requests seek

responsive information and documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained or otherwise created or distributed, concerning, or in effect during the period January 1, 2008 to the present.

11. For the purpose of reading, interpreting or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation.

12. Unless instructed otherwise, each request shall be construed independently and not by reference to any other request for the purpose of limitation or exclusion.

13. You must answer each request for production separately and fully, unless it is objected to, in which event the reason for objection should be specifically and separately stated. If you object to part of a request, you must produce all documents responsive to the part of the request to which you did not object.

14. You must produce responsive documents as they have been kept in the usual course of business or organize or label them to correspond to the enumerated requests of this demand.

15. If in answering these requests, you claim any ambiguity in interpreting either a request or a definition or instruction applicable thereto, you should not use that claim as a basis for refusing to respond, but rather you shall set forth as part of your response to such request the language deemed to be ambiguous and the interpretation chosen to be used in responding to the request.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Any and all records, files, reports, photographs, phone surveillance records, videos and other documents held by DANY relating to Plaintiff Kelly Price, especially, but not limited to, her 2010 Desk Appearance Ticket issued on October 13, 2010 (Arrest # M10691069) and her complaints of domestic violence, trafficking and abuse against Mr. Raheem Andre Powell.

**REQUEST NO. 2:** Any and all records, files, reports, and other documents or communications relating to the declination of prosecution for Plaintiff Kelly Price's 2010 Desk Appearance Ticket (Arrest # M10691069).

**REQUEST NO. 3:** Native versions of the documents received from DANY and produced by the Defendants in this Case regarding arrest number M10691069 (DANY00001-00002), attached as Exhibit 1, including metadata indicating the date they were created and last modified.

**REQUEST NO. 4:** Any and all files, records, testimony, recordings, or other documents related to Mr. Raheem Andre Powell regarding his interactions with Plaintiff Kelly Price and/or the domestic violence complaints lodged by Plaintiff Kelly Price against Mr. Raheem Andre Powell.

**REQUEST NO. 5:** Any and all non-privileged communications between DANY and the New York City Police Department, the New York City Mayor's Office, the New York State courts, or any other City or State agency, regarding or referring to, in whole or in part, Plaintiff Kelly Price.

**REQUEST NO. 6:** Any and all documents or communications related to directives or instructions regarding Plaintiff Kelly Price's present or future complaints, including any

directives to investigate, not investigate or seek approval before investigating Plaintiff's complaints.

**REQUEST NO. 7:** Any and all documents or communications related to meetings between Plaintiff Kelly Price and DANY or between representatives or agents of Plaintiff Kelly Price and DANY, including, but not limited to, the meeting on June 21, 2011.

**REQUEST NO. 8:** Any and all documents or items Plaintiff Kelly Price or her representatives or agents provided to DANY on June 21, 2011, including physical documents and electronic devices, and any and all data or documents containing information downloaded from any such devices.

**REQUEST NO. 9:** All communications in your possession, custody or control between or among DANY and Plaintiff Kelly Price relating to this Case.

# EXHIBIT 1

D000304

# DISTRICT ATTORNEY OF THE COUNTY OF NEW YORK

| IN THE MATTER OF | | |
|---|---|---|
| Kelly Price (F 39) | Charge: | PL 240.50(1) |
| | NYSID Number: | 07961819M |
| | Arrest Number: | M10691069 |
| | Arresting Officer: | Linda Simmons |
| | Tax ID: | |
| | Command: | 28th Precinct Detective Squad |
| | Occurrence Date: | 10/11/2010 |
| | Occurrence Time: | 11:00 P.M. |
| Defendant | Location: | at 2271 8 Avenue |

## DECLINATION OF PROSECUTION FOR THE REASON(S) SET FORTH BELOW, PROSECUTION OF THIS CASE WAS DECLINED

DAT - Delay in Processing

This case was part of the DAT Program in which the arresting officer prepares and forwards to the DA's Office a package of information in lieu of an ECAB appearance. In this case, the officer completed the required paperwork. However, the paperwork was not able to be processed by the return date and the defendant could not be arraigned. Defendant appeared on the scheduled return date and speedy trial time has since lapsed. Accordingly, prosecution is declined.

DATED: Wednesday, September 7, 2016

BY: _____
Lattarulo

BY: _____
SUPERVISING ADA (SIGN)

BY: Sam
SUPERVISING ADA (PRINT)

DANY00001

D000305

Case Search - Arrest Info Sheet

Page 1 of 1



PRICE, KELLY C

| Arrest Info *pre-screening* | | | | Arresting Officer *pre-screening* | | | |
|---|---|---|---|---|---|---|---|
| Arrest # | M10691069 | Ecab # | 2830705 | Name | DT2 SIMMONS, LINDA | | |
| Date | 10/13/2010 | NYSID | 07961819M | Command | 28th Precinct Detective Squad | Arrest Precinct | 028 |
| Time | 15:30 | | | | 6781611 | | |
| Category | M | | | | | | |
| Case Type | DAT | DAT Return Date | 11/9/2010 | Shield Contact # Contact # | 02963 | Tax # | |

**Occurrence Location**  2271 8 AVENUE WEST 123 STREET WEST 122 STREET MANHATTAN NY

**Arrest Narrative**  DEFT STS WHILE SHE WAS UPSET AT HER EX SHE DID FILE A FALSE REPORT STATING HE HIT HER WITH HIS FIST CAUSING AN INJURY OVER HER LEFT EYE. DEFT STS SHE LIED ABOUT THE INICIDENT AND THAT SHE SCRATCHED HER EYE CAUSING THE INJURY HERSELF.

**Arrest Charges**

| Charge | Count | Cat | Cl |
|---|---|---|---|
| PL 2405001 | 0001 | M | A |

**ECAB Supervisor Name**                TB:

**Notes**

**D Rated ?**  ☐

**Possible Elevated Charges (Bump-Up)**

**Pre-Written Bail Application**  None Available

**Arrest Alerts**  No

**Other Cases at DANY**  Defendant has Other Cases