**DISTRICT ATTORNEY**
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

February 7, 2020

**via email**

Kelsie Docherty, Esq.
Cravath, Swain & Moore LLP
825 Eighth Avenue
New York, N.Y. 10019-7475

Re: Kelly Price *v. City of New York, et. al.*,
    15 cv 5871 (KPF)

Dear Ms. Docherty:

    Your letter dated February 3, 2020 requested more detailed descriptions for privilege log items 4, 5, 8, 9, 10, 11, 15, 21, 24, & 27. I have reviewed the privilege logs and add the following information to enable you to determine the validity of the privilege.

    **Privilege Log addendums**

    #4- The memo, drafted on July 25, 2012, is an evaluation by prosecutors of plaintiff's criminal cases and prosecution strategy which was prepared in anticipation of litigation.

    #5 & #8 through #11- The subject relates to a discussion between ADAs regarding the litigation anticipated to be filed by plaintiff.

    #15 (undated), #21(undated), #24/27(dated 9/27/2011)- The sheets are brief evaluations of each of the three arrests of plaintiff by a supervising ADA to provide advice to the assigned ADA, Kenya Wells, of what to do and what to prepare for in anticipation of litigating the cases.

    You also argued that several of the records withheld should be released because they are not privileged: namely, log items 14, 16, 20, 22, 28, 31, 33 and 34. Items 14 and 20 are described in the log as Mandatory Domestic Violence "worksheet(s)" when in fact the documents are named "Mandatory Domestic Violence Checklist for Felonies and Misdemeanors". These checklists provide guidance to assistants as they prepare their cases in anticipation of litigation-a "to do" list for the prosecutor to utilize in preparation for trial. Those records will not be disclosed as they are privileged work-product.

    As to privilege log items 16, 22 and 28, the DA Data Sheets related to each of plaintiff's three arrests, I am releasing them as PDF attachments to this letter. I have redacted only the portion containing the bail application of the assistant district attorney, the address and phone number of Raheem Powell and the personal cell phone numbers of Police Officers Flowers, Winters and Fontanez.

Items 31, 33 & 34, as described in the privilege logs, are protected work-product prepared from interviews in preparation of anticipated litigation and will not be released.

You indicate that DANY failed to produce several documents that were not listed in the privilege log. My subpoena objection letter of October 30, 2019 indicates, without ambiguity, that "All non-disclosed records are listed in the attached privilege log." DANY has provided 276 pages of documents, 2 CDs of phone recordings, 2 pages of emails, 1 911 call CD and 1 surveillance DVD and metadata for the declination of prosecution. An item unintentionally not addressed in my letters are the cell phones related to the case. The phones were never forensically tested, but are still in the case file. You may send a messenger to pick them up at your convenience. There are no other physical items in the file. All the remaining responsive documents are described in the privilege logs.

Lastly, the search conducted to comply with the subpoena was initiated by running plaintiff's name in our case search data base. There, plaintiff's 4 criminal cases were identified, DP included, and those files were ordered to comply with the subpoena. As I indicated in my October 30th letter, we identified a sealed matter wherein plaintiff was the complaining witness. Those records are not available without an unsealing consent signed by Raheem Powell. Once you obtain the consent, I can order the file to review for disclosure.

Sincerely,

/s/

Lauren Angelo
Assistant District Attorney
(212) 335-4267

cc: via email with PDF attachments
Laura Ihenachor-Huffy
Assistant Corporation Counsel